UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**LOUISIANA STATE UNIVERSITY, ET AL.,**
    **Defendants**

## ORDER AND REASONS

Before the Court is Defendant Leslie Edwin "Les" Miles's Motion for Admission *Pro Hac Vice* for Attorney Peter R. Ginsberg.[1] Plaintiff Sharon Lewis has filed an opposition.[2] The Court construes Plaintiff's opposition as a motion to disqualify Peter Ginsberg from representing Miles in this case. Defendant Miles has filed a reply.[3] For the following reasons, Defendant Miles's motion for admission *pro hac vice* is **GRANTED**, and Plaintiff Lewis's opposition to the motion for admission *pro hac vice*, to the extent it is construed as a motion to disqualify, is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND[4]

Plaintiff is an African American woman and a resident of Louisiana who has worked at Louisiana State University in the Athletics Department since approximately 2001.[5] In 2005, Leslie "Les" Miles was hired as head football coach at LSU.[6] In her first meeting with Miles, Plaintiff alleges Miles made racist comments and, stated he "prefers the blonde over the brunette," and made inappropriate comments about hiring women based solely on appearance.[7] Since then, Plaintiff alleges Miles's comments about women

---

[1] R. Doc. 110.
[2] R. Doc. 113.
[3] R. Doc. 119.
[4] The background facts are based on the allegations of Plaintiff's First Amended Complaint. R. Doc. 8.
[5] *Id.* ¶ 1, 24.
[6] *Id.* ¶ 34.
[7] *Id.* ¶ 35.

continued and intensified over the years.[8] She alleges her supervisors ignored her complaints about Miles, as well as those complaints filed against him by students.[9] Plaintiff alleges Miles and other LSU officials retaliated against her for her complaints.[10]

On May 5, 2021, Plaintiff filed her First Amended Complaint, alleging, *inter alia*, a private cause of action for damages under RICO—namely, a substantive racketeering claim pursuant to 18 U.S.C. §1962(c), and a conspiracy-to-commit racketeering claim under 18 U.S.C. § 1962(d).[11] In Plaintiff's RICO Case Statement,[12] she implicates Miles's longtime attorney Peter Ginsberg in the conspiracy. Specifically, Plaintiff states:

> Peter Ginsburg (Ginsburg) [sic] at various material times was the attorney for Les Miles and helped facilitate an exchange of money to bribe the student who filed a sexual harassment complaint reported against Miles. Ginsburg agreed to conceal the Miles Report in his New York office to shield the report from public documents. Ginsburg's racketeering conduct directly and proximately damaged plaintiff's business and property interest in her employment.
>
> . . . .
>
> In summary the Defendants through their associate-in-fact enterprise: Facilitated the exchange of money between Miles and the student who accused Miles of sexual misconduct, to bribe her into dropping her complaint against Miles. [Defendants Miriam] Segar and [Vicki] Crochet pressured a professor to change the grade of a student as a condition for her dropping her complaint. [Defendants Robert] Barton and Crochet met in New Orleans with Ginsburg [sic], the student's father and attorney to facilitate the exchange of money in order to bribe the student into dropping her complaint against Miles.[13]

On September 14, 2021, Miles filed a motion to admit Ginsberg as his counsel *pro hac vice*.[14] Plaintiff filed an opposition, which the Court construes as a motion to disqualify Ginsberg, arguing she "intends to list Ginsberg as [sic] witness and to propound

---

[8] *Id.* ¶¶ 35-41.
[9] *Id.* ¶¶ 38, 41, 73-87.
[10] *Id.* ¶¶ 87-93, 101-04.
[11] *Id.* ¶¶ 108, 186–89.
[12] R. Doc. 45. Plaintiff incorrectly spelled Ginsberg's name with a "u," instead of the correct "e."
[13] *Id.* at 10, 14-15.
[14] R. Doc. 110.

discovery seeking his emails, text messages and correspondence surrounding the concealment of the Miles Investigation and Miles Report from an official title IX proceeding."[15]

## LAW AND ANALYSIS

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."[16] As such, and because disqualification of an attorney is a harsh and disruptive remedy, the party seeking disqualification bears the burden of proving a conflict of interest requiring disqualification.[17] Motions to disqualify in the Fifth Circuit are governed by state and national ethical standards.[18] In determining disqualification, at least four ethical canons are relevant: (1) the Local Rules for the Eastern District of Louisiana ("Local Rules"); (2) the American Bar Association's Model Rules of Professional Conduct ("Model Rules"); (3) the American Bar Association's Model Code of Professional Responsibility ("Model Code"); and (4) the Louisiana Rules of Professional Conduct ("Louisiana Rules").[19] However, "[t]he rule of disqualification is not mechanically applied in this circuit."[20] A court "must weigh the relative merits of each of the various competing disqualification rules as [it] proceed[s] through each successive step of [the] analysis."[21] "All the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[22]

---

[15] R. Doc. 113 at 1-2.
[16] *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992); *Sumpter v. Hungerford*, No. 12-717, 2013 WL 2181296 at *5 (E.D. La. May 20, 2013).
[17] *United States v. Decay*, 406 F. Supp. 2d 679, 683 (E.D. La. 2005) (citing *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995)).
[18] *Am. Airlines*, 972 F.2d at 610.
[19] *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[20] *Church of Scientology of California v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980).
[21] *U.S. Fire Ins. Co.*, 50 F.3d at 1312.
[22] *Id.* at 1314.

