UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                                               CIVIL ACTION
    Plaintiff

VERSUS                                                      NO. 21-198-SM-RLB

LOUISIANA STATE UNIVERSITY
BOARD OF SUPERVISORS, ET AL
    Defendants

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 59(e ) MOTION TO ALTER OR AMEND JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff Sharon Lewis respectfully request the Court reconsider its ruling[1] issued on December 2, 2021 dismissing Leslie Miles (Miles), Garrett Danos (Danos), Robert Yarbrough (Yarborough), Stanley Jacobs (Jacobs) and William Jenkins (Jenkins) 1962 (c) and 1962 (d) civil RICO claims with prejudice as time barred. It is settled law in the United States Supreme Court and the Fifth Circuit that a Defendant is liable for the RICO violations of his co-conspirator(s) even if he did not know about them.  The Court's ruling that Miles, Danos, Yarbrough, Jacobs and Jenkins are not liable for the injuries to plaintiff's employment and business caused by the predicate acts of their co-conspirators after April 5, 2017 is an obvious legal error.

    Standard For Relief under Rule 59(e)

Under FED. R. CIV. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after entry of the judgment. A  Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence. In *TranTexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002) (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th

---

[1] Doc No. 165

Cir.1989) ( quoting *Kenne Corp. v. Int'l Fid. Ins*. Co., 561 F. Supp. 656,665 (N.D. Ill. 1982) (internal quotations omitted)). Motions to amend or alter the judgment should be granted when there exists "a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Meghani v. Shell Oil Co.*, 2000 U.S. Dis. LEXIS 17402 *2, (S.D. Tex. Aug. 24, 2000) (citing *Divane v. Krull Elec. Co., Inc.,* 194 F.3d 845, 848 (7th Cir. 1999) (internal citations omitted)); *see also Kyle v. Texas*, 2006 WL 3691204 (W.D. Tex. Oct. 31, 2006) (granting a motion to reconsider under FED. R. CIV. P. 59(e) and reversing the court's previous denial of a motion to remand based on a manifest error of law)). A court has discretionary authority to amend its prior decision. *See Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000). The Rule 59(e) mechanism is a 'readily available procedure by which a party may seek reconsideration by a court of a number of matters, including legal errors made by the court." *Benson v. St. Joseph Regional Health Center*, 575 F.3d 542,548 (5th Cir. 2009).

<u>The Court's Order Dismissing Plaintiff's § 1962(c ) and §1962 (d) Civil RICO Claims Against Miles, Danos, Yarbrough, Jacobs and Jenkins With Prejudice Is An Obvious Legal Error.</u>

A RICO Defendant is liable for the violations of RICO statutes by his co-conspirators no matter when those violations occurred. *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015) (citing *United States v. Stalnaker*, 571 F.3d 428, 436 (5th Cir. 2009).[2] In *Salinas v. United States* the Supreme Court held "a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.[3] The Court went on to state: " The interplay between subsections (c) and (d ) of RICO Section 1962 does not permit us to

---

[2] Plaintiff has alleged in her RICO Case Statement that the RICO Defendants engaged in over 500 violation of wire and mail fraud that injured her employment including after April 5, 2017 (Doc. No. 45). " Once membership in a scheme to defraud is established, a knowing participant is liable for any wire communications which subsequently takes place or previously took place in connection with the scheme." *Allstate F.3d 675*
[3] 522 U.S. 52 (1997)

2

excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense". *Id* at 63-64 (quoting Justice Holmes: "[P]lainly a person may conspire for the commission of a crime by a third person." To state a claim under 1962(d) requires the Plaintiff to make a two-part showing: (1) that the defendant agreed to facilitate the operation of an enterprise through a pattern of racketeering activity: and (2) that the defendant agreed that someone (not necessarily the defendant would commit at least two predicate acts. *Accord Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995); *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 693 ( S.D. Texas 2009) citing ( *U.S. v. Marmolejo,* 89 F.3d 1185, 1196 (5th Cir.1996); *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013). "A conspirator must intend to further an endeavor which, if completed, would satisfy all the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas* U.S. 52, 65; *US v. Fattah*, 914 F.3d 112, 164 (3rd Cir. 2019).

