UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**

      **Plaintiff,**

**v.**

**LOUISIANA STATE UNIVERSITY;**
**BOARD OF SUPERVISORS OF LOUISISANA**
**STATE UNIVERSITY;** *et al.***,**

      **Defendants.**

**CIVIL ACTION NO: 21-cv-00198**

**JUDGE: SUSIE MORGAN**

**MAG. JUDGE: RICHARD L. BOURGEOIS JR.**

### DEFENDANT LES MILES' OPPOSITION TO PLAINTIFF'S RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT

Defendant Leslie Miles ("Miles" or "Defendant"), by and through his undersigned counsel, opposes Plaintiff's Federal Rule of Civil Procedure 59(e) motion to reconsider the Court's December 2, 2021 order dismissing Plaintiff's Civil RICO claims against Miles and certain other individual Defendants as time-barred. Nothing in Plaintiff's instant motion alters the validity of the Court's ruling. Plaintiff's RICO claims were properly dismissed with prejudice. The instant motion is no more than another futile effort to prolong an already wasteful, frivolous lawsuit.

**I.   BACKGROUND**

The Court is familiar with the facts of this case and Defendant limits the below recitation to those facts that are pertinent to the instant motion. Plaintiff Sharon Lewis is a longtime employee of Louisiana State University (LSU) where she most recently held the title of Associate Athletic Director of Football Recruiting and Alumni Relations. Lewis commenced this action on April 8, 2021, asserting Title IX and Civil RICO claims against LSU and various LSU employees and agents, including Miles. In sum, Plaintiff alleges that LSU and LSU employees within the Athletics Department, including Miles, retaliated against her in 2013 for her reports of students'

sexual misconduct complaints and took adverse administrative action against her and denied her professional advancement opportunities. Plaintiff alleged a frivolous and inchoate theory of RICO conspiracy involving a purported enterprise that consisted of LSU and its employees and various agents and a purported conspiracy to cover up sexual misconduct and sexual harassment claims against LSU athletic officials and student football players, which also somehow entailed retaliation against Plaintiff for making complaints to her superiors. Plaintiff amended her initial complaint on May 5, 2021, Miles waived and his counsel accepted service of the First Amended Complaint on June 2, 2021,[1] and Plaintiff submitted a RICO Case Statement on June 29, 2021. On July 30, 2021, Miles moved to dismiss the First Amended Complaint as to him, arguing, *inter alia*, that Plaintiff's Title IX claims were time-barred and that Plaintiff's RICO claims likewise were time-barred and, moreover, that Plaintiff had failed to allege a viable Civil RICO claim as to him.

Following briefing of the motion to dismiss but before the Court could rule, Plaintiff, on August 15, 2021, voluntarily dismissed her Title IX claims as to Miles and other individual Defendants. On September 15, 2021, Plaintiff filed a motion for leave again to amend her complaint, a proposed SAC, and a proposed First Amended RICO Case Statement.

On December 2, 2021, the Court ruled on the pending motions to dismiss the FAC. Among other things, the Court determined that it had subject matter jurisdiction over Plaintiff's Civil RICO claims. The Court then ruled that Plaintiff's Civil RICO claims against Miles and other defendants who are not alleged to have caused injury to Plaintiff after April 7, 2017, were time-barred under the four-year statute of limitations applicable to Civil RICO claims; the Court dismissed these

---

[1] On June 2, 2021, Plaintiff sent Miles a Notice of Lawsuit and Request to Waive Service of Summons. *See* ECF No. 44. By agreeing to waive service, Miles received 60 days (that is, until August 2, 2021) from the date of Plaintiff's notice to respond, which he timely did by filing a motion to dismiss the FAC on July 30, 2021.

claims with prejudice. With respect to injuries arising after April 7, 2017 (which implicate Defendants other than Miles), the Court held that these were not barred by the four-year statute of limitations and allowed Plaintiff leave to amend these claims.

In its ruling, the Court observed that according to Plaintiff's own allegations, the retaliatory conduct from Miles occurred before or in 2013:

> According to Plaintiff's own allegations, this conduct took place no later than 2013. Given the nature of the employment-related injuries associated with such conduct, Plaintiff would have discovered these injuries when the conduct giving rise to the injuries occurred, which was in 2013 or earlier. There is no suggestion in Plaintiff's complaint she was unaware of the alleged retaliatory acts against her at the time each act occurred. On the contrary, it is apparent from the allegations in Plaintiff's first amended complaint she discovered the injuries associated with the retaliatory acts when the retaliatory acts occurred. Furthermore, in the Court's September 10, 2021 Order and Reasons, the Court found Plaintiff was aware of the retaliatory acts giving rise to these injuries on the date the underlying retaliatory acts occurred. As a result, the four-year limitations period on such claims began to run in 2013.

