UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,

    Plaintiff

VERSUS                                         CIVIL ACTION NO. 21-198

                                                           BAJ-RLB

LOUISIANA STATE UNIVERSITY, ET AL.,
    Defendants

---

**WILLIAM JENKINS' OPPOSITION
TO PLAINTIFF'S RULE 59 (E) MOTION TO ALTER OR AMEND JUDGMENT**

Defendant, William Jenkins ("Jenkins"), opposes the FRCP Rule 59(e) motion filed by the Plaintiff, Sharon Lewis ("Lewis") asking the Court to reconsider the December 2, 2021, order dismissing Lewis' Civil RICO claims against Jenkins and other defendants.

**I.    RELEVANT BACKGROUND**

Lewis, an employee of Louisiana State University ("LSU"), initiated this action in April 2021 and asserted Title IX and Civil RICO claims against LSU and various LSU employees and agents, including Jenkins. Lewis alleges that in 2013, she suffered from retaliation and discrimination in her employment. In mid-June 2013, Jenkins retired from his position as Interim System President and Chancellor of the LSU Baton Rouge Campus.

In response to Jenkins' motion to dismiss, Lewis voluntarily dismissed her Title IX claims as to Jenkins and as a result, the only remaining claims against Jenkins were for alleged civil RICO violations. After argument of the parties, this Court ruled that Lewis' Civil RICO claims against Jenkins were time-barred under the four-year statute of limitations applicable to Civil RICO claims, as Lewis failed to make any allegations against Jenkins based on conduct occurring after

2013. Lewis now moves under Rule 59(e) for reconsideration of the Court's order, arguing that the Court committed a legal error in its ruling.

## II.     LAW AND ARGUMENT

### A. Legal Standard

A motion under Rule 59(e) [1] "calls into question the correctness of a judgment" and is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citations omitted). A motion to alter or amend a judgment is "not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citations omitted). Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citations omitted). "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690, 693 (M.D. La 2016) (citation and internal quotation marks omitted). Lewis' motion must be denied as it fails to demonstrate that this Court's order contains manifest errors of law or fact, and Lewis does not present any newly discovered evidence.

### B. The Parties Thoroughly Briefed the Court on the Relevant Facts and Applicable Law Before the Court's Order Dismissing the RICO Claims against Jenkins

Jenkins alleged that Lewis' RICO claims against him were time-barred in his Motion to Dismiss filed on August 9, 2021. (ECF 76, pp. 10-11), and Lewis addressed this claim in her opposition brief filed on August 23, 2021 (ECF 90). After hearing argument on multiple defendants' motions to dismiss the RICO claims as time-barred on November 12, 2021, the Court

---

[1] Since Plaintiff's motion seeks to revise an order adjudicating fewer than all the claims among all of the parties to this litigation, FRCP Rule 54(b) actually applies rather than FRCP Rule 59 (e); however, the analysis under the two rules is the same.

gave all parties an opportunity to file supplemental memoranda specifically "addressing the statute of limitations issue with respect to Plaintiff's claims under 18 USC §§ 1962(c) and (d)" (ECF 158), and in response Lewis filed a supplemental memoranda (ECF 161) on November 19, 2021. The parties had ample opportunity to provide the Court with all relevant facts and all applicable law before the Court dismissed Lewis' civil RICO claims as time-barred, yet in support of the motion at hand Plaintiff simply makes arguments that were previously available and cites jurisprudence that could have been cited in her legal memoranda that addressed these same issues. Under *Templet*, 367 F.3d 473, 478–79, this motion to alter or amend a judgment cannot be used as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." The legal theories advanced by Plaintiff were all available during previous briefing to this court, as were the arguments made by Plaintiff in support of this motion. As such, the Court must deny Plaintiff's motion.

### C. Plaintiff's Additional Legal Authority does not Support Her Position.

Even if the Court considers the cases cited by the Plaintiff, they do not support her position. Contrary to Plaintiff's contention, the case *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015) does not support her claim that a RICO defendant is liable for the violations of RICO statutes by his co-conspirators, regardless of when those violations occurred. In fact, *Allstate* contains no analysis whatsoever of the applicable statute of limitations or the timing of the alleged predicate acts as part of the larger scheme. In *Salinas v. United States*, 522 U.S. 52 (1997), the Supreme Court held that once a conspiracy is *established* by way of an agreement and an objective of that agreement, then co-conspirators may be liable for the others' actions. Like the *Allstate* case, *Salinas* contains no analysis of the applicable statute of limitations or the timing of the alleged predicate acts as part of the larger scheme.

