UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                                   CIVIL ACTION
   Plaintiff

VERSUS                                          NO. 21-198-SM-RLB

LOUISIANA STATE UNIVERSITY
BOARD OF SUPERVISORS, ET AL
   Defendants

### SHARON LEWIS REPLY MEMORANDUM TO LESLIE MILES MEMORANDUM IN OPPOSTION TO  PLAINTIFF'S RULE 59(e ) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff  Sharon Lewis  respectfully submits this reply to Defendant Leslie Miles opposition (Doc. No. 170 ) to Lewis' Motion To Alter or Amend Judgment (Doc. No. 168).

Argument

The sole issue before the Court is whether the Court's ruling dismissing Plaintiff's 1962 (c ) and 1962 (d ) claims with prejudice against Leslie Miles (Miles), Garrett Danos (Danos), Robert Yarbrough (Yarborough), Stanley Jacobs (Jacobs) and William Jenkins (Jenkins) is an obvious legal error?[1]  In reaching its decision  the Court reasoned that Plaintiff failed to allege any RICO violations against Miles, Danos, Yarbrough,  Jacobs and Jenkins after 2013.[2] However,  once Plaintiff stated a plausible claim  Miles, Danos, Yarbrough,  Jacobs and Jenkins participated in the operation and management of a continuing criminal enterprise, she was not required to plead they violated any predicate acts after 2013  to establish liability.[3]  The Supreme

---

[1] The Court by its ruling exempted Miles, Danos, Yarbrough,  Jacobs and Jenkins from liability of their co-conspirators predicate acts that damaged Plaintiff's employment and business after April 5, 2017.

[2] Doc No. 165

[3] By allowing Plaintiff RICO claims against Verge Ausberry, Miriam Segar, Robert Barton, Vicki Crochet, Shelby McKenzie and Scott Woodward to move forward, the Court had to find that Plaintiff  stated sufficient facts to state a claim that in 2013 Miles, Danos,  Yarbrough,  Jacobs, Jenkins, Joe Alleva, Robert Barton, Vicki Crochet, Shelby McKenzie and Miriam Segar formed an associate-in-fact criminal enterprise,  otherwise all RICO claims against all defendants fail.

Court in *Salinas v. United States stated*: " The interplay between subsections (c) and (d ) of RICO Section 1962 does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense."[4]  A conspirator must intend to further an endeavor which, if completed, would satisfy all the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas* U.S. 52, 65; *US v. Fattah*, 914 F.3d 112, 164 (3rd Cir. 2019).

The Court in it Order and Reasons found that Plaintiff stated a claim that  Miles, Danos, Yarbrough,  Jacobs and Jenkins participated in the conspiracy with knowledge of the essential plan.[5] It is settled law they are liable for all of the predicate acts of  their co-conspirators after April 5, 2017, whether they knew about them or not. *Dale v. Frankel*, 131 F. Supp. 2d 852, 860 (S.D. Miss. 2001); *U.S. v. Delgado,* 401 F.3d 290, 296 (5th Cir. 2005); *Chaney v. Dreyfus Service Corp*., 595 F.3d 219, 239 (5th Cir. 2010); *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007). Therefore, the Court ruling dismissing Plaintiff's 1962(c )and 1962 (d ) claims with prejudice against Miles, Danos,  Yarbrough,  Jacobs and Jenkins was an obvious legal error.

1962 (c) Claims

Plaintiff respectfully points out that neither the Court in its Order and Reasons, nor Miles in his opposition cites any legal precedent that holds merely because Plaintiff in her First Amended Complaint (FAC) and proposed Second Amended Complaint (SAC)  did not allege Miles, Danos,  Yarbrough,  Jacobs and Jenkins engaged in any RICO conduct after 2013,  they are  exempt from liability for Plaintiff timely RICO claims. A conspiracy is a continuing offense. *Smith v. United States* 568 U.S. 106, 111 (2013)  (citing *United States v. Kissel*, 218 U.S. 601,

---

[4] 522 U.S. 52, 63-64 (1997).
[5] *Id*. Fn. 3

610, 31 S.Ct. 124, 54 L.Ed. 1168 (1910)).  A defendant who has joined a conspiracy continues to violate the law "through every moment of [the conspiracy's] existence," *Smith v. United States* 111 (citing *Hyde v. United States*,225 U.S. 347, 369, 32 S.Ct. 793, 56 L.Ed. 1114 (1912)). And he becomes responsible for the acts of his co-conspirators in pursuit of their common plot. *Smith v, United States* at 111 (citing *Pinkerton v. United States*, 328 U.S. 640, 646, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Here, Plaintiff has stated a claim that RICO conspiracy existed from 2013 till she filed this complaint in 2021.[6] Thus, Miles, Danos,  Yarbrough,  Jacobs and Jenkins  are liable under RICO for any violations of predicate acts that injured Plaintiff's employment and business after April 5, 2017.

