## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**LOUISIANA STATE UNIVERSITY, ET AL.,**
    **Defendants**

## ORDER AND REASONS

Before the Court is a "Motion to Alter or Amend Judgment"[1] filed by Plaintiff Sharon Lewis. Oppositions were filed by Leslie Miles,[2] W. Shelby McKenzie, Vicki Crochet, and Robert Barton,[3] Garrett "Hank" Danos, Stanley Jacobs, and Robert "Bobby" Yarborough,[4] Miriam Segar,[5] and William "Bill" Jenkins.[6] Plaintiff filed replies.[7]

For the reasons that follow, the motion is **DENIED.**

## BACKGROUND

The background facts are set forth extensively in the Court's September 10, 2021 Order and Reasons,[8] and in the Court's December 2, 2021 Order and Reasons,[9] and will not be reiterated here.

## LAW AND ANALYSIS

Plaintiff asks the Court to reconsider its December 2, 2021 Order and Reasons[10] dismissing with prejudice Plaintiff's civil RICO claims against Leslie Miles ("Miles),

---

[1] R. Doc. 168.
[2] R. Doc. 170.
[3] R. Doc. 171.
[4] R. Doc. 172.
[5] R. Doc. 173.
[6] R. Doc. 174.
[7] R. Docs. 175, 176, 177, 178, and 180-1.
[8] R. Doc. 107.
[9] R. Doc. 165.
[10] R. Doc. 165.

Garrett Danos ("Danos"), Robert Yarborough ("Yarborough"), Stanley Jacobs ("Jacobs"), and William Jenkins ("Jenkins"). Plaintiff argues it is "settled law in the United States Supreme Court and the Fifth Circuit that a Defendant is liable for the RICO violations of his co-conspirator(s) even if he did not know about them."[11] As a result, Plaintiff argues the Court's ruling that Miles, Danos, Yarborough, Jacobs, and Jenkins are "not liable for the injuries to plaintiff's employment and business caused by the predicate acts of their co-conspirator after April [8], 2017 is an obvious legal error."[12]

At the outset, the Court will address several statements made in Plaintiff's memorandum in support of her motion and in her reply memorandums that mischaracterize the Court's Order and Reasons.[13] Plaintiff states that

> By allowing Plaintiff (sic) RICO claims against Verge Ausberry, Miriam Segar, Robert Barton, Vicki Crochet, Shelby McKenzie and Scott Woodward to move forward, the Court had to find that Plaintiff stated sufficient facts to state a claim that in 2013 Miles, Danos, Yarbrough (sic), Jacobs, Jenkins, Joe Alleva, Robert Barton, Vicki Crochet, Shelby Mckenzie and Miriam Segar formed an associate-in-fact criminal enterprise, otherwise all RICO claims against all defendants fail.[14]

First, contrary to the assertions of Plaintiff, the Court did *not* rule in its Order and Reasons that Plaintiff "alleged sufficient facts to state a claim Miles, Danos, Yarbrough (sic), Jacobs and Jenkins participated in the operation and management of the criminal enterprise and violated § 1962(c)."[15] In reality, the Court's Order and Reasons determined only that the civil RICO claims against Miles, Danos, Yarborough, Jacobs, and Jenkins are time barred on their face because Plaintiff makes no allegations against these

---

[11] R. Doc. 168-2 at 1.
[12] *Id.* Plaintiff does not ask for reconsideration of the portions of the Court's Order and Reasons dismissing with prejudice her civil RICO claims for injuries discovered before April 8, 2017.
[13] R. Doc. 165.
[14] R. Doc. 178 at 2, n.3.
[15] R. Doc. 168-2 at 4. Danos, Jacobs, Yarborough, Jenkins, and Miles all objected to Plaintiff's mischaracterization of the Order and Reasons. See R. Doc. 172 at 8, R. Doc. 174 at 4, and R. Doc. 170 at 7.

Defendants based on conduct occurring after 2013,[16] and that Plaintiff should not be given leave to amend her civil RICO claims against them because to do so would be futile.[17] Second, the Court did not rule Plaintiff stated a RICO claim against Ausberry and Segar based on their acting "in furtherance of the criminal enterprise common plan to injure Plaintiff's employment and business, when they initiated a fraudulent PM-73 investigation against Plaintiff."[18] Instead, the Court ruled the claims against Ausberry and Segar based on conduct occurring on or after April 8, 2017 are not time barred but that, if an amended complaint is filed,[19] Ausberry and Segar are free to file motions to dismiss on grounds other than timeliness.[20] Third, the Court did not rule that "Plaintiff stated a claim that Vicki Crochet (Crochet), Robert Barton (Barton) and William Shelby McKenzie (McKenzie) concealed the Miles Report in their law offices from an official Department of Education (DOE) Title IX proceeding after April 5, 2017."[21] Instead, the Court ruled the claims against Crochet, Barton, and McKenzie based on conduct occurring on or after April 8, 2017 are not time barred but that, if an amended complaint is filed, they are free to file motions to dismiss on other grounds.[22] The Court has not determined that Plaintiff alleged sufficient facts to state a civil RICO claim against *any* named Defendant.

