UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**                                             **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                            **NO. 21-198-SM-RLB**

**LOUISIANA STATE UNIVERSITY**
**BOARD OF SUPERVISORS, ET AL**
    **Defendants**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION TO LEAVE TO FILE**
**SECOND AMENDED COMPLAINT AND**
**FIRST AMENDED RICO CASE STATEMENT**

Plaintiff Sharon Lewis respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a SECOND AMENDED COMPLAINT and FIRST AMENDED RICO CASE STATEMENT a copies of which is attached hereto. The new complaint maintains the counts and allegations against the same defendants from the First Amended Complaint, but accounts for the significant factual and procedural developments that have occurred since the First Amended Complaint was filed, including Court's Order and Reasons issued on September 10, 2021(Doc. No. 107) and Order and Reasons issued on December 2, 2021 (Doc. No. 165), and EEOC Right to sue letter. Plaintiff adds new claim of wrongful termination arising under Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 and Title VII of the Civil Rights Act of 1964 that is not time barred and relates back to Plaintiff's First Amended Complaint (FAC). Plaintiff has added new allegations in her Civil RICO Claims that are consistent Court's Order and Reasons (Doc. No. 165). Plaintiff also requests leave to file First Amended RICO Case Statement that supports plaintiff 's Second Amended Complaint and to comply with the RICO Case order issued by the court.

1

**ARGUMENT**

Rule 15 governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." *Federal Rule 15(a)(2).* Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A movant is required to give the court some notice of the nature of his or her proposed amendments. "[I]n order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)).

None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. Plaintiff moved timely to amend complaint in compliance with the Court's Order and Reasons (Doc. No. 165). The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed SECOND AMENDED COMPLAINT. Plaintiff also seeks to amend to include Title VII claims pursuant to EEOC Right to sue letter. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes

assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, as none of them have filed an answer in the case. The proposed SECOND AMENDED COMPLAINT does not involve the addition of any new defendants. No prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, plaintiff's request to file an amended complaint is not futile as plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper.

Accordingly, in the interest of justice, this Court should grant plaintiff's motion for leave to file the proposed amended complaint and amended RICO Case Statement. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the reasons identified above, Sharon Lewis requests the Court grants her Motion for leave to file the proposed SECOND AMENDED COMPLAINT and FIRST AMENDED RICO CASE STATEMENT.

WHEREFORE PREMISES CONSIDERED, Plaintiff Sharon Lewis pray that this court grant the foregoing Motion for leave to file SECOND AMENDED COMPLAINT and FIRST AMENDED RICO CASE STATEMENT

Respectfully submitted:

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027

      917-531-3909
      englishlaw2008@gmail.com

 /s/ <u>*Albert Van-Lare*</u>
Albert Van-Lare Atty. Registr. No. 3974169
125 Maiden Lane, Suite 510
New York, New York 10038
vanlareesq@aol.com
(212) 608-1400


*Counsel for Plaintiff Sharon Lewis*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on March 3, 2022.

<u>*/s/ Larry English*</u>