UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

SHARON LEWIS                                               Civil Action No: 21-198-BAJ-RLB

Plaintiff

V.

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY ET AL

MEMORANDUM IN OPPOSITION TO TAYLOR PORTER'S
MOTION TO DECONSOLIDATION

MAY IT PLEASE THE COURT:

NOW INTO THE COURT comes plaintiff Sharon Lewis who opposes Defendants Robert "Bob" Barton (Barton), Vicki Crochet (Crochet), William Shelby McKenzie (McKenzie) (herein after referred to as "TP Defendants" Motion to Deconsolidate for the following reasons:

The Plaintiffs in *Owens, et al v. Louisiana State University, et al* Case No. 21, 242 and Sharon Lewis claims arise in part out of conduct that took place in the LSU Athletic Department. They involve most of the same actors and occurred within the same time period.[1] The Husch Blackwell Report (HBR) is a key document in both the *Lewis* and *Owens* cases. Both Lewis and *Owens* Plaintiffs are alleging in part that LSU knowingly subverted Title IX compliance which HBR documents.[2] They both allege the release of HBR was the basis for notice of their claims.[3]

---

[1] *Owens* Plaintiff Calise Richardson claims are based in part on her interactions with Sharon Lewis: See *Owens et al v. LSU* ¶¶ 125 - 131
[2] See ¶¶ 67- 88, 94. 10, 103, 104, 154, 175, 190.207, 242 *Owens et al v. LSU et al;* See ¶¶ 22 – 27, 86, 147, 155, 159, 166, 234, 267, 269, 280, 293,
[3] Id.

1

The Court has given very narrow instructions that "depositions taken in either action may be used in both actions." Plaintiff agrees with the Court that this serves judicial economy. More importantly, Plaintiff agrees with the Court that it would undermine the integrity of the proceedings for parties to cross examine a witnesses at trial using depositions in which a party was not given an opportunity to ask and/or object to questions. For instance the author of the HBR testimony is paramount to both *Owens* and Lewis claims. If the court grants TP Defendants Motion To Deconsolidate, at trial they would use depositions taken separately by Lewis and *Owens* to impeach the author of HBR, even though Plaintiff's counsel would not have been present at the taking of the *Owens* deposition or given a chance to ask follow up questions and/or object. The same holds true for multiple other witnesses in this case.[4] These situations could lead to inconsistent outcomes and can compromise Plaintiff's right to a fair trial.

TP Defendants main objection is they would have to attend and read depositions that have nothing to do with the Civil RICO claims against them. This is not unusual in a case involving multiple defendants. That is a choice of legal strategy. They are not compelled to attend a deposition they feel does not impact their defense. The chaos at trial caused by impeaching a witness with multiple depositions with answers to the same or similar questions from different parties on different dates far outweigh TP Defendants concerns.

Conclusion

For the above stated-reasons, Plaintiff prays the TP Defendants Motion To Deconsolidate should be denied.

---

[4] F. King Alexander, Verge Ausberry, Miriam Segar, LSU Board of Supervisor members, employees in LSU General Counsel Office, LSU Athletic Department and LSU Title IX office are key witnesses in both *Lewis* and *Owens* case.

Respectfully submitted:

*/s/ Larry English*
Larry English, LSB No. 22772
Larry English, Attorney at Law
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
englishlaw2008@gmail.com

/s/ *Albert Van-Lare*
Albert Van-Lare NYSB No. 3974169
125 Maiden Lane, Suite 510
New York, New York 10038
vanlareesq@aol.com
(212) 608-1400

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on March 18, 2022.

*/s/ Larry English*