UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS** | **CIVIL ACTION NO.  3:21-CV-00198** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS** |

### MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL BY DEFENDANT THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

NOW INTO COURT, through undersigned counsel, comes the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") who, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court for dismissal of Plaintiff's Title IX claims pre-dating April 8, 2020 and dismissal of Plaintiff's claims regarding the alleged conduct of Les Miles and Frank Wilson.  In addition, the Board asks this Court, pursuant to its discretion under Rule 12(f), to strike Plaintiff's allegations of RICO conduct by the Board, Williams, and Werner from the Second Amended Complaint.

**I.    Background.**

Plaintiff filed her initial Complaint on April 8, 2021.[1]  Plaintiff filed her First Amended Complaint on May 5, 2021.[2]  The Board moved to dismiss Plaintiff's Complaint.[3]  The Court ruled, in part, on the Board's Motion to Dismiss on September 10, 2021.[4]  In its ruling, the Court dismissed Plaintiff's Title IX claims against the Board "to the extent such claims were based on

---

[1] R. Doc. 1.
[2] R. Doc. 8.
[3] *See, e.g.*, R. Doc. 71.
[4] R. Doc. 107.

1

retaliatory events occurring before April 8, 2020."[5] Seemingly in response to the Court's ruling, Plaintiff sought leave to file her Second Amended Complaint on September 15, 2021, to add additional Title IX claims against the Board (among other proposed amendments).[6] On October 6, 2021, the Board and others opposed Plaintiff's motion to amend her complaint.[7] On December 2, 2021, the Court ruled on Plaintiff's proposed amendment.[8] As to Plaintiff's proposed Title IX claims, the Court denied Plaintiff leave to amend her Title IX retaliation claim or to add a claim for hostile environment under Title IX.[9] The Court permitted Plaintiff leave to amend her complaint with respect to non-Title IX claims.[10] Thereafter, Plaintiff sought leave to file a new Second Amended Complaint, which motion was denied for failure to comply with the Court's prior orders.[11] On January 26, 2022, Plaintiff sought leave to file yet another Second Amended Complaint, which defendants opposed.[12] On February 25, 2022, in a status conference, the parties discussed some of the shortcomings with Plaintiff's current version of the Second Amended Complaint, including Plaintiff's lack of compliance with the Court's prior Title IX rulings.[13] On March 3, 2022, Plaintiff filed the instant Second Amended Complaint, still failing to comply with the Court's prior orders.[14]

As set forth in detail below, this Court has already ruled that Plaintiff's Title IX allegations relating to conduct before April 8, 2020 are untimely and should be dismissed. Thus, Plaintiff's repetition of such untimely claims in her latest Second Amended Complaint requires dismissal

---

[5] R. Doc. 107.
[6] R. Doc. 112. Plaintiff then sought to file a corrected copy of the proposed second amended complaint into the record. R. Doc. 144.
[7] R. Docs. 128-134.
[8] R. Doc. 165.
[9] R. Doc. 165, pp. 26-38.
[10] R. Doc. 165, p. 39.
[11] R. Docs. 166-167.
[12] R. Docs. 191, 192-197.
[13] R. Doc. 212.
[14] R. Doc. 217. Plaintiff's Second Amended Complaint was entered into the record on March 4, 2022. R. Doc. 18.

2

again. Similarly, Plaintiff's claims for alleged conduct by Miles and Wilson should also be dismissed as untimely.

> **II.  Plaintiff's Second Amended Complaint, Including her New Allegations Regarding Conduct by Frank Wilson, Ignores this Court's Rulings Regarding Timeliness.**

This Court already ruled that Plaintiff cannot assert a Title IX retaliation claim for conduct arising out of retaliatory events occurring prior to April 8, 2020.[15] Despite this ruling and repeated opportunities to comply with the ruling, Plaintiff added to her Title IX retaliation section new, untimely allegations regarding Frank Wilson:

\*\*\*

> 88. Sometime in 2013 Running Back Coach Frank Wilson came into Plaintiff's office, closed the door and pulled out his erect penis and asked her to touch it and Plaintiff reported the incident to Miriam Segar and Verge Ausberry and they failed to investigate or take any action.
>
> 89. Sometime in 2013 Frank Wilson kissed a female employee without her permission and Plaintiff reported the incident to Miriam Segar and Verge Ausberry and they failed to investigate or take any action.
>
> 90. From 2012 to 2016 Frank Wilson sexually harassed Plaintiff, female students and workers and Plaintiff reported this conduct to Verge Ausberry and Miriam Segar and they failed to investigate or take any action.

Plaintiff's addition of paragraphs 88-90, alleging conduct in 2012-2016, flies in the face of this Court's explicit ruling on the permissible time period for Title IX retaliation claims.[16] Plaintiff's new allegations about stale conduct by Frank Wilson must be dismissed.

As another example of Plaintiff's refusal to comply with this Court's directives, Plaintiff included paragraph 92 (also in Plaintiff's Title IX retaliation section). When Plaintiff attempted

---

[15] R. Docs. 107, 165. Title IX Claims are subject to Louisiana's one year prescriptive period for personal injury actions. *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020).

