UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
 **Plaintiff**

**VERSUS**

**LOUISIANA STATE UNIVERSITY, ET AL.,**
 **Defendants**

CIVIL ACTION

NO. 21-198-SM-RLB

## ORDER AND REASONS

On March 4, 2022, Plaintiff Sharon Lewis filed her Second Amended Complaint.[1] Plaintiff makes claims for relief against Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") arising under Title IX of the Education Amendments of 1972 ("Title IX")[2] and Title VII of the 1964 Civil Rights Act ("Title VII").[3]

Now pending before the Court is the Board's motion for partial dismissal of Plaintiff's Second Amended Complaint.[4]

Plaintiff filed a memorandum in opposition to the Board's motion for partial dismissal.[5] The Board filed a reply.[6]

## BACKGROUND

The facts underlying this case are extensively set forth in the Court's September 10, 2021 Order and Reasons,[7] December 2, 2021 Order and Reasons,[8] and the Court's June

---

[1] R. Doc. 219.
[2] 20 U.S.C. §§ 1681 *et seq.*
[3] 42 U.S.C. § 2000e-2(a)(1).
[4] R. Doc. 229.
[5] R. Doc. 247.
[6] R. Doc. 250.
[7] R. Doc. 107.
[8] R. Doc. 165.

1

16, 2022 Order and Reasons.[9] On March 25, 2022, the Board filed the instant motion for partial dismissal of Plaintiff's Second Amended Complaint.[10]

The Board's motion asks the Court to, first, dismiss Plaintiff's Title IX retaliation claim to the extent it is based on conduct arising out of retaliatory events occurring prior to April 8, 2020;[11] second, dismiss "Plaintiff's Title IX allegations that Frank Wilson sexually harassed her;"[12] and third, dismiss "all allegations relating to conduct by Les Miles."[13] While presented in the form of a Rule 12(b)(6) motion, the Court construes the Board's request to dismiss Plaintiff's factual allegations against Wilson and Miles as a motion to strike under Rule 12(f).

Finally, the Board asks the Court, pursuant to Rule 12(f), to strike Plaintiff's allegations of criminal conduct regarding the Board, James Williams, and Mary Leach Werner—all of whom are dismissed RICO Defendants—from the RICO cause of action in Plaintiff's Second Amended Complaint.[14]

## RULE 12(b)(6) STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16]

---

[9] R. Doc. 254.
[10] R. Doc. 229.
[11] R. Doc. 229-1 at p. 3.
[12] *Id.* at p. 5.
[13] *Id.* at p. 4.
[14] *Id.* at p. 7.
[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[18] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[19]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[21] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[22]

## RULE 12(f) STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[23] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." As a general rule,[24] even if the offending matter falls within one or more of the categories set forth in Rule 12(f), motions to strike should be denied unless "the pleading to be stricken has no possible relation to

---

[17] *Id.*
[18] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[19] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[20] *Twombly*, 550 U.S. at 555.
[21] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[22] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[23] FED. R. CIV. PRO. 12(f).
[24] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2022).

3

the controversy"[25] and there has been "a showing of prejudice to the moving party."[26] The Court should not resolve disputed factual issues or substantial questions of law on a motion to strike.[27] The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[28]

## LAW AND ANALYSIS

**I.    As previously ordered in the Court's September 10, 2021 Order and Reasons, Plaintiff's Title IX retaliation claims based on retaliatory events occurring before April 8, 2020 are time-barred.**

In its motion to dismiss, the Board argues Plaintiff's Second Amended Complaint includes claims falling well outside of Title IX's one-year prescriptive period and disregards the Court's September 10, 2021 Order and Reasons, in which the Court dismissed with prejudice Plaintiff's Title IX retaliation claims against the Board based on actions occurring before April 8, 2020 as time-barred.[29] Plaintiff's opposition to the Board's motion to dismiss acknowledges "Title IX retaliation claims made prior to April 8, 2020, are not actionable in this case."[30]

This Court's September 10, 2021 Order and Reasons is in effect.[31] As a result,

---

[25] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819,822 (6th Cir. 1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Synergy Mgmt., LLC v. Lego Juris A/S*, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("[M]otions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted.")).
[26] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381 (3d ed. 2004)); *accord Diesel Specialists, LLC v. MOHAWK TRAVELER M/V*, Nos. 09–2843, 111162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011); *see also Pan-Am. Life Ins. Co. v. Gill*, 1990 WL 5813, *2 (E.D. La. Apr. 27, 1990).
[27] *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (citing *Augustus*, 306 F.2d at 868).
[28] *Tarver v. Foret*, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996) (Carr, J.); *see also Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).
[29] R. Doc. 229-1 at pp. 3-4.
[30] R. Doc. 247 at p. 17 ("The Plaintiff does not dispute [the Board's] argument.").
[31] R. Doc. 107 at p. 18 ("**IT IS FURTHER ORDERED** that Plaintiff Sharon Lewis's Title IX claims against the Board of Supervisors of Louisiana State University based on actions that occurred before April 8, 2022 are dismissed with prejudice.").

