## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**                                          **CIVIL ACTION**
   **Plaintiff**

**VERSUS**                                          **NO.  21-198-SM-RLB**

**LOUISIANA STATE UNIVERSITY, ET AL.,**
   **Defendants**

### ORDER AND REASONS

Before the Court are two Motions for Rule 11 Sanctions ("Motions for Sanctions") filed by Defendants William Shelby McKenzie, Vicki Crochet, and Robert Barton (the "TP Defendants").[1] Plaintiff Sharon Lewis filed oppositions.[2] The TP Defendants filed replies.[3]

For the reasons that follow, the TP Defendants' Motions for Sanctions are **DENIED**.[4] Nonetheless, counsel for Plaintiff should be mindful of their obligations under Rule 11 and carefully consider the veracity of any information contained in future filings.

### BACKGROUND

The background facts are set forth extensively in, *inter alia,* the Court's September 10, 2021 Order and Reasons,[5] the Court December 2, 2021 Order and Reasons,[6] and the Court's June 16, 2022 Order and Reasons.[7] Accordingly, the Court will not reiterate those facts. The Court will, however, relay procedural developments relevant to the instant motions. On September 17, 2021, the TP Defendants filed the instant Motion for Rule 11

---

[1] R. Doc. 116; *see also* R. Doc. 256.
[2] R. Doc. 122; *see also* R. Doc. 263.
[3] R. Doc. 135; *see also* R. Doc. 271.
[4] R. Roc. 116; *see also* R. Doc. 256.
[5] R. Doc. 107.
[6] R. Doc. 165.
[7] R. Doc. 254.

Sanctions against Plaintiff and her counsel, Tammye Brown, Bridgett Brown, and Larry English ("Plaintiff's counsel").[8] On June 16, 2022, the Court dismissed with prejudice Plaintiff's civil Racketeer Influenced and Corrupt Organizations ("RICO") claims against the TP Defendants because Plaintiff had not established proximate cause exists between her injuries and alleged predicate acts. Thereafter, on June 21, 2022, the TP Defendants filed the instant second Motion for Rule 11 Sanctions.[9]

## RULE 11 Standard

Federal Rule of Civil Procedure 11(b) provides in pertinent part that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law . . .[10]

Rule 11 continues by stating that "[i]f, after notice and a reasonable opportunity to respond, the court determined that Rule 11(b) has been violated, the court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation."[11] "Subparts (b)(1) and (2) of Rule 11 provide independent bases for sanctions."[12] In other words, under Rule 11, each of the two obligations

---

[8] R. Doc. 229. Bridget Brown withdrew as counsel of record. R. Doc. 211 at p. 1.
[9] R. Doc. 256. The first and second motion for sanctions are substantially similar, except the second motion also names Plaintiff's counsel Albert Van-Lare. R. Doc. 256-1 at p. 1.
[10] FED. R. CIV. PRO. 11(b); *see also Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).
[11] FED. R. CIV. PRO. 11(c)(1).
[12] *Whitehead*, 332 F.3d at 802.

mentioned above must be satisfied; "violation of either justifies sanctions."[13] Stated otherwise, an attorney "violates Rule 11 if he fails to conduct a reasonable inquiry into the law and facts underlying his motion, or if he makes a motion to delay, harass or increase the costs of litigation."[14]

"In determining compliance *vel non* with each obligation, the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances."[15] "An attorney's good faith is . . . [not] enough to protect him from Rule 11 sanctions."[16] Finally, "[c]ompliance with an attorney's affirmative duties"— whether it be establishing a sufficient legal basis of eschewing an improper motive—"is measured as of the time that the document is signed."[17]

In deciding whether a reasonable inquiry into the law has been made, "a district court may consider how much time the attorney had to prepare the document; whether the document contains a plausible view of the law; whether the document is filed by an attorney or a *pro se* litigant; and the complexity of the legal and factual issues in question."[18]

Likewise, in deciding whether a filing was made for an improper purpose, a court is to determine whether "it is objectively ascertainable that an attorney submitted a paper to the court for an improper purpose."[19] Because of the objective inquiry, a district court may read an improper motive into a document well-grounded in fact and law only under

