UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
   Plaintiff

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**LOUISIANA STATE UNIVERSITY, ET AL.,**
   Defendants

**ORDER AND REASONS**

On April 8, 2021, Sharon Lewis ("Plaintiff") filed a complaint against various Defendants, including Leslie Miles ("Miles").[1] Plaintiff made Title IX claims against Miles under Title IX of the Education Amendments of 1972 and civil Racketeer Influenced and Corrupt Organizations ("RICO") claims under 18 U.S.C. §§ 1962(c) and (d).[2] On May 5, 2021, Plaintiff filed her First Amended Complaint.[3] On June 29, 2021, Plaintiff filed a RICO Case Statement in support of her civil RICO claims against, among other Defendants, Miles.[4] The Title IX claims against Miles were voluntarily dismissed by Plaintiff on August 20, 2021.[5] Plaintiff's civil RICO claims against Miles were dismissed with prejudice by this Court's December 2, 2022 Order and Reasons.[6]

Now pending before the Court is Miles' Motion for Rule 11 Sanctions.[7] Plaintiff filed a memorandum in opposition to Miles' motion.[8] Miles filed a reply.[9]

For the reasons that follow, the Motion for Sanctions by Miles is **DENIED**.

---

[1] R. Doc. 1.
[2] *Id.*
[3] R. Doc. 8.
[4] R. Doc. 45.
[5] R. Doc. 88.
[6] R. Doc. 165.
[7] R. Doc. 188.
[8] R. Doc. 200.
[9] R. Doc. 205.

1

Nonetheless, counsel for Plaintiff should be mindful of their obligations under Rule 11 and carefully consider the veracity of any information contained in future filings.

## BACKGROUND

The facts underlying this case are extensively set forth in the Court's September 10, 2021 Order and Reasons,[10] December 2, 2021 Order and Reasons,[11] and June 16, 2022 Order and Reasons.[12] On January 24, 2022, Miles filed the instant Motion for Rule 11 Sanctions against Plaintiff and her counsel, Tammye Brown, Bridgett Brown, and Larry English ("Plaintiff's counsel").[13]

## RULE 11 Standard

Federal Rule of Civil Procedure 11(b) provides in pertinent part that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law . . .[14]

Rule 11 continues by stating that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation."[15] "Subparts (b)(1) and (2) of Rule 11 provide independent

---

[10] R. Doc. 107.
[11] R. Doc. 165.
[12] R. Doc. 254.
[13] R. Doc. 229. Bridget Brown withdrew as counsel of record. R. Doc. 211 at p. 1.
[14] FED. R. CIV. PRO. 11(b); *see also Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).
[15] FED. R. CIV. PRO. 11(c)(1).

2

bases for sanctions."[16] "[V]iolation of either justifies sanctions."[17] An attorney "violates Rule 11 if he fails to conduct a reasonable inquiry into the law and facts underlying his motion, or if he makes a motion to delay, harass or increase the costs of litigation."[18]

"In determining compliance *vel non* with each obligation, the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances."[19] "An attorney's good faith is . . . [not] enough to protect him from Rule 11 sanctions."[20] Finally, "[c]ompliance with an attorney's affirmative duties"—whether it be establishing a sufficient legal basis or eschewing an improper motive—"is measured as of the time that the document is signed."[21]

In deciding whether a reasonable inquiry into the law has been made, "a district court may consider how much time the attorney had to prepare the document; whether the document contains a plausible view of the law; whether the document is filed by an attorney or a *pro se* litigant; and the complexity of the legal and factual issues in question."[22]

Likewise, in deciding whether a filing was made for an improper purpose, a court is to determine whether "it is objectively ascertainable that an attorney submitted a paper to the court for an improper purpose."[23] Because of the objective inquiry, a district court may read an improper motive into a document well-grounded in fact and law only under

---

[16] *Whitehead*, 332 F.3d at 802.
[17] *Id.*
[18] *Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).
[19] *Whitehead*, 332 F.3d at 802 (internal citations and quotation marks omitted); *see also Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 988 (5th Cir. 1987) ("Rule 11 compliance is measured generally by an objective standard of attorney performance.").
[20] *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).
[21] *Id.*
[22] *Thomas*, 812 F.2d at 988.
[23] *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 580 (5th Cir. 2008).

