UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON LEWIS | CIVIL ACTION NO. 3:21-cv-00198 |
| VERSUS | JUDGE SUSIE MORGAN |
| LOUISIANA STATE UNIVERSITY, ET AL. | MAGISTRATE JUDGE RICHARD L. BOURGEOIS |

**MOTION FOR PROTECTIVE ORDER BY DEFENDANT THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and pursuant to Federal Rule of Civil Procedure 26(c), respectfully requests this Court to enter a protective order limiting Plaintiff's discovery to the claims remaining in this matter. In support of this motion, the Board states as follows:

1.

This is a single plaintiff, single defendant case involving discrete employment issues. In particular, as a result of several rulings issued by this Court, the only claims that remain in this case are Title IX and Title VII claims by the Plaintiff against the Board.

2.

Plaintiff has propounded extensive written discovery and requested depositions that have no bearing on her remaining claims under Title IX and Title VII and, instead, relate to claims and/or parties that have been dismissed by this Court.

1

3.

On August 15, 2022, Plaintiff propounded written discovery requests styled as "Plaintiff Lewis' First Set of Combined Discovery Requests."[1]  The requests included ninety-eight (98) requests for production of documents and fourteen (14) interrogatories.  On that same day, Plaintiff served "Request for Admissions of Fact and Genuineness of Documents."  These requests included fifty-three (53) requests for admission.[2]  In these sets of discovery, approximately ninety (90) requests relate, in whole or in part, to claims/parties that have been dismissed.

4.

The next day, Plaintiff served "Plaintiffs (sic) Second Request for Interrogatories and Request for Production of Documents."  This set of requests included four (4) interrogatories and one (1) request for production.[3] In this set, approximately two (2) requests relate to claims/parties that have been dismissed.

5.

On August 19, 2022, Plaintiff served "Plaintiff's Second Set of Request (sic) for Admissions of Fact and Genuineness of Documents."[4]  This set of requests included more than one hundred (100) requests for admission.  In this set of discovery, approximately sixty-five (65) requests relate, in whole or in part, to claims/parties that have been dismissed.

6.

Plaintiff served "Plaintiff's Second (sic) Set of Requests for Admissions of Fact and Genuineness of Documents" on August 22, 2022.[5]  This set of requests included seventy (70)

---

[1] A copy of these requests is attached as Exhibit A.
[2] A copy of these requests is attached as Exhibit B.
[3] A copy of these requests is attached as Exhibit C.
[4] A copy of these requests is attached as Exhibit D.
[5] A copy of these requests is attached as Exhibit E.

2

requests for admission. In this set of discovery, approximately twenty-six (26) requests relate to claims/parties that have been dismissed.

7.

On August 26, 2022, Plaintiff served "Plaintiff's Third Set of Interrogatories," which included two (2) interrogatories. On that same day, Plaintiff served "Plaintiff's Second (sic) Set of Request for Production of Document" (sic), which included fifty-four (54) requests for production of documents.[6] In this set of discovery, approximately twenty (20) requests relate, in whole or in part, to claims/parties that have been dismissed.

8.

On October 5, 2022, Plaintiff served "Plaintiff's Second (sic) Set of Request for Production of Document" (sic), which includes one additional request for production.[7] In this set of discovery, the single request relates to claims/parties that have been dismissed.

9.

To date, Plaintiff has propounded one hundred fifty-three (153) requests for production of documents, twenty (20) interrogatories, and two hundred thirty-five (235) requests for admission.[8] The Board has provided written responses/objections to the requests, with the exception of the October 5 set, as responses are not yet due.

10.

Additionally, Plaintiff has noticed the depositions of the Board attorneys, Vicki Crochet and Bob Barton, who have no relevant testimony to give with respect to Plaintiff's remaining Title

---

[6] A copy of these requests is attached as Exhibit F.
[7] A copy of these requests is attached as Exhibit G.
[8] Plaintiff did not seek leave from this Court to serve more than twenty-five requests for admission, and the parties reached an agreement that only the first 25 requests for admissions were appropriate at this time. Plaintiff has notified the Board of his intention to seek leave to serve more requests for admission. The Board will oppose such request, if made.

3

IX and Title VII claims and for whom the Board has asserted both the attorney client privilege and work product doctrine/immunity. Plaintiff also noticed the depositions of two other individuals, Mary Leach Werner and Stanley Jacobs, who have no plausible connection to Plaintiff's remaining claims.

11.

As set forth more fully in the Board's supporting memorandum, a protective order limiting discovery is warranted because Plaintiff seeks impermissible discovery under Fed. R. Civ. Proc. 26 and the noticed depositions of the Board's attorneys are improper. Accordingly, the Board seeks a protective order limiting both written discovery and depositions to the Title IX and Title VII claims remaining in this case and precluding the depositions of Board attorneys, as any testimony has no bearing on Plaintiff's remaining claims and is protected by the attorney-client privilege and work product doctrine/immunity.

12.

Undersigned counsel certifies that, prior to filing this motion, counsel for the parties conferred in several efforts to reach an agreement regarding discovery and were unable to resolve the issues for which the Board seeks relief in this motion.

13.

Given the nature of discovery in this matter and Plaintiff's written discovery and deposition requests, the Board is filing an *Ex Parte* Motion for Expedited Consideration contemporaneous with the filing of this motion.

WHEREFORE, Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, respectfully requests that this motion be granted and that the

Court enter a protective order limiting both written discovery and depositions to the Title IX and Title VII claims remaining in this case and precluding the depositions of Board attorneys.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By:   */s/ Molly McDiarmid*
Susan W. Furr Bar Roll No. 19582
Karleen J. Green Bar Roll No. 25119
Shelton Dennis Blunt Bar Roll No. 21230
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: dennis.blunt@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

**ATTORNEYS FOR BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Motion for Protective Order was filed on this 28th day of October, 2022, by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Molly C. McDiarmid*
Molly C. McDiarmid