UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS** | **CIVIL ACTION NO. 3:21-cv-00198** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS** |

## SUR-REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), submits this sur-reply in support of its Motion for Protective Order. For the reasons outlined below, and in the Board's original memorandum and reply memorandum, the Board's Motion for Protective Order should be granted.

## INTRODUCTION

Plaintiff has recently submitted a *second* supplemental memorandum in opposition to the Board's Motion for Protective Order. R. Doc. 306.[1] This represents Plaintiff's third attempt to put new arguments before the Court.[2] Once again, Plaintiff has made confusing, conclusive representations that lack merit. The Board submits this sur-reply to address only the new crimes

---

[1] Plaintiff filed her motion for leave to file the second supplemental memorandum on Sunday, December 11, the day before the scheduled Court status conference to address the Board's pending Motion for Protective Order and other discovery issues. Plaintiff attached to her second supplemental memorandum and filed into the public record documents that are confidential in nature and subject to the Protective Order agreed to by the parties and adopted by this Court on February 11, 2022. R. Doc. 204. Plaintiff also subsequently sent the confidential documents to the Advocate. Upon raising the issue with counsel for Plaintiff, counsel for Plaintiff agreed to request from the Advocate and seek to file under seal those documents currently identified as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The Board is in the process of identifying for Plaintiff other confidential documents disclosed by Plaintiff in court filings and to the Advocate and is hopeful Plaintiff will also take appropriate action with respect to those documents as required by the terms of the Protective Order. Depending on these discussions, the Board anticipates, at the very least, filing a motion to seal some of the documents filed by Plaintiff.

[2] Plaintiff's attorney stated on the record in the December 12 status conference that this supplemental memorandum would be the last "supplement" filed. The Court further made clear that the Board would be permitted to file a sur-reply, after which there would be no further briefing on this issue.

1

and additional positions alleged by Plaintiff in her second supplemental memorandum. The Board adopts all other arguments previously made in its prior memoranda.[3]

## LAW AND ARGUMENT

In her supplemental opposition, Plaintiff now alleges violations of La. R.S. 14:133 and La. R.S. 14:120, in addition to the unsupported criminal violations she previously alleged, which the Board already briefed extensively. R. Doc. 305.

a. **La. R.S. 14:133**

La. R.S. 14:133 criminalizes "filing or maintaining false public records." First, as shown previously, the records in question are not public records. As the Court stated at the December 12 status conference, the redacted portions of the Miles Report consist of legal opinions and conclusions, subject to the attorney client privilege. Thus, the Miles Report was exempt from the public records doctrine. *See* La. R.S. 44:4.1 (exempting from disclosure "any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney"); *Texaco, Inc. v. Louisiana Land & Exploration Co*., 805 F. Supp. 385, 387 (M.D. La. 1992). Indeed, Plaintiff acknowledges that the Miles Report contains legal conclusions of attorneys, which invalidates her prior assertions. R. Doc. 306, p. 4 (recognizing that, *inter alia,* Taylor Porter attorneys "concluded [in the Miles Report] Miles had not violated any laws or his employment contract"). Moreover, that the Miles Report was later required to be filed with the LSU Custodian of Records does not render the report a "public record" within the meaning of La. R.S. 14:133 and Plaintiff has not shown otherwise.

---

[3] Plaintiff suggests the Board failed to disclose certain documents in its Rule 26 initial disclosures, but the Board was not required to do so. The Board would not have identified such documents among those it would use to support its defenses in this case, particularly since the matters at issue in those documents took place in 2013, and thus, are untimely and irrelevant.

Second, the purported "false statements," as categorized by Plaintiff, are the legal conclusions of the Taylor Porter attorneys. R. Doc. 306, p. 4. Plaintiff seems to be suggesting that a legal opinion that is subsequently deemed incorrect (which has not been established) is necessarily criminally false.[4] This argument would lead to absurd results for attorneys.

Finally, the case Plaintiff cites for her unsupported conclusion that the elements of La. R.S. 14:133 are met is wholly distinguishable. R. Doc. 306, p. 4, n.6. The court in *State v. Carpenter* found a violation of La. R.S. 14:133 where a police officer planted evidence in a suspect's car and knew that the resulting police report (the false public record) was predicated on that false evidence. *State v. Carpenter*, 772 So.2d 200, 207 (La. 3rd. Cir. 2000). That scenario bears no relation to the circumstances surrounding the Miles Report.

