UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**                                                       **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                                        **NO. 21-198-SM-RLB**

**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,**
    **Defendant**

## ORDER AND REASONS

Before the Court is a Motion to Strike Vicki Crochet's and Robert Barton's Motion for Protective Order filed by Sharon Lewis ("Plaintiff").[1] Vicki Crochet and Robert Barton ("Dismissed TP Defendants") filed an opposition.[2] Plaintiff filed a reply.[3] For the reasons that follow, Plaintiff's Motion to Strike is **DENIED**.

## LAW AND ANALYSIS

Plaintiff moves this Court under Rule 12(f)[4] of the Federal Rules of Civil Procedure to strike the Motion for Protective Order filed by the Dismissed TP Defendants.[5] Plaintiff raises several arguments in support.[6] Relevant to the instant Motion to Strike, Plaintiff argues a motion to intervene should have accompanied the Dismissed TP Defendants' Motion for Protective Order because they are non-parties that lack independent standing,

---

[1] R. Doc. 328.
[2] R. Doc. 330.
[3] R. Doc. 331.
[4] Rule 12(f) provides a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
[5] R. Doc. 328 at p. 1.
[6] The other arguments raised by Plaintiff in R. Docs. 328 and 331 are arguments about why Plaintiff contends the Dismissed TP Defendants are not entitled to the relief they seek in their Motion for Protective Order—they do not bear on the Motion to Strike. Accordingly, the Court will construe Plaintiff's remaining arguments as oppositions to the Motion for Protective Order. No further briefing on that Motion is necessary.

1

and, thus, the Motion for Protective Order should be stricken from the record.[7]

In opposition, the Dismissed TP Defendants point to Rule 26(c)(1) of the Federal Rules of Civil Procedure for the rule that "[a] party *or any person* from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters related to a deposition, in the court for the district where the deposition will be taken."[8] Thus, the Dismissed TP Defendants argue the Federal Rules of Civil Procedure "specifically permit 'any person from whom discovery is sought,' which specifically includes non-parties, to file a protective order."[9]

In reply, Plaintiff concedes Rule 26(c) does not require a motion to intervene to accompany a non-party filer's motion for protective order.[10] Instead, Plaintiff argues "[t]he issue at the heart of the controversy here is that the motion filed by [the Dismissed TP Defendants] sought remedies beyond a protective order prohibiting Plaintiff from deposing them."[11] As the Court has found in footnote 6, Plaintiff's remaining arguments do not bear on the Motion to Strike, but rather are opposition arguments to the Motion for Protective Order that will be more appropriately considered in connection with that Motion. For the sake of judicial economy, the Court will construe the remaining arguments in Plaintiff's Motion to Strike and Reply[12] as oppositions to the Dismissed TP Defendants' Motion for Protective Order.[13] No further briefing on the Motion for Protective Order is necessary—the Motion is hereby deemed submitted. Because Plaintiff agrees with the Dismissed TP Defendants that a motion to intervene is not required, the

---

[7] R. Doc. 328 at p. 1.
[8] R. Doc. 330 at p. 2 (quoting FED. R. CIV. PRO. 26(c)(1)) (emphasis added).
[9] *Id.*
[10] R. Doc. 331 at p. 1 ("The dismissed parties . . . argue[] that a motion to intervene is not required . . . . The Plaintiff does not dispute that.").
[11] *Id.*
[12] R. Docs. 328 and 331.
[13] R. Doc. 325.

Court will not strike the Motion for Protective Order.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Strike[14] is **DENIED.**

**New Orleans, Louisiana, this 24th day of April, 2023.**

                                                */s/ Susie Morgan*
                                                **SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 328.