UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

SHARON LEWIS                                        Civil Action No: 21-198-BAJ-RLB

Plaintiff

V.                                                  JUDGE SUSIE MORGAN

BOARD OF SUPERVISORS OF LOUISIANA                   MAGISTRATE JUDGE RICHARD
STATE UNIVERSITY ET. AL.                            L. BOURGEOIS

Defendant

## PLAINTIFF'S MOTION TO ENFORCE COURT'S ORDER (R. DOC. 340) AND COMPEL LOUISIANA STATE UNIVERSITY BOARD OF SUPERVISORS TO PRODUCE CONCEALMENT REQEUSTS NO.1, NO.2 AND NO. 5 AND RULE 37 SANCTIONS

Sharon Lewis ('Plaintiff') pursuant to Fed. R. Civ. P. ("Rule" or "Rules") 26(c) and 37, hereby move this Court enter an order ENFORCING its Order (R. Doc. 340) to compell the Louisiana State University Board of Supervisors (Board) to produce Concealment Requests No. 1, No. 2, and No. 3. and to be Sanctioned for knowingly and willfully disobeying Court's Discovery Order.

## I. Background

On October 28, 2022 the Board filed a motion for protective order to prevent the deposition testimony of Vicki Crochet, Robert Barton, and Mary Leach Werner. The Defendant also refused to respond to Plaintiff's Request for Production # 67, 70. On March 14, 2023, the Court granted in part and denied in part Defendant's motion for a protective order. The Court then directed the parties to confer on discovery issues and submit a letter to the Court outlining all outstanding discovery issues. At the status conference with the Court on March 28, 2023 the Defendant objected to the taking of depositions from Mary Leach

1

Werner, Valencia Sarpy Jones, James Williams, Jimmy Woods, Vicki Crochet, Robert Barton, Stanley Jacobs and Leslie Miles. The Defendant further objected to documents requested in Plaintiff's Letter to the Court. The Court then directed Plaintiff to file a motion to compel[1]. Subsequently Taylor Porter Defendants filed a motion for protective order.[2] The Court granted in part and denied in part Plaintiff's motion to compel ordering the Board to produce Concealment Request 1, 2, 3, 4 and 5.[3] The Court denied Board and Taylor Porter motions for protective order.[4]  Taylor Porter Defendants filed a notice of appeal.[5] The Board filed a motion to stay one day before it was required to produce documents to Plaintiff as ordered by this Court.[6]

II. **Arguments**

    A. <u>The Board Willfully and Knowingly Violated The Court's Discovery Order</u>[7]

      The Board by letter to the Court on June 27, 2013 asserted that because it filed a Motion to Stay[8] on June 26, 2023 it was not required to produce to Plaintiff Concealment Request No. 1, No. 2, and No. 3.  However, merely filing a Motion to Stay does not automatically alleviate the Board of its obligation to comply with the Court's discovery order.  *G.K. v. D.M.*, Civil Action 21-2242, at *8 (E.D. La. Jan. 25, 2023). "Fifth Circuit precedent also generally requires orders to be entered before they become final and effective. *In re Milligan-Moore*, No. 08-30663-HDH-13, at *4 (Bankr. N.D. Tex. July 18, 2008) (citing *In re American Precision Vibrator Co.,* 863 F.2d 428, 429 (5th Cir. 1989); Federal Rule 58));

---

[1] R. Doc 324
[2] R. Doc 325
[3] R. Doc. 340
[4] Id.
[5] R.Doc. 352
[6] R. Doc. 356
[7] R. Doc 340
[8] R. Doc. 356

"A judgment is effective only when ... entered as provided by Rule 79(a)." ) *Davis v. Magnolia Lady, Inc.*, 178 F.R.D. 473, 474 (N.D. Miss. 1998); "Orders do not become final until they are docketed. The reasons for respecting finality of judgments do not apply to undocketed orders. They cannot be enforced. They cannot be appealed. Hence, judges may change their decisions until they are docketed." *Matter of American Precision Vibrator Co.*, 863 F.2d 428, 429 (5th Cir. 1989).

Here, the Court has not granted the Board's last-minute[9] Motion To Stay, thus, the Board was required to produce to Plaintiff documents responsive to Concealment Requests No. 1, No. 2, and No. 3 on June 27, 2023. Instead, the Board chose to knowingly and willfully disobey the Court's Order.

B. The Board Cannot Assert A Blanket Privilege To All Documents

The Board in its Motion to Stay makes the assertion that all communications in Concealment Request s No. 1, No. 2, and No. 3. are privileged.  However, as a general rule, "the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents".  *Taylor Lohmeyer Law Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020) (citing *United States v. El Paso Co.* , 682 F.2d 530, 539 (5th Cir. 1982) (citations omitted). Instead, "[t]he privilege must [generally] be specifically asserted with respect to particular documents". Id (citing  *United States v. Davis* , 636 F.2d 1028, 1038–39 (5th Cir. 1981)).

