UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

SHARON LEWIS                                         Civil Action No: 21-198-BAJ-RLB

Plaintiff

V.                                                   JUDGE SUSIE MORGAN

BOARD OF SUPERVISORS OF LOUISIANA                    MAGISTRATE JUDGE RICHARD
STATE UNIVERSITY ET. AL.                             L. BOURGEOIS

Defendant

**PLAINTIFF'S MOTION TO ENFORCE
COURT'S DISCOVERY ORDER DIRECTING
LOUISIANA STATE UNIVERSITY BOARD OF SUPERVISORS
TO PRODUCE PRIVILEGE LOGS FOR CONCEALMENT
REQUESTS NO.1, NO.2, AND NO. 5
AND
RULE 37 SANCTIONS
AND
EXPEDITED CONSIDERATION**

Sharon Lewis ('Plaintiff') pursuant to Fed. R. Civ. P. ("Rule" or "Rules") 26(c) and 37, hereby move this Court enter an order ENFORCING Louisiana State University Board of Supervisors (Board) to: (1) produce Privilege Logs for Concealment Request No. 1, No. 2 and No. 5; (2) impose Rule 37 Sanctions on Board for disobeying the Court's Discovery Order (R. Doc. 340); and (3) expedite consideration of this motion and R. Doc. 359.

**I. Background**

On October 28, 2022 the Board filed a motion for protective order to prevent the deposition testimony of Vicki Crochet, Robert Barton, and Mary Leach Werner. The Defendant also refused to respond to Plaintiff's Request for Production # 67, 70. On March 14, 2023, the Court granted in part and denied in part Defendant's motion for a protective order. The Court then directed the parties to confer on discovery issues and submit a letter to the Court outlining all outstanding discovery issues.

1

At the status conference with the Court on March 28, 2023 the Defendant objected to the taking of depositions from Mary Leach Werner, Valencia Sarpy Jones, James Williams, Jimmy Woods, Vicki Crochet, Robert Barton, Stanley Jacobs and Leslie Miles. The Defendant further objected to documents requested in Plaintiff's Letter to the Court. The Court then directed Plaintiff to file a motion to compel[1]. Subsequently Taylor Porter Defendants filed a motion for protective order.[2] The Court granted in part and denied in part Plaintiff's motion to compel ordering the Board to produce Concealment Request 1, 2, 3, 4 and 5.[3] The Court denied Board and Taylor Porter motions for protective order.[4] Taylor Porter Defendants filed a notice of appeal.[5] The Board filed a motion to stay one day before it was required to produce documents to Plaintiff as ordered by this Court.[6] Plaintiff filed Motion To Enforce Court's Discovery Order and Rule 37 Sanctions.[7]

**II. Arguments**

    A. <u>Board Purposely Failed To Produce Privilege Logs.</u>

The Board in its Motion to Stay argues that all communications in Concealment Requests No. 1, No. 2, and No. 5. are privileged.[8] "Fed. R. Civ. P. 26(b)(5)(A) requires production of a log "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material." *Benson v. Rosenthal*, CIVIL ACTION No. 15-782 SECTION "H" (2), at *23 (E.D. La. Mar. 16, 2016) (citing Fed. R. Civ. P. 26(b)(5)(A)). "Privilege logs are typically required when a party withholds otherwise relevant documents on the basis of privilege. *Rubin v. Macy's Retail Holdings*, CIVIL ACTION No. 20-142-JWD-SDJ, at *10 (M.D. La. Jan. 5, 2021). Here, the Court 's

---

[1] R. Doc 324
[2] R. Doc 325
[3] R. Doc. 340
[4] Id.
[5] R.Doc. 352
[6] R. Doc. 356
[7] R. Doc. 359
[8] Id. at p. 3

2

Discovery Order specifically directed the Board to produce a privilege/attorney work product log for Concealment Requests No. 1, No. 2, and No. 5.[9] on documents they deemed privileged. However, in a deliberate violation of the Court's Discovery Order, the Board failed to provide the Court and Plaintiff with privilege logs on June 27, 2023.

