UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,   CIVIL ACTION
    Plaintiff

VERSUS   NO. 21-198-SM-RLB

LOUISIANA STATE UNIVERSITY, ET AL.,
    Defendants

### ORDER AND REASONS

Before the Court is a Motion to Stay Discovery Related to Order and Reasons Compelling Production of Privileged Documents and Communications with and Depositions of Former Counsel[1] by Defendant Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College ("the Board"). The Board has filed a Petition for a Writ of Mandamus with the United States Court of Appeals for the Fifth Circuit[2] seeking a reversal of this Court's prior orders concerning (1) the application of the crime-fraud exception to the Board's invocation of attorney-client privilege with respect to certain communications and work product[3] and (2) compelling production of certain documents and compelling depositions of certain individuals.[4] The Board maintains the stay is necessary because the disclosure of its privileged communications and work product will cause it irreparable injury.[5]

---

[1] R. Doc. 356.
[2] Dkt. No. 2, *In re: Bd. of Supervisors of LSU*, No. 23-20441 (5th Cir. July 3, 2023).
[3] R. Doc. 316, as amended by R. Doc. 335.
[4] R. Doc. 340.
[5] *See* R. Doc. 356.

The Board does not have a right to a stay of this Court's order of May 17, 2023.[6] The Board's right to the writ of mandamus it seeks is not clear and indisputable.[7] Furthermore, the Board has other means to protect the documents and testimony at issue. A protective order is in place under which the Board may designate documents and deposition testimony as confidential.[8] Additionally, the Court has freely offered the Board the opportunity for *in camera* review of documents prior to production in this action.

The Court finds staying its order is not appropriate under these circumstances. Accordingly;

**IT IS ORDERED** that the Motion to Stay Discovery Related to Order and Reasons Compelling Production of Privileged Documents and Communications with and Depositions of Former Counsel is **DENIED.**

**New Orleans, Louisiana, this 5th day of July, 2023.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 340.
[7] *See In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000) ("[F]or [a party] to establish entitlement to mandamus relief, it must show not only that the district court erred, but that it *clearly and indisputably erred*.") (emphasis in original).
[8] R. Doc. 204.