UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                                    CIVIL ACTION
   Plaintiff

VERSUS                                           NO. 21-198-SM-RLB

LOUISIANA STATE UNIVERSITY, ET AL.,
   Defendants

## ORDER AND REASONS

Before the Court is a Motion to Stay[1] by terminated Defendants Robert W. Barton and Vicki M. Crochet. Barton and Crochet have filed an appeal to the United States Court of Appeals for the Fifth Circuit[2] seeking a reversal of this Court's order compelling production of certain documents and compelling the depositions of certain individuals.[3] Barton and Crochet argue that a stay pending appeal is appropriate "for any one or all of the following reasons": because of the appeal, the Court no longer has jurisdiction over the relevant discovery disputes; because the requirements for a stay are met in this case; or because the requested discovery has nothing to do with Plaintiff's remaining Title IX and Title VII claims against LSU.[4]

The Court will not grant the Motion to Stay. As an initial matter, it is not clear that Barton and Crochet have a right to appeal the ruling that the Louisiana State University Board of Supervisors ("the Board") must produce certain documents and make certain individuals available for deposition.[5] Second, the Court does not agree that the factors

---

[1] R. Doc. 360.
[2] Dkt. No. 1, *Lewis v. Crochet*, No. 23-30386 (5th Cir. June 16, 2023).
[3] R. Doc. 340.
[4] R. Doc. 360 at pp. 2–3.
[5] Barton and Crochet do not represent the Board and are not parties to this action. The case cited by Barton and Crochet to support their argument is not on point. This appeal pertains to the Court's prior rulings on

favoring a stay are present in this case. Barton and Crochet have not made a showing of the likelihood of their success on the merits. The movants will not suffer irreparable injury if the stay is not granted, and the stay does not serve the public interest.[6]

The Court finds staying its order is not appropriate under these circumstances. Accordingly;

**IT IS ORDERED** that the Motion to Stay is **DENIED.**

**New Orleans, Louisiana, this 5th day of July, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

the crime-fraud exception to the attorney-client privilege. "[T]he attorney-client privilege is, of course, held by the client and not the attorney." *In re Grand Jury Proc.*, 43 F.3d 966, 972 (5th Cir. 1994).
[6] The Court emphasizes that movants will not suffer irreparable injury if this stay is not granted, as the attorney-client privilege belongs to the client, and the Board is actively protecting its own rights.