UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
    Plaintiff

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,**
    Defendant

## ORDER

Before the Court is Plaintiff Sharon Lewis's ("Lewis") Second Motion to Serve Subpoena for Deposition of Leslie Miles on Peter Ginsberg, Esq., Attorney for Leslie Miles, on Behalf of Leslie Miles.[1] The motion is opposed.[2] Because the Fifth Circuit interprets Rule 45 of the Federal Rules of Civil Procedure to forbid alternative service of a Rule 45 subpoena, the Court must **DENY** the motion.

On June 19, 2023, Lewis filed her first motion asking this Court to order Mr. Ginsberg to accept the subpoena on behalf of Mr. Miles.[3] Mr. Miles opposed that motion.[4] With the motion, Lewis's counsel, Albert Van-Lare, provided a lengthy affidavit detailing his efforts to locate and serve Mr. Miles.[5] The Court dismissed the motion without prejudice.[6] The Court took no position on whether the Fifth Circuit permits alternative service of a subpoena under Rule 45, but provided until August 11, 2023, for Lewis to make additional efforts to serve Mr. Miles and refile, at which time the Court would

---

[1] R. Doc. 388.
[2] R. Doc. 394.
[3] R. Doc. 354.
[4] R. Doc. 358.
[5] R. Doc. 354-1.
[6] R. Doc. 378.

1

consider the motion.[7] Lewis timely refiled.[8] To Lewis's credit, her efforts, and those of Mr. Van-Lare, are more extensive than those preceding her first motion.[9] Still, Lewis has not located Mr. Miles, and he has not been personally served with the subpoena.

Fifth Circuit precedent, which binds this Court, unequivocally holds that service of a Rule 45 subpoena "is improper if the person himself is not served with a copy of the subpoena."[10] Even more, "service of said subpoena on plaintiff's counsel, as opposed to the plaintiff himself,"—exactly what Lewis seeks in this case—"renders such service a nullity."[11]

The Court is sympathetic to the troubles Lewis has faced in her attempts to locate and serve Mr. Miles. Many litigants seeking alternative service under Rule 45 have encountered the same.[12] Nevertheless, "[t]he fact that the witness has made the required personal service difficult to accomplish does not grant the district court the authority to waive the requirements of Rule 45(b)."[13]

Accordingly;

**IT IS ORDERED** that the motion is **DENIED.**

**New Orleans, Louisiana, this 25th day of August, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 378.
[8] R. Doc. 388.
[9] *See id;* R. Doc. 389.
[10] *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, 466 (E.D. La. 2007) (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir.1968)); *see also In re Dennis*, 330 F.3d 696, 704 (5th Cir.2003) (noting that "proper service" under Rule 45 "requires . . . personal delivery of the subpoena").
[11] *Harrison,* 404 F.2d at 273.
[12] *See, e.g., Ferrara v. 4JLJ, LLC*, 2:15-CV-182, 2016 WL 4800891 (S.D. Tex. Sept. 14, 2016) (fifteen attempts to serve); *Bd. of Regents of U. Tex. Sys. v. Terry Cardell Reynolds*, 1:18-CV182-RP-ML, R. Doc. 48 (W.D. Tex. Apr. 29, 2019) (denying alternative service under Rule 45 even where target person's behavior "indeed appear[ed] to be calculated to evade service").
[13] *Lexington Ins. Co. v. Harvia Oy*, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013) (cleaned up).