## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE,**<br>    **Defendant** | |

### ORDER

The Court has broad discretion to manage jury selection[1] and a duty to "maintain control of the process" to "preserve fairness and at the same time protect legitimate privacy."[2] Jury questionnaires have been sent to potential jurors and will be returned to the Middle District of Louisiana Clerk of Court's office on November 7, 2023. Those responses will be provided to the parties. Accordingly;

**IT IS ORDERED** that **on or before November 15, 2023,** the parties will meet and confer to discuss potential jurors they wish to strike. **IT IS FURTHER ORDERED** that **on or before November 20, 2023**, the parties will jointly submit a list of potential jurors whom they agree should be struck for cause, with a brief argument as to why each should be struck, and separate lists of potential jurors whom each party moves to strike for cause, based solely on information in the questionnaire, with argument in support of the party's position[3]

---

[1] *Rosales-Lopez v. United States,* 451 U.S. 182, 189 (1981).
[2] *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984).
[3] *E.g.,* individuals who establish that they genuinely cannot serve because of some actual and immovable personal or professional conflict, or individuals who unequivocally establish that they cannot follow the Court's instructions.

It is standard and accepted practice in this and other districts for parties to conduct open-source internet research, including by viewing the public-facing social media accounts of potential jurors.[4]

**IT IS FURTHER ORDERED** that during jury selection and trial, the parties will not ask to "follow" or "friend" any potential juror, juror, or familiar members of such individuals, or make any analogous affirmative request, to gain access to posts or profiles that are not otherwise publicly available. This prohibition does not apply to mere passive viewing of publicly available information on sites like LinkedIn that may alert a potential juror or juror to the fact that a particular person has reviewed his or her account.

**IT IS FURTHER ORDERED** that the parties will not conduct any form of investigation on a potential juror, juror, or family members of such individuals—whether online or otherwise—that could reasonable be perceived as vexatious or harassing. The Court prohibits the use of information gained from juror research for any purpose other than voir dire.

**IT IS FURTHER ORDERED** that no party shall disclose during the pendency of the trial any list of jurors, prospective jurors, responses to juror questionnaires provided to the parties, juror strike sheets, or any notes containing identifying information of jurors or prospective jurors, unless permitted by the Court to disclose such information.

---

[4] *See, e.g,.* See D.C. Bar Ethics Op. 371, *Social Media II: Use of Social Media in Providing Legal Services* (Nov. 2016) ("Competent and zealous representation . . . may require investigation of relevant information from social media sites of jurors or potential jurors to discover bias or other relevant information for jury selection. Accessing public social media cites of jurors or potential jurors is not prohibited . . . as long as there is no communication by the lawyer with the juror.")

The parties are admonished to handle juror questionnaires and jury sheets containing jurors' identifying information with care. Each party shall ensure that any individual the party permits to access these sensitive materials understands that he or she cannot publicly disclose the information.

**New Orleans, Louisiana, this 11th day of October, 2023.**

                                          **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**