UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE,**<br>    **Defendant** | |

## ORDER AND REASONS

Before the Court is Plaintiff Sharon Lewis's Motion to Compel the Appearance and Testimony of William F. Tate, IV and Request for Expedited Consideration and Sanctions.[1] For the reasons that follow, the motion is **GRANTED IN PART.**

## BACKGROUND

The history of this case is set forth extensively in prior orders and reasons.[2] The Court recounts only the procedural history relevant to this motion.

Plaintiff filed this motion on September 26, 2023, after the depositions of Mary Leach Werner and Valencia Sarpy Jones, who are members of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), Defendant.[3] Plaintiff alleges that "[b]oth Werner and Jones gave deposition testimony that directly implicated Tate in Plaintiff's Title IX and Title VII retaliation claims."[4] Plaintiff issued a notice of deposition to William F. Tate, IV, President of LSU, for a

---

[1] R. Doc. 405.
[2] *See, e.g.*, R. Doc. 254.
[3] *See* R. Doc. 405-1 at p. 1.
[4] *Id.*

deposition to be taken October 4, 2023.[5] At a meet and confer with defense counsel on September 25, 2023, Plaintiff was informed that Defendant would invoke the apex doctrine to protect Tate from deposition.[6] Subsequently, via email, Plaintiff was notified by Defendant that President Tate would not sit for the deposition.[7]

Upon the filing of this motion, the Court held a status conference the next day, September 27, 2023. At that time, the Court ordered Defendant to file its response in opposition to the instant motion on or before Wednesday, October 11, 2023.[8] Defendant did so.[9]

At the September 27, 2023, status conference, Plaintiff's counsel reiterated the argument in the instant motion that Plaintiff believes Tate possesses knowledge about the person or persons who made the ultimate decision to terminate Plaintiff from her employment at LSU. Accordingly, at that status conference, the Court also gave Plaintiff "leave to serve interrogatories and requests for production on Defendant concerning the decision to terminate, and the termination of, Plaintiff from her employment at LSU on or before Friday, September 29, 2023."[10] Defendant was ordered to respond to those interrogatories or requests for production by October 16, 2023, and to also provide those responses to the Court via efile. Defendant did so.

## LAW AND ANALYSIS

The core of Defendant's argument in opposition is that the deposition should be barred by the apex doctrine, a judicially created doctrine that disfavors, absent good cause, the deposition of "high level executives" lest they be subjected to "numerous,

---

[5] *See* R. Doc. 405-2.
[6] R. Doc. 405-1 at p. 2.
[7] *Id.*
[8] R. Doc. 408.
[9] *See* R. Doc. 421.
[10] R. Doc. 408.

2

repetitive, harassing, and abusive depositions."[11] This doctrine is a function of Federal Rule of Civil Procedure 26(c)(1)(A), by which a court may bar a deposition to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[12]

As Defendant correctly notes in its opposition, "the Fifth Circuit does not apply the 'apex doctrine' to strictly prohibit depositions of high level executives," like Tate.[13] Indeed, federal courts do not directly "employ an 'apex doctrine' to preclude the deposition of executives."[14] Instead, in the Fifth Circuit, courts typically permit an apex deposition so long as the party seeking that deposition has first taken a 30(b)(6) deposition *or* deposed other "lower ranking employees with more direct knowledge of the relevant facts."[15] Plaintiff has taken six depositions of such lower ranking employees and, as noted above, issued interrogatories and requests for production related to these same topics. In light of these efforts, the deposition of Tate will be allowed.

Further, Rule 26 of the Federal Rules of Civil Procedure generally allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[16] A court's evaluation of proportionality must weigh "the importance of the issues at stake in the action . . . the parties' relative access to relevant information . . . the importance of the discovery in

---

[11] *Cuyler v. Kroger Co.*, 1:14-CV-1287-WBH-AJB, 2014 WL 12547267, at *7 (N.D. Ga. Oct. 3, 2014) (citations and quotations omitted).
[12] Fed. R. Civ. P. 26(c)(1)(A).
[13] R. Doc. 421 at p. 4.
[14] *See Wilco Marsh Buggies & Draglines, Inc. v. Weeks Marine, Inc.*, CV 20-3135, 2022 WL 742443, at *4 (E.D. La. Mar. 11, 2022)
[15] *Id.*; *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Entergy Gulf States La., L.L.C. v. La. Generating, L.L.C.*, CV 14-385-SDD-RLB, 2021 WL 24686, at *9 (M.D. La. Jan. 4, 2021) (permitting apex deposition without first requiring a Rule 30(b)(6) deposition).
[16] Fed. R. Civ. P. 26(b)(1).

3

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[17]

In this case, Plaintiff has alleged that her termination was an act of retaliation after she reported allegations of sexual misconduct by certain LSU employees.[18] The basis of the decision to terminate her, and who made it, are essential to her claims of retaliation.

Plaintiff has no access to that information, but she has sought it through discovery. In fact, in separate depositions, deponents gave conflicting answers as to the decision to terminate Plaintiff. Brian Kelly, head football coach, disavowed all involvement, stating he "understood that [Plaintiffs'] situation was one to leave alone, and that was to be handled by [LSU's] Senior Administration and the University."[19] Yet Scott Woodward, LSU's athletic director, asked directly, "Whose decision was it to terminate Sharon Lewis?" responded, "Coach [Brian] Kelly."[20] Adding to these conflicting answers, Defendant nevertheless insists it "is clear that Kelly made the decision to terminate Plaintiff's employment as part of a [restructuring] of the football department."[21] Nor does what Defendant provided to Plaintiff's September 29, 2023, interrogatories and requests for production help clarify the matter. The documents produced to Plaintiff simply reveal that a reorganization happened when Brian Kelly took over the football team; they do not provide an answer to Plaintiff's questions about who made the decision to terminate her employment.

The Rule 26 factors favor the deposition of Tate in his role as president of LSU.

---

[17] *Id.*
[18] *See* R. Doc. 1.
[19] Dep. of Brian Kelly, R. Doc. 405-5 at p. 36.
[20] Dep. of Scott Woodward, R. Doc. 405-4 at p. 89.
[21] R. Doc. 421 at p. 6.

4

## CONCLUSION

The Court finds Plaintiff has made sufficient efforts to depose lower-ranking employees and the apex doctrine does not apply to bar the deposition of William F. Tate, IV. Accordingly;

Plaintiff's Motion to Compel the Appearance and Testimony of William F. Tate, IV and Request for Expedited Consideration and Sanctions is **GRANTED IN PART.**

**IT IS ORDERED** that the deposition of William F. Tate, IV is **COMPELLED.**

**IT IS FURTHER ORDERED** that the deposition will occur **during the week of November 6, 2023.** The length of the deposition may not exceed four hours, and the subject matter of the deposition is **limited to the following topics:** (1) Tate's involvement, if any, in the rehiring of Frank Wilson in 2021; (2) actions, if any, taken by Tate when notified if the allegations made against Wilson, and (3) Tate's role, if any, in Plaintiff's termination. Plaintiff's counsel is instructed to coordinate the date, time, and place of the deposition with defense counsel. If Plaintiff's counsel prefers, the deposition may take place while Plaintiff's counsel is in Baton Rouge for the settlement conference.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions against defense counsel is **DENIED.**

New Orleans, Louisiana, this 2nd day of November, 2023.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**