UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE,**<br>    Defendant | |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion to Dismiss Emotional Distress Damages, Punitive Damages, and Damages in Excess of Statutory Caps[1] filed by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"). The motion is unopposed. For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

The history of this case is set forth extensively in prior Orders and Reasons.[2] The Court recounts only the procedural history relevant to this motion.

On March 4, 2022, Plaintiff filed her Second Amended Complaint, in which she alleges she was terminated from her employment at Louisiana State University ("LSU") in retaliation after she reported allegations of sexual misconduct by certain LSU employees.[3] Plaintiff brought claims under Title IX of the Education Amendments of 1972

---

[1] R. Doc. 425.
[2] *See, e.g.*, R. Doc. 254.
[3] *See generally* R. Doc. 219.

1

("Title IX")[4] and Title VII of the Civil Rights Act of 1964 ("Title VII"),[5] and she sought, in connection with those claims, damages for emotional distress, punitive damages, and compensatory damages.[6] She sought "an amount of no less than $50,000,000," to include "legal interest, reasonable attorneys' fees and costs."[7]

The Board filed this motion on October 11, 2023.[8] Plaintiff's response in opposition was due on or before November 1, 2023,[9] but no response was filed by that time. In an email to the Court, Plaintiff's counsel advised Plaintiff "will not oppose" this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support her his claim that would entitle her to relief.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] However, the court does not accept as true legal conclusions or mere conclusory statements,[13] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[14] "[T]hreadbare

---

[4] 20 U.S.C. § 1681 *et seq.*
[5] 42 U.S.C. § 2000e *et seq.*
[6] *See, e.g.*, R. Doc. 219 at ¶¶ 16, 93, 302, 306, 313, 308, and at p. 70 (Plaintiff's Plea for Damages and Remedies).
[7] *Id.* at pp. 71–72.
[8] *See* R. Doc. 425.
[9] *See* M.D. La. Local Civ. Rule 7(f).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[12] *Id.*
[13] *Id.*
[14] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

2

recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[15]

## LAW AND ANALYSIS

The Board makes three arguments in its motion. First, Plaintiff's claims for emotional distress damages and punitive damages under Title IX are barred by case law; second, her claims for punitive damages under Title VII are barred by statute; and third, her claims for compensatory damages under Title VII are in excess of that law's statutory limits. Each of these arguments is correct.

### I. Plaintiff's claims for emotional distress damages and punitive damages under Title IX are barred by Supreme Court case law.

Title IX is a so-called "Spending Clause" statute, enacted by Congress "[p]ursuant to its authority" under the Spending Clause of the U.S. Constitution[16] to 'fix the terms on which it shall disburse federal money.'"[17] Receipts of "federal financial assistance" under Title IX and other Spending Clause antidiscrimination statutes[18] are prohibited "from discriminating based on certain protected grounds."[19] By "conditioning an offer of federal funding on a promise by the recipient not to discriminate," a Spending Clause statute like Title IX is "essentially . . . a contract between the Government and the recipient of funds."[20]

---

[15] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[16] U.S. Const. art. I § 8 cl. 1.
[17] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217 (2022) (quoting *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 17 (1981)).
[18] *See also* 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964, which forbids race, color, and national origin discrimination in federally funded programs or activities); 29 U.S.C. § 794 (the Rehabilitation Act, which forbids funding recipients from discriminating because of disability); 42 U.S.C. § 18116 (the Affordable Care Act, which forbids healthcare entities that receive federal funds from discriminating on the same grounds as Title VI and the Rehabilitation Act, as well as age).
[19] *Cummings*, 596 U.S. at 217–18.
[20] *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 286 (1998).

Under these Spending Clause statutes, a federal funding recipient is only liable to a plaintiff for those remedies for which the recipient has "clear notice regarding the liability."[21] The Supreme Court previously explained that a "recipient may be considered on notice that it is subject not only to those remedies explicitly provided in the relevant legislation," that is, by the terms of the legislative contract, "but also to those remedies traditionally available in suits for breach of contract."[22]

Title IX, like certain other Spending Clause statues, is "silent as to available remedies," so instead, any remedy must be that "traditionally available in suits for breach of contract."[23] Accordingly, in last year's *Cummings v. Premier Rehab Keller, P.L.L.C.*,[24] the Supreme Court ruled that because "[i]t is hornbook law that "emotional distress is generally not compensable in contract," such "damages are not recoverable under" Spending Clause statutes like Title IX.[25]

The Board correctly argues that Plaintiff's claims for emotional distress and related damages "are not recoverable as a matter of law under Title IX."[26] Accordingly, the Court dismisses Plaintiff's claims for emotional distress damages under Title IX.

