**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

SHARON LEWIS,                                        CIVIL ACTION
      Plaintiff

VERSUS                                                NO.  21-198-SM-RLB

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,
          Defendant

## ORDER AND REASONS

Before the Court is a Motion to Compel Deposition Testimony of Collis B. Temple, Jr. and for Leave to Submit a Request for Production of Documents filed by Sharon Lewis ("Plaintiff").[1] The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") filed an opposition.[2] For the reasons that follow, the Motion to Compel is **DENIED** as stated herein.

## BACKGROUND

The background of this case has been extensively laid out in the nineteen opinions issued by this Court since its inception.[3] The Court will recite only the procedural developments relevant to the instant discovery dispute. On November 7, 2023, pursuant to this Court's ruling, Plaintiff took the limited deposition of LSU President William F. Tate IV.[4] Other than the exceptions made for the Tate deposition and discovery related to Plaintiff's cell phone, the fact discovery period in this case closed on October 4, 2023.[5]

---

[1] R. Doc. 448.
[2] R. Doc. 461.
[3] *See* R. Docs. 107, 124, 165, 185, 254, 255, 280, 283, 284, 316, 332, 335, 340, 362, 363, 378, 431, 440, and 447.
[4] *See* Order and Reasons, Nov. 2, 2023 (R. Doc. 440).
[5] R. Doc. 441.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified only for good cause."[6] "Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."[7] Courts consider several factors in determining whether a party has provided good cause to modify a discovery deadline, including:

> "'(1) [T]he explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice.' Additionally, courts consider [(5)] the length of time since the expiration of the deadline, [(6)] the length of time that the moving party has known about the discovery, [(7)] whether the discovery deadline has been extended, [(8)] whether dispositive motions have been scheduled or filed, [(9)] the age of the case, and [(10)] disruption of the court's schedule."[8]

## **LAW AND ANALYSIS**

Plaintiff seeks to depose Temple in a deposition limited to two hours and confined to discussion of Tate's meeting with Temple and Wilson.[9] Further, Plaintiff seeks leave to submit a Request for Production of Documents limited to communications "between Temple and Tate made between the meeting at Temple's home and the Board approval of Wilson's contract."[10]

Plaintiff has failed to meet her burden of establishing good cause to allow the untimely deposition and discovery under Rule 16(b)(4). In fact, Plaintiff does not even discuss good cause or Rule 16(b) in her Motion to Compel.[11]

---

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981 at *4 (E.D. La. Feb. 23, 2023).

[8] *Id.* (quoting *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008)).

[9] R. Doc. 448-1 at 3.

[10] *Id.*

[11] *See generally*, R. Doc. 448-1.

Plaintiff's explanation for the untimely request is that she only learned of Temple's potential involvement in the hiring of Wilson during the deposition of LSU President Tate on November 7, 2023.[12] However, all other factors weigh against a finding of good cause.

Plaintiff argues that she has reason to believe Tate hired Frank Wilson at the urging of Temple and conspired with Temple to terminate Plaintiff to protect Wilson.[13] Tate's deposition testimony, however, indicates Tate's only interaction with Temple regarding Wilson was on a single occasion when Temple introduced Tate to Wilson for a "greeting and hello."[14] Despite this testimony, Plaintiff urges "it is simply not believable" that Temple would have arranged a meeting between Tate and Wilson if "there was no discussion about Wilson moving to LSU" at that time.[15] Plaintiff cites the fact that Tate was "aware that four (4) women have accused Wilson of sexual misconduct" and yet "Wilson has never been investigated and remains employed at LSU."[16] Plaintiff argues this supports her claim that "in the meeting at Temple's home, Temple discussed and/or directed Tate to hire Wilson."[17] Plaintiff provided no additional factual basis to support her argument.

Regardless of the limited scope of her request, Plaintiff has not sufficiently established the relevance, much less the importance, of deposing Temple, since, as the Board argues in its opposition, "there is no indication that [Temple] has any personal or unique knowledge regarding facts related to Plaintiff's claims whatsoever."[18] Moreover, Temple was never mentioned in Plaintiff's complaint or deposition.[19] Plaintiff has

---

[12] R. Doc. 448-1 at 3.
[13] *Id.*
[14] Tate Depo. at 15-16.
[15] R. Doc. 448-1 at 2.
[16] *Id.*
[17] *Id.*
[18] R. Doc. 461 at 3.
[19] *Id.*

produced no support for her belief that Tate hired Wilson at the urging of Temple or that Tate conspired with Temple to terminate Plaintiff to protect Wilson. In fact, Tate testified Temple introduced him to Plaintiff at a football game[20] and that he did not discuss Plaintiff's complaints against Wilson with Temple.[21]

Trial in this matter is set to begin on December 11, 2023,[22] and dispositive motions have already been filed.[23] Accordingly, the Board would suffer significant prejudice if an extension to the discovery deadline were granted at this time. Plaintiff has had over two years to conduct discovery and has not shown good cause for granting an extension to the expired discovery deadline on the eve of trial. Most importantly, Plaintiff has not given the Court any reason to believe that Temple has any knowledge regarding facts related to Plaintiff's claims.

<u>**CONCLUSION**</u>

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Compel[24] is **DENIED** as stated herein.

**New Orleans, Louisiana, this 21st day of November, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] Tate Depo. at 8.
[21] *Id.* at 9.
[22] R. Doc. 441.
[23] Board's Motion for Summary Judgment (R. Doc. 424).
[24] R. Doc. 448.