UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,**
    **Defendant**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to Exclude the Fifth Circuit Ruling in *Lewis v. Danos*, No. 22-30670 (5th Cir. Oct. 12, 2023) That Specifically States Plaintiff['s] Pre[-]2017 RICO Claims Have [Been] Prescribed and That Sharon Lewis Was Not Injured by the Concealment to the Student Complaint Memo and Directive Letter ("motion in limine").[1] For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

The Court recounts only the limited history of this case relevant to this motion.

On March 4, 2022, Plaintiff filed her Second Amended Complaint,[2] setting forth claims under Title VII,[3] Title IX,[4] and civil RICO.[5]

On June 16, 2022, the Court dismissed Plaintiff's civil RICO claims with prejudice, ruling that all claims related to allegations before April 2018 were time-barred and that Plaintiff failed to show her alleged injuries were proximately caused by the civil RICO

---

[1] R. Doc. 480.
[2] R. Doc. 219.
[3] 42 U.S.C. § 2000e *et seq.*
[4] 20 U.S.C. §§ 1681 *et seq.*
[5] 18 U.S.C. § 1962 (c) and (d)

1

Defendants' allegedly illegal conduct.[6]

Plaintiff filed a Rule 59(e) motion asking this Court to alter or amend its judgment.[7] The Court denied that motion but designated the June 16, 2022, RICO order as a final judgment and certified it for appeal to the United States Court of Appeals for the Fifth Circuit.[8]

On October 12, 2023, the Fifth Circuit affirmed this Court's rulings on the RICO claims, holding that this Court correctly "dismissed [Plaintiff's] RICO-related allegations as time-barred and inadequately pleaded as to causation."[9]

On November 27, 2023, in advance of the jury trial beginning on December 11, 2023,[10] Plaintiff filed this motion in limine, seeking to "exclude[] from evidence" the Fifth Circuit's October 12, 2023 opinion "on the basis that [it] lack[s] relevance as required by the Federal Rules of Evidence" and that "any potential relevance is outweighed by the likelihood of unfair prejudice [in favor of Defendant] and by misleading the jury."[11] Plaintiff believes Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), may introduce the Fifth Circuit's RICO ruling as evidence to challenge the sufficiency of Plaintiff's claims that "the Board violated Title IX and Title VII as alleged in Plaintiff's complaint."[12] Plaintiff seeks an order from this Court forbidding the Board from using the Fifth Circuit's opinion in this way.

On December 1, 2023, the Board filed a memorandum in opposition to Plaintiff's motion in limine.[13]

---

[6] R. Doc. 254.
[7] R. Doc. 264.
[8] R. Doc. 280.
[9] *Lewis v. Danos*, 83 F.4th 948, 951–52 (5th Cir. 2023).
[10] R. Doc. 468 at p.8.
[11] R. Doc. 480 at p. 1.
[12] R. Doc. 480-1 at p. 4.
[13] R. Doc. 499.

2

**LAW AND ANALYSIS**

As an initial matter, the Court observes that the Board has given no indication it intends to use the Fifth Circuit's opinion as evidence at trial. The opinion was not listed in the Board's exhibits in the parties' joint pretrial order,[14] and though its memorandum in response to Plaintiff's motion in limine is styled as an opposition, in that memorandum, the Board essentially concedes it has no "inten[tion] to present the Fifth Circuit [opinion] ruling and statements made therein to the jury."[15] The Board urges the Court to deny Plaintiff's motion in limine as moot.[16] Nevertheless, the Court has considered Plaintiff's arguments and will exclude the Fifth Circuit opinion as evidence.

If a party wishes to introduce a judicial opinion at trial, it must ask the Court to take judicial notice of its contents under Federal Rule of Evidence 201 and then instruct the jury on its use accordingly. However, Rule 201 permits "judicial notice of an adjudicative fact only," and adjudicative facts are simply the facts of a particular case."[17] They are "not the result of a judicial decision of a disputed fact based on evidence."[18]

Even if the opinion included adjudicative facts, the facts referenced by the Plaintiff (that some RICO claims were time barred and others lacked causation) are not relevant to Plaintiff's remaining claims.[19] The Fifth Circuit affirmed that some of Plaintiff's RICO claims against individual, now-dismissed defendants, were time-barred and others

---

[14] R. Doc. 470 at p. 48–54. In fact, it is Plaintiff who lists the Fifth Circuit opinion as a proposed exhibit (*Id.* at p. 47.) Plaintiff also listed the Fifth Circuit opinion under her Special Issues in the pretrial order as part of a set of court opinions she seeks to use "for the narrow purpose of proving the Board's motive, intent, preparation and plan to engage in an illegal capture and kill scheme of Title IX complaints in the athletic department and that the Board had knowledge of the retaliation against Plaintiff." (*Id.* at p. 65.) Plaintiff did not file a motion in limine requesting that she be allowed to use the opinion as evidence. Instead, she filed this motion in limine requesting that the Board not be allowed to use it.
[15] R. Doc. 499 at p. 2.
[16] *Id.* at p. 3.
[17] Advisory Committee Notes to Fed. R. Evid. 201, 1972 Proposed Rules, Note to Subdivision(a).
[18] Paul J. Kiernan, *Better Living Through Judicial Notice*, Litigation 42, 43 (2009).
[19] *See* Fed. R. Evid. 401.

insufficiently alleged causation as a matter of pleading. Such a ruling, on separate legal grounds, concerning non-parties, does not provide any probative value with respect to Plaintiff's claims—or the Board's defense against the same—that she was subject to Title VII and Title IX violations.

Plaintiff's Motion in Limine to Exclude the Fifth Circuit Ruling in *Lewis v. Danos*, No. 22-30670 (5th Cir. Oct. 12, 2023) That Specifically States Plaintiff['s] Pre[-]2017 RICO Claims Have [Been] Prescribed and That Sharon Lewis Was Not Injured by the Concealment to the Student Complaint Memo and Directive Letter is **GRANTED**. The Board will not be allowed to introduce this opinion as an exhibit or to elicit testimony as to the rulings contained therein.[20]

**New Orleans, Louisiana, this 1st day of December, 2023.**

                                          *Susie Morgan*
                                      **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[20] Neither will Plaintiff be allowed to introduce the opinion as an exhibit or to elicit testimony.