## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| | |
| **BOARD OF SUPERVISORS OF LOUISIANA** | |
| **STATE UNIVERSITY AND AGRICULTURAL** | |
| **AND MECHANICAL COLLEGE,** | |
| **Defendant** | |

## ORDER AND REASONS

Now before the court is a Motion for Reconsideration of this Court's Order on Motion to Extend Discovery Deadlines[1] and a Motion to Compel Production of Cell Phone Data, Enforce Court's Orders, and Stay Proceedings, both filed by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board").[2] Also before the court is a Motion to Quash filed by Plaintiff Sharon Lewis.[3]

## BACKGROUND

On August 15, 2022, the Board served on Plaintiff requests for production that "specifically sought production of relevant communications, including[,] but not limited to, communications between Plaintiff and others that relate to her allegations."[4] These requests encompassed information on Plaintiff's personal cell phone.[5] In full, they read:

> **Request for Production No. 13:** Please produce all notes and/or statements by you, including but not limited to, handwritten notes, electronic notes, letters, memos, emails, timelines, diaries, and appointment books, that relate to any allegations in the Second Amended Complaint.

---

[1] R. Doc. 445.
[2] R. Doc. 453.
[3] R. Doc. 458.
[4] R. Doc. 453-1 at p. 2.
[5] *Id.*

1

**Request for Production No. 14:** Please produce all communications, including but not limited to, any statements, written or electronic, exchanged by and between you and any third parties (other than those directed to your attorneys) that are related to any of the allegations in the Second Amended Complaint.

**Request for Production No. 15:** Please produce all postings, statuses, or direct messages, whether to or from you, which were exchanged on any social networking site which are related to your claims, or alleged events, or relating to any damages you claim herein.[6]

The parties discussed issues concerning the production of data from Plaintiff's personal cell phone at the May 18, 2023, status conference.[7] The Court's minute entry ordered the parties' counsel to meet and confer within the following week "to attempt to resolve discovery disputes surrounding the production of information contained on Plaintiff's personal cell phone."[8] The parties met, and, in June 2023, "the Board provided Plaintiff with proposed search terms and other parameters."[9]  Eventually, the parties agreed on an expert who would retrieve the data,[10] Brian Wilson, and Wilson began work using the agreed-upon custodians and agreed-upon search terms.[11]

After additional delays in the production of the data from Plaintiff's cell phone, the Board raised the issue again at the September 27, 2023, status conference.[12] The Court directed Plaintiff's counsel to take steps immediately to access the data (gathered using both search terms and custodians) and review it for privileged or highly personal communications.[13] The Court further ordered Plaintiff to "inform counsel for Defendant" by October 2, 2023, whether any messages on Plaintiff's personal cell phone will be

---

[6] R. Doc. 453 at p. 1–2.
[7] R. Doc. 342.
[8] *Id.* at p. 2.
[9] R. Doc. 453-1 at p. 2.
[10] *Id.* at p. 3.
[11] Plaintiff provided a representation of the search terms and related hits. *See* R. Doc. 457-1 at p. 2.
[12] R. Doc. 408.
[13] *Id.* at p. 3.

withheld because they contain information that is subject to attorney-client privilege or contain information of a highly personal nature" and, by October 4, 2023, produce to the Court a privilege log and the entries to be withheld.[14]

On October 4, 2023, Plaintiff filed an unopposed motion for an extension of the discovery deadlines relating to data from her personal cell phone.[15] The Court granted that extension, allowing Plaintiff until October 19, 2023 to produce the information from her cell phone and allowing the Board until November 3, 2023, to review the data, conduct any related discovery, and file any related motions.[16]

On October 6, 2023, Plaintiff received from Wilson *all* data from the cell phone, not just those messages limited to custodians or keywords.[17]

On October 17, 2023, the expert provided Plaintiff with cell phone data retrieved pursuant to the custodian search (the "Custodian Data") while continuing to search for data responsive to the agreed-upon search terms (the "Keyword Data").[18] On October 20, 2023, the parties jointly moved for another extension of time for Plaintiff to produce both the Custodian Data and the Keyword Data to the Board and for the Board to review that data and raise any related issues.[19] The Court granted that extension at the October 23, 2023, status conference.[20] Plaintiff was allowed until November 1 to produce both the Custodian Data and the Keyword Data from her cell phone, and the Board was allowed until November 16, 2023, to review the data, conduct any related discovery, and file any related motions.[21]

---

[14] *Id.*
[15] R. Doc. 416.
[16] R. Doc. 417.
[17] R. Doc. 445-1 at p. 6.
[18] *Id.*
[19] R. Doc. 435.
[20] R. Doc. 437.
[21] R. Doc. 437 at p. 2.

