UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                                          CIVIL ACTION
    Plaintiff

VERSUS                                                 NO. 21-198-SM-RLB

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,
    Defendant

## ORDER AND REASONS

Before the Court are four Motions in Limine (Nos. 1, 2, 4, and 6) filed by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board").[1]

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored."[2] "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."[3] "An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[4] "Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence 'may be resolved in the proper context.'"[5] "When ruling on motions in limine, the Court 'maintains great discretion [as

---

[1] R. Docs. 481, 483, 486, 488. The other motions in limine filed by the Board will be decided separately.
[2] *Auenson v. Lewis*, No. CIV. A. 94-2734, 1996 WL 457258 at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993).
[3] *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds).
[4] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).
[5] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083 at *1 (M.D. La. Feb. 17, 2023) (quoting *Auenson*, 1996 WL 457258, at *1).

1

to] evidentiary determinations.'"[6] If the evidence is not clearly inadmissible on all grounds, the better course is for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

## LAW AND ANALYSIS

### I. The Board's Motion in Limine No. 1 will be denied in part and granted in part.

In its Motion in Limine No. 1,[7] the Board seeks exclusion of evidence, argument, and testimony regarding "claims that have been previously dismissed by this Court, abandoned by Plaintiff, and not alleged in the operative complaint."[8] The Board argues Plaintiff "conceded dismissal" of the following claims by not directly opposing the Board's Motion for Summary Judgment as to these claims:

> (1) race discrimination under Title VII; (2) gender discrimination under Title VII based on her pay; (3) retaliation under Title VII and Title IX based on denied committee assignments; (4) retaliation under Title VII based on the hiring of Frank Wilson; and (5) a retaliatory hostile work environment under Title VII and Title IX.[9]

The Board argues evidence related to these claims should be excluded.

In its recent Order and Reasons, the Court denied summary judgment as to Plaintiff's claims of race and gender discrimination under Title VII and retaliation under Title VII and Title IX.[10] Accordingly, evidence related to these claims is relevant and not unfairly prejudicial. The Court will deny the Board's requests to exclude evidence related to these claims.

As for the Board's concern regarding evidence related to a retaliatory hostile work environment claim, the Court has acknowledged that a claim for retaliatory hostile work

---

[6] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[7] R. Doc. 481.
[8] *Id.* at p. 1.
[9] R. Doc. 481-1 at 6.
[10] *See* Order and Reasons on the Board's Motion for Summary Judgment.

2

environment is not cognizable under Fifth Circuit precedent.[11] However, the Board has not indicated which, if any, evidence Plaintiff might introduce to support an alleged retaliatory hostile work environment claim that would differ from the evidence used to support a hostile work environment based on sex, which the Court has recognized as one of Plaintiff's unresolved and viable claims.[12] Accordingly, evidence related to Plaintiff's hostile work environment claim based on sex is relevant and not unfairly prejudicial. The Court will deny the Board's request to exclude evidence related to Plaintiff's claim of a hostile work environment based on sex.[13]

Finally, the Board seeks to exclude evidence related to Plaintiff's claims for pre-April 8, 2020 Title IX retaliation and her Civil RICO claims against the Board and the dismissed defendants.[14] Specifically, the Board seeks to exclude evidence of:

> [A]ny evidence, argument or testimony concerning the October 2018 PM-73 investigation regarding Plaintiff and the resulting alleged discipline; the alleged denial of promotions dating back to 2013; the denial of access to resources and administrative support staff dating back to 2013; disciplinary actions predating April 8, 2020; and receipt of alleged significantly lower compensation dating back to 2013.[15]

The Board argues that evidence "regarding dismissed claims that [is] irrelevant to remaining claims should be excluded at trial."[16] However, the Court finds this evidence regarding pre-April 8, 2020 Title IX retaliation may be relevant to some or all of Plaintiff's remaining claims, including Title IX retaliation. Accordingly, the Court finds evidence

