## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| | |
| **BOARD OF SUPERVISORS OF LOUISIANA** | |
| **STATE UNIVERSITY AND AGRICULTURAL** | |
| **AND MECHANICAL COLLEGE,** | |
| **Defendant** | |

## ORDER AND REASONS

Before the Court is Motion in Limine No. 5: To Exclude Evidence, Argument, and Testimony Regarding Proceedings Before the Senate Having No Relationship to Plaintiff's Claims[1] filed by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"). Plaintiff has filed a memorandum in opposition.[2] For the reasons that follow, the motion in limine is **DENIED.**

## BACKGROUND

In the parties' joint pretrial order, Plaintiff has listed, as exhibits, documents and video excerpts of statements made by Board members to the Louisiana State Senate: the statement of Mary Leach Werner to the Louisiana Senate Select Committee for Women and Children (the "Committee"), a letter from Stanley Jacobs to the Committee, a letter from Verge Ausberry to the Committee, and video excerpts of testimony before the Committee on March 10, 2021, March 26, 2021, and November 15, 2021 (together, the

---

[1] R. Doc. 487.
[2] R. Doc. 502.

"Committee Evidence")[3] Plaintiff's counsel has also indicated he will use some of the video excerpts in his opening or closing arguments.[4]

In its motion in limine, the Board argues that any "evidence, argument, and testimony regarding proceedings before the Committee are not relevant to Plaintiff's claims" and that "any testimony or argument regarding the handling of any allegation against Les Miles" would be "untimely, irrelevant, and highly prejudicial."[5] The Board further argues that "the statements and video excerpts of testimony before the Committee are hearsay" without an exception to permit their introduction.[6] Lastly, the Board argues that should Plaintiff seek to use the Committee Evidence as impeachment evidence, "Plaintiff forfeited the ability to use [the Committee Evidence] because she failed to comply with this Court's" deadlines concerning impeachment evidence.

The Court rejects each of these arguments, and the motion in limine will be denied.

## LAW AND ANALYSIS

"It is well settled that motions in limine are disfavored."[7] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[8] "Evidence which is not relevant is not admissible."[9]

That said, "[e]vidence is relevant" if "it has *any* tendency to make a fact . . . of

---

[3] R. Doc. 470 at pp. 38, 45, 47.
[4] *See* R. Doc. 470 at p. 55.
[5] R. Doc. 487 at p. 2.
[6] R. Doc. 487-1 at p. 2.
[7] *Auenson v. Lewis*, No. CIV. A. 94-2734, 1996 WL 457258 at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993).
[8] MGMTL, LLC v. Strategic Tech., 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[9] Fed. R. Evid. 402.

consequence in determining the action" "more or less probably than it would be without the evidence."[10] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[11] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[12]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[13] "Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence 'may be resolved in the proper context.'"[14] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[15] If the evidence is not clearly inadmissible on all grounds, the better course is for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

In an employment discrimination case, relevant evidence "typically includes unflattering testimony about the employer's history," which is evidence that "in other kinds of cases may well unfairly prejudice the jury against the defendant."[16] Yet in these cases, "such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."[17]

---

[10] Fed. R. Evid. 401 (emphasis added).
[11] Fed. R. Evid. 403.
[12] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[13] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).
[14] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083 at *1 (M.D. La. Feb. 17, 2023) (quoting *Auenson*, 1996 WL 457258, at *1).
[15] *Jackson v. State Farm Fire & Cas. Co*., 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[16] *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir.1988)
[17] *Id*.

Indeed, a "plaintiff's ability to prove discrimination"—or retaliation—"indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance or excessive mistrust of juries."[18]

The Court finds the Committee Evidence is relevant. This evidence, collectively, is Board members' statements to the Committee upon its inquiry into the handling of Title IX complaints by LSU after the release of the Husch Blackwell Report. The Board members' representations as to the university's Title IX policies and compliance are relevant to Plaintiff's Title IX claims.[19] Similarly, the court has already ruled that evidence and testimony concerning the Les Miles investigation is relevant.[20] For the same reasons, the Court finds that the Committee Evidence's relevance is not outweighed by risk of undue prejudice.[21]

Further, the Committee Evidence is not hearsay. Statements, like those in the Committee Evidence, offered against an opposing party are not hearsay when those statements are "made by the party's agent or employee on a matter within the scope of that relationship and while it existed."[22] The Board members made statements to the Committee as agents of the Board, within the scope of that relationship, at the time it existed. Accordingly, the Committee Evidence is not prohibited as hearsay.

Lastly, the Board misapprehends this Court's deadlines with respect to impeachment evidence. As the Amended Scheduling Order makes plain, the November 21, 2023, deadline concerns exhibits that "a party considers it has good cause not to

---

[18] *Riordan v. Kempiners*, 831 F.2d 690, 698 (7th Cir. 1987).

[19] *See* Fed. R. Evid. 401.

[20] *See* Order and Reasons on Board's Motion in Limine No. 3 (Plaintiff is "permitted to inquire as to the facts surrounding Miles's conduct, the investigation, the public records request, and where the related documents were held.")

[21] Plaintiff's use of this evidence is limited in accordance with this Court's other rulings on motions in limine. *See* Order and Reasons on Board's Motion in Limine No. 3.

[22] *See* Fed. R. Evid. 801(d)(2)(D).

disclose," that is, ones not produced in discovery.[23] The Committee Evidence exhibits, already in evidence, obviously do not fit that description.[24]

Accordingly;

**IT IS ORDERED** that the Board's Motion in Limine No. 5: To Exclude Evidence, Argument, and Testimony Regarding Proceedings Before the Senate Having No Relationship to Plaintiff's Claims is **DENIED**. Plaintiff may use the Committee Evidence.[25]

**New Orleans, Louisiana, this 4th day of December, 2023.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 468-1 at p. 5.

[24] Further, the Amended Scheduling Order also provides that the November 21, 2023, deadline applies to is for "[a]ny exhibits to be used *solely* for impeachment." R. Doc. 468 at p. 5 (emphasis added). Plaintiff has made clear she does not intend to use the Committee Evidence solely for impeachment—indeed, the Board objects to her using it in her opening argument.

[25] Plaintiff's counsel is specifically permitted to use the videos from the Committee Evidence during opening arguments.