UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-198-SM-RLB** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE,**<br>    Defendant | |

### ORDER AND REASONS

Before the Court is Motion in Limine No. 3: To Exclude Evidence, Argument, Testimony and Witnesses Related to Alleged "Concealment" ("motion in limine") filed by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board").[1] The Board "moves this Court to exclude the introduction of any evidence, argument, testimony, and witnesses related to alleged 'concealment'" (together, the "concealment evidence") as it relates to the actions of the Board and certain of its members with respect to "alleged 2012 and 2013 reports of misconduct by Les Miles, privileged and non-privileged responses to those reports, and requests for those reports by third parties."[2] Plaintiff has filed a memorandum in opposition.[3] For the reasons that follow, the motion in limine is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] R. Doc. 484.
[2] *Id.* at p. 1.
[3] R. Doc. 502.

1

## BACKGROUND

On March 14, 2023, the Court issued its Order and Reasons finding that, because Plaintiff had made a prima facie showing, the crime-fraud exception to attorney-client privilege applied to permit discovery based on Plaintiff's allegation that the Board violated La. R.S. 14:132(B), which prohibits injury to a public record.[4] The Court compelled the depositions of Les Miles, attorneys at Taylor Porter, and certain board members, and further compelled production of documents related to Plaintiff's allegation that the Board allegedly concealed sexual harassment allegations made against Les Miles.[5]

The Board petitioned the United States Court of Appeals for the Fifth Circuit for a writ of mandamus as to the Court's crime-fraud rulings,[6] and the petition was denied.[7] In its order denying the petition, the Fifth Circuit wrote it was "confident [this Court] will take reasonable measures" to monitor the crime-fraud-related discovery, including in camera review of "responsive documents [that may] contain privileged information."[8] The Court later conducted such a review,[9] finding that in response to Plaintiff's concealment requests, the Board had appropriately redacted the documents produced and did not need to produce additional documents or portions of documents.[10]

Plaintiff now lists, as exhibits to be used at trial, certain documents that may relate to the alleged concealment,[11] and lists as witnesses individuals who Plaintiff represents will testify regarding "the Board conspiracy to conceal Title IX complaints against

---

[4] R. Doc. 316.
[5] R. Doc. 340.
[6] R. Doc. 370.
[7] R. Doc. 418.
[8] *Id.* at p. 4.
[9] *See* R. Docs. 423, 469. This should address the Board's concern that the Board's attorney-client privileged information will be disclosed. R. Doc. 484 at p. 3.
[10] R. Doc. 469.
[11] *See* R. Doc. 470.

Coaches and Athletes" or "the Board's scheme to conceal Title IX complaints."[12]

In its motion in limine, the Board argues that any "evidence, argument, testimony[, or] witnesses related to alleged 'concealment' should be precluded" from trial as "irrelevant to Plaintiff's remaining claims."[13] In the alternative, the Board offers that should the Court find relevance, "any probative value is substantially outweighed by the danger of unfair prejudice to the Board, confusion of the remaining claims at issue, and potential for misleading the jury."[14]

## LAW AND ANALYSIS

"It is well settled that motions in limine are disfavored."[15] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[16] "Evidence which is not relevant is not admissible."[17]

That said, "[e]vidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probably than it would be without the evidence."[18] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[19] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though

---

[12] *Id.* at p. 61.
[13] R. Doc. 484. at p. 2.
[14] *Id.*
[15] *Auenson v. Lewis*, No. CIV. A. 94-2734, 1996 WL 457258 at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993).
[16] MGMTL, LLC v. Strategic Tech., 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[17] Fed. R. Evid. 402.
[18] Fed. R. Evid. 401 (emphasis added).
[19] Fed. R. Evid. 403.

3

not necessarily, an emotional one."[20]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[21] "Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence 'may be resolved in the proper context.'"[22] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[23] If the evidence is not clearly inadmissible on all grounds, the better course is for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

In an employment discrimination case, relevant evidence "typically includes unflattering testimony about the employer's history," which is evidence that "in other kinds of cases may well unfairly prejudice the jury against the defendant."[24] Yet in these cases, "such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."[25] Indeed, a "plaintiff's ability to prove discrimination"—or retaliation—"indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance or excessive mistrust of juries."[26]

The Court finds the factual evidence relating to the alleged misconduct by Les Miles and the investigation of that misconduct is relevant and its relevance is not

---

[20] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[21] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).
[22] *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083 at *1 (M.D. La. Feb. 17, 2023) (quoting *Auenson*, 1996 WL 457258, at *1).
[23] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[24] *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir.1988)
[25] *Id.*
[26] *Riordan v. Kempiners*, 831 F.2d 690, 698 (7th Cir. 1987).

