# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARON LEWIS** | **CIVIL ACTION NO. 3:21-cv-00198-SM-RLB** |
| **VERSUS** | |
| | **JUDGE SUSIE MORGAN** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS** |

### MEMORANDUM REGARDING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"), and respectfully submits the following memorandum outlining its objections to Plaintiff's trial exhibits in accordance with the Court's Pretrial Notice (R. Doc. 437-1) and Amended Scheduling Order (R. Doc. 468).

### Exhibit No. 100

The Board objects to Exhibit 100 as offered by Plaintiff, because the document is hearsay pursuant to Rule 801 *et seq*. of the Federal Rules of Evidence, and further lacks proper foundation in that there is no evidence to establish what data was considered (or excluded) in reaching the figures therein, nor has the reliability of those figures been established. The document itself says "unaudited" at the top, highlighting the fact that the figures therein have not been verified in any material way. Plaintiff has not indicated that any witnesses with personal knowledge will be called to lay a proper foundation for this document. The Board also objects because this document is irrelevant under Rule 402 of the Federal Rules of Evidence. This document pertains to the revenues and expenses of the LSU Athletic Department, which is not a

1

fact at issue in this case.  To the extent Plaintiff might posit this relates to damages in some way, this evidence is needlessly cumulative, as Plaintiff can establish her salary in many other ways. Finally, this exhibit, like many others, appears to contain fragments of Plaintiff own highlighting or annotations, and is thereby not a true and correct copy of the original.[1]

**Exhibit Nos. 101, 105**

The Board objects to Exhibits 101 and 105 as offered by Plaintiff, on the grounds of relevance and unfair prejudice. Exhibit 101 is a guidance document created by the Department of Education in July 2021 and updated in June of 2022, which is after the time period at issue and thus could only serve to prejudice the jury by displaying untimely and improper Title IX guidance. Exhibit 105 was also created in 2021, which is after the time period at issue. Additionally, as outlined in the Board's motions in limine, the only fact at issue with respect to Title IX is whether Plaintiff engaged in protected activity by making Title IX reports and suffered retaliation as a result. Neither a Department of Education guidance document nor LSU's policies regarding mandatory reporting of Title IX sexual misconduct relate to whether Plaintiff engaged in Title IX protected activity. Additionally, Exhibit 105 contains highlighting added by Plaintiff, which is neither authentic nor appropriate and should be reserved for demonstratives.

**Exhibit No. 102**

The Board objects to Exhibit 102 as offered by Plaintiff on grounds of relevance. This document was issued in 2018, so it can only relate to Plaintiff's prescribed claim of a retaliatory Title IX investigation related to Plaintiff's failure to report, so it has no probative value. Any introduction of this document would only confuse the jury because it does not pertain to the determination of whether Plaintiff engaged in Title IX protected activity. To the extent it is being

---

[1] The Board shows that on this particular exhibit the highlights are simply distracting whereas on other documents there are annotations to call attention to specific portions of the document to the exclusion of others, and thereby those exhibits function more as demonstratives than as true and correct copies that should be admitted into evidence.

introduced for any other purpose, the Board further objects because any effort to establish an appropriate foundation as required by Fed. R. Evid. 901 for this exhibit will only serve to confuse the jury.

### Exhibit Nos. 103, 104, 108, 110

The Board objects to these exhibits on grounds of relevance and unfair prejudice. In particular, these documents all relate to Title IX response by LSU and its efforts to implement changes to the Title IX system *for students*. Plaintiff has no claim arising out of LSU's compliance with Title IX law as to students or LSU's response to Title IX reports because Plaintiff, as a non-student, cannot bring such a claim. Thus, these exhibits would only confuse the jury by placing matters for which Plaintiff cannot recover at issue. Additionally, Exhibit No. 103 contains highlighting, which is neither authentic nor appropriate and should be reserved for demonstratives.