3

In considering a motion to disqualify, in addition to consideration of the formal ethical rules, the court must view the rules in light of the litigant's rights and the public interest considering "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case."[23]

The Local Rules for the Eastern District of Louisiana "are the most immediate source of guidance for the district court."[24] Our Local Rules incorporate the Louisiana Rules.[25] Louisiana Rule 3.7 is identical to Rule 3.7 of the Model Rules. Rule 3.7 provides in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>   (1) the testimony relates to an uncontested issue;
>   (2) the testimony relates to the nature and value of legal services rendered in the case; or
>   (3) disqualification of the lawyer would work substantial hardship on the client.[26]

"A necessary witness is one whose testimony is relevant, material, and unobtainable elsewhere."[27] Testimony is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.[28] For a fact to be "of consequence," under the substantive law of the case, the "proposition to be proved must be . . . probative of a matter that is in issue."[29] Evidence is "material" if it has "some logical connection with the consequential

---

[23] *Horaist*, 255 F.3d at 266.
[24] *U.S. Fire Ins. Co.*, 50 F.3d at 1312.
[25] LR 83.2.3.
[26] La. Rules of Pro. Conduct r. 3.7 (2018); Model Rules of Pro. Conduct r. 3.7 (Am. Bar Ass'n 2020).
[27] *Painter v. Suire*, No. 12-511, 2014 WL 3858510, at *2 (E.D. La. Aug. 5, 2014); *see also Treece v. Perrier Condo Assoc., Inc.*, No. 17-10153, 2021 WL 4125067, at *2 (E.D. La. Sept. 9, 2021).
[28] Fed. R. Evid. 401.
[29] *United States v. Hall*, 653 F.3d 1002, 1005 (5th Cir. 1981).

4

facts" or if it is "[o]f such a nature that knowledge of [it] would affect a person's decision-making."[30]

Similar to the Model Rules, Disciplinary Rule 5-101(B) of the Model Code states:

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.[31]

The Fifth Circuit has stated that the Model Code prohibits a lawyer from acting as a lawyer and a "material witness."[32] The definition of "material witness" is broader than a necessary witness, including anyone "who can testify about matters having some logical connection with the consequential facts."[33] Accordingly, the Model Code broadly states that a lawyer must not accept employment when the lawyer is *likely* to be a witness, with a few exceptions. The first main consideration under the Model Code then is whether the lawyer "will likely be a witness on a contested issue."[34]

Plaintiff argues Ginsberg is likely to be a necessary witness and should be disqualified because she intends to call him as a witness and to subpoena his records

---

[30] *Material*, Black's Law Dictionary (11th ed. 2019); *see also Treece*, 2021 WL 4125067, at *3.
[31] Model Code of Pro. Resp. DR 5-101(B) (Am. Bar. Ass'n 1980).
[32] *Draganescu v. First Nat'l Bank of Hollywood*, 502 F.2d 550, 553 (5th Cir. 1974) (interpreting the relevant Florida disciplinary rule, which was identical to Rule 101(B) of the Model Code at the time); *cf. Spencer v. BMW of N. Am., LLC*, No. 14-869, 2015 WL 3936211, at *3 (W.D. Tex. June 26, 2015) (differentiating between being a material witness and being a necessary witness); *see also Treece*, 2021 WL 4125067, at *4.
[33] *Witness*, Black's Law Dictionary (11th ed. 2019); *see also Treece*, 2021 WL 4125067, at *4.
[34] Model Code of Pro. Resp. EC 5-10; *see also Barry v. Medtronic, Inc.*, No. 14-104, 2015 WL 12915556, at *8 (E.D. Tex. Aug. 14, 2015) (emphasis added) ("[T]he important considerations are the *potential* for juror confusion and prejudice to [the opposing party]. This problem is recognized in the Model Code."); *Treece*, 2021 WL 4125067, at *4.

which she says reflect his involvement in hiding reports related to complaints against Miles. Miles argues Plaintiff's statements about Ginsberg are conclusory and lack an adequate factual basis to show Ginsberg is likely to be a necessary witness. Miles also argues Plaintiff's motion to disqualify Ginsberg is premature because motions to dismiss are pending and the parties do not have the benefit of discovery to determine whether Ginsberg is likely to be a necessary witness.