The *Reves* "operation and management" test does not apply to conspiracy to commit a RICO offense under § 1962 (d). *United States v. Posada-Rios*, 158 F.3d 832, 857-58 (5th Cir. 1998). Instead it applies to "any person" who conspires to violate RICO. *Id.* at 857. Plaintiff is not required to prove that Miles, Danos, Yarbrough, Jacobs and Jenkins knew all of the details of the unlawful enterprise or even the number or identities of all of their co-conspirators. *Dale v. Frankel*, 131 F. Supp. 2d 852, 860 (S.D. Miss. 2001). Plaintiff only has to show Miles, Danos, Yarbrough, Jacobs and Jenkins participated in the conspiracy with knowledge of the essential plan. *Id; U.S. v. Delgado,* 401 F.3d 290, 296 (5th Cir. 2005); Chaney v. Dreyfus Service Corp., 595 F. 3d 219, 239 (5th Cir. 2010).

In the present case the Court's Order and Reasons determined that Plaintiff alleged sufficient facts to state a claim Miles, Danos, Yarbrough, Jacobs and Jenkins participated in the operation and management of the criminal enterprise and violated § 1962 (c)[4]. This is sufficient to state a claim Miles, Danos, Yarbrough, Jacobs and Jenkins violated § 1962 (d ). *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007). However, the Court ruled that because Plaintiff did not allege in her First Amended Complaint (FAC) and proposed Second Amended Complaint (SAC) Miles, Danos, Yarbrough, Jacobs and Jenkins engaged in any RICO conduct after 2013, all of Plaintiff's § 1962 (c ) and § 1962 (d) RICO claims against them were dismissed with prejudice.[5] It is settled law that Miles, Danos, Yarbrough, Jacobs and Jenkins are liable for the RICO violations their co-conspirators continued to commit after April 5, 2017 and the Court's ruling is an obvious legal error. *Id.*

The Court in its Order and Reasons ruled Plaintiff stated a RICO claim Verge Ausberry (Ausberry) and Miriam Segar (Segar), acted in furtherance of the criminal enterprise common plan to injure Plaintiff's employment and business, when they initiated a fraudulent PM-73 investigation against Plaintiff. Furthermore, the Court ruled Plaintiff stated a claim that Vicki Crochet (Crochet), Robert Barton (Barton) and William Shelby McKenzie (McKenzie) concealed the Miles Report in their law offices from an official Department of Education (DOE) Title IX proceeding after April 5, 2017. The core of a RICO conspiracy is an agreement to commit predicate acts. *Abraham v. Singh* at 357. Plaintiff in her FAC and proposed SAC alleged Miles, Danos, Yarbrough, Jacobs, Jenkins, Alleva, Segar , Crochet, Barton and McKenzie

---

[4] The Court in its Order and Reasons ruled that Plaintiff FAC and proposed SAC stated a claim Miles, Danos, Yarbrough, Jacobs and Jenkins each individually violated 1962 (c).

[5] Miles, Danos, Yarbrough, Jacobs and Jenkins offered no case law or statute to support the claim their motion to dismiss should be granted as to Plaintiff RICO claims that are not time barred. Plaintiff respectfully point to the Court neither did its Order and Reason cite any case law or statute to support its ruling that Miles, Danos, Yarbrough, Jacobs and Jenkins are exempt from Plaintiff's RICO claims that are not time barred..

memorialized an agreement(s) to conceal the Miles Report from an official DOE Title IX proceeding.[6] Plaintiff further alleged that in 2013 as part of the enterprise common plan the RICO Defendants agreed to retaliate against and injure Plaintiff employment for reporting violations of Title IX.[7] Therefore, under the holdings of *Salinas* and 5th Circuit precedent it was an obvious legal error for the Court to rule that Miles, Danos, Yarbrough, Jacobs and Jenkins are exempt from liability for the Taylor Porter Defendants, Ausberry and Segar's alleged RICO violations after April 5, 2017.[8] *Id*.