The Court also declined to find that the limitations period was tolled by fraudulent concealment and rejected Plaintiff's argument that the illegal activity was not immediately discoverable to her: "this Court's refusal to apply fraudulent concealment under the circumstances alleged in this case is constituent with the injury discovery rule, because the focus is on discovery of the injury, and not on discovery of the other elements of the RICO claim." *Id*. at 50-51. Because Plaintiff's injuries were discovered in 2013, she could not avail herself of equitable tolling. *See id*. Accordingly, the Civil RICO statute of limitations was triggered by Plaintiff's discovery of her injuries in 2013; her Civil RICO claims against Miles were woefully untimely when filed. Plaintiff now moves under Rule 59(e) for reconsideration of the Court's order, arguing that the Court committed a legal error in its ruling.

II.    **ARGUMENT**

    a. **Legal Standard**

3

A motion under Rule 59(e) "calls into question the correctness of a judgment" and is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citations omitted). The Fifth Circuit has held that such a motion is "not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citations omitted). Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. (citations omitted). "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690, 693 (M.D. La. 2016) (citation and internal quotation marks omitted). Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e) but such discretion is not limitless. *See Templet*, 367 F.3d at 479. In determining whether to grant a motion to reconsider, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id*.

### b. Plaintiff's RICO Conspiracy Theory is Incorrect

Plaintiff asserts that the Court, in dismissing Plaintiff's RICO claims against Miles as time-barred, committed a manifest error of law. Plaintiff's theory appears to be that the Court erroneously "overlooked" the law relating to Plaintiff's § 1962(d) conspiracy claims. Plaintiff contends that once membership in a RICO enterprise is established—blithely presuming that her perfunctory allegations concerning an agreement among Miles and others to commit predicate acts in furtherance of the enterprise are sufficient, which they are not—the participants are liable for any predicate acts that took place before or after their involvement.

4

To begin, Plaintiff has raised these exact legal theories previously, most recently in her supplemental memorandum on the statute of limitations under Civil RICO. [ECF No. 161.] Accordingly, the instant motion is a transparent attempt to use Rule 59(e) for the improper purpose of rehashing legal theories and factual interpretations that the Court has already rejected. Far from overlooking any legal theory, the Court previously considered Plaintiff's analysis and rejected it, finding that Plaintiff's claims were nonetheless barred by the statute of limitations.

Aside from the impropriety of the instant motion, Plaintiff's legal theory is incorrect. Although difficult to discern, Plaintiff appears to argue that the commission of a predicate act is not part of the substantive elements of a § 1962(d) conspiracy and thus that Miles can be liable for predicate acts by others that caused injury to Plaintiff long after his involvement with LSU and membership in the purported conspiracy had ended. Indeed, Plaintiff seemingly believes that once membership in a § 1962(d) conspiracy is established, that membership triggers endless, limitless liability for predicate acts committed at any point in time by any member of the conspiracy for as long as the conspiracy lasts plus four years.

Plaintiff's analysis would obviate the need for the "separate accrual" rule, an argument Plaintiff already made and lost in the previous round of briefings. If a defendant can always be liable for injuries caused by others in the enterprise later in time, then there is no need to measure accrual of a particular injury from a particular act for Section 1962(d) liability purposes.

Plaintiff's authority utterly fails to support her theories on this point. Instead, Plaintiff grossly mischaracterizes Fifth Circuit authority to support her argument. For instance, Plaintiff heavily relies on the Fifth Circuit's decision in *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015), for the proposition that "[a] RICO Defendant is liable for the violations of RICO statutes by his co-conspirators no matter when those violations occurred." Yet Plaintiff selectively

5

takes language from the portion of the Court's opinion that addresses the enterprise participants' intent to defraud and has nothing to do with the limitations period whatsoever. There, following a jury trial, the defendants had argued that there was no intent to defraud because some of them had not participated in the underlying acts constituting mail and wire fraud. The Court rejected this argument, noting that Allstate only needed to prove that they had engaged in "a scheme to defraud for which the use of the mail or wires was reasonably foreseeable." *Id*. at 675. The Court's ruling on the substantive elements of mail and wire fraud had nothing to do with whether or not Allstate's claims were timely.[2] Plaintiff's other cases are equally inapposite and largely do not speak to the limitations period for RICO claims but merely address the substantive elements of conspiracy, which is not implicated by the Court's December 2, 2021 decision on timeliness.[3]

Plaintiff's theory has never been the standard, including under general federal conspiracy law. For one thing, it is axiomatic in federal conspiracy law that a conspirator's withdrawal from a conspiracy terminates his liability for post-withdrawal acts of his co-conspirators. *See Smith v. United States,* 568 U.S. 106, 111 (2013). Thus, even if the Court were to decide that a conspiracy existed (based on Plaintiff's scant allegations) and that the conspiracy continued in time beyond the four-year limitations period, there is no question that Miles' involvement with LSU ended in 2016 when LSU terminated his employment. Even if Plaintiff had presented anything but

---

[2] Indeed, the only discussion of the RICO statute of limitations appears at the end of the opinion and only confirms the existence of a four-year statute of limitations applicable to RICO claims and an injury discovery rule: "The defendants urge that the four-year statute of limitations bars Allstate's recovery on insurance settlements paid before March 6, 2004, because Allstate knew or should have known about those frauds. The defendants stated during trial, however, that they did not want limitations questions submitted to the jury. That decision waived the right to have the jury make a finding as to the defense." *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 677 (5th Cir. 2015).