### D. Lewis Misrepresents the Court's Order and Reasons

Plaintiff makes the following blatant misrepresentation of the Court's Order and Reasons:

> In the present case the Court's Order and Reasons determined that *Plaintiff alleged sufficient facts to state a claim* Miles, Danos, Yarbrough, Jacobs and Jenkins participated in the operation and management of the criminal enterprise and violated § 1962 (c). *(Emphasis added)* (ECF 168-2, p. 4)

Plaintiff then states in footnote 4 to this misrepresentation:

> The Court in its Order and Reasons ruled that Plaintiff FAC and proposed SAC stated a claim Miles, Danos, Yarbrough, Jacobs and Jenkins each individually violated 1962 (c). (ECF 168-2, p. 4)

These statements are not true, yet they form the sole basis for Plaintiff's contention that she stated a claim under 1962 (d) for civil RICO conspiracy. Plaintiff's claims have no merit, and her motion must be denied.

### E. The Court Correctly Ruled that the RICO Claims against Jenkins are Time-Barred.

The Court correctly dismissed the RICO claims against Jenkins with prejudice, finding that Plaintiff failed to make factual allegations against Jenkins of any conduct occurring after 2013. Since suit was filed in eight years later in 2021, the Court ruled that 4-year statute of limitations precluded Plaintiff's civil RICO claims against Jenkins. (ECF 165, pp. 44-45.)

#### 1. The Statute of Limitations for Violations of 18 U.S.C. 1962 Begins to Run When Plaintiff Discovers, or Should Have Discovered, Each Injury

A four-year statute of limitations applies to civil RICO claims brought under 18 U.S.C. 1962 (c) and (d). *Agency Holding Corp. v. Malley–Duff & Associates,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). It is the discovery of the injury, not the discovery of the pattern of racketeering activity, that marks the beginning of the four-year statute of limitations for bringing a civil RICO claim. *Astoria Entm't, Inc. v. Edwards,* 159 F.Supp.2d 303, 327 (E.D.

La.2001), aff'd, 57 Fed.Appx. 211 (5th Cir.2003); citing *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000).

When a pattern of RICO activity causes a continuing series of separate injuries, a civil RICO claim accrues for each injury when the plaintiff discovers, or should have discovered, that injury. *Astoria, supra*; citing *Love v. National Medical Enterprises, et al.,* 230 F.3d 765 (5th Cir.2000). This is known as the "separate accrual" rule, which requires that the plaintiff is injured more than once, and the cause of action exists only for that injury occurring within the limitations period. *Astoria*, supra. As the Supreme Court made clear in *Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 497; 105 S.Ct. 3275, 3285; 87 L.Ed.2d 346 (1985).* RICO injuries flow from individual predicate acts, not from the pattern itself:

> Where the plaintiff alleges each element of the violation (of 18 USC § 1962(c)), the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. Those acts are, when committed in the circumstances delineated in § 1962(c), "an activity which RICO was designed to deter." Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.

*Sedima,* 473 U.S. at 495–97, 105 S.Ct. at 3284–85. The Seventh Circuit says it best: In civil RICO cases, "each wrongful act that causes injury is a new cause of action". *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1465–66 (7th Cir.1992), *as amended on reh'g in part* (Oct. 26, 1992).

A plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period. in *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 190, 117 S.Ct. 1984, 1991 (1997).

## III. CONCLUSION

For these reasons, the Court should deny Lewis' motion for leave to alter or amend the judgment.

Respectfully submitted:

**JEFF LANDRY,**
**ATTORNEY GENERAL**

*/s/ Robin A. Sylvester*
Robin A. Sylvester,  La. Bar Roll No. 21154
*Special Assistant Attorney General*
SYLVESTER LAW FIRM, L.L.C.
241 ½ La Rue France
Lafayette, Louisiana 70508
Telephone: (337) 513-0504
Facsimile: (337) 513-0514
robin@sylvesterfirm.com
Counsel for Defendant, William Jenkins

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2022, I electronically filed this pleading with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Robin A. Sylvester*
Robin A. Sylvester