Miles in his opposition relies on *Smith v. United States* to falsely argue he withdrew from the RICO conspiracy when he left LSU in 2016.  In order for Miles to show he withdrew from the conspiracy he must prove at trial he took an affirmative step "to disavow or defeat the purpose of the conspiracy." *Smith v, United States* at 112 (citing  *Hyde v. United States*, 225 U.S. 347, 369 (1912). However, Miles in his motion to dismiss never alleged he took any affirmative steps to withdraw from the conspiracy. In fact he did the exact opposite.  After Miles left LSU he directed his lawyers Peter Ginsberg (Ginsberg) and A. Edward Hardin  Jr. (Hardin)  to continue to conceal the Miles Investigation/Miles Report in their law offices per the 2013 agreement with his co-conspirators in violation of 18 U.S.C. § 1512.[7]  Furthermore, Miles  through his attorneys in 2020  joined his co-conspirators in court to fight the release of the Miles Report in violation of 18 U.S.C. § 1512.[8]

---

[6] Doc. No. 8 ¶ 128
[7] Doc No. 8-3, pp. 5-7; Doc No. 144-2 ¶¶196 through 228
[8] The co-conspirators agreed in 2013 they would jointly fight the release of the Miles Report if it became subject to a public document request. See Doc No.8-3, pp. 5-7; Doc No. 8, ¶¶ 161 -162; Doc No. 144-2 ¶¶  217-222

Therefore, the Court's Order and Reason dismissing Plaintiff's 1962 ( c) claims with prejudice against Miles, Danos,  Yarbrough,  Jacobs and Jenkins  was an obvious legal error.

<u>Plaintiff 1962 (d) Claims</u>

To state a claim under 1962(d) requires the Plaintiff to make a two-part showing: (1) that the defendant agreed to facilitate the operation of an enterprise through a pattern of racketeering activity: and (2) that the defendant agreed that someone (not necessarily the defendant would commit at least two predicate acts. *Accord Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995); *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 693 (S.D. Texas 2009) citing ( *U.S. v. Marmolejo*, 89 F.3d 1185, 1196 (5th Cir.1996); *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013). Here the Court found that Plaintiff stated a claim that Miles, Danos,  Yarbrough,  Jacobs and Jenkins agreed to facilitate the operations of an enterprise through a pattern of racketeering and directed Barton, Crochet, Ginsberg, and Hardin to conceal the Miles Report in their law offices from an official DOE Title IX proceeding from 2013 to 2020 and  violated § § 1512, 1341 and1343.[9]

Moreover, Miles, Danos,  Yarbrough,  Jacobs and Jenkins argued in their motions to dismiss that they were inactive after 2013 and thus they are shielded from liability because of RICO's four year statute of limitations. The Court in its Order and Reasons agreed and granted their motion to dismiss with prejudice. However, the Supreme Court in *Smith v. United States* rejected that argument.

In *Smith* the defendant before trial moved to dismiss the conspiracy counts including a 1962 (d ) RICO count on the basis that he had spent the last 6 years of the charged conspiracies in prison for a felony conviction. The defendant argued he withdrew from the conspiracy after

---

[9] *Id*. Fn. 3

the statute of limitations had run which is a bar to prosecution. The jury convicted him on the

conspiracy charges including 1962 (d). The Supreme Court rejected Smith's argument on the

basis that the Government proved the conspiracy continued past the "statute of limitations"

period and the burden of proof was on Smith to show he withdrew from the conspiracy. *Id* at.

113. The Court further reasoned:

> "For the offense in these conspiracy prosecutions was not the initial act of the agreement, but the banding together against the law effected by that act, which continues until the the termination of the conspiracy or, as to a particular defendant, until the defendant's withdrawal…a defendant's membership in the conspiracy and his responsibility for its acts, endures even if he is entirely *inactive* after joining it. (As he has started evil forces he must withdraw his support from them or incur the guilt of their continuance (citing *Hyde* 225 U.S., at 369-370))…Having joined forces to achieve collectively more evil than he can accomplish alone, Smith tied his fate to that of the group. His individual change of heart (assuming it occurred) could not put the conspiracy genie back in the bottle. We punish him for the havoc wreaked by the unlawful scheme, whether or not he remained actively involved. It is his withdrawal that must be active, and it was his burden to show that. *Id*. at 113, 114.

Therefore, the Court's Order and Reason dismissing Plaintiff's 1962 (d) claims with prejudice

against Miles, Danos, Yarbrough, Jacobs and Jenkins was an obvious legal error.

> Conclusion

For the foregoing reasons, Plaintiff Sharon Lewis respectfully request the Court grant her

motion for reconsideration and vacate its prior ruling granting Miles, Danos, Yarbrough, Jacobs

and Jenkins motion to dismiss Plaintiff's §1962 (c) and §1962 (d ) civil RICO claims, thereby

denying their motion to dismiss as to Plaintiff's civil RICO claims that occurred after April 5,

2017 and permitting Plaintiff's RICO claims not time barred to proceed against Miles, Danos,

Yarbrough, Jacobs and Jenkins.

Respectfully submitted:

*/s/ Larry English*

5

Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
englishlaw2008@gmail.com

/s/ Tammye C. Brown
Tammye C. Brown, LSB No. 29108
CAMPBELL BROWN LAW & CONSULTING
1220 E. Northside Drive, Suite 170-176
Jackson, Mississippi 39211
601-703-8911
601-703-8999 (fax)
tbrown@campbellbrownlaw.com

/s/ Bridget Brown
Bridgett Brown, LSB No. 18815
BROWN & ASSOCIATES
418 DeSoto Street
Alexandria, Louisiana 71301
lawyer4u.bridgett@gmail.com

*Counsels for Plaintiff Sharon Lewis*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on January 10, 2022.


*/s/ Larry English*

6