---

[16] R. Doc. 165 at 44.

[17] *Id.* at 53-54.

[18] R. Doc. 168-2 at 4. Although Plaintiff did not move to alter or amend the Order and Reasons with respect to Segar, Segar filed a memorandum in opposition to the Motion to Alter or Amend Judgment to make this point. *See* R. Doc. 173 at 3-4.

[19] The Court granted Plaintiff leave to amend her civil RICO claims against Mary Leach Werner, James Williams, Scott Woodward, Verge Ausberry, Miriam Segar, Vicki Crochet, Robert Barton, and William Shelby McKenzie, with respect to actions by these Defendants after April 8, 2017.

[20] *See* R. Doc. 165 at 54 (stating that, "[i]f Plaintiff timely requests leave to file her second amended complaint, the motions to dismiss filed by . . . Miriam Segar [and] Verge Ausberry . . . will be denied as ***moot without prejudice***." (emphasis added)).

[21] R. Doc. 168-2 at 4. Plaintiff did not move to alter or amend the Order and Reasons with respect to Crochet, Barton, and McKenzie, but they filed an opposition saying the Court's decision may directly affect them. *See* R. Doc. 171 at 1.

[22] R. Doc. 165 at 54 (stating that, "[i]f Plaintiff timely requests leave to file her second amended complaint, the motions to dismiss filed by William Shelby McKenzie, Vicki Crochet, Robert Barton . . . will be denied as ***moot without prejudice***." (emphasis added)).

Turning to the merits of the "Motion to Alter or Amend Judgment," Plaintiff argues the Court's Order and Reasons dismissing Plaintiff's 1962(c) and (d) claims against Miles, Danos, Yarborough, Jacobs, and Jenkins with prejudice as time barred is premised on a manifest error in law because a civil RICO defendant is liable for the violations of the RICO statutes by his co-conspirators no matter when those violations occurred.[23] According to Plaintiff, "[i]t is settled law that Miles, Danos, Yarbrough (sic), Jacobs and Jenkins are liable for the RICO violations their co-conspirators continued to commit after April 5, 2017 and the court's ruling is an obvious legal error."[24] Citing *Salinas v. United States*[25] and various Fifth Circuit cases, Plaintiff argues it was an obvious legal error for the Court to exempt these five defendants "from liability for the Taylor Porter Defendants, Ausberry and Segar's alleged RICO violations after April 5, 2017."[26]

Plaintiff "moves this [C]ourt under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend"[27] its Order and Reasons.[28] The Court's Order and Reasons does not adjudicate all claims against all Defendants, and, as a result, is not a final judgment. Rule 59 applies only to final judgments. When, as here, "a party seeks to revise an order that adjudicates fewer than all the claims among all the parties, Federal Rule of Civil Procedure 54(b) controls."[29] "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[30] This Court expressly adopts that

---

[23] R. Doc. 168-2 at 2.
[24] *Id.* at 4.
[25] 522 U.S. 52 (1997).
[26] R. Doc. 168-2 at 5.
[27] R. Doc. 168 at 1.
[28] R. Doc. 165.
[29] *Tucker v. Unitech Training Acad., Inc.*, No. CV 15-7133, 2018 WL 11319092, at *1 (E.D. La. Feb. 21, 2018) (quoting *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013))
[30] *Tucker*, 2018 WL 11319092, at *1 (citing *Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *3 (E.D. La. Aug. 15, 2016) and *Snowizard*, 921 F. Supp. 2d at 565).

practice, and applies the standards applicable to Rule 59(e) motions to alter or amend a final judgment.

A Rule 59(e) motion to alter or amend "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion.[31] To prevail on a Rule 59(e) motion, the movant must establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[32] Plaintiff relies only on the third factor, arguing the Court's Order and Reasons[33] is premised on a manifest error in law. "Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."[34]

First, a rule 59(e) motion is "not the vehicle for rehashing evidence, legal theories, or argument that could have been offered or raised before the entry of judgment."[35] Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence."[36] "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent."[37] In her motion to alter or amend judgment, Plaintiff seeks to rehash evidence, legal theories, and arguments that already have been heard. Plaintiff's arguments were considered by the Court before

---

[31] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[32] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).

[33] R. Docs. 165.

[34] *See, e.g., Pechon v. La. Dep't of Health and Hospitals*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] manifest error is an obvious mistake or departure from the truth.") (internal quotation marks omitted)).

[35] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted).

[36] *Id.* (citations omitted).

[37] *Factor King, LLC v. Block Builders, LLC*, 192 F.Supp.3d 690, 693 (M.D. La. 2016) (citation and internal quotations marks omitted).

rendering its December 2, 2021 Order and Reasons on Plaintiff's Motion for Leave to File a Second Amended Complaint and a First Amended RICO Case Statement.[38] In fact, the issue was argued extensively during oral argument on that motion on November 12, 2021,[39] and the Court, at Plaintiff's request, allowed time for post-argument briefing on the issue.[40] Shortly thereafter, on November 19, 2021, Plaintiff filed a supplemental memorandum, citing the *Salinas* case on which she now relies.[41] It is well established that "[a] party may not use a Rule 59(e) motion to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."[42] Plaintiff's motion to alter or amend is an attempt to rehash legal theories and arguments that already have been considered and may be denied for this reason alone.