[16] *See, e.g.,* R. Doc. 165, p. 26 ("[I]n the Court's September 10, 2021 Order and Reasons, the Court allowed Plaintiff's Title IX retaliation claim against the Board to proceed to the merits, **to the extent such claim is based on retaliatory events occurring on or after April 8, 2020**." (emphasis added)). Plaintiff's inclusion of these clearly untimely and defamatory allegations regarding Frank Wilson raises Rule 11 concerns.

3

to include this same paragraph in a prior version of her amended complaint, this Court **denied** her leave to do so.[17] Ignoring this Court's prior order, Plaintiff restated the paragraph in her Second Amended Complaint.

Finally, not only does Plaintiff add new, untimely allegations, Plaintiff also fails to remove from her Second Amended Complaint the prior factual allegations that, on their face, fall well outside the time period that this Court deemed permissible for her Title IX claims (including all allegations relating to conduct by Les Miles).[18] *See, e.g.*, ¶¶ 33-34 (2010 comments); ¶ 35 (2011 comment); ¶ 36 (2012 comment); ¶¶ 40-41 (2013 Title IX interaction with student); ¶¶ 46-47 (2016 Title IX interaction); ¶¶ 48-49 (2017 Title IX interaction with student); ¶ 50 (2018 Title IX interaction with student). Accordingly, the Board incorporates by reference the arguments advanced in its prior Motion to Dismiss and in its opposition memorandum to Plaintiff's Motions for Leave to Amend.[19] As this Court previously ruled, "Plaintiff Sharon Lewis's Title IX claims against the Board of Supervisors of Louisiana State University based on actions that occurred before April 8, 2020 [should be] dismissed with prejudice."[20]

### III. Plaintiff's Title IX Claim Regarding Conduct by Frank Wilson is Unavailable as a Matter of Law.

Not only are the Frank Wilson allegations untimely, the allegations are unavailable under Title IX. "Title VII is the exclusive remedial scheme for employment discrimination claims," not Title IX.[21] In Plaintiff's case, this Court's December 2, 2021 ruling addressed at length the difference between "retaliation suffered as a consequence of participation in complaints and investigations challenging alleged employment discrimination, and retaliation suffered as a

---

[17] R. Doc. 165, pp. 28-30.
[18] R. Doc. 107, p. 14.
[19] R. Docs. 71, 128, 193.
[20] R. Doc. 107, p. 18 (emphasis omitted).
[21] R. Doc. 165, p. 35.

4

consequence of participation in complaints and investigations challenging alleged violations of Title IX."[22] This Court noted that "under *Jackson* and *Lowrey*, an employee of an educational institution receiving federal funding who complains **of sexual discrimination in violation of Title IX** and is retaliated against has a private right of action under Title IX for retaliation."[23] Moreover, this Court ruled that "Title IX is meant to protect students, not school employees from sexual harassment."[24] "A non-student plaintiff such as the Plaintiff in this case does not have a private right of action under Title IX to bring claims of sex-based employment discrimination. . . ."[25] Accordingly, Plaintiff's Title IX allegations that Frank Wilson sexually harassed her must be dismissed as a matter of law.[26]

### IV. Plaintiff's Title VII Allegations Regarding Les Miles are Untimely.

In her Second Amended Complaint, Plaintiff asserts Title VII claims against the Board.[27] Only conduct occurring within 300 days prior to her EEOC charge is actionable under Title VII.[28] Plaintiff filed her EEOC charge on April 15, 2021, so only conduct occurring on or after June 19, 2020 (300 days before April 15, 2021) would be timely.[29] All other conduct is untimely, particularly including alleged discrimination, retaliation or harassment carried out by Miles. In her EEOC charge, Plaintiff stated the following regarding Miles' alleged creation of a hostile work environment:

---

[22] R. Doc. 165, pp. 26-27.
[23] R. Doc. 165, p. 28 (emphasis added).
[24] R. Doc. 165, p. 34.
[25] R. Doc. 165, p. 34. This Court's discussion was in the context of Plaintiff's proposed amendment to her Title IX hostile environment claim, but the analysis applies equally to Plaintiff's Title IX retaliation claim.
[26] "Title IX does not afford a private right of action for employment discrimination on the basis of sex in a federally funded educational institution." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).
[27] Plaintiff included no factual allegations within Counts III-VII, so it is unclear from Plaintiff's Second Amended Complaint what facts she considers comprise her Title VII claims. (In Plaintiff's Second Amended Complaint, Count VII is mislabeled Count VI.) Instead, she merely adopts all of her preceding paragraphs into these counts, the majority of which relate to Plaintiff's RICO claim (to which claim the Board is not a party). Plaintiff's Second Amended Complaint fails to give the Board notice regarding the bases for her Title VII claims.
[28] *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013).
[29] If Plaintiff contacted the EEOC earlier, then the 300 days would run from that earlier date.