4

Plaintiff's Title IX retaliation claims based on events occurring before April 8, 2022 are time-barred, rendering this aspect of Defendant's motion to dismiss moot.

II. **Rule 12(b)(6) deals with the dismissal of claims and not the dismissal of factual allegations; the Board has not carried its burden under Rule 12(f).**[32]

The Board objects to several factual allegations contained in Plaintiff's Title IX claim in her Second Amended Complaint and asks this Court to "dismiss" those allegations pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, the Board takes issue with the following factual allegations found in Plaintiff's Second Amended Complaint, arguing the conduct concerning Wilson either occurred outside the one-year prescriptive period for Title IX retaliation claims or relates to a Title IX claim of sexual harassment, which is not available to Plaintiff because she is not a student:[33]

- Sometime in 2013 Running Back Coach Frank Wilson came into Plaintiff's office, closed the door and pulled out his erect penis and asked her to touch it and Plaintiff reported the incident to Miriam Segar and Verge Ausberry and they failed to investigate or take any action;[34]

- Sometime in 2013 Frank Wilson kissed a female employee without her permission and Plaintiff reported the incident to Miriam Segar and Verge Ausberry and they failed to investigate or take any action;[35]

- From 2012 to 2016 Frank Wilson sexually harassed Plaintiff, female students and workers and Plaintiff reported this conduct to Verge Ausberry and Miriam

---

[32] The Court's denial of the Board's motion to dismiss (i.e., strike) factual allegations from Plaintiff's Second Amended Complaint does not mean Plaintiff will be allowed to assert new causes of action against already existing or new defendants—a concern the Board raises in its reply memorandum. R. Doc. 250. Plaintiff has already filed a First Amended Complaint and Second Amended Complaint and **will not** be allowed to amend her complaint a third time to assert additional causes of action.

[33] Additionally, the Board "incorporate[d] by reference the arguments advanced in its prior Motion to Dismiss and in its opposition memorandum to Plaintiff's Motions for Leave to Amend." R. Doc. 229-1 at p. 4 (citing R. Docs. 71, 128, and 193). The Court assumes the Board seeks to incorporate arguments relating to the timeliness issue of Title IX claims on the basis of alleged retaliatory conduct occurring before April 8, 2021 because of its location in the instant motion. The sentence incorporating prior arguments is located under Section II of the Board's motion, R. Doc. 229-1 at p. 4, which is titled "Plaintiff's Second Amended Complaint, Including her New Allegations Regarding Conduct by Frank Wilson, Ignores this Court's Rulings Regarding Timeliness." *Id.* at p. 3.

[34] *Id.* at p. 3 (quoting R. Doc. 219 at ¶ 88).

[35] *Id.* (quoting R. Doc. 219 at ¶ 89).

Segar and they failed to investigate or take any action;[36]

Second, the Board urges the Court to grant its motion to "dismiss" Plaintiff's factual allegations against Miles occurring on or before June 19, 2020 because "[o]nly conduct occurring within 300 days prior to [Plaintiff's hostile work environment] EEOC charge is actionable under Title VII."[37] Specifically, the Board's instant 12(b)(6) motion requests that the Court dismiss the following factual allegations:

- After the hiring of head coach Les Miles (Miles) in 2005, Miles, in his first meeting with plaintiff, made racist comments and stated he "prefers the blonde over the brunette." Shortly after, Miles hired Shelley Roberts who was a white, blonde female to lead LSU's football recruitment and stated to plaintiff, "now that's the face of recruiting." Miles selected Shelly based solely on her appearance after spotting her in the Athletics building. Miles later ordered plaintiff to fire Shelly because he did not like Shelley wearing sweat suits to work, but plaintiff refused to comply with his demand.[38]

- Sometime in 2010 Miles also started labeling the female student workers as "AM and PM" girls and stated to plaintiff "there are two types of girls I like to hire: AM girls are the worker bee types. They are for filing, typing and in office work. The PM girls are the pretty girls, ones people like to look at and we need to use for recruiting events" and Miles directed plaintiff to hire "blondes with the big boobs." Plaintiff reported these comments to Verge Ausberry ("Ausberry") and was told "you are making too big a deal about the comments Coach Miles was making about the girls and you need to just worry about doing your job and I hired prettier girls." Frank Wilson, Running Back Coach, met with plaintiff with others present and directed them to tell plaintiff to "hire prettier girls, more light skinned black girls and that would stop Miles from bullying plaintiff." Plaintiff complained to Bo Bahnsen, Sr. Associate Athletics Director, about Miles' sexist and racist comments, but was told maybe it was time for plaintiff to look for another job.[39]