---

[13] *Id.*
[14] *Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).
[15] *Whitehead*, 332 F.3d at 802 (internal citations and quotation marks omitted); *see also Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 988 (5th Cir. 1987) ("Rule 11 compliance is measured generally by an objective standard of attorney performance.").
[16] *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).
[17] *Id.*
[18] *Thomas*, 812 F.2d at 988.
[19] *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 580 (5th Cir. 2008).

exceptional circumstances.[20] The key is whether "the improper purpose is objectively ascertainable."[21]

The Court is acutely aware of the interaction between Rule 11 and RICO. Rule 11 requires that any factual claim made have evidentiary support, which is particularly compelling when a claim, such as RICO, alleges criminal conduct.[22] Furthermore, the United States Court of Appeals for the Fifth Circuit views an attorney's duty under Rule 11 as particularly important in RICO cases. There is a greater possibility of abuse and, as a result, the Court places a heightened responsibility on attorneys to inquire into the factual and legal bases of potential claims or defense prior to bringing such suit or risk sanctions for failing to do so.[23]

"The court has *significant discretion* in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated persons."[24] Indeed, district courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion.[25]

## <u>LAW AND ANALYSIS</u>

### I.  Exercising its significant discretion, the Court finds Rule 11 sanctions are not warranted in this case.

In their two motions for sanctions, the TP Defendants ask the Court to impose

---

[20] *Id.*
[21] *Id.* at 580–81.
[22] *5-Star Premium Finance, Inc. v. Wood*, 2000 WL 533941 (E.D. La. 2000).
[23] *See, e.g.*, *Chapman & Cole v. Itel Containder Int'l B. V.*, 865 F.2d 676, 685 (5th Cir.1989); *Smith v. Our Lady of the Lake Hospital*, 960 F.2d 439, 444 (5th Cir.1992); *Moore v. Astra Pharmaceutical Products, Inc.*, 1992 WL 245678 (E.D. La.1992).
[24] Rule 11 Advisory Committee Note (emphasis added).
[25] *Whitehead v. Food Max of Miss.*, Inc., 332 F.3d 796, 802 (5th Cir. 2003).

sanctions against Plaintiff and her counsel, Tammye Brown, Bridgett Brown, Albert Van-Lare, and Larry English, for violating Rule 11 of the Federal Rules of Civil Procedure "by failing to conduct a reasonable pre-filing investigation of the law and facts before asserting an unsupported RICO claim against the TP Defendants."[26] The TP Defendants argue a reasonable legal or factual investigation into the claims brought against them would have revealed that no factual or legal basis exists for such claims.[27] The TP Defendants argue Plaintiff and her counsel "deliberately chose—not once but twice—to file first and investigate later."[28]

Plaintiff contends the TP Defendants' motion for sanctions should be denied.[29] Plaintiff argues her counsel have "endeavored to source each and every claim and argument in multiple pleadings filed in this case" and have "voluntarily dismissed defendants as dictated by their ongoing review of facts, law and understanding of the case."[30] Plaintiff argues the TP Defendants filed the instant motion for sanctions against Plaintiff and her counsel "for the sole purpose to intimidate and harass plaintiff into dropping her RICO claims, delay these proceedings and drive up litigation costs."[31]

### A. Fifth Circuit precedent does not support imposing sanctions even if Plaintiff's civil RICO claims against the TP Defendants fail.

The TP Defendants ask the Court to impose sanctions, arguing (1) Plaintiff "utterly fail[ed] to allege how the TP Defendants were involved in the numerous other alleged

---

[26] R. Doc. 116-1 at p. 1; *see also* R. Doc. 256-1 at p. 1.
[27] *Id.* at p. 2.
[28] *Id.* at p. 3.
[29] R. Doc. 122 at p. 4.
[30] *Id.* at p. 3.
[31] *Id.* Plaintiff's oppositions to the instant motions assert the TP Defendants filed motions for sanctions for an improper purpose in violation of Rule 11. *Id.* at p. 4. While the Court finds the TP Defendant's motions for sanctions are not meritorious, the Court does not believe the motions were filed for an improper purpose, and to the extent Plaintiff and her counsel requests sanctions, the Court would decline to impose them.