3

exceptional circumstances.[24] The key is whether "the improper purpose is objectively ascertainable."[25]

The Court is acutely aware of the interaction between Rule 11 and RICO. Rule 11 requires that any factual claim made have evidentiary support, which is particularly compelling when a claim, such as RICO, alleges criminal conduct.[26] Furthermore, the United States Court of Appeals for the Fifth Circuit views an attorney's duty under Rule 11 as particularly important in RICO cases. There is a greater possibility of abuse and, as a result, the Court places a heightened responsibility on attorneys to inquire into the factual and legal bases of potential claims or defense prior to bringing such suit or risk sanctions for failing to do so.[27]

"The court has *significant discretion* in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable conduct by similarly situated persons."[28] Indeed, district courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion.[29]

---

[24] *Id.*
[25] *Id.* at 580–81.
[26] *5-Star Premium Finance, Inc. v. Wood*, 2000 WL 533941 (E.D. La. 2000).
[27] *See, e.g., Chapman & Cole v. Itel Containder Int'l B. V.*, 865 F.2d 676, 685 (5th Cir.1989); *Smith v. Our Lady of the Lake Hospital*, 960 F.2d 439, 444 (5th Cir.1992); *Moore v. Astra Pharmaceutical Products, Inc.*, 1992 WL 245678 (E.D. La.1992).
[28] Rule 11 Advisory Committee Note (emphasis added).
[29] *Whitehead v. Food Max of Miss.*, Inc., 332 F.3d 796, 802 (5th Cir. 2003).

## LAW AND ANALYSIS

**I.     Exercising its significant discretion, the Court finds Rule 11 sanctions are not warranted in this case.**

    **A.   Plaintiff's civil RICO and Title IX claims against Miles were not "clearly foreclosed" by Fifth Circuit precedent because of the possibility that equitable tolling would apply.**

Miles alleges Plaintiff's counsel[30] failed to conduct a reasonable investigation into the relevant law before filing civil RICO and Title IX claims against Miles because, if they had, they would have realized Plaintiff's claims were "clearly foreclosed by Fifth Circuit precedent."[31] Specifically, in terms of Plaintiff's civil RICO claims, Miles alleges at the time of filing Plaintiff's counsel knew or should have known her claims were time-barred because: (1) "Civil RICO actions are subject to a four-year statute of limitations" under Fifth Circuit precedent; (2) "the Fifth Circuit follows the 'injury discovery' rule, under which the limitations period runs from the date 'when a plaintiff knew or should have known of h[er] injury'"; and (3) Plaintiff knew or should have known of her injuries in 2013.[32] In terms of Plaintiff's Title IX claims, Miles alleges Plaintiff's counsel knew or should have known her claims were time-barred because: (1) the Fifth Circuit has held the appropriate statute of limitations for a Title IX claim is the state's personal injury limitations period, which is one year running from the day the injury or damage is sustained in Louisiana; and (2) the prescriptive period began to run in 2013 when the alleged conduct occurred.[33]

The Fifth Circuit has affirmed a district court's imposition of sanctions when a

---

[30] Miles contends any sanction imposed by the Court for this alleged violation of Rule 11 should be limited to Plaintiff's counsel "[b]ecause the legal theory of a claim is within the province of the attorney." R. Doc. 188-1 at p. 10 n.7 (citing *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 565, 567-78 (5th Cir. 2006)).
[31] R. Doc. 188-1 at p.10
[32] *Id.* (internal quotations omitted).
[33] *Id.* at p. 14-15.

5

reasonable investigation would have revealed that RICO allegations were "clearly foreclosed" by long-standing Fifth Circuit precedent.[34] In this case, the Court dismissed the civil RICO claims against Miles in a fifty-four-page Order and Reasons dated December 2, 2021 because the claims were time-barred under Fifth Circuit precedent.[35] Additionally, Plaintiff voluntarily dismissed her Title IX claims against Miles on August 20, 2021.[36]

However, the Court cannot conclude Fifth Circuit precedent on the relevant statutes of limitation for civil RICO and Title IX claims "clearly precluded" Plaintiff's claims because there was a possibility equitable tolling would apply—an argument advanced by Plaintiff in these proceedings. The Fifth Circuit definitively listed some possible bases for equitable tolling of a limitations period, though not all.[37] Notably, Plaintiff asked the Court to recognize a previously unrecognized equitable tolling category—namely, mental incapacity preventing an individual from pursuing her legal rights. The Fifth Circuit previously declined to rule on the availability of mental incapacity as an additional basis for equitable tolling.[38] As a result, there is no clear Fifth Circuit precedent resolving the issue one way or another. Obviously, at the time Plaintiff initially filed suit in federal court, this Court had not yet ruled whether equitable tolling was available. Relevant here is the Court's December 2, 2022 Order and Reasons, which,