As shown, Plaintiff cannot establish a violation of La. R.S. 14:133 because the Miles Report is not a public record and the alleged "false statement" was merely a statement of opinion by an attorney, which falls outside the meaning of the statute.

b. **La. R.S. 14:120**

Plaintiff references La. R.S. 14:120 in a heading only. She does not mention the statute in any portion of her argument. Thus, she fails to meet her burden of showing a violation of this provision. *In re Grand Jury Subpoena,* 419 F.3d 329, 336 (5th Cir. 2005) (mere allegations of a crime are not evidence).

c. **La. R.S. 14:118**

Finally, Plaintiff makes additional arguments regarding La. R.S. 14:118, public bribery, a crime she previously alleged. She claims that "new documents" allow her to set forth further arguments in support of this violation and relies on the demand letter sent by Student 2's attorney

---

[4] Whether the legal opinions of Taylor Porter as reflected in the Miles Report were ultimately correct or incorrect is immaterial.

PD.40640976.1

to counsel for Taylor Porter and counsel for Les Miles. Student 2's demand letter does not provide any new information to support Plaintiff's previous argument that a settlement agreement occurred. In addition, Student 2 was not a witness in "a trial or other proceeding," within the meaning of La. R.S. 14:118. Plaintiff's suggestion that the Taylor Porter attorneys were "not working as attorneys," is ludicrous when it is abundantly clear that the Taylor Porter *attorneys* were providing legal advice to their client throughout the entirety of this process.

Moreover, Plaintiff's reliance on this "new information" effectively *hurts* her argument, as this demand letter shows that Student 2, via her attorney, approached the Taylor Porter attorneys and Les Miles through his attorney with a demand for $2.15 million dollars to settle her claims. Public bribery requires that someone *give or offer to give* something of value to a public employee. La. R.S. 14:118. *Student 2* demanded compensation in return for the settling of her claims for harassment, assault, discrimination, and retaliation. In this case, even were we to assume that Student 2 was a "public employee," it was she who sought something of value. Plaintiff admits there was a dispute between Student 2 and Les Miles, one that may permissibly be settled outside of the court system. As this Court is well aware, settlement agreements are the norm, rather than the exception. Student 2's purported acceptance of a settlement agreement does not equate to bribery.

Finally, as a general conclusion, the Board reiterates its prior argument that Plaintiff continues to emphasize the actions of the Taylor Porter attorneys, as compared to the client, the Board. The crime-fraud exception concerns the client and its intentions, *not* the attorney. *U.S. v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002) ("In determining whether the crime-fraud exception applies, we focus on the client's purpose in seeking legal advice.").

## CONCLUSION

Once again, Plaintiff's opposition demonstrates her inability to sustain her burden of showing a crime fraud exception to the attorney-client privilege. The documents and testimony sought are protected by the attorney client privilege and/or work product doctrine.

Respectfully submitted,

**PHELPS DUNBAR LLP**


By:   */s/ Susan W. Furr*
      Susan W. Furr Bar Roll No.  19582
      Karleen J. Green Bar Roll No.  25119
      Shelton Dennis Blunt Bar Roll No. 21230
      Michael B. Victorian Bar Roll No.: 36065
      Molly McDiarmid Bar Roll No.  36426
      II City Plaza | 400 Convention Street, Suite 1100
      Baton Rouge, Louisiana 70802
      Telephone: 225 346 0285
      Facsimile: 225 381 9197
      Email: susie.furr@phelps.com
      Email: karleen.green@phelps.com
      Email: dennis.blunt@phelps.com
      Email: michael.victorian@phelps.com
      Email: molly.mcdiarmid@phelps.com


**ATTORNEYS FOR DEFENDANT, THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Sur-Reply in Support of Motion for Protective Order Limiting Plaintiff's Discovery was filed on this 19th day of December, 2022, by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                               */s/ Susan W. Furr*
                                                Susan W. Furr