Here the Board in its Motion To Stay makes a blanket assertion that all documents in Concealment Request No. 1, No. 2, and No. 3 are privileged. But there is no presumption that a company's communications with counsel are privileged. *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017) (*citing  TVT Records v. Island Def Jam Music*

---

[9] R. Doc. 342. The Board was ordered to produce to Plaintiff Concealment Request 1, 2, 3 4 and 5 by June 27, 2023

*Grp.* , 214 F.R.D. 143, 148 (S.D.N.Y. 2003): *NLRB v. Interbake Foods, LLC* , 637 F.3d 492, 502 (4th Cir. 2011). Thus, the Board was required to provide the Court and Plaintiff a privilege log listing each document that it contended was subject to attorney client privilege. Furthermore, those documents the Board deemed not to be privileged, should have been produced to Plaintiff on June 27, 2023[10]. The Board chose instead ignore the Court's Order[11].

C. Taylor Porter Notice of Appeal

The Board asserts in its letter to the Court that Taylor Porter Defendants filing a notice of appeal alleviated their requirement to comply with the Court's Order. Although appeals transfer jurisdiction from the district court to the appellate court concerning "those aspects of the case involved in the appeal, the district court is nonetheless free to adjudicate matters that are not involved in that appeal. *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) (citing *Alice L. v. Dusek,* 492 F.3d 563 (5th Cir.2007). The Taylor Porter Defendants are appealing the Court's order compelling Robert Barton and Vicki Crochet to sit for depositions. Thus, the Court is divested of jurisdiction only as to whether it may compel Crochet and Barton to be deposed. The Court retains jurisdiction over all other discovery matters.

Additionally, Crochet and Barton were outside attorneys that have been dismissed from this case, thus, they have no authority to assert privilege over communications between LSU Office of General Counsel and the Board. And even if the Court was to find they did, they cannot make a blanket assertion of privilege to any communications between Taylor Porter, LSU General Counsel and the Board. As stated *supra*, Crochet and Barton would be required to provide a privilege log to the Court and Plaintiff as to what specific documents and

---

[10] Id.
[11] The Board is knowingly and willfully engaged in conduct to delay production of discovery and the trial in this matter.

communications they deemed to be privileged. This is a frivolous argument by the Board intended to delay discovery.

D. Sanctions

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel. A motion to enforce a prior order compelling discovery and for sanctions is not subject to another Rule 37 meet and confer obligation. *G.K. v. D.M.*, Civil Action 21-2242, at *5 (E.D. La. Jan. 25, 2023) (citing *Luv N' Care, Ltd. v. Laurain,* No. 16-777, 2020 WL 412350, at *3-*4 (W.D. La. Jan. 24, 2020) (rejecting defendant's argument that plaintiff was required to "meet and confer" prior to filing its motion for sanctions for failure to comply with court's discovery order because Rule 37 conferral requirement was not applicable to the post-order motion)).  This Court has *already granted* Plaintiff's motion to compel and ordered the Board to produce Concealment Request No. 1, No. 2, and No. 3.

 Fed. R. Civ. 37(b)(2)(A) authorizes the Court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the Board's failure to obey a discovery order ,unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(b)(2)(C); *G.K. v. D.M.* at *6. Here the Defendants simply chose to ignore the Court's Order granting Plaintiff's motion to compel for the sole purpose to delay discovery and the trial in this matter.

This is consistent with the Board's conduct during discovery. Plaintiff has complained to Court that the Board withheld documents and produced them in the middle of depositions; universally stamped every document that it produced including newspaper articles and documents already in the public domain with the protective order designation; and withheld Frank Wilson Background investigation. Now the Board in effect has granted itself a discovery

stay by merely filing a motion to stay at the last minute and then refusing to comply with this Court's order. *G.K. v. D.M.*at *17.

The facts of this case are similar to *G.K. v. D.M.* There the Court imposed a fine of $500.00 a day until the Defendants complied with the Court's motion to compel. Given the Board's clear intent to delay discovery in this matter, Plaintiff moves this Court to impose a sanction of $1000.00 per day until the Board complies with the Court's order granting Plaintiff's motion to compel along with attorney fees and cost.

CONCLUSION

For the reasons stated herein, Plaintiff moves this Court to grant her Motion To Enforce the Court's Discovery Order and Sanctions.

Respectfully submitted:

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
englishlaw2008@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on 29th day of June 2023

*/s/Larry English*