In justifying disobeying the Court's Discovery Order, the Board wrongly reasons that because it will file an appeal, it is not obligated to comply with the Court's order. However, absent a stay, a party must comply with an order until reversed by appeal. *Connecticut General Life Ins. Co. v. Zilka*, 56 F. App'x 828, 828 (9th Cir. 2003) (citing *Maness v. Meyers,* 419 U.S. 449, 458-59, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975)). On June 27, 2023 there was no stay of the Court's Discovery Order and the Board was obligated to produce Privilege Logs for Concealment Requests No. 1, No. 2, and No. 5. Id.  Therefore, the Court should grant Plaintiff's motion to enforce the Court's Discovery Order, and the Board be directed to produce to the Court and Plaintiff privilege logs for Concealment Requests No. 1, No. 2, and No. 5.

  B.  <u>Sanctions</u>

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel. A motion to enforce a prior order compelling discovery and for sanctions is not subject to another Rule 37 meet and confer obligation. *G.K. v. D.M.*, Civil Action 21-2242, at *5 (E.D. La. Jan. 25, 2023) (citing *Luv N' Care, Ltd. v. Laurain,* No. 16-777, 2020 WL 412350, at *3-*4 (W.D. La. Jan. 24, 2020) (rejecting defendant's argument that plaintiff was required to "meet and confer" prior to filing its motion for sanctions for failure to comply with court's discovery order because Rule 37 conferral requirement was not applicable to the post-order motion)).  This Court has *already granted* Plaintiff's motion to compel and ordered the Board to produce Concealment Request No. 1, No. 2, and No. 5.

Fed. R. Civ. 37(b)(2)(A) authorizes the Court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the Board's failure to obey a discovery order ,unless the

---

[9] R. Doc 340 p. 25

3

failure was substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(b)(2)(C); *G.K. v. D.M.* at *6. Here the Board simply chose to ignore the Court's Discovery Order for the sole purpose to delay discovery and the trial in this matter.

This is consistent with the Board's conduct during discovery. Plaintiff has complained to the Court the Board withheld documents and then produced them in the middle of depositions; universally stamped every document that it produced including newspaper articles and documents already in the public domain with the protective order designation; withheld Frank Wilson Background investigation; and purposely violated the Court's Discovery Order. Now the Board in effect has granted itself another discovery stay by merely filing a motion to stay at the last minute and then refusing to provide the Court and Plaintiff with privilege logs. *G.K. v. D.M.*at *17.

The facts of this case are similar to *G.K. v. D.M.* There the Court imposed a fine of $500.00 a day until the Defendants complied with the Court's motion to compel. Given the Board's clear intent[10] to delay discovery in this matter and to delay the trial, Plaintiff moves this Court to impose a sanction of $1000.00 per day until the Board produce to the Court and Plaintiff privilege logs for documents they contend are privilege in Concealment Requests No. 1, No. 2, and No. 5. Plaintiff further request the Board be cast with attorney fees and cost for their deliberate act to drive up Plaintiff's litigation cost.

C. Expedited Consideration

Plaintiff has scheduled depositions of current and former Board of Supervisor members starting on July 10, 2023. The Board purposely refused to comply with the Court's discovery order to prevent Plaintiff from deposing Board members concerning discovery produced from Concealment Requests No. 1, No. 2, and No. 5. As a result Plaintiff will incur expenses for retaking those depositions, if the Court grants Plaintiff's motion

---

[10] The Board and Taylor Porter Defendants by their actions have expressed a clear contempt for the Court's Discovery Order and have made a calculated decision not to follow the Court's ruling. Without a strong rebuke from the Court the Board and Taylor Porter Defendants will continue to ignore the Court and file frivolous motions and appeals to delay discovery, drive up Plaintiff's litigation cost and attempt to delay the upcoming trial.

4

to enforce. Therefore, Plaintiff respectfully request that the Court expedite its consideration of this motion to enforce and R. Doc. 359.

## CONCLUSION

For the reasons stated herein, Plaintiff moves this Court to grant her Motion To Enforce the Court's Discovery Order and Sanctions.

Respectfully submitted:

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
englishlaw2008@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system on July 3, 2023.

5