Similarly, by the same analogy to contract, the Supreme Court long ago held that punitive damages, "generally not available for breach of contract," are not available under Spending Clause nondiscrimination statutes.[27] Accordingly, the Court dismisses Plaintiff's claim for punitive damages under Title IX.

---

[21] *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006).
[22] *Barnes v. Gorman*, 536 U.S. 181, 187 (2002).
[23] *Id.*
[24] 596 U.S. 212 (2022).
[25] *Id.* at 230.
[26] R. Doc. 425-1 at p. 6.
[27] *Barnes*, 536 U.S. at 187–88.

## II. Plaintiff cannot recover for punitive damages under Title VII against the Board, a governmental unit, because Title VII bars claims for punitive damages against governmental units.

Defendant, the Board, is "an instrumentality of the State of Louisiana."[28] Though "[t]he [Civil Rights] Act allows plaintiffs asserting a Title VII claim to recover compensatory and punitive damages" in certain circumstances,[29] "[t]he Act *precludes* plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions."[30] Because the Board is a governmental unit, Plaintiff cannot recover Title VII punitive damages against it.[31] The Court will dismiss Plaintiff's claims for such damages.

## III. Plaintiff's claims for compensatory damages under Title VII are subject to the statutory cap on such damages.

Unlike her claims for emotional distress damages under Title IX,[32] Plaintiff may recover for emotional distress damages under Title VII,[33] and the Board concedes as much.[34] However, the Board correctly argues that Plaintiff's "claims for compensatory damages, including emotional distress damages, are subject" to the limits provided by statute. Those limits correlate to a Title VII defendant's number of employees. In this case,

---

[28] *Pegues v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, CV 18-2407, 2018 WL 4076385, at *1 (E.D. La. Aug. 27, 2018)*; see also Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001) (unpublished table decision) ("[T]he LSU Board is an 'arm of the state.'" (quotation omitted)); La. Const. art. VIII, § 7.1; *see also* R. Doc. 107 at pp. 10–12 (again noting that the Louisiana constitution creates the Board and state law provides that in actions against the university, which are actions against a state instrumentality, the Board is the proper party to be sued).
[29] *Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 465 (5th Cir. 2001).
[30] *Id.* at 465-466 (emphasis added) (citing 42 U.S.C. § 1981a(b)(1), which provides that a plaintiff may not recover punitive damages against "a government, government agency or political subdivision").
[31] *See, e.g. Wallace v. Bd. of Supervisors for the Univ. of La. Sys.*, 2016 WL 7116107, at *8 (M.D. La. Dec. 6, 2016) (plaintiff conceded Title VII punitive damages unavailable against a political subdivision); *Tureaud v. Grambling State Univ.*, 2005 WL 81167346, at *5 (W.D. La. Aug. 26, 2005) (dismissing plaintiff's claims for punitive damages under Title VII against a university, a governmental entity not subject to punitive damages under Title VII).
[32] *See* Part I, *supra*.
[33] 42 U.S.C. §1981a(a)(1) (permitting compensatory damages like emotional distress damages).
[34] *See* R. Doc. 425-1 at p. 7.

5

the limit is the highest available amount of compensatory damages, $300,000.[35] Plaintiff's claim for emotional distress damages under Title VII in excess of the statutory cap will be dismissed.

## CONCLUSION

In accordance with the controlling case law and statutory provisions, as provided above;

**IT IS ORDERED** that Plaintiff's claim for emotional distress damages under Title IX is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for punitive damages under Title IX is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for punitive damages under Title VII is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for emotional distress damages under Title VII in excess of the statutory maximum is dismissed.

**New Orleans, Louisiana, this 8th day of November, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] 42 U.S.C. § 1981a(b)(3)(D) (setting the cap for compensatory damages at $300,000 "in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year). The Court takes judicial notice that Louisiana State University meets this description. The Board also concedes the same. R. Doc. 425-1 at p. 8.