On October 23, 2023, the expert provided Plaintiff a second production, limited to the Keyword Data.[22]

On November 1, 2023, Plaintiff filed another motion, this time opposed, for an extension of time to produce both the Keyword Data and Custodian Data.[23] Plaintiff's counsel has consistently represented that the Custodian Data is a massive amount of data, more than he can reasonably review for privilege.[24]  The Court granted the motion at a status conference the next day, November 2, 2023,[25] and, given "the volume of the information produced from Plaintiff's cell phone," the Court further ordered that Plaintiff's counsel was required to produce only "that data transmitted to Plaintiff's counsel by the parties' joint expert on October 23, 2023,"[26] that is, the Keyword Data. The Court ordered that by November 8, 2023, Plaintiff "provide that data to defense counsel, subject to redactions for highly personal or irrelevant communications and attorney-client communications" and "provide the Court with the withheld data and a privilege log."[27]

On November 8, 2023, the Board filed its Motion to Reconsider Court's November 2, 2023 Ruling on Production of Plaintiff's Cell Phone Data, and Request for Expedited Consideration (the "motion to reconsider").[28] The Board asked the court to "order Plaintiff to review and produce her cell phone information responsive to the [previously agreed-upon] custodians, or, in the alterative, require Plaintiff to confer with the Board

---

[22] R. Doc. 445-1 at p. 7; R. Doc. 463 at p. 1.
[23] R. Doc. 438.
[24] *See* R. Doc. 438 at p. 1 ("The expert . . . produced 16 GB of data to Plaintiff on October 17, 2023.") It is unclear what is contained in that 16 GB of data (e.g., text messages, images, videos) or how many specific entries are contained in the data set that required the review of Plaintiff's counsel.
[25] *Id*. R. Doc. 441.
[26] *Id*. at p. 2.
[27] *Id*.
[28] R. Doc. 445.

in an effort to pare down the custodians and corresponding data requiring review."[29] In response to the Board's motion to reconsider, the Court granted the Board's request for expedited consideration and ordered the parties, by November 15, 2023, to "meet and confer regarding ways in which to narrow or limit the custodians and corresponding data from Plaintiff's personal cell phone requiring review."[30]

That same day, November 8, 2023, Plaintiff's counsel produced all Keyword Data and a privilege log to the Court for in camera review. This production was flawed in significant ways. The Excel file containing the messages was corrupted and could not be opened, a voicemail file from Plaintiff's cell phone attached to the email could not be played using any media player, and other irrelevant documents were also provided. Further, the provided privilege log did not provide the text of the messages to be reviewed, so even had the spreadsheet been operational, it would have required the Court to compare dozens of messages listed on the privilege log as privileged with the scores of messages produced.

Also on November 8, 2023, Plaintiff sent a working spreadsheet of all Keyword Data, with privileged data included, to the Board. Counsel for the Board reported in a December 1, 2023, email to the Court that, upon receipt of the spreadsheet from Plaintiff's counsel on November 8, the Board's counsel "discovered that it contained entries that were seemingly attorney-client privileged." The Board's counsel represents they "notified Plaintiff's counsel of the disclosure of privileged information, but "[r]ather than sending the Board's counsel an updated spreadsheet omitting the privileged information, Plaintiff's counsel requested that [the Board's counsel] delete the privileged information." The Board's counsel represents this has been done. As a result, the Board now has all of

---

[29] R. Doc. 445 at pp. 1–2.
[30] R. Doc. 451.

the Plaintiff's Keyword Data that was collected by the keyword search, less any privileged communications.

On November 13, 2023, via the Court's efile address, Plaintiff sent the Court a working Excel spreadsheet of all Keyword Data. On November 15, at the Court's instruction, Plaintiff sent the Court a spreadsheet of just those messages in the Keyword Data withheld as privileged or highly personal, a corresponding privilege log, and a key to identify the persons associated with the phone numbers included in the spreadsheet.

On November 13, 2023, the Board filed its Motion to Compel Production of Cell Phone Data, Enforce Court's Orders, and Stay Proceedings Under Rule 37(b) and Request for Expedited Consideration (the "motion to compel").[31] In its motion, the Board asks the Court to order Plaintiff "to produce all responsive data . . . in compliance with this Court's orders" and seeks a stay of certain remaining discovery deadlines.[32] Plaintiff filed a response in opposition on November 15, 2023.[33]

Separately, on November 15, 2023, Plaintiff filed her Motion to Quash the Board's Discovery Request for Plaintiff's Private Cell Phone Data outside of November 2020 and December 2020 Time Periods (the "motion to quash").[34] In that motion, Plaintiff seeks to substantially limit the Board's requests for production as to Plaintiff's "private cell phone data" and asks the Court to "narrowly tailor" the Board's discovery of the data on Plaintiff's cell phone, including limiting the discoverable time period to just November and December of 2020.[35] On November 19, 2023, the Board filed its response in opposition to Plaintiff's motion to quash.[36]

---

[31] R. Doc. 453.
[32] *Id.*
[33] R. Doc. 457.
[34] R. Doc. 458.
[35] *Id.*
[36] R. Doc. 463.