---

[11] *See* Order and Reasons on the Board's Motion for Summary Judgment at p. 1-2 (citing *Heath v. Bd. of Sup. for South. Univ. & Agri. and Mech. Coll.*, 850 F.3d 731, 741 n.5 (5th Cir. 2017) ("We have not recognized a retaliatory hostile work environment cause of action.")).
[12] *See* Order and Reasons on the Board's Motion for Summary Judgment.
[13] Defendant argues Plaintiff did not make a claim of a sexually hostile work environment in her Second Amended Complaint. (R. Doc. 481-1 at 3). However, Plaintiff addressed this claim in her opposition to the motion for summer judgment (R. Doc. 432) and the Court has denied summary judgment on this claim (See Order and Reasons on Board's Motion for Summary Judgment).
[14] R. Doc. 481-1 at p. 5.
[15] *Id.*
[16] *Id.* (citing *Bosley v. Allain*, 2011 U.S. Dist. LEXIS 45726 at *3-4 (M.D. La. Apr. 27, 2011).

3

related to discriminatory incidents outside of the statutory periods may be relevant to Plaintiff's remaining claims and are not unfairly prejudicial and therefore will deny the Board's request to exclude this evidence. The Plaintiff will not be allowed to offer evidence, argument or testimony regarding her dismissed civil RICO claims against the Board or to elicit testimony that the Board engaged in a conspiracy or an illegal scheme and the request to exclude this evidence will be granted.[17]

Accordingly, the Board's Motion in Limine No. 1 will be denied in part and granted in part.

## II. The Board's Motion in Limine No. 2 will be denied.

In its Motion in Limine No. 2,[18] the Board seeks exclusion of evidence, argument, and testimony related to events outside the statutory period for Plaintiff's Title IX and Title VII claims.[19] The Court acknowledges that Plaintiff's recovery for Title IX and Title VII claims are limited to events that took place after April 8, 2020 and June 19, 2020, respectively.[20] The Court also has held that discrete incidents of racial or sexual harassment occurring in 2016 or before may not be used under the "continuing violation theory" to support Plaintiff's claim that there was a pattern or practice of harassment so severe and pervasive as to constitute a hostile work environment.[21]

Nevertheless, incidents occurring outside of the statutory period may be used as evidence of a discriminatory or retaliatory atmosphere regarding Plaintiff's remaining Title IX and/or Title VII claims. "[B]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment

---

[17] The Court held that neither party may introduce the Fifth Circuit's opinion in *Lewis v. Danos*, No. 22-30670 (5th Cir. Oct. 12, 2023). R. Doc. 505.
[18] R. Doc. 483.
[19] *Id*. at p. 1.
[20] *See* R. Doc. 107 and Order and Reasons on the Board's Motion for Summary Judgment).
[21] See Order and Reasons on the Board's Motion for Summary Judgment.

4

are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."[22] A background of discrimination or retaliation may be probative of an instance of that same type of discrimination. Blanket evidentiary exclusions are particularly disfavored in employment discrimination cases "in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives."[23]

The Board's Motion in Limine No. 2 will be denied.[24]

### III.    The Board's Motion in Limine No. 4 will be denied.

In its Motion in Limine No. 4,[25] the Board seeks exclusion of evidence, argument, and testimony regarding Frank Wilson's alleged sexual harassment of Plaintiff before 2016 and regarding whether LSU investigated Plaintiff's allegations about Wilson after her termination in 2022.[26]

The Board argues evidence of Wilson's alleged sexual harassment of Plaintiff prior to 2016 is irrelevant to Plaintiff's remaining Title IX retaliation claim, which only involves conduct occurring after April 8, 2020.[27] The Court has recently held that there is a genuine issue of material fact as to who ordered Plaintiff's termination and why.[28] To the extent Wilson's past harassment of Plaintiff was known to the individual(s) who terminated Plaintiff and to the extent Plaintiff's reporting of said harassment was causally connected to her termination, the evidence is probative and not unfairly prejudicial.

The Board further argues evidence of Wilson's alleged sexual harassment of

---

[22] *Id.* (quoting *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 359 (5th Cir. 1995)).
[23] *Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 155(8th Cir.
[24] R. Doc. 483.
[25] R. Doc. 486.
[26] *Id.* at p. 1.
[27] R. Doc. 486-1 at pp. 3-4.
[28] Order and Reasons on the Board's Motion for Summary Judgment.