4

outweighed by the risk of undue prejudice.

Plaintiff **may** inquire as to the facts surrounding Miles's conduct, the investigation, the public records request, and where the related documents were held.[27] Plaintiff **may not** refer to "crime-fraud," the rulings of this Court or of the Fifth Circuit,[28] or describe the documents as being "concealed." The risk of unfair prejudice from these characterizations outweighs any limited probative value. Nor may Plaintiff's counsel refer to a scheme, plot, conspiracy, or "pattern and practice" with respect to the Miles Report or investigation.[29] The Plaintiff must make her points through the evidence, not through her counsel's characterizations of what it shows.

Neither may the Plaintiff question Robert Barton, Vicki Crochet, and Board members about their attorney-client communications. As the Board correctly points out, the Court's rulings on the crime-fraud exception occurred in the context of discovery only,[30] when the threshold for relevance is lower than at the trial stage. The Court finds that the invasion of the attorney-client privilege during questioning at the trial is not warranted. There are other witnesses the Plaintiff may question about the Miles Report, the investigation, and where the related documents were retained. The Plaintiff has not shown why she should be given leave to invade the privilege.

---

[27] With respect to whether Robert Barton and Vicki Crochet will be allowed to testify on these topics, an appeal is pending. *See* Dkt. No. 41, *Lewis v. Crochet*, 5th Cir. No. 23-30386 (November 30, 2023).
[28] *See* R. Doc. 505 at p.4 n.20.
[29] Plaintiff overreads the case law concerning an organization's "pattern and practice" of discrimination. To support her point that she will attempt to show a "pattern and practice of illegal conduct" by the Board, she cites a discussion of "systemwide discrimination" in *International Brotherhood of Teamsters v. United States,* a case that arose out of a years-long government enforcement action against the Teamsters. 431 U.S. 324, 328–32. "As the plaintiff, the Government bore the initial burden of making out a prima facie case of discrimination," and its key evidence was a statistical analysis of the race of more than 6,400 employees and those employees assigned to the 1,828 higher-paying "line driver[]" jobs. *Id.* at p. 337. The Government supplemented those "cold numbers" with individual testimony. *Id.* at 337–39. Plaintiff has not conducted an investigation of this scale and does not possess the quantity of evidence necessary to show any "pattern and practice" by the Board.
[30] *See* R. Docs. 316, 340.

The Board also argues that these events occurred too long ago to have any relevance.[31] The Court acknowledges that Plaintiff's recovery for Title IX and Title VII claims is limited to events that took place after April 8, 2020 and June 19, 2020, respectively.[32] The Court also has held that discrete incidents of racial or sexual harassment occurring in 2016 or before may not be used under the "continuing violation theory" to support Plaintiff's claim that her harassment was so severe and pervasive as to constitute a hostile work environment.[33]

Nevertheless, incidents occurring outside of the statutory period may be used as evidence of a discriminatory or retaliatory atmosphere regarding Plaintiff's remaining Title IX and/or Title VII claims. "[B]ecause an employer's past . . . practice[s] may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."[34] Accordingly;

**IT IS ORDERED** that the Board's Motion in Limine No. 3: To Exclude Evidence, Argument, Testimony and Witnesses Related to Alleged "Concealment" **is GRANTED IN PART** and **DENIED IN PART.**

Plaintiff is permitted to inquire as to the facts surrounding Miles's conduct, the investigation, the public records request, and where the related documents were held.

Plaintiff is not permitted to: refer to "crime-fraud," the rulings of this Court, or of the Fifth Circuit; describe the documents as being "concealed"; refer to a scheme, plot, conspiracy, or "pattern and practice" with respect to the Miles Report or investigation; or

---

[31] R. Doc. 484-1 at 10.
[32] *See* R. Doc. 107 and Order and Reasons on Board's Motion for Summary Judgment.
[33] Order and Reasons on Board's Motion for Summary Judgment.
[34] *Id.* (quoting *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 359 (5th Cir. 1995)).

6

question Robert Barton, Vicki Crochet, and Board members about their attorney-client communications.

**New Orleans, Louisiana, this 4th day of December, 2023.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**