Finally, the Board further objects to Exhibit No. 110 because the included Husch Blackwell report is replete with hearsay statements pursuant to Rule 801 *et seq*. of the Federal Rules of Evidence, and its limited probative value as to Plaintiff's own claims, if any, is largely outweighed by the prejudice of introducing the volume of unrelated extrinsic evidence and the potential for confusing the jury. Exhibit No. 110 also contains highlighting, which, again, is neither authentic nor appropriate and should be reserved for demonstratives.

### Exhibit No. 106

The Board objects to Exhibit 106 as offered by Plaintiff on the grounds of relevance, unfair prejudice, and lack of foundation. This document, the Southern Association of Colleges and Schools Commission on Colleges ("SACSCOS") Standard 5.2.b, was the subject of the Board's Motion in Limine No. 6, to exclude evidence of Board involvement in athletics. The

Board respects the Court's ruling on its motion, but reincorporates its arguments here as set forth in that Motion so as not to waive them.

The Court found that SACSCOS Standard 5.2.b "may have some relevance" regarding who ordered Plaintiff's termination. (R. Doc. 507, p. 8) Respectfully, SACSCOS Standard 5.2.b does not have any relevance this issue. The Court found that it was unclear whether Scott Woodward (the athletic director) or Brian Kelly (the head football coach) terminated Plaintiff. This document does nothing to resolve that issue. Indeed, Plaintiff's own arguments with respect to the purported relevance of this document make no mention of Plaintiff's termination. (R. Doc. 502) This makes sense, because the Board is not involved in termination of non-contract employees such as Plaintiff, and Plaintiff previously relied on this document with respect to contract employees. Given the Court's statement about the limited relevance of this document, since SACSCOS does not actually relate to that issue, it is not probative and must be excluded under Rule 402.

**Exhibit No. 107**

The Board objects to Exhibit 107 as offered by Plaintiff on the grounds of relevance and unfair prejudice. This document pertains to unrelated NCAA investigations, including that of Will Wade, which evidence has been excluded by this Court's order. (R. Doc. 507, at fn. 41) The documents are also hearsay within the meaning of Rule 801 of the Federal Rules of Evidence and inadmissible under Fed. R. Evid. 802, and are wholly lacking in foundation required by Fed. R. Evid. 901.

**Exhibit No. 109**

The Board objects to Exhibit 109 as offered by Plaintiff on the grounds of relevance and unfair prejudice. This document, which has an effective date post-dating this lawsuit, bears no

probative value to the issues in this case. The documents are also hearsay within the meaning of Rule 801 of the Federal Rules of Evidence and inadmissible under Fed. R. Evid. 802, and are wholly lacking in foundation required by Fed. R. Evid. 901.

**Exhibit Nos. 111-126: Alleged Concealment**

The Board objects to Exhibits Nos. 112-126 on grounds of relevance, hearsay, unfair prejudice, and lack of foundation. In particular, these documents pertain to alleged "concealment" and concern events occurring outside of the prescriptive period applicable to Plaintiff's remaining claims. These documents are irrelevant and unduly prejudicial under Rules 402 and 403 of the Federal Rules of Evidence for the reasons more fully briefed in the Board's Motion in Limine No. 3 to Exclude Evidence, Argument, Testimony and Witnesses Related to Alleged "Concealment" (R. Doc. 484). The Board incorporates by reference as if fully set forth herein the arguments stated in its Motion in Limine No. 3. In ruling on this Motion, the Board acknowledges that the Court held that "Plaintiff **may** inquire as to the facts surrounding Miles's conduct, the investigation, the public records request, and where the related documents were held," and that the events "may be used as evidence of a discriminatory or retaliatory atmosphere." (R. Doc. 509, pp. 5-6 (emphasis in original)) However, the Board reiterates its objections to such exhibits here so as to not waive them.