At this point in the litigation, the Court finds Plaintiff has failed to meet her burden of establishing Ginsberg is likely to be a necessary witness who should be disqualified from participating as Miles's attorney in this case. "Determining whether disqualification is appropriate is a delicate procedure particularly when a motion to disqualify comes at the early stages of the litigation."[35] Motions to dismiss the RICO claims that implicate Ginsberg currently are pending.[36] Miles represents no discovery has been exchanged,[37] and the trial date is not set. It would be premature to disqualify Ginsberg from participation at this time when so much concerning the final issues to be tried is unknown.

Even a disqualified attorney is ordinarily allowed to represent a client in pretrial matters.[38] Nevertheless, courts have recognized that "it is naive to believe that depositions are divorced from trial advocacy" because "[d]epositions are routinely utilized at trial for

---

[35] *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 2373993, at *4 (Bankr. E.D. La. May 11, 2020) (quoting *Johnson v. NAACP*, No. 17-357, 2017 WL 2425915, at *2 (E.D. La. June 5, 2017)); *see also* 7A C.J.S. *Attorney & Client* § 175, Westlaw (database updated Aug. 2021) (footnotes omitted) ("The application of the rule at an early stage of the proceedings may be considered premature as when it remains unclear whether the case will actually proceed to trial or when discovery has not yet occurred or is not yet completed, and the question of the attorney's likely status as a witness remains unclear.").
[36] R. Docs. 60, 66, 67, 71, 72, 76, 81, 98, 109.
[37] *See* R. Doc. 119 at 7-8. In her opposition/motion Plaintiff also states she "intends to . . . propound" discovery of Ginsberg's records, implying discovery has not yet occurred. R. Doc. 113 at 1-2.
[38] *See, e.g.*, *Treece*, 2021 WL 4125067, at *6; *AMEC Constr. Mgmt., Inc. v. FFIC Risk Mgmt.*, No. 13-718-JJB-EWD, 2017 WL 3602053, at *6 (M.D. La. Aug. 22, 2017); *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007). *See generally* Douglas R. Richmond, *Lawyers as Witnesses*, 36 N.M. L. Rev. 47, 49-50 (2006).

impeachment, and to present testimony in lieu of live testimony."[39] As the Eight Circuit has explained:

> One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities— as witness and advocate. The jury is usually not privy to pretrial proceedings, however, so the rule does not normally disqualify the lawyer from performing pretrial activities; the one exception is when the "pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role."[40]

Even though Ginsberg will be allowed to represent Miles and participate in the discovery process and motions practice, it may well be inappropriate for him to participate in depositions. If the Court later disqualifies Ginsberg from participating as an attorney at trial because he will be called to testify, the Court cannot then undo Ginsberg's participation at the depositions. These depositions might be used for impeachment or to present testimony in lieu of live testimony when the witness is unavailable. In the event these depositions are used at trial, there will be no way to avoid the possibility of confusion for the jury in seeing an advocate for Miles also testify as a fact witness.[41] As the Model Rules explain, "the trier of fact may be confused or misled by a lawyer serving as both advocate and witness . . . [because] [i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."[42]

Accordingly, prior to the commencement of depositions in this case, the Plaintiff may file a motion to disqualify Ginsberg from participation as counsel for Miles in depositions, because of the risk of jury confusion in the event Ginsberg ultimately is

---

[39] *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1304 (D. Colo. 1994); *see also Droste*, 477 F.3d at 1035-36; *AMEC*, 2017 WL 3602053, at *6; *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1127 (D. Kan. 2004). *See generally* C.J.S., *supra* note 33, § 175; Richmond, *supra* note 36, at 50.
[40] *Droste*, 477 F.3d at 1035-36 (quoting *World Youth Day*, 866 F. Supp. at 1304).
[41] *See* Model Rules of Pro. Conduct r. 3.7 cmt. 2.
[42] *Id.*

7

disqualified from participating as Miles's counsel at trial because he will be called to testify as a necessary witness.

## CONCLUSION

**IT IS ORDERED** that Defendant Leslie Edwin "Les" Miles's Motion for Admission *Pro Hac Vice* for Attorney Peter R. Ginsberg[43] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Sharon Lewis's Opposition to the Motion for Admission *Pro Hac Vice*, to the extent it is construed as a motion to disqualify Peter Ginsberg[44] from representing Miles in this case, is **DENIED WITHOUT PREJUDICE**. Ginsberg may represent Miles in pretrial proceedings in this matter, including motions practice and written discovery/document production. At least three weeks prior to any deposition being taken in this action, Plaintiff's counsel may file a motion to disqualify Ginsberg from participation as counsel in depositions, whether taking or defending. Counsel for Miles will have one week after service of the motion to file an opposition. Plaintiff may file a motion to disqualify Ginsberg from participating as Miles's counsel at trial at the time set forth in the scheduling order to be entered in this case.

**New Orleans, Louisiana, this 30th day of September, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. 110.
[44] R. Doc. 113.

8