Moreover, the Court's legal error creates an inconsistent application of the RICO statutes. For instance, Miles in an agreement with his co-conspirators directed his lawyers Peter Ginsburg (Ginsburg) and A. Edward Hardin, Jr. (Hardin) to conceal the Miles Investigation/Miles Report in their offices from 2013 to 2020.[9] He left LSU in 2016 only to reemerged in 2020 to join his co-conspirators in court to fight the release of the Miles Report.[10] In *Boyle v. United States*, the Supreme Court held "nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence."[11] However, the Court granted Miles motion to dismiss with prejudice and then denied Taylor Porter Defendants motion to dismiss, even though Plaintiff attached documents to her FAC and proposed SAC documenting they both agreed to conceal the Miles Report after April 5, 2017.[12]

---

[6] Doc No. 8-2, p.2; Doc. No. 8-3 pp. 5-7
[7] Doc No. 8, ¶¶ 174 -185; Doc No.144-2 ¶¶ 280- 311
[8] See Plaintiff arguments *supra*.
[9] Doc No. 8-3, pp. 5-7; If not for Miles, Danos, Yarbrough, Jacobs and Jenkins conspiring with others to conceal the Miles Report from an official DOE Title IX investigation, Miles would have been terminated for cause in 2013. Instead he remained employed at LSU for another three years collecting millions of dollars in salary. When he was terminated for losing football games in 2016, he received a $15 million dollar buy out from LSU. Miles quickly took another head coaching job with Kansas with an annual salary of $2.5 million dollars. Miles was terminated from Kansas when the Husch Blackwell Report was released in 2021.
[10] The co-conspirators agreed in 2013 they would jointly fight the release of the Miles Report if it became subject to a public document request. See Doc No.8-3, pp. 5-7; Doc No. 8, ¶¶ 161 -162; Doc No. 144-2 ¶¶ 217-222
[11] 55 U.S. 938, 948 (2009)
[12] Doc No. 8-2, p.2; Doc. No. 8-3 pp. 5-7; Miles directing Ginsburg and Hardin to conceal the Miles Report in their law offices after April 5, 2017 is a violation of 18 U.S.C. § 1512.

Moreover, Danos, Yarbrough, Jacobs and Jenkins each individually agreed with their co-conspirators to conceal the Miles Investigation/Report from an official DOE Title IX proceeding. They kept its existence from the full LSU Board of Supervisors from 2013 to 2020.[13] Under the holdings of *Salinas* and 5th Circuit precedent each RICO Defendant including Danos, Yarbrough, Jacobs and Jenkins is individually liable for Crochet, Barton, McKenzie and Miles lawyers continuing to conceal Miles Report in their offices after April 5, 2017.[14] If the Court rules Plaintiff stated a RICO claim against one associate, it must rule Plaintiff has stated a RICO claim against each associate of the enterprise.[15]

Therefore, the Court granting Miles, Danos, Yarbrough, Jacobs and Jenkins motion to dismiss Plaintiff's § 1962 (c) and § 1962 (d) civil RICO claims not time barred is an obvious legal error.

Conclusion

For the foregoing reasons, Plaintiff Sharon Lewis respectfully request the Court grant her motion for reconsideration and vacate its prior ruling granting Miles, Danos, Yarbrough, Jacobs and Jenkins motion to dismiss Plaintiff's §1962 (c) and §1962 (d) civil RICO claims, thereby denying their motion to dismiss as to Plaintiff's civil RICO claims that occurred after April 5, 2017 and permitting Plaintiff's RICO claims not time barred to proceed against Miles, Danos, Yarbrough, Jacobs and Jenkins.

---

[13] *Id.;* Doc. No. 8 ¶ 141
[14] The continued concealing of the Miles Investigation/Report was part of the enterprise common plan to injure Plaintiff's employments. It was reasonably foreseeable that Segar and Ausberry would continue to injure Plaintiff's employment after Miles had left LSU
[15] *Salinas* U.S. 52, 65

Respectfully submitted:

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
englishlaw2008@gmail.com

*/s/ Tammye C. Brown*
Tammye C. Brown, LSB No. 29108
CAMPBELL BROWN LAW & CONSULTING
1220 E. Northside Drive, Suite 170-176
Jackson, Mississippi 39211
601-703-8911
601-703-8999 (fax)
tbrown@campbellbrownlaw.com

*/s/ Bridget Brown*
Bridgett Brown, LSB No. 18815
BROWN & ASSOCIATES
418 DeSoto Street
Alexandria, Louisiana 71301
lawyer4u.bridgett@gmail.com

*Counsels for Plaintiff Sharon Lewis*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on December 17, 2021.

*/s/ Larry English*

7