[3] For instance, *Salinas* is not a statute of limitations case at all but addresses the sufficiency of a conviction for conspiracy. In *Salinas*, one of the conspirators appealed from a conviction under 1962(d), arguing that there could be no conspiracy offense unless he himself committed or agreed to commit the two predicate acts required for a substantive RICO offense under 1962(c). The Supreme Court rejected this argument, noting that an overt act is not required in order to be a member of a RICO conspiracy. *Salinas v. United States*, 522 U.S. 52, 64–65, 118 S. Ct. 469, 477, 139 L. Ed. 2d 352 (1997).

6

speculation and frivolous narrative in support of such an agreement,[4] Miles definitively withdrew from the purported "conspiracy" in 2016. Miles cannot be liable for injuries caused by the predicate acts of the other alleged members of the enterprise after his 2016 termination.

Having belatedly realized, after filing several pleadings in this matter that LSU terminated Miles on September 24, 2016, and that there was neither an allegation nor any evidence that Miles had any involvement with LSU after that time, Plaintiff now concocts a further elaboration to her inchoate RICO analysis. She claims that Miles's intervention in a legal matter involving an Open Records Request nearly four years after his involvement in the purported conspiracy confirms his membership in the RICO enterprise and negates his withdrawal. Participation in a legal pleading is not a predicate act or a criminal offense, or evidence of a conspiracy, and the theory on its fact is specious (and lacks any legal authority).

Finally, Plaintiff's baffling assertion (Motion at 4 & n.4) that the Court found, in its December 2 Order, that apart from the lack of timeliness, Plaintiff had sufficiently alleged sufficient facts that Miles and others participated in the operation and management of the criminal enterprise and violated § 1962(c) represents a gross misreading of the Court's opinion. Unsurprisingly, Plaintiff does not provide a citation to the Court's opinion for that proposition because none exists. The Court merely ruled that it had subject matter jurisdiction to consider the Civil RICO claims and then dismissed the claims against Miles and certain other individual Defendants as untimely because claims based on injuries that were discovered or should have been discovered prior to April 8, 2017 were time barred. The Court made no pronouncement that any

---

[4] Although sufficiency of pleading is not the focus of the instant motion, as argued in Miles' motion to dismiss the FAC and opposition to Plaintiff's motion for leave to file the SAC, Plaintiff's cursory allegations with respect to the existence of any sort of agreement are woefully insufficient. Peculiarly, Plaintiff cites *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995), in which the § 1962(d) claims failed on the basis of the same cursory allegations that Lewis includes in her FAC.

of Plaintiff's Civil RICO claims were sufficient to withstand the pleading standard and, indeed, even for the claims against other parties that were not untimely, simply allowed Plaintiff yet another opportunity to plead a viable claim.[5] Plaintiff's blithe disregard—already well documented in this litigation—for rulings, authority, and law is offensive to the Court and to all parties involved.

### III. CONCLUSION

For all of the reasons stated above, it is respectfully submitted that the Court should deny Plaintiff's motion for leave to alter or amend the judgment under Rule 59(e).

Respectfully submitted,

| | |
|---|---|
| */s/ J. Christopher Zainey, Jr.* | */s/ Peter R. Ginsberg* |
| J. Christopher Zainey, Jr. (#32022) | Peter R. Ginsberg |
| The Lambert Firm, PLC | Moskowitz and Book, LLP |
| 701 Magazine St. | 345 Seventh Avenue |
| New Orleans, LA 70130 | New York, NY 10001 |
| Email: czainey@thelambertfirm.com | Email: pginsberg@mb-llp.com |
| Phone: 504-581-1750 | Phone: 212-221-7999 |
| *Attorneys for Defendant Leslie Edwin "Les" Miles* | |

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2022, a copy of the foregoing pleading was served upon all counsel of record by electronic transmission via the Court's CM/ECF system.

*s/ J. Christopher Zainey, Jr.*
**J. CHRISTOPHER ZAINEY, JR.**

---

[5] If anything, the Court expressed skepticism about Plaintiff's proposed amendments relating to alleged injuries caused by the Taylor Porter defendants, for instance, noting that "[a]lthough these allegations are weak, the Court finds the plaintiff should be given leave to amend her complaint to test their sufficiency." The Court's cautious statement is far from a holding that any of Plaintiff's RICO claims are sufficient.