Second, even if the Court considers Plaintiff's argument that the Order and Reasons is premised on a manifest error in law, the Plaintiff's motion fails. Although *Salinas v. United States*[43] held that "a defendant need only know of and agree to the overall objective of the RICO offense to be held *criminally* liable for a RICO conspiracy, the Supreme Court's subsequent holding in *Beck v. Prupis,* 529 U.S. 494, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000) made clear that, 'to establish a *civil* RICO conspiracy, a RICO conspiracy plaintiff [must] allege injury from an act that is analogous to an act of tortious character, meaning an act that is independently wrongful under RICO,'"[44] and acts that

---

[38] R. Doc. 165.

[39] R. Doc. 158.

[40] *Id.*

[41] R. Doc. 161 at 7.

[42] *Sanchez v. Tangipahoa Parish Sheriff's Office*, No. 08-1227, 2010 WL 4340333, at *1 (E.D. La. Oct. 21, 2010) (quoting *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)) (internal quotation marks omitted); *Warren v. Quarterman*, No. 3:08-CV-1228-N, 2009 WL 77694, at *1 (N.D. Tex. Jan. 12, 2009) (quoting *Peterson v. Cigna Grp. Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)) (internal quotation marks omitted).

[43] 522 U.S. 52, 65 (1997).

[44] *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539 (5th Cir. 2012).

are "independently wrongful" under RICO are those predicate acts of racketeering activity listed in § 1961(1).[45]

Plaintiff has made no allegations in her first amended complaint[46] or her proposed second amended complaint[47] of injury from an act of Danos, Yarborough, Jacobs, or Jenkins that is analogous to an act of tortious character, independently wrongful under RICO, occurring on or after April 8, 2017. Plaintiff has made no allegations in her first amended complaint of injury from an act of Miles that is analogous to an act of tortious character, independently wrongful under RICO, occurring on or after April 8, 2017.[48] Plaintiff in her proposed second amended complaint alleges only that Peter Ginsburg, Miles' attorney, filed a petition to intervene on behalf of Miles in *Kenny Jacoby v. Galligan*[49] to oppose USA Today's public documents request in furtherance of the scheme to conceal the document from an official Title IX proceeding.[50] Plaintiff has failed to allege injury from an act of Miles (or his attorney) that is analogous to an act of tortious character, meaning an act that is independently wrongful under RICO, occurring on or after April 8, 2017.

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff Sharon Lewis's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Sharon Lewis may seek leave of Court on or before **Thursday, January 27, 2022** to file a second amended complaint[51] as

---

[45] *Id.*
[46] R. Doc. 8.
[47] R. Doc. 144-2.
[48] R. Doc. 8.
[49] This case is styled *Kenny Jacoby & S.B. v. Galligan*, Case No. C-700649 "21-D", 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.
[50] R. Doc. 144-2 at 222, 276.
[51] The proposed second amended complaint must be attached to the motion for leave.

follows:

> To add a claim for retaliation for her exercise of her First Amendment right to free speech under 42 U.S.C. § 1983 against Garrett Danos, Stanley Jacobs, Robert Yarborough, James Williams, Mary Leach Werner, Joseph Alleva, Miriam Segar, Verge Ausberry, and Scott Woodward, in their individual capacities, as set forth in paragraphs 124 to 134 of Plaintiff's proposed second amended complaint at R. Doc. 144-2; and

> To amend her civil RICO claims against William Shelby McKenzie, Vicki Crochet, Robert Barton, James Williams, Mary Leach Werner, Joseph Alleva, Miriam Segar, Verge Ausberry, and Scott Woodward, in their individual capacities, as generally set forth in paragraphs 135 to 328 of Plaintiff's proposed second amended complaint at R. Doc. 144-2.

If Plaintiff timely requests leave to file her second amended complaint, the motions to dismiss filed by William Shelby McKenzie, Vicki Crochet, Robert Barton, James Williams, Mary Leach Werner, Miriam Segar, Verge Ausberry, and Scott Woodward, to the extent seeking dismissal of Plaintiff's civil RICO claims based on injuries discovered on or after April 8, 2017, will be denied as moot without prejudice.[52]

Plaintiff may seek leave of Court on or before **Thursday, January 27, 2022** to file into the record those portions of her First Amended RICO Case Statement relevant to claims that have not been dismissed for lack of subject matter jurisdiction or as time barred.[53]

**IT IS FURTHER ORDERED** that initial disclosures are due on or before **Thursday, February 3, 2022.**[54]

New Orleans, Louisiana, this 19th day of January, 2022.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] R. Docs. 60, 66, 67, 71, 72, 76, 81, and 98.
[53] The proposed First Amended RICO case statement must be attached to the motion for leave.
[54] *See* R. Doc. 169.