5

> Les Miles (Miles) became the head football coach in 2009 [sic]. In my initial meeting with Miles, he stated, 'I want the blonde over the brunette.' A blonde female was hired about a month later because Miles liked her appearance when he spotted her in the athletic department building. After LSU lost the 2012 [sic] National Championship game, Miles complained to me that the student female workers were "too fat, too ugly, too black," and demanded I hire "blonde girls" with "big boobs."
>
> I reported Miles' sexist and racist statements to my superiors and no action was taken. As a result of my reporting his sexist and racist behavior, Miles began to subject me to an even more hostile work environment. I was eating lunch with a colleague when Miles walked in and stated to me, "who hired these ugly girls." At one point, Miles threatened to "punch" me in "my motherfucking face" for refusing to go along with his racist and sexist behavior. The hostile work environment and retaliation became so bad I would hide under my desk when Miles entered the building.[30]

In her Second Amended Complaint, Plaintiff confirms that these alleged events occurred, if at all, before June 19, 2020.[31] Indeed, Miles left LSU in 2016, five years prior to Plaintiff's suit, so alleged conduct by Miles, if any, necessarily ceased by 2016 and is time-barred.[32] [33]

### V. Plaintiff's Statements Regarding Dismissed Parties/Claims Should be Stricken.

On December 2, 2021, the Court dismissed the Board as a RICO defendant.[34] On February 24, 2022, Plaintiff moved for dismissal of former defendants James Williams and Mary Leach Werner.[35] Nevertheless, after dismissing these defendants, Plaintiff filed her Second Amended Complaint alleging that all of these dismissed RICO defendants engaged in criminal conduct.

---

[30] R. Doc. 219-8, p. 2.
[31] Second Amended Complaint, ¶¶ 30, 34-35, 113.
[32] Second Amended Complaint, ¶ 113; *Kirkland v. Big Lots Store, Inc.*, 574 F. App'x 570, 573 (5th Cir. 2013) ("Generally, when an employment discrimination charge is untimely filed with the EEOC or designated state agency, a suit based upon the untimely charge should be dismissed.").
[33] At this time, the Board seeks dismissal of the Title VII allegations regarding Miles' alleged conduct. The Board also notes that any alleged conduct by Frank Wilson would be untimely under Title VII for the same reasons (he departed the University long before Plaintiff's suit). *See* Second Amended Complaint, ¶¶ 88-91. In any event, the Board does not waive its other defenses, including timeliness and exhaustion of remedies relating to conduct in the Second Amended Complaint.
[34] R. Doc. 165.
[35] R. Doc. 209.

For example, Plaintiff included RICO allegations regarding the Board's allegedly "knowing violation of 18 U.S.C. 1962(d)."[36]  Similarly, Plaintiff's "Scheme 5" alleges that Williams and Werner violated Southern Association of Colleges and Schools Rule 5.2(b), acted in furtherance of a scheme to control LSU's football program, acted as a part of an enterprise to conceal the Miles Report, tampered and retaliated against witnesses, and violated 18 U.S.C. 1961(d).[37] As another example, under Plaintiff's RICO Count 1: Violation of 18. U.S.C. § 1962(c), Plaintiff states that "James Williams, [and] Mary Leach Werner . . . operated, managed, and participated in the conduct of the affairs of a RICO enterprise by engaging in a pattern of racketeering activity, comprised of predicate acts as listed above."[38]

Given that Plaintiff dismissed her claims against these individuals prior to her amendment, she lacks any basis for including such disparaging allegations in her Second Amended Complaint.[39] Her inclusion of criminal allegations against these dismissed parties is improper and should be stricken.[40]

## VI.   Conclusion.

For the reasons set forth above, this motion should be granted, dismissing as untimely all Title IX allegations that pre-date April 8, 2020 and all allegations regarding conduct committed by Miles and Wilson, and striking Plaintiff's allegations of RICO conduct by the Board, Williams, and Werner from the Second Amended Complaint.

---

[36] Second Amended Complaint, ¶¶ 232-237.
[37] Second Amended Complaint, ¶¶ 217, 221-227.
[38] Second Amended Complaint, ¶ 296.
[39] This is also true of many other dismissed defendants, including but not limited to Robert "Bobby" Yarborough, Garrett "Hank" Danos, and Stanley Jacobs.
[40] *See* Fed. R. Civ. Proc. 12(f) ("The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   /s/ *Susan W. Furr*
       Susan W. Furr Bar Roll No.  19582
       Karleen J. Green Bar Roll No.  25119
       Shelton Dennis Blunt Bar Roll No. 21230
       Michael B. Victorian Bar Roll No. 36065
       Molly C. McDiarmid Bar Roll No. 36426
       *Special Assistant Attorneys General*
       II City Plaza | 400 Convention Street, Suite 1100
       Baton Rouge, Louisiana 70802
       Telephone: 225 346 0285
       Facsimile: 225 381 9197
       Email: susie.furr@phelps.com
       Email: karleen.green@phelps.com
       Email: michael.victorian@phelps.com
       Email: molly.mcdiarmid@phelps.com


ATTORNEYS FOR BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was filed on March 25, 2022, with the Court's CM/ECF system, which will electronically send a copy of the same to all counsel of record.

       /s/ *Susan W. Furr*
       Susan W. Furr