- After LSU lost the 2011 National Championship game, Miles' fixation on student workers grew to an obsession and he complained to plaintiff the student female workers were "too fat," "too ugly," "too black" and demanded plaintiff hire "blonde girls" with "big boobs." The student workers plaintiff hired were fairly evenly split racially between African-American and Caucasian but Miles only communicated with the Caucasian student workers. Plaintiff

---

[36] *Id.* (quoting R. Doc. 219 at ¶ 90).
[37] *Id.*
[38] *Id.* at p. 6 (citing R. Doc. 219 at ¶ 30).
[39] *Id.* (citing R. Doc. 219 at ¶ 34).

6

- reported Miles' sexist and racist comments to her superiors and no action was taken.[40]

- Sometime in 2013, Miles threatened to punch plaintiff "in her motherfucking mouth" in retaliation for plaintiff bringing a Title IX complaint against him to influence, delay and prevent her testimony in an official Title IX proceeding.[41]

Generally, Rule 12(b) of the Federal Rules of Civil Procedure allows a party to raise a "defense to a *claim*" by motion.[42] Rule 12(b)(6) comes into play when a defendant believes the plaintiff has failed "to state a claim upon which relief can be granted."[43] Rule 12(b)(6) does not address the dismissal of "factual allegations"—it addresses the dismissal of claims.[44]

In this case, there are no claims against Wilson or Miles. Wilson, in fact, was never a named defendant, and Miles was dismissed as a defendant on December 2, 2021.[45] While in the form of a 12(b)(6) motion, the Court construes the Board's "motion to dismiss" factual allegations against Wilson and Miles as a motion to strike under Rule 12(f).

"The action of striking a pleading should be sparingly used by the courts" and falls squarely within the Court's discretion.[46] "[M]otion[s] to strike should be granted *only when* the [challenged factual allegation] has no possible relation to the controversy"[47] and the "challenged allegation . . . may cause some form of significant prejudice to one or

---

[40] *Id.* (citing R. Doc. 219 at ¶ 35).
[41] R. Doc. 219 at ¶ 285.
[42] FED. R. CIV. PRO. 12(b) (emphasis added).
[43] FED. R. CIV. PRO. 12(b)(6).
[44] *Id.*
[45] R. Doc. 165.
[46] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).
[47] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)) (emphasis added); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

7

more of the parties to the action."[48] The Fifth Circuit has held this is especially true for cases in the early stages of litigation.[49] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."

The Fifth Circuit has not addressed whether factual allegations, regarding conduct that occurred outside the relevant statute of limitations, are "possibly related to a controversy," but other federal courts have. *Campbell v. Feld Entertainment, Inc*, a case before the United States District Court for the Northern District of California, involved a dispute between animal activists and the operator of an animal circus in California.[50] In the plaintiffs' complaint, they alleged the defendants "ha[d] a policy and practice . . . to intentionally interfere with Plaintiff's free speech rights" because "Defendants' employees . . . interfered with their ability to videotape the animals."[51] The defendant sought to strike several of those allegations under Rule 12(f) because they fell outside of the relevant statute of limitations for the causes of action alleged.[52] The district court held the allegations relating to time-barred causes of action provided context for the plaintiffs' claims, meaning the district court could not say "the factual allegations 'ha[d] no possible bearing on the subject matter of the litigation.'"[53] The *Campbell* case is analogous to the Board's instant motion to strike the factual allegations concerning Wilson and Miles. The Court is not able to say the factual allegations regarding Wilson and Miles have no

---

[48] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2022); *see also Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011).
[49] *Augustus*, 306 F.2d at 868 ("the action of striking a pleading should be sparingly used by the courts" "because of the practical difficulty of deciding cases without a factual record.").
[50] 2014 WL 1366581, *1 (N.D. Cal. 2014).
[51] *Id*. at *2.
[52] *Id*. at *15.
[53] *Id*. (internal quotations omitted).

8

possible bearing on the subject matter of the litigation.