'schemes'" of alleged RICO activity and (2) none of the allegations made against the TP Defendants constitute a predicate act or a pattern of racketeering.[32]

In *Snow Ingredients, Inc. v. Snowizard, Inc.*, the Fifth Circuit reviewed a district court's denial of a defendant's motion for sanctions on appeal. [33] Sellers of snowballs brought an action against their competitor and their counsel under civil RICO. In a decade's worth of litigation where "[e]ach party . . . attempted to use the courts to freeze the other out of the sno-ball market,"[34] the district court dismissed the plaintiff's claims under Rule 12(b)(6) and denied the defendant's motion for sanctions. In the defendant's motion for sanctions, they alleged the plaintiff's civil RICO claims were legally irredeemable and sanctionable because the plaintiff was unable to plead facts satisfying the pleading requirements for the various predicate criminal acts it alleged.[35] The Fifth Circuit, relying on *St. Germain v. Howard*, concluded that it would not be in keeping with Fifth Circuit precedent to find an abuse of the district court's "significant discretion" to impose sanctions when, in prior cases before the Fifth Circuit, it declined to sanction an attorney who did not even attempt to allege predicate acts in the civil RICO context.[36] Because the plaintiff in *Snow Ingredients* attempted to allege a predicate act, the district court did not abuse its significant discretion by denying the defendant's motion for sanctions.[37]

Applied to this case, even if Plaintiff's attempt to plead predicate acts by the TP Defendants fell short of pleading requirements for civil RICO, Fifth Circuit precedent does

---

[32] R. Doc. 116-1 at pp. 11, 13, 14; *see also* R. Doc. 256-1 at pp. 13, 14.
[33] A district court's grant or denial of a motion to strike is subject to an abuse of discretion standard of review. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527 (5th Cir. 2016).
[34] *Id.* at 517.
[35] *Id.* at 528.
[36] *Id.* at 529 (citing *St. Germain et al. v. Howard et al.*, 556 F.3d 261 (5th Cir. 2009)).
[37] *Id.*

not support an imposition of sanctions. In fact, "[i]t would hardly be in keeping with [*St. Germain v. Howard*], where [the Fifth Circuit] refused to impose . . . sanctions on a party that advanced a civil-RICO claim without even attempting to plead a predicate criminal offense," for this Court "to sanction an attorney who attempted to plead a criminal offense, albeit unsuccessfully."[38] By extension, the same is true of Plaintiff's unsuccessful attempt to plead a pattern of racketeering. Accordingly, exercising its significant discretion, the Court declines to impose sanctions on this basis.

**B.    At such an early stage of litigation, it cannot be said Plaintiff has no evidence to support the allegations that the TP Defendants participated in predicate RICO activity.**

The TP Defendants also ask the Court to impose sanctions because Plaintiff's allegations are "false and offensive."[39] Specifically, the TP Defendants argue "no reasonable person or attorney would allege obviously false and speculative factual allegations," and, because Plaintiff and her counsel did allege false allegations, they should be sanctioned pursuant to Rule 11(b)(3). In opposition, Plaintiff argues she and her counsel reviewed the following materials before filing suit: the Husch Blackwell report; the Miles report; Taylor Porter's billing records; investigations published in local and national media; judicial proceedings in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana; and hearings from the Louisiana State Senate's Select Committee on Women and Children.[40] Plaintiff summarizes the findings conclusions reached by herself and her counsel after reviewing each of the above-listed materials.[41] Plaintiff argues this constitutes a reasonable pre-filing investigation.

---

[38] *Id.* (citing *St. Germain et al.*, 556 F.3d at 261).
[39] R. Doc. 256 at p. 14.
[40] R. Doc. 122 at p. 6.
[41] *Id.* at p. 6–10.