---

[34] *Bruno v. Starr*, 247 Fed. Appx. 509 (5th Cir. 2007).
[35] R. Doc. 165.
[36] R. Doc. 88.
[37] *See, e.g., Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979) (recognizing three bases for equitable tolling, namely: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her Title VII claim); *see also Love v. National Medical Enterprises*, 230 F.3d 765 (5th Cir. 2000) (recognizing fraudulent concealment as a basis for the application of equitable tolling in the context of a civil RICO claim).
[38] *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999) (declining to rule on whether to adopt mental incapacity as a fourth basis for equitable tolling, concluding the plaintiff in that case failed to sufficiently plead equitable tolling).

relying on the Court's September 10, 2021 Order and Reasons, decided equitable tolling was unavailable for Plaintiff's civil RICO claims on the basis of mental incapacity.[39] In its September 10, 2021 Order and Reasons, the Court, recognizing the uncertainty of this area of the law, concluded, *even if* mental incapacity was a fourth basis for equitable tolling, it would not apply to Plaintiff because "she continued working full-time throughout the period when she was allegedly incompetent to pursue her legal rights under Title IX," "took on increased job responsibilities," and "was functioning at a high level throughout the relevant period."[40] Indeed, "Plaintiff did not allege she was mentally incompetent and unable to manage her affairs."[41] The Court did not conclude in any of its Orders and Reasons that Plaintiff was making a crafty (but ultimately unsuccessful) legal argument on an unsettled area of the law sufficient to give rise to a finding of sanctionable conduct.[42] On the instant motion, the Court again declines to do so. Imposing sanctions under these circumstances would "chill vigorous advocacy,"[43] "creativity," and "stifle enthusiasm."[44] "[A] trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear."[45] Accordingly, the Court, exercising its significant discretion, declines to impose sanctions on this basis.

---

[39] R. Doc. 165.
[40] R. Doc. 107 at pp. 16-17.
[41] *Id.* at p. 16.
[42] *See generally* R. Doc. 165 (citing R. Doc. 107).
[43] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[44] *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 451 (E.D.N.Y. 1995) (citing *Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir. 1990)).
[45] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993).

7

> **B. Fifth Circuit precedent does not support imposing sanctions even if Plaintiff's civil RICO claims against Miles were "legally defective."**

Miles also asks the Court to impose sanctions because Plaintiff did not properly allege predicate acts of criminal conduct against Miles in support of her civil RICO claims because "[l]umping the 'RICO defendants' together in such overly broad and amorphous allegations does not satisfy the pleading requirements for Civil RICO."[46] Additionally, Miles asks the Court to impose sanctions because Plaintiff "failed to allege the requisite continuity to establish a pattern of racketeering" and failed to "illuminate how the acts levied against Miles . . . led to the injuries about which she complained."[47]

In *Snow Ingredients, Inc. v. Snowizard, Inc.*, the Fifth Circuit reviewed a district court's denial of a defendant's motion for sanctions on appeal. [48] Sellers of snowballs brought an action against their competitor and their counsel under civil RICO. In a decade's worth of litigation where "[e]ach party . . . attempted to use the courts to freeze the other out of the sno-ball market,"[49] the district court dismissed the plaintiff's claims under Rule 12(b)(6) and denied the defendant's motion for sanctions. In the defendant's motion for sanctions, they alleged the plaintiff's civil RICO claims were legally irredeemable and sanctionable because the plaintiff was unable to plead facts satisfying the pleading requirements for the various predicate criminal acts it alleged.[50] The Fifth Circuit, relying on *St. Germain v. Howard*, concluded that it would not be in keeping with Fifth Circuit precedent to find an abuse of the district court's "significant discretion" to

---

[46] R. Doc. 205 at p. 5.
[47] R. Doc. 188-1 at p. 13.
[48] A district court's grant or denial of a motion to strike is subject to an abuse of discretion standard of review. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527 (5th Cir. 2016).
[49] *Id*. at 517.
[50] *Id*. at 528.

8

impose sanctions when, in prior cases before the Fifth Circuit, it declined to sanction an attorney who did not even attempt to allege predicate acts in the civil RICO context.[51] Because the plaintiff in *Snow Ingredients* attempted to allege a predicate act, the district court did not abuse its significant discretion by denying the defendant's motion for sanctions.[52]

Applied to this case, even if Plaintiff's attempt to plead predicate acts by Miles fell short of pleading requirements for civil RICO, Fifth Circuit precedent does not support an imposition of sanctions. In fact, "[i]t would hardly be in keeping with [*St. Germain v. Howard*], where [the Fifth Circuit] refused to impose . . . sanctions on a party that advanced a civil-RICO claim without even attempting to plead a predicate criminal offense," for this Court "to sanction an attorney who attempted to plead a criminal offense, albeit unsuccessfully."[53] Likewise, by extension, Plaintiff did attempt, albeit unsuccessfully,[54] to allege the requisite continuity and proximate cause required to sustain a civil RICO claim in her pleadings. Given that attempt and the Fifth Circuit's reasoning in *Snow Ingredients*, the Court exercises its "significant discretion" to deny the foregoing grounds for Rule 11 sanctions.