On November 20, 2023, the Court emailed the Board to ask "whether the Board has custody of, or access to, the LSU cell phones used by any of the current or former LSU employees whose testimony the Board claims is relevant to this action." The Court also asked "whether the Board has obtained from Mr. Ausberry any communications he received from Plaintiff on his LSU cell phone or his personal cell phone." The Board replied that day via emailed letter.[37]

At the November 22, 2023, pretrial conference,[38] the Court discussed cell phone discovery with the parties and summarized the above timeline. Because the Board's November 20 letter with respect to the Custodian Data indicated a willingness to reduce the number of custodians, the Court asked the Board to offer a more limited set of custodians. The Board tentatively agreed to seek messages from Plaintiff's personal phone with three custodians: Verge Ausberry and two individuals whose names remain under seal from the public.[39] At the conference, the Court directed Plaintiff's counsel to ask the data retrieval expert how many messages on Plaintiff's personal phone were between Plaintiff and Verge Ausberry. Via email on November 24, 2023, Plaintiff's counsel reported there were 1,036 messages between Plaintiff and Verge Ausberry. The Court then asked Plaintiff to provide those messages for in camera review.

On November 27, 2023, via efile, Plaintiff's counsel provided a cloud storage link to the messages between Plaintiff and Verge Ausberry; those messages are a portion of the Custodian Data. The Court has reviewed those messages in camera.

The Court now rules on the Board's motion for reconsideration, the Board's motion to compel, and Plaintiff's motion to quash.

---

[37] Included in this Order and Reasons as Attachment 1.
[38] R. Doc. 494.
[39] The two individuals have made allegations of sexual harassment against certain athletics department employees at LSU.

## LAW AND ANALYSIS

The focus of the three motions is the Plaintiff's production of communications from her personal cell phone. The Board's position is that those communications are discoverable because "Plaintiff has placed human interaction at the center of this case," and her "interactions" with the agreed-upon custodians, as recorded in the communications on her cell phone, are "relevant to the claims and defenses in this matter."[40] In response, Plaintiff contends the Board's requests for production are "overly broad, not relevant[, nor] proportional to Plaintiff's Title IX and Title VII claims."[41]

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that discovery must be "proportional to the needs of the case," and Courts must weigh whether "the burden or expense of the proposed discovery outweighs its likely benefit."[42] When weighing the costs and benefits of certain discovery under Rule 26, Courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources," and "the importance of the discovery in resolving the issues."[43] To be sure, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[44] "The parties may begin discovery without a full appreciation of the factors that bear on proportionality,"[45] but ultimately, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."[46]

---

[40] R. Doc 463 at p. 3. The Board also makes a separate argument that Plaintiff's objections to the the Board's requests for production, as provided in her motion to quash, are untimely. *See id.* at pp. 3–4.
[41] R. Doc. 458-1 at p. 1.
[42] Fed. R. Civ. P. 26(b)(1).
[43] *Id.*
[44] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir.2011) (quotation omitted).
[45] *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 467 (N.D. Tex. 2015).
[46] *Id.*

Rule 34 of the Federal Rules of Civil Procedure, which governs the production of electronically stored information ("ESI") like Plaintiff's communications on her personal cell phone, explicitly provides that a request for production of ESI must fall "within the scope of Rule 26(b)";[47] in other words, such a request must be proportional to the needs of the case.

"Inspection or testing of certain types of [ESI] or of a responding party's electronic information system may raise issues of confidentiality or privacy."[48] "The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."[49] Further, the utility of the examination must be clearly defined and specified: "[M]ere skepticism that an opposing party has not produced all relevant information" and "a mere desire to check that the opposition has been forthright in its discovery responses" do not suffice to "warrant drastic discovery measures like an exhaustive computer forensic examination."[50] Courts should "guard against" the "undue intrusiveness" that may result from such an examination.[51]