5

Plaintiff prior to 2016 cannot be used to establish her Title VII hostile work environment claim, which may only involve conduct occurring after June 19, 2020.[29] As discussed above, the Court has held that discrete incidents of sexual harassment occurring in 2016 or before may not be used under the "continuing violation theory" to support Plaintiff's claim that there was a pattern or practice of harassment so severe and pervasive as to constitute a hostile work environment on the basis of sex.[30]

Nevertheless, incidents occurring outside of the statutory period may be used as evidence of a discriminatory atmosphere regarding Plaintiff's Title VII claim for a hostile work environment on the basis of sex. "[B]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."[31]

Finally, the Board argues evidence of Wilson's rehiring and/or the failure of LSU to investigate allegations of Wilson's sexual harassment after Plaintiff's termination should be excluded.[32] The Board claims these events did not occur during Plaintiff's tenure at LSU, and so could not have been evidence of hostile work environment or retaliation against her.[33]

Plaintiff has not raised any allegations regarding Wilson's conduct towards her after his rehire. However, Plaintiff has argued Wilson's rehiring evinces sexual discrimination and/or retaliation on the part of the decisionmaker(s) who were aware of Plaintiff's allegations of sexual harassment against Wilson and nonetheless rehired him.[34]

---

[29] R. Doc. 486-1 at pp. 4-5.
[30] Order and Reasons on the Board's Motion for Summary Judgment.
[31] *Id.*
[32] R. Doc. 486-1 at 7.
[33] *Id.*
[34] *See, e.g.,* R. Doc. 432 at p. 25.

6

As such, evidence regarding the rehiring of Wilson is relevant to Plaintiff's remaining claims for Title VII sex discrimination and hostile work environment and/or Title IX retaliation.

The Board claims Plaintiff is not entitled to introduce evidence regarding any investigation, or lack thereof, of Wilson that occurred after her termination since "this post-termination conduct is not at issue."[35] The Court acknowledges Plaintiff may not recover for any claims based on post-termination conduct by the Board, and Plaintiff does not assert any such claims. However, Plaintiff's remaining Title VII and Title IX claims involve a genuine issue of material fact as to who ordered Plaintiff's termination and why.[36] To the extent the individual(s) who terminated Plaintiff were aware of Plaintiff's allegations of Wilson's sexual harassment and failed to investigate them, the evidence is probative and not unfairly prejudicial.

Accordingly, the Board's Motion in Limine No. 4 will be denied.

### IV. The Board's Motion in Limine No. 6 will be granted in part and denied in part.

In its Motion in Limine No. 6,[37] the Board seeks exclusion of evidence, argument, and testimony related to Board involvement in athletics.[38] Specifically, the Board seeks to exclude any evidence related to "(1) Southern Association of Colleges and Schools Commission on Colleges ("SACSCOS") Standard 5.2.b; (2) the termination of Joe Alleva; and (3) the hiring of Scott Woodward."[39] The Board argues this evidence is not relevant to any of Plaintiff's remaining Title IX or Title VII claims, since, it claims "Brian Kelly is the person who made the decision to terminate Lewis, not the Board of Supervisors."[40]

---

[35] R. Doc. 486-1 at 11.
[36] Order and Reasons on the Board's Motion for Summary Judgment.
[37] R. Doc. 488.
[38] *Id.* at p. 1.
[39] R. Doc. 488-1 at p.1.
[40] *Id.* at p. 4.

7

The Court grants the Board's request to exclude evidence regarding the termination of Joe Alleva and the hiring of Scott Woodward. This testimony is irrelevant to Plaintiff's allegations and has no probative value. Any slight probative value it may have is outweighed by the risk of unfair prejudice.[41]

SACSCOS Standard 5.2.b may have some relevance to the disputed issue of material fact as to who ordered Plaintiff's termination.[42] Accordingly, the Court denies the Board's request to exclude this evidence.

The Board's Motion in Limine No. 6 will therefore be granted in part and denied in part.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that the Board's Motions in Limine Nos. 2, and 4, are **DENIED** and Motions in Limine Nos. 1 and 6 are **DENIED IN PART** and **GRANTED IN PART**.[43]

**New Orleans, Louisiana, this 3rd day of December, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[41] Neither will the Plaintiff be allowed to elicit testimony regarding Will Wade.
[42] Order and Reasons on the Board's Motion for Summary Judgment.
[43] R. Docs. 481, 483, 486, 488.