In addition, in ruling on the Board's Motion in Limine No. 3 the Court held that "Plaintiff **may not** refer to 'crime-fraud,' the rulings of this Court or the Fifth Circuit, or describe the documents as being 'concealed.'" (R. Doc. 509, p. 5 (emphasis in original)) This Court further held that Plaintiff's counsel may not "refer to a scheme, plot, conspiracy, or 'pattern and practice' with respect to the Miles Report or investigation." (*Id.*) These rulings further negate the relevancy of any documents related to alleged "concealment" Plaintiff seeks to introduce at

trial. The documents are also hearsay within the meaning of Rule 801 of the Federal Rules of Evidence and inadmissible under Fed. R. Evid. 802, and are wholly lacking in foundation required by Fed. R. Evid. 901.

**Exhibit Nos. 127, 141-153**

The Board objects to Exhibit Nos. 127, 141 to 153 on grounds of relevance, hearsay, and unfair prejudice. In particular, these documents pertain to certain testimony before and statements submitted to the Louisiana Senate Select Committee for Women and Children. Plaintiff posits that this evidence is relevant to her showing a "capture and kill" scheme because relates to the "concealment" of the Miles investigation. (R. Doc. 502, p. 15) This Court has precluded Plaintiff from offering evidence for such reasons or arguing to the jury that there was any such "scheme," and these exhibits are thereby irrelevant and inadmissible pursuant to that order. Additionally, the Board respects the Court's ruling on its *Motion in Limine* related to these videos and testimony but respectfully disagree and re-urges its objections here so as to not waive them.

Plaintiff made clear through her opposition to the Board's motion what her intention is with respect to this evidence, which is inadmissible as outlined above. The additional potential purposes for offering the evidence, as outlined by the Court, should similarly result in the evidence being inadmissible. (*See* R. Doc. 508, p. 4) The handling of Title IX complaints by LSU after the release of the Husch Blackwell Report and statements about Title IX policies and compliance are not relevant to Plaintiff's own, single Title IX retaliation claim, which only requires a showing that she reported student sexual harassment and was subsequently denied a pay increase and/or terminated.

**Exhibit Nos. 128, 129**

The Board objects to Exhibit Nos. 128 and 129 on grounds of relevance. Exhibit 129 contains Plaintiff's complaint about a coworker, Mary Jane Merrill, which complaint is not at issue in this lawsuit. Exhibit 128 contains documents with no relevance, as they arise out of Plaintiff's prescribed complaints regarding a retaliatory PM-73 investigation.

### Exhibit Nos. 130, 132, 133

The Board objects to Exhibit Nos. 130, 132, and 133 on grounds of unfair prejudice, lack of foundation, and hearsay. Particularly, these are *photos* of text messages, rather than versions secured by appropriate means that can be properly authenticated, and further cannot be verified as true, correct, or complete. It is prejudicial to the Board to have not been provided the full text messages and to instead have only partial screen shots admitted, since those limited versions may be out of context and incomplete. Additionally, the text message format renders the Board unable to determine who is speaking, and there is no basis to determine what, if anything, is said in between the messages depicted. The text fragments are also hearsay within the meaning of Rule 801 of the Federal Rules of Evidence and inadmissible under Fed. R. Evid. 802, and are wholly lacking in foundation required by Fed. R. Evid. 901.

### Exhibit No. 131

The Board objects to Exhibit No. 131 as inadmissible character evidence under Fed. R. Evid. 404. Plaintiff seeks to introduce this evidence in an attempt to argue that Winston DeCuir, LSU's general counsel, possessed a particular character trait, namely, that he was discriminatory towards women. This evidence is clear propensity evidence that Plaintiff attempts to use to show that DeCuir acted in accordance with this alleged character trait, which the Board fervently denies.  More importantly, this evidence is wholly irrelevant as DeCuir has no relationship to Plaintiff's claims – he was not involved in her termination or promotion, and his behavior is not

at issue. Even if relevant, which the Board disputes, any probative value is substantially outweighed by the danger of the unfair prejudice that would result from Plaintiff's attempt to appeal to the jury's emotions on a completely unrelated issue, and based on a single accusation by an individual who is not the Plaintiff. The text messages are also hearsay within the meaning of Rule 801 of the Federal Rules of Evidence and inadmissible under Fed. R. Evid. 802.