Moreover, the Board failed to allege in its motion to dismiss[54] that the inclusion of these factual allegations in Plaintiff's Second Amended Complaint will prejudice the Board. A motion to strike under Rule 12(f) should be granted only when the factual allegations "have no possible relation" to the dispute[55] **and** the allegation "may cause some sort of significant prejudice" to the moving party.[56] Additionally, doubts should be resolved in favor of the non-moving party. Accordingly, the conditions that must exist before a motion to strike will be granted are not found here.[57]

The Board has failed to carry its burden of proving the factual allegations against Wilson and Miles are "redundant, immaterial, impertinent, or scandalous,"[58] or that the Board will suffer significant prejudice if the allegations are allowed to remain. "Under such circumstances, the court . . . should defer action on the motion and leave the sufficiency of the allegations for determination on the merits."[59]

**III.  The Board failed to carry its burden of showing the factual allegations under the RICO cause of action concerning Williams, Werner, and the Board are scandalous or impertinent, or that the Board will suffer prejudice.**

Finally, the Board asks the Court to strike Plaintiff's factual allegations of criminal

---

[54] R. Doc. 229. Again, the Court construes this portion of the Board's motion to dismiss under Rule 12(b)(6) as a motion to strike under Rule 12(f).
[55] *Augustus*, 306 F.2d at 868 (quoting *Brown*, 201 F.2d at 822); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Synergy Mgmt., LLC v. Lego Juris A/S*, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008).
[56] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2022); *see also Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381 (3d ed. 2004)); *accord Diesel Specialists, LLC v. MOHAWK TRAVELER M/V*, Nos. 09–2843, 111162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011); *see Pan-Am. Life Ins. Co. v. Gill*, 1990 WL 5813, *2 (E.D. La. Apr. 27, 1990).
[57] The Court's denial of the 12(f) motion to strike factual allegations against Miles and Wilson does not preclude the Board from challenging the facts as alleged in the Second Amended Complaint at a later stage in litigation, like, for example, at the motion in limine stage.
[58] FED. R. CIV. PRO. 12(f).
[59] *Augustus*, 306 F.2d at 868.

conduct against the dismissed civil RICO defendants James Williams, Mary Leach Werner, and the Board because they are "scandalous or impertinent."[60] The Board includes non-exhaustive examples in which Plaintiff pleads factual allegations of criminal conduct by Williams, Werner, and the Board in support of Plaintiff's civil RICO claims against Robert Barton, Vicki Crochet, William Shelby McKenzie, Verge Ausberry, Miriam Segar, Joseph Alleva, and Scott Woodward.[61]

On December 2, 2021, the Court dismissed the Board as a civil RICO defendant because the Court lacked subject matter jurisdiction over the claim.[62] On February 24, 2022, Plaintiff filed a motion for voluntary dismissal, with prejudice, of her RICO claims against Williams and Warner.[63] On February 25, 2022, the Court granted Plaintiff's motion, thereby dismissing all claims against Williams and Werner with prejudice.[64] Thereafter, Plaintiff filed her Second Amended Complaint on March 4, 2022, in which she alleged criminal conduct by dismissed civil RICO defendants Williams, Werner, and the Board in furtherance of her civil RICO claim against Barton, Crochet, McKenzie, Ausberry, Segar, Alleva, and Woodward,[65] all of whom have also since been dismissed by this Court's June 16, 2022 Order and Reasons.[66]

"[E]ven when technically appropriate and well-founded, motions to strike are not

---

[60] R. Doc. 250 at p. 5.
[61] R. Doc. 229-1 at p. 7 ("*For example*, Plaintiff included RICO allegations regarding the Board's allegedly 'knowing violation of 18 U.S.C. 1962(d).' . . . *As another example*, under Plaintiff's RICO Count 1: Violation of 18. U.S.C. 1962(c), Plaintiff states that 'James Williams, [and] Mary Leach Werner . . . operated, managed, and participated in the conduct of the affairs of a RICO enterprise by engaging in a pattern of racketeering activity, comprised of predicate acts as listed above.'") (quoting R. Doc. 219) (emphasis added).
[62] R. Doc. 165 at pp. 13, 22 (dismissing the Board because "[it] is an arm of the State of Louisiana entitled to Eleventh Amendment immunity.").
[63] R. Doc. 209.
[64] R. Doc. 215.
[65] R. Doc. 219.
[66] R. Doc. 254.

to be granted 'in the absence of a showing of prejudice to the moving party.'"[67] The moving party here — the Board — has not demonstrated how the factual allegations of alleged criminal conduct will prejudice the Board, Williams, or Werner. Accordingly, the motion to strike should be denied.

## CONCLUSION

**IT IS ORDERED** that the Board's motion for partial dismissal of Plaintiff's Second Amended Complaint and the Board's motion to strike are **DENIED**.

New Orleans, Louisiana, this 16th day of June, 2022.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[67] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381 (3d ed. 2004)); *accord Diesel Specialists, LLC v. MOHAWK TRAVELER M/V*, Nos. 09–2843, 111162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011); *see also Pan-Am. Life Ins. Co. v. Gill*, 1990 WL 5813, *2 (E.D. La. Apr. 27, 1990).