Rule 11(c) limits the subject matter of a motion for sanctions to violations of the assurances enumerated in Rule 11(b).[42] This includes only the improper presentation to the Court of "a pleading, written motion, or other paper" through "signing, filing, submitting, or later advocating it" when one of four circumstances are not true "after an inquiry reasonable under the circumstances."[43] Notably, one circumstance is when the factual contentions have no evidentiary support.[44] Where there has not been a reasonable opportunity for further investigation or discovery, courts may deny the Rule 11 sanctions motions because sanctions are an extraordinary remedy.[45]

In this case, the Court dismissed RICO allegations against the TP Defendants at the pretrial motions stage—before discovery even began—and not on grounds relating to a lack of factual basis.[46] Therefore, the Court cannot say that, after further "reasonable opportunity for . . . discovery" "Lewis and her counsel were more interested in how her factual allegations read, (sic) than in whether they were accurate and truthful."[47] In this case, Plaintiff's counsel may have had an incorrect impression of the underlying facts,[48] and may not have pursued every possible avenue of investigation before filing pleadings, but those facts alone do not constitute a Rule 11 violation. Rule 11 does not require the fullest possible inquiry—only a "reasonable inquiry."[49] Accordingly, this ground for Rule

---

[42] FED. R. CIV. PRO. 11(c).
[43] *Id.*
[44] *Id.*
[45] FED. R. CIV. PRO. 11(b)(3).
[46] *See* R. Doc. 165.
[47] R. Doc. 256-1 at p. 17.
[48] To the extent the TP Defendants similarly argue Plaintiff and her counsel engaged in "rank speculation" or "reckless conjecture," misrepresented the facts, or completely made up facts—and that those actions warrant the imposition of sanctions because they are "unconscionable" and signify a "blatant and outrageous disregard for the truth and reputations of . . . the entire LSU community," the Court, exercising its significant discretion, finds the TP Defendants have not carried their burden of establishing a Rule 11 violation for the reasons outlined above. *See* R. Doc. 256-1 at pp. 14-16, 22.
[49] FED. R. CIV. PRO. 11(b).

11 sanctions is also denied, consistent with the broad discretion afforded to district courts to determine whether sanctions are appropriate.

### C. The TP Defendants have not carried their burden of demonstrating Plaintiff filed her Second Amended Complaint for improper purposes.

Finally, the TP Defendants argue Plaintiff and her counsel filed the instant lawsuit for improper purposes: namely, to harass the TP Defendants and to attract publicity. In determining whether a filing was made for an improper purpose, a court is to determine whether "it is objectively ascertainable that an attorney submitted a paper to the court for an improper purpose."[50] The key is whether "the improper purpose is objectively ascertainable."[51]

In this case, the Court finds that an improper purpose is not objectively ascertainable from the arguments raised by the TP Defendants. Filing a lawsuit against a defendant, absent exceptional circumstances, does not by the *ipse dixit* of defense counsel render it "harassment." Further, a lawyer holding a public press conference to discuss case details that are available in the public record is hardly unique—and, while not usually advisable, *can be* permissible. Lawyers do not forfeit all of their free-speech rights. Nor is an improper purpose presumed because a lawyer speaks publicly about a case to the media. Accordingly, exercising the significant discretion afforded to it, the Court declines to impose sanctions for this conduct.

### CONCLUSION

Plaintiff's counsel are forewarned that the Court will continue to view all pleadings carefully and will be especially attentive to these issues as the case progresses. All counsel

---

[50] *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 580 (5th Cir. 2008).
[51] *Id.* at 580–81.

are reminded of their obligation to remain civil and avoid *ad hominem* attacks against opposing counsel—no matter how frustrated they are by the situation. It is the Court's role, not either counsel's, to admonish parties. In this instance, while circumstances were certainly not altogether tidy and orderly, the Court—exercising its significant discretion— has not found any sanctionable conduct.

Accordingly;

**IT IS ORDERED** that the Motions for Sanctions[52] filed by the TP Defendants are **DENIED**.

**New Orleans, Louisiana, this 4th day of October, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] R. Doc. 116; *see also* R. Doc. 256.