**C.  At such an early stage of litigation, it cannot be said Plaintiff has no "evidence to support the allegations that Miles or [his] attorney participated in . . . a predicate . . . RICO activity."**

Miles also asks the Court to impose sanctions because "Plaintiff does not have a single shred of evidence to support the allegations that Miles or Miles' attorney

---

[51] *Id.* at 529 (citing *St. Germain et al. v. Howard et al.*, 556 F.3d 261 (5th Cir. 2009)).
[52] *Id.*
[53] *Id.* (citing *St. Germain et al.*, 556 F.3d at 261).
[54] *See generally* R. Doc. 254.

9

participated in . . . a predicate . . . RICO activity."[55] In support of this contention, Miles' motion and reply detail how the Taylor Porter billing records do not support Plaintiff's factual allegations of predicate acts of RICO conduct by Miles.[56]

Rule 11(c) limits the subject matter of a motion for sanctions to violations of the assurances enumerated in Rule 11(b).[57] This includes only the improper presentation to the Court of "a pleading, written motion, or other paper" through "signing, filing, submitting, or later advocating it" when one of four circumstances are not true "after an inquiry reasonable under the circumstances."[58] Notably, one circumstance is when the factual contentions have no evidentiary support.[59] Where there has not been a reasonable opportunity for further investigation or discovery, courts may deny the Rule 11 sanctions motions because sanctions are an extraordinary remedy.[60]

In this case, the Court dismissed RICO allegations against Miles at the pretrial motions stage—before discovery even began—and not on grounds relating to a lack of factual basis.[61] Therefore, the Court cannot say that, after further "reasonable opportunity for . . . discovery" "Plaintiff [would] not have a single shred of evidence to support the allegations that Miles or Miles' attorney participated in . . . a predicate . . . RICO activity."[62] In this case, Plaintiff's counsel may have had an incorrect impression of the underlying facts, and may not have pursued every possible avenue of investigation before filing

---

[55] *Id.* at p. 9. Additionally, Miles highlights Plaintiff's statement in her opposition that "at this early stage of the proceedings[, the Plaintiff] has placed into the record an **extortionary** amount of evidence to support her RICO Claims." It is safe to assume, as a matter of professional courtesy, Plaintiff's counsel intended to write an "extraordinary" amount of evidence, not "extortionary."
[56] R. Doc. 188 (Miles' motion); *see also* R. Doc. 205 (Miles' reply).
[57] FED. R. CIV. PRO. 11(c).
[58] *Id.*
[59] *Id.*
[60] FED. R. CIV. PRO. 11(b)(3).
[61] *See* R. Doc. 165.
[62] R. Doc. 254 at p. 9.

10

pleadings, but those facts alone do not constitute a Rule 11 violation. In opposition, Plaintiff argues her counsel did conduct a reasonable investigation before filing, and that as the case progressed, her counsel dismissed claims and amended pleadings to reflect the changing landscape of a case with complicated legal issues and multiple actors. Rule 11 does not require the fullest possible inquiry—only a "reasonable inquiry."[63] Accordingly, this ground for Rule 11 sanctions is also denied, consistent with the broad discretion afforded to district courts to determine whether sanctions are appropriate.[64]

## CONCLUSION

Plaintiff's counsel are forewarned that the Court will continue to view all pleadings carefully and will be especially attentive to these issues as the case progresses. All counsel are reminded of their obligation to remain civil and avoid *ad hominem* attacks against opposing counsel—no matter how frustrated they are by the situation. It is the Court's role, not either counsel's, to admonish parties. In this instance, while circumstances were certainly not altogether tidy and orderly, the Court—exercising its significant discretion—has not found any sanctionable conduct.

Accordingly;

**IT IS ORDERED** that Miles' motion for Rule 11 sanctions is **DENIED**.

**New Orleans, Louisiana, this 4th day of October, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[63] FED. R. CIV. PRO. 11(b).
[64] Plaintiff's opposition to the instant motion asserts Miles' motion was filed for an improper purpose in violation of Rule 11. R. Doc. 200. While the Court finds Miles' motion for sanctions is not meritorious, the Court does not believe the motion was filed for an improper purpose, and to the extent Plaintiff and her counsel requests sanctions, the Court would decline to impose them.