Because the Keyword Data, less attorney-client communications, has been produced to the Board, the Court need only consider  the production of the Custodian Data. The Court has reconsidered its order that Plaintiff's counsel was required to produce only "that data transmitted to Plaintiff's counsel by the parties' joint expert on October 23, 2023," that is, the Keyword Data. The Court will require Plaintiff to provide to the Board that portion of the Custodian Data consisting of communications between Plaintiff and Verge Ausberry from July 17, 2016 to March 24, 2021, provided to the Court on

---

[47] Fed. R. Civ. P. 34(a).
[48] Committee Notes on Rules—2006 Amendment, Fed. R. Civ. P. 34.
[49] *Tingle v. Hebert*, CV 15-626-JWD-EWD, 2018 WL 1726667, at *8 (M.D. La. Apr. 10, 2018) (citation omitted).
[50] *Id.* at *6 (collecting cases) (citations and quotations omitted).
[51] Committee Notes on Rules—2006 Amendment, Fed. R. Civ. P. 34.

November 27, 2023, via efile, in a cloud storage link.  No attorney-client or other privilege is applicable to these text messages, and the data is relevant to at least some of the issues to be decided in this action. The Court will not require the Plaintiff to provide the text messages included in the Custodian Data between Plaintiff and A.J. or N.J. Those two individuals have been deposed by the Board in connection with this litigation and, it appears from the deposition, the Board is in possession of text messages from at least one of their cellphones. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that discovery must be "proportional to the needs of the case," and Courts must weigh whether "the burden or expense of the proposed discovery outweighs its likely benefit." The Court finds that the production of the text messages between Plaintiff and Verge Ausberry is sufficient to meet the needs of the case and that the burden of any further production would outweigh its likely benefit.

## CONCLUSION

Upon consideration of the facts and the law, and the parties' arguments, the Motion for Reconsideration[52] is **GRANTED IN PART**. The Court's Order included in the Court's November 2, 2023, Minute Entry[53] with respect the Custodian Data will be reconsidered.

---

[52] R. Doc. 445.
[53] R. Doc. 441.

**Keyword Data**

The Board's Motion to Compel Production of Cell Phone Data[54] with respect to the Keyword Data is **DENIED** as moot, and the Plaintiff's Motion to Quash[55] is **DENIED** as moot. The Plaintiff is not required to provide any additional Keyword Data to the Defendant.

**Custodian Data**

The Board's Motion to Compel Production of Cell Phone Data[56] with respect to the Custodian Data is **GRANTED IN PART**, and the Plaintiff's Motion to Quash[57] is **DENIED IN PART**.

**IT IS ORDERED** that Plaintiff produce to Defendant **by Sunday, December 3, 2023,** her private cell phone text messages between herself and Verge Ausberry from July 17, 2016, to March 24, 2021.[58]

**Supplemental Exhibit Lists**

**IT IS FURTHER ORDERED** that Plaintiff or Defendant may add text messages from the production on Sunday December 3, 2023 to their exhibit lists by filing a supplemental exhibit list **by Monday, December 4, 2023, at 5:00 p.m.**[59] Any text messages added as exhibits must be included in a separate bench book delivered to the Court **by Tuesday, December 5, 2023, at 12:00 p.m**.

---

[54] R. Doc. 453.

[55] R. Doc. 458.

[56] R. Doc. 453.

[57] R. Doc. 458.

[58] These are the email messages sent to the Court's efile address by the Plaintiff on November 27, 2023. The parties are reminded that the Court will not allow the introduction of cumulative evidence at trial, including cumulative text and email messages. Neither will the Court allow the introduction of purely personal cellphone messages between Plaintiff and her family and friends. Fed. R. Evid. 403.

[59] Neither party may include as exhibits any videos produced from Plaintiff's cell phone because any probative value they may have is exceeded by the possibility of unfair prejudice. Fed. R. Evid. 403.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant may file objections to any of the text messages listed on a supplemental exhibit list **by Wednesday, December 6, 2023 at 12:00 p.m.**

**IT IS FURTHER ORDERED** that the Court will hold a videoconference with all counsel **on Thursday, December 7, 2023 at 11:00 a.m.** to discuss trial preparation, including objections to exhibits.[60] The Court will provide instructions for participating in the conference to all parties.

**IT IS FURTHER ORDERED** that the Board's Motion for Reconsideration[61] and Motion to Compel Production of Cell Phone Data[62] are otherwise **DENIED** as the additional production requested is disproportional of the needs of the case.[63]

New Orleans, Louisiana, this 2nd day of December, 2023.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[60] The Court will consider the Plaintiff's Motions in Limine with respect to her LSU and private cellphones at that time, as well as the Board's opposition. R. Docs. 478, 479, and 504.
[61] R. Doc. 445.
[62] R. Doc. 453.
[63] The Board's request for attorneys' fees and costs is denied.