Although it is fairly clear that Plaintiff's intended use of this evidence does not include the top portion of the conversation depicted in the Exhibit, the Board also lodges additional objections out of an abundance of caution. The content of these messages, although they relate to Title IX generally, have no relevance to any fact of consequence. The discussion concerns the scope of jurisdiction of Title IX complaints, *i.e.* the decision whether off-campus activity falls under Title IX. This information is not probative, has no relation to Plaintiff's claims, and would only stand to confuse the jury. Additionally, it is hearsay.

**Exhibit No. 134**

The Board objects to Exhibit No. 134 on grounds of relevance. As this Court acknowledged, Plaintiff's Title VII retaliation claim is unrelated to her Right to Sue Letter, because her receipt of such letter is not protected activity and is not probative of any substantive fact or issue in this case. The letter is unrelated to any other fact of consequence. Any potential relevance is outweighed by the waste of time in presenting this evidence, so it is inadmissible under Rule 403.

**Exhibit Nos. 135, 136**

The Board objects to Exhibit Nos. 135 and 136 on the grounds of undue delay, wasting time, and needlessly presenting cumulative evidence. It is uncontested that Wilson was rehired as an assistant football coach in December of 2021, so Wilson's employment contract (Exh. 136) is

cumulative if being relied upon to establish this undisputed fact. (See R. Doc. 470, p. 9 ¶ 65) To the extent it is being relied upon for any other reason, such as his salary or other provisions of the contract, it is irrelevant. Similarly, to the extent the background report is being offered to show that LSU had knowledge of the complaints about Wilson's alleged statements about hiring particular individuals, Lewis had already placed that same allegation into her publicly available Complaint on May 5, 2021, before the background check was conducted and before Wilson was rehired. (R. Doc. 8) The report is similarly cumulative for that reason. Presentation of such cumulative evidence only serves to delay trial of this matter, the presentation of evidence, and waste time of the jury and this Court.

### Exhibit Nos. 137, 138, 139, 140: Declarations and Out of Court Statements

The Board objects to Exhibit Nos. 137-140 as inadmissible hearsay. Additionally, the Board further objects to Exhibit 140, as it was not disclosed in the Pretrial Order and should be excluded for that reason alone.

### Exhibit No. 154

The Board objects to Exhibit No. 154 as inadmissible character evidence under Fed. R. Evid. 404. The Board further objects on the grounds of relevance. This video has no probative value to the claims left at issue, and any slight probative value, which is disputed, is certainly outweighed by the danger of the unfair prejudice that would result from Plaintiff's attempt to appeal to the jury's emotions.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    /s/ Susan Furr
        Shelton Dennis Blunt Bar Roll No. 21230
        Susan W. Furr Bar Roll No. 19582

Karleen J. Green Bar Roll No. 25119
Jessica Coco Huffman LA Bar No.: 30445
Molly McDiarmid Bar Roll No. 36426
Gregory T. Stevens Bar Roll No. 29436
Michael B. Victorian Bar Roll No. 36065
II City Plaza | 400 Convention Street, Suite
1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: dennis.blunt@phelps.com
Email: susie.furr@phelps.com
Email: karleen.green@phelps.com
Email: jessica.huffman@phelps.com
Email: molly.mcdiarmid@phelps.com
Email: greg.stevens@phelps.com
Email: michael.victorian@phelps.com

ATTORNEYS FOR DEFENDANT, BOARD OF
SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on December 4, 2023.

Notice of filing will be served on all counsel of record herein via the Court's electronic filing

system.

*/s/ Susan Furr*_____