**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

SHARON LEWIS,
    **Plaintiff**

**VERSUS**

**BOARD OF SUPERVISORS OF**
**LOUISIANA STATE UNIVERSITY**
**AND AGRICULTURAL AND**
**MECHANICAL COLLEGE,**
    **Defendant**

CIVIL ACTION NO.  3:21-cv-00198-
SM-RLB

JUDGE SUSIE MORGAN

MAGISTRATE JUDGE RICHARD
L. BOURGEOIS

## PRETRIAL ORDER

I.    **Date of Pre-Trial Conference:** The Pretrial Conference is scheduled for November 22, 2023, at 10:00 a.m.

II.    **Appearances of Counsel:** For Plaintiff, Albert Van-Lare and Larry English.  For Defendant, S. Dennis Blunt, Gregory T. Stevens, Michael B. Victorian, and Molly C. McDiarmid are attending the conference in-person.  Due to the date change, the Court permitted Susan W. Furr to attend the conference by phone.  Karleen J. Green and Jessica C. Huffman are additional defense counsel.

III.    **Description of the Parties:** Sharon Lewis (Plaintiff) is an African American female and was employed at Louisiana State University as an Associate Athletics Director and was terminated on February 4, 2022.  Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is a Louisiana public constitution corporation.

IV.    **Jurisdiction:**  Plaintiff states that subject matter jurisdiction is present because this litigation involves claims arising under Title IX of the Education Amendments of 1972, 20 U.S.C § 1681, and Title VII of the Civil Rights Act of 1964.

V.    **Motions Pending:** (1) Board's Motion for Summary Judgment; (2) Board's Motion for Reconsideration of Order on Motion to Extend Discovery Deadlines; (3) Board's Motion to Compel Production of Cell Phone Data, to Enforce Court's Order, and to Stay Proceeding in Accordance with Federal Rule of Civil Procedure Rule 37(b) (including supplemental memorandum); (4) Plaintiff's Motion to Quash; (5) Board's Motion for Leave to File Supplemental Reply in  Support of Motion to Compel.

VI.    **Brief Summary of Material Facts:**

        a.  **Plaintiff:**

1.   Plaintiff Title IX Retaliation Claim

Plaintiff alleges that she reported to Verge Ausberry and Miriam Segar in 2013 that Frank Wilson was sexually harassing her and other female Student Workers and employees. Plaintiff further alleges that she reported to LSU Human Resources and General Counsel's office in 2019 that Frank Wilson attempted to bully Plaintiff into hiring prettier girls and light skinned black women as demanded by Les Miles. Plaintiff further alleges that LSU rehired Frank Wilson on December 9, 2021 and terminated Plaintiff on February 4, 2022 in retaliation for her reporting Frank Wilson in 2013 and 2019. Plaintiff further alleges that the Defendant engaged in a scheme to conceal ("capture and kill") Title IX complaints in Athletics to protect coaches and star athletes and was aware of and directed retaliation against Plaintiff including her termination in 2022.

2.   Title VII Retaliation

Plaintiff alleges that sometime after July 2020 in Staffing Committee meeting, Plaintiff raised her concern with Stephanie Rempe, the COO of the Athletic Department that Athletic Director, Scoot Woodward had not hired or promoted any person of color. In August 2020 Woodward promoted Plaintiff without an increase in compensation. Plaintiff further alleges she was issued a Right to Sue Letter on January 3, 2022 and was terminated on February 4, 2022. Plaintiff further alleges that in reality the Board ran the day to day operations of the Athletics Department and was aware of and directed the retaliation against Plaintiff including her termination in 2022 because of her Title IX and Title VII reports and complaints, race and gender.

3.   Title VII Hostile Work Environment

Plaintiff alleges that she was subjected to a hostile work environment beginning in 2012 until her termination on February 4 2022 . Plaintiff further alleges that the Board ran the day to day operations of the Athletics Department was aware of the hostile work environment Plaintiff was being subjected to and enabled and protected coaches and senior Athletic officials who were subjecting Plaintiff to a hostile work environment because of her race and gender.

### b. Defendant.[1]

Plaintiff is a former employee of Louisiana State University ("LSU").  She asserts employment claims under Title IX and Title VII **only**.  Her Title IX retaliation claim alleges that the Board promoted her without a pay increase in August 2020 and terminated her employment in January 2022 as a result of her pre-2016 reports of sexual misconduct.  Her Title VII claims allege discrimination based on her race and sex; a racially hostile work environment; and retaliation for reporting race and sex discrimination.  The Court has limited Plaintiff's Title IX retaliation claim to conduct occurring between April 8, 2020 and April 8, 2021.  The time period applicable to her Title VII claims is even more limited, only including conduct after June 19, 2020.  Plaintiff was on a leave of absence during much of the pertinent time periods.  In particular, she took a leave of absence with full pay in April 2021 and never returned prior to her termination, which was made effective on February 4, 2022, due to a coaching change.  Lewis alleges a racially hostile work environment spanning back to 2005, which vastly exceeds the legally applicable time period.  Her Title IX and Title VII discrimination and retaliation claims are limited to the following conduct:

---

[1] Pending before the Court are several motions relating to discovery production and the Board's motion for summary judgment.  Also, Plaintiff has not yet supplemented her written discovery responses, as she has agreed to do on several occasions.  The Board has included exhibits, facts, and issues in this Pre-Trial Order that the Board believes should be irrelevant if Plaintiff supplements her discovery responses, if she produces additional cell phone data, and if issues are dismissed through summary judgment.  Therefore, the Board reserves the right to amend its inserts to the Pre-Trial Order as necessary to respond to the Court's eventual rulings on the pending motions (and any related production that may ensue).

- An alleged statement by Verge Ausberry to Plaintiff in November 2020 that Plaintiff was not promoted because "you use the word Title IX too much and people are afraid of you."

- An alleged statement by Ausberry to Plaintiff in December 2020 that Plaintiff "will never be promoted because you file Title IX complaints. You even filed one against me" and an alleged statement by Ausberry to one of Plaintiff's coworkers "don't be like her, she is known around here as the angry black woman."

- Plaintiff alleged that she received lower pay than similarly situated men and did not receive pay with an August 2020 promotion, but she seems to have abandoned this claim in her opposition to summary judgment.

- Plaintiff's termination with approximately 40 others in February 2022.[2]

## VII.    Uncontested Material Facts

1. Plaintiff is a 1991 graduate of LSU.

2. Lewis applied for a full-time position in the LSU football department in 2001.

3. Verge Ausberry was already working in Athletics at the time.

4. Nick Saban hired Lewis in 2001.

5. Lewis' position reported to the head football coach.

6. The head football coach changed three times during Lewis' employment: Nick Saban (1999-2005), Les Miles (2005-2016), Ed Orgeron (2016-2021), Brian Kelly (November 2021-present).

---

[2] Plaintiff also pointed to a statement allegedly made to her in March 2021 that it would be inappropriate for Plaintiff to serve on a committee drafting policies on managing Title IX complaints. In her opposition to summary judgment, Plaintiff abandoned this claim as well, failing to make any argument or offer any evidence. The evidence is undisputed that Stephanie Rempe was attempting to spread three available committee assignments among several employees, and Rempe assigned Plaintiff to an internal diversity committee.

7. Lewis experienced no difficulties while employed under Saban.

8. Both Lewis and Ausberry worked in Athletics during all of Saban's tenure, without Lewis having any issues.

9. Les Miles did not make any sexual advances towards Lewis.

10. Miles left LSU in September 2016, and other than texting Miles' wife to check in on Miles, Lewis never spoke to Miles again.

11. Coach Frank Wilson left LSU in January 2016.

12. Lewis never worked with Wilson after January 2016.

13. Lewis experienced no racial or sexual comments or conduct by Orgeron.

14. Orgeron was terminated in October 2021.

15. Lewis filed suit on April 8, 2021.  At or about the same time as she filed her suit, Lewis then requested and took a leave of absence with full pay in April 2021 and never returned.

16. Head Coach Brian Kelly was hired in November 2021, during Lewis' leave of absence, so Lewis never communicated with Kelly.

17. Lewis received various letters of admonishment for NCAA violations.  The letters did not impact her pay and did not constitute discipline.

18. On one occasion in 2018, a student worker, Calise Richardson, filed a complaint against Lewis with LSU's Title IX office, claiming that Lewis violated Title IX by failing to report Richardson's allegation of sexual assault.

19. Lewis believes Richardson had "deep" anger with Lewis that prompted Richardson to file an internal Title IX complaint against Plaintiff.  Lewis believes Richardson's anger stemmed from Lewis' decision to lay off Richardson (and others) due to budgetary concerns.

20. On October 1, 2018, the LSU Title IX office initiated a Title IX investigation against Sharon Lewis in response to Richardson's complaint.

21. Lewis challenges the quality of the Title IX PM-73 investigation (performed outside of the Athletic Department).

22. The Title IX investigator concluded that Plaintiff "failed to report a potential violation of PM-73."

23. Lewis appealed the Title IX office findings.

24. The Title IX office forwarded the information to Human Resources to determine discipline.

25. Lewis received no formal discipline for the PM-73 investigation.

26. Lewis received no formal discipline for any reason for the next four years (from 2018 to 2022).

27. Lewis received numerous pay increases, bonuses, and in August 2020, a promotion.

28. In 2015, when Athletic Director Joe Alleva promoted Austin Thomas (White male) to become an Assistant Athletic Director (with a pay increase to $100,000), Lewis complained that, as a "black woman with [tenure]," she should have received the same raise.

29. Although their titles were the same, Thomas and Lewis did not perform the same role.

30. Alleva agreed that it was important to pay Lewis, who was also Assistant Athletic Director, no less than Thomas.

31. Therefore, Alleva requested a "Gender Equity Salary Adjustment for Sharon Lewis," increasing her pay from $85,500 to $100,000.

PD.43754551.1

32. Lewis then complained that Thomas' pay increase was a 20.4% increase over his prior salary, and hers was a 16.96% increase due to her higher salary.  In response, Alleva raised Lewis' pay to 20.4% (from $100,000 to $103,000).

33. In March 2020, Lewis received a market adjustment increase from $111,200 to $125,000.  Scott Woodward approved this increase.

34. In August 2020, Woodward approved Lewis' promotion to Associate Athletic Director for Football Recruiting and Alumni Relations.

35. At the time of her promotion, the COVID-19 pandemic was also impacting football programs and games.  Lewis received bonuses, which she found satisfactory, and she received favorable performance evaluations.

36. On April 15, 2021, Lewis filed an EEOC charge relating to her LSU employment.  In her charge and written narrative to the EEOC, she made no mention of sexual misconduct by Wilson.

37. Plaintiff alleged in her Second Amended Complaint that Frank Wilson in 2013 walked into her office and pulled out his erect penis and asked her to touch it.

38. Brian Kelly negotiated, as part of his hire as the new head football coach in November 2021, that he would have "free rein" to replace the current football staff with his own staff selections.

39. As a result, Kelly made across the board changes to the LSU football staff, including re-organizing the recruiting department (and other departments) to fit his own model for those departments. Numerous individuals were terminated, including many well-known coaches and Lewis and her co-workers (Tamara Davis, Keava Soil-Cormier, and Olivia Ohlsen).

PD.43754551.1

40. Recruiting was not set up the way that Kelly wanted it structured. He had always had a recruiting office that had a strategy recruiter, somebody in charge of on-campus recruiting, and somebody who was in charge of operations as it related to recruiting. Lewis was informed of her termination in January 2022.

41. Others in Plaintiff's department were terminated by Kelly, including Tam Davis, Keava, and Olivia [Ohlsen]. Jamie Triche, Austin Thomas, Kevin Faulk, Eddie Kennison, Tommy Moffitt, and Corey Raymond were some of the staff who were also terminated. Of those terminated, many were men, and many were White.

42. In December 2021, one of Kelly's staffing changes was to rehire Frank Wilson as a football coach. Wilson had been gone from LSU since January 2016.

43. Kelly did not know Wilson personally before making the decision to hire him.

44. In March 2022, Lewis filed her Second Amended Complaint, asserting for the first time that Wilson, her former co-worker, exposed his genitalia to Lewis in 2013.

45. Lewis had a good relationship with Shelly Mullenix.

46. Lewis got along well with Wendy Nall and had no issues with her.

47. Committee participation did not affect Lewis or the others' compensation.

48. At the time of her termination, Brian Kelly, Scott Woodward, and Stephanie Rempe had no knowledge of Lewis' allegations of Wilson's exposure in 2013.

49. As of her termination, Lewis had not alleged in her lawsuit or EEOC charge any sexual misconduct allegation against Wilson.

50. Kelly did not review Wilson's background check prior to Wilson's hire.

51. Ausberry did not have the authority to fire Lewis.

PD.43754551.1

52. In 2018, Lewis was represented by an attorney, Maria Finley. Finley submitted a complaint to Human Resources on Lewis' behalf.

53. However, Lewis did not file an EEOC charge or a lawsuit in 2018.

54. Lewis filed her only EEOC charge on April 15, 2021.

55. Lewis did not allege any sexual advances by Frank Wilson in her EEOC charge.

56. Ya'el Lofton reported potential Title IX conduct at LSU and still remains employed.

57. Ausberry is the same race as Plaintiff.

58. Ausberry consistently had a good relationship with Lewis' co-workers Davis and Soil-Cormier, who were Lewis' same race and gender.

59. Ausberry performed a very different role than Lewis.

60. Lewis was the only person in her position in football, and the others, who occupied her position in other LSU sports were paid less than Lewis.

61. Lewis was one of the highest paid persons in her job title. She was paid fourth highest of the nine employees occupying the position of Associate Athletic Director. The third highest-paid person was also a black female. The highest paid person had 24 years of service. The five persons who were paid less than Lewis were white males, with the exception one white female.

62. No one made any inappropriate sexual comments or sexual advances to Lewis or to others to Lewis' knowledge under Coach Orgeron's tenure at LSU.

63. Wilson and Miles left LSU in 2016, five or more years before Lewis' suit.

64. LSU sent Lewis a termination letter on January 5, 2022.

65. Frank Wilson was hired as Associate Head Football Coach on December 9, 2021.

66. On September 24, 2021 LSU issued the LSU Mandatory Report Guide.

9

67. Scott Woodward, Verge Ausberry, Stephanie Rempe, Wendy Nall, and Brian Kelly all stated that Kelly terminated Sharon Lewis.

68. On May 21, 2019, Jennifer D. Normand sent Sharon Lewis and Maria Finley an email, which stated that she shared an earlier May 15, 2019, email with attorney Trey Jones of the LSU General Counsel's office.

69. The EEOC issued a Right to Sue letter on January 3, 2022.

70. President William F. Tate IV approved Frank Wilson's employment contract.

71. In 2012, Lewis communicated a complaint regarding a student worker and Les Miles to Miriam Segar.

72. Lewis' statistical remaining work life at the time of termination was 9.2 years.

73. On May 5, 2021, Sharon Lewis alleged in her First Amended Complaint that Frank Wilson met with her and others and directed them to tell Sharon Lewis to hire prettier girls, more light skinned girls and Les Miles would stop bullying her.

## VIII.   Contested Issues of Fact:[3]

1.   The Southern Association of Colleges and Schools Commission on Colleges Rule 5.2.b requires that the LSU President have ultimate responsibility and control of LSU's Athletic program.

2.   BOR Uniform Policy on Power-Based Violence and Sexual Misconduct required any LSU employee who is a mandatory reporter (i.e. Responsible Employees) under the policy is required to report retaliation.

---

[3] The following listing includes the parties' contested facts.  The parties do not concur on this listing. Plaintiff's listing is numbered 1-146.  Although Plaintiff contends, in some instances, that the Board "admitted" some of these facts, it did so for the express purpose of summary judgment only.  The Board reserved its rights to challenge any fact at trial and intends to do so.  Nevertheless, the Board maintains that there are no genuine issues of material fact that would preclude summary judgment.  The Board's listing is 147-156.

PD.43754551.1

3. BOR Uniform Policy on Power-Based Violence and Sexual Misconduct state:

4. "Retaliation is expressly prohibited under this Policy. Retaliation includes, but is not limited to intimidation, harassment, threats, or other adverse action or speech against the person who reported the misconduct, the parties, and their witnesses."

5. On March 17, 2021 Interim President Thomas Galligan sent a memo to the LSU Community that stated:

6. Clarify mandatory reporting obligations.

7. "At the start of the Husch Blackwell review, we issued clarifying memos informing everyone in the LSU community, with the exception of confidential advisors, of their obligation to report any knowledge of a potential Title IX violation to the Title IX office. We will continue to take steps, including through an aggressive communications campaign, to ensure that every employee on our campus understands their responsibilities."

8. On April 29, 2021 Interim President Thomas Galligan sent an email to the LSU Community that states:

Subject: Title IX Updates

"We also understand that having firm policies in place is an important step in addressing some of our past failures outlined in the Husch Blackwell report. To that end, we have revised PM-73: Title IX Policy Prohibiting Sexual Misconduct. The policy revision clearly states that any employee who is required to report instances of power-based trauma and fails to promptly make the report without good cause or, with the intent to harm or deceive, knowingly makes a report that is false, shall be terminated."

9. The LSU Permanent Memorandum 73 Policy states: Actual Knowledge: Any reasonable information of sex- and gender-based harassment and discrimination, including Sexual

Misconduct or allegations of such provided to a Title IX Coordinator, Deputy Coordinator, or any other Mandatory Reporter. Actual Knowledge would also include personal observation by any employee of such conduct.

10. The LSU Permanent Memorandum 73 Policy states: Complainant: An individual who is alleged to be the victim of conduct that could constitute power-based violence, or sex- or gender-based harassment or discrimination under this policy.

11. The LSU Permanent Memorandum 73 Policy states: Mandatory Reporter: Any employee given the duty of reporting actual notice of incidents of sexual violence or any other misconduct prohibited by this policy. All LSU employees including Graduate Assistants are considered Mandatory Reporters (also referred to as "responsible employees") with a few notable exceptions which are identified in this policy.

12. The LSU Permanent Memorandum 73 Policy states: IV. SCOPE OF POLICY. This policy applies to all members of the University community, including faculty, staff, students, volunteers, organizations, and any other affiliate that participates in activities associated with LSU.

13. The LSU Permanent Memorandum 73 Policy states:  Sex- or gender-based harassment and discrimination have broad jurisdiction that includes all Title IX allegations, but also many more allegations that involve possible sex- or gender-based harassment or discrimination that do not rise to the level of a Title IX violation. If the sex- or gender-based harassment or discrimination does not meet Title IX jurisdictional requirements, then the allegation is "dismissed" as a Title IX case. The case still may be considered for possible investigation and resolution under this policy or the applicable student code of conduct, employee policies, or other relevant policy or procedure. (i.e. non-sex or gender-based misconduct). Such cases

include, but are not limited to: Sex- or gender-based harassment or discrimination that does not meet the required definitions under Title IX.

14.  LSU Mandatory Reporter Guide updated September 24 2021 state: When do I report?

- If you witness any sexual misconduct in the workplace

- If you hear directly from someone who has experienced sexual misconduct

- If someone tells you about sexual misconduct happening to a student or colleague

15.  The LSU Policy Statement 1 Equal Opportunity Policy initially issued: January 1 1985 and Later Revised: April 1 2016 state:  This policy statement also affirms the University's policy regarding sexual harassment as outlined in the University's Policy Statements on Sexual Harassment (PS-73 and PS-95) as well as its policies and procedures related to disability as established in PS-26.

16. In 2020 LSU retained Husch Blackwell to conduct an independent review of various Title IX-related incidents, including the items identified in the story, with the goal of answering at least three broad questions:

1.  Whether the University and its employees handled the matters identified by the USA Today article in a manner consistent with obligations under Title IX, 3 widely recognized best practices, and University policy;

2.   Whether Title IX-related misconduct involving LSU student athletes has been systematically siloed in the University's Athletics Department and not shared with the University's Title IX Office; and

3.  Whether the University is appropriately handling Title IX-related matters which are reported to its Title IX Office.

13

17. Regarding the three questions mentioned above, the Husch Blackwell Report found:

> 1. The University did not handle various items identified in the USA Today article in a manner consistent with obligations under Title IX, widely recognized best practices, and/or University policy. The basis for this opinion is explained in Section VI below.
>
> 2. Various incidents of athletics-related misconduct have not been appropriately reported to the University's Title IX Coordinator. We are especially concerned about a lack of reporting prior to November 2016 for reasons discussed below. It is worth noting, though, that our concerns about reporting are not limited to Athletics. Institutional reporting policy and training have been unclear for years.
>
> 3. The University's Title IX Office has never been appropriately staffed or provided with the independence and resources to carry out Title IX's mandates. We have identified concerns that the Office has at times not handled those matters reported to it appropriately. Again, while the USA Today article focused primarily on Athletics, we found deficiencies in a variety of different matters.

18. The Husch Blackwell Report found that the Athletic policy that all Title IX Complaints were to go through Miriam Segar was a violation of the 2011 Dear Colleague Letter and Title IX regulations.

19. The LSU Athletic policy that all Title IX Complaints were to go through Miriam Segar was a violation of Title IX regulations.

20. The LSU Board of Supervisors on March 5, 2021 accepted the findings of the Husch Blackwell Report.

21. LSU Head Football Coach Brian Kelly stated in his deposition that he did not terminate Sharon Lewis.

22. LSU Athletic Director Scott Woodward stated in deposition that Brian Kelly made the decision to terminate Sharon Lewis.

23. Sharon Lewis was promoted in August 2020 with no increase in compensation.

24. Frank Wilson was rehired as Associate Head Football Coach on December 9, 2021.

25. Frank Wilson was employed at LSU from 2010 to 2016 as a running back coach on Les Miles staff.

26. Frank Wilson met with Tamara Davis and another individual and expressed to them that to stop Les Miles from bullying her Sharon Lewis should hire prettier girls and more light skinned girls .

27. May 15, 2019 Sharon Lewis reported to Jennifer D. Normand that she reported Frank Wilson comments to Verge Ausberry and Ausberry stated to her that in the past I did hire prettier girls.

28. May 21, 2019 Jennifer D. Normand sent Sharon Lewis and Maria Finley an email that she shared May 15, 2019 email with Attorney Trey Jones of the LSU  General Counsels office.

29. On May 5, 2021 Sharon Lewis alleged in her First Amended Complaint that Frank Wilson met with her and others and directed them to tell Sharon Lewis to hire prettier girls, more light skinned girls and Les Miles would stop bullying her.

30. LSU President William F. Tate IV met with Frank Wilson and LSU Board of Supervisor Colis B. Temple Jr. home before Frank Wilson was rehired at LSU.

31. Frank Wilson was the only coach hired by Brian Kelly that President William F. Tate IV met with a Board of Supervisor home.

15

32. In 2021 LSU conducted a background investigation of Frank Wilson before he was hired.

33. The background investigation included a statement that Sharon Lewis had reported that Frank Wilson told her to hire fewer black women student workers or at the very least Black women student workers who had lighter skin.

34. Stephanie Rempe Executive Deputy Director of Athletics/Chief Operating Officer forwarded the background investigation to LSU Human Resources.

35. The LSU General Counsel Office drafted Frank Wilson employment contract.

36. March 3, 2022 USA Today published a story in which Sharon Lewis accused Frank Wilson sexually harassing her and  pulling his erect penis out and asked her to touch it.

37. March 3, 2022 USA Today published a story in which Nikole Jessie alleged that Frank Wilson sexually harassed her and forcibly kissed her.

38. March 3, 2022 USA Today published a story in which a former Amber Jessie alleged Frank Wilson of sexually harassing her.

39. On September 22, 2022 Calise Richardson stated in her deposition that Frank Wilson sexually harassed her.

40. On October 27, 2022 Sharon Lewis stated in her deposition that Frank Wilson sexually harassed her and pulled his erect penis out and asking her to touch it.

41. On August 31, 2023 Nikole Jessie stated in her deposition that that Frank Wilson sexually harassed her and forcibly kissed her.

42. On August 31, 2023 Amber Jessie stated in her deposition that Frank Wilson  sexually harassed her.

16

43. LSU Title IX office and Human Resources has never conducted an investigation of Sharon Lewis allegations against Frank Wilson.

44. LSU Title IX office and Human Resources has never conducted an investigation of Nikole Jessie allegations against Frank Wilson.

45. LSU Title IX office and Human Resources has never conducted an investigation of Amber Jessie allegations against Frank Wilson.

46. LSU Title IX office and Human Resources has never conducted an investigation of Calise Richardson allegations against Frank Wilson.

47. Sharon Lewis was promoted to Associate Athletic Director in August 2020 but did not receive an increase in salary.

48. In March 2021 Miriam Segar was suspended for 21 days without pay for failing to follow Title IX policies.

49. In March 2021 Verge Ausberry was suspended for 30 days without pay for failing to follow Title IX policies.

50. On October 1  2018 LSU Title IX office initiated a Title IX investigation against Sharon Lewis.

51. On January 15, 2019 LSU Title IX investigator Jeffrey Scott found that Sharon Lewis failed to report a potential violation of LSU's Title IX and Sexual Misconduct Policy.

52. On January 18, 2019 Sharon Lewis appealed Jeffrey Scott findings.

53. On September 3, 2019 Jennifer D. Normand informed Maria Finley Sharon Lewis attorney that discipline based on Jeffrey Scott Title IX investigation will be removed from Sharon Lewis file.

PD.43754551.1

54. On September 4, 2019 Maria Finley sent an email to Jennifer D. Normand asking that the 2019 Title IX findings be removed from Sharon Lewis Personnel File.

55. The 2019 Title IX findings have never been removed from Sharon Lewis Personnel File.

56. The Husch Blackwell Report stated that : "The only person in the entire University who has ever been disciplined in any form for failing to make a report under PM-73 is Athletics Department employee Sharon Lewis, a long-time Football Operations employee and current Associate Athletic Director for Football Recruiting and Alumni Relations. 126 This is ironic because Lewis has lodged several reports of sex harassment throughout her tenure."

57. Jeffrey Scott stated in his deposition that Sharon Lewis was the only LSU official to be subjected to a Title IX investigation.

58. The Husch Blackwell Report stated the 2018 PM-73 Investigation of Sharon Lewis "haphazard."

59. In July 2012 Sharon Lewis reported to Miriam Segar that Student 1 had complained to her that LSU Head Football Coach had acted in appropriately with her.

60. In July 2012 Sharon Lewis and Ya'el Lofton reported to Miriam Segar that a hostile work environment exist for workers in football.

61. In July 2012 Sharon Lewis reported to Miriam Segar that her job was threatened multiple times.

62. In July 2012 Sharon Lewis reported to Miriam Segar that Les Miles promised her job to Student 1.

63. In July 2012 LSU did not impose any discipline on Les Miles concerning Student 1 allegations.

64. In July 2012 Joe Alleva met with Les Miles and advised him to refrain from all hiring and assigning of student workers.

65. In July 2012 Joe Alleva met with Les Miles and advised him that he was to have no personal communications (texts, phone calls) with any student employees.

66. In July 2012 Joe Alleva advised Les Miles not meet independently with female staff members.

67. In February 2013 Sharon Lewis reported to Miriam Segar that Student 2 had complained to her that Les Miles had acted inappropriately with her.

68. In March 2103 LSU hired the law firm Taylor Porter to conduct a Title IX investigation of Les Miles in accordance with existing PS-73 policy.

69. The Investigation of Les Miles was conducted in accordance with LSU PS-73 policy and LSU PS-75 policy.

70. On May 15, 2013 Garret "Hank" Dams (Chair of the Board of Supervisors), Robert "Bobby" Yarborough (Board Chairman Elect), Stanley Jacobs (Chairman of the Board - Athletic Committee), Shelby McKenzie (LSU Lead Legal Counsel), Joe Alleva (Vice Chancellor and Director of Athletics), and Miriam Segar (Senior Associate A.D./Senior Woman Administrator), Vicki Crochet and Bob Barton of Taylor Porter agreed that the Student Complaint Memo would be stored off site at Taylor Porter law offices.

71. On May 15, 2013 Garret "Hank" Dams (Chair of the Board of Supervisors), Robert "Bobby" Yarborough (Board Chairman Elect), Stanley Jacobs (Chairman of the Board - Athletic Committee), Shelby McKenzie (LSU Lead Legal Counsel), Joe Alleva (Vice Chancellor and Director of Athletics), and Miriam Segar (Senior Associate A.D./Senior Woman

PD.43754551.1

Administrator), Vicki Crochet and Bob Barton of Taylor Porter agreed that the Student Complaint Memo would not be shared with the full LSU Board of Supervisors.

72. On May 28, 2013 Student 2 Lawyer Charles Peckham sent a Demand Letter to Robert Barton, Vick Crochet and Peter Ginsberg Re: Student v. v. Les Miles a/k/a "Lee", Louisiana State University and the Board of Supervisors of the University of Louisiana System.

73. Charles Peckham in Student 2 Demand Letter stated:

74. "Coach Les Miles caused his LSU-paid staff to collect applications from potential student workers to be employees of the athletic department in football recruiting and in Coach Miles' office. Specifically, Coach Miles personally visited various sororities, picked for their status as top sororities on campus, in order to identify female students he might desire."

75. "Coach Miles used his staff to contact these young women to attend an interview process. During that process, Coach Miles called individual girls into an isolated area and interviewed each young student in private."

76. On August 21, 2013 Robert Barton sent a email to Peter Ginsberg that stated:

77. "The problem with that statement is that there was corroboration of some of the allegations, such as getting in the car, private meeting, texting, which we made it a point not to include. It is not accurate to state that there was no corroboration, and it will put us in the position of having to state that certain allegations were corroborated, which I think we all wanted to avoid."

78. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet executed a Directive Letter from LSU to Les Miles.

79. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet agreed to store the Directive Letter in Taylor Porter and Les Miles lawyer Peter Ginsberg law offices.

80. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet agreed to keep the contents of the Directive Letter confidential unless compelled to divulge its contents by a court.

81. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet agreed that LSU would contest the release of Directive Letter in Court.

82. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet agreed that Les Miles lawyer Peter Ginsberg had the option to contest the release of the Directive Letter in Court.

83. On August 29, 2013 Joe Alleva, Les Miles, Robert Barton and Vicki Crochet agreed that if any party received a Public Records Request, subpoena or court order seeking the Directive Letter, the recipient of the request shall provide notice and a copy of the request to the other party and its legal counsel within twenty-four (24) hours of receiving the request.

84. In 2013 Sharon Lewis had a nervous breakdown and LSU paid her medical bills.

85. The Student Complaint Memo was stored offsite in Taylor Porter's law offices from 2013 to 2021.

86. The Directive Letter was stored offsite in Taylor Porter's and Peter Ginsberg's law offices from 2013 to 2021.

87. In 2013 the LSU Board of Supervisors and Les Miles reached a settlement with Student 2 to drop her complaint against Les Miles.

88. In 2013 In 2013 the LSU Board of Supervisors and Les Miles reached a settlement with Student 2 to not file a EEOC complaint against the LSU Board of Supervisors.

89. On December 14, 2021 Kenneth Jacoby of USA Today submitted a Public Records Request for a copy of the investigation report by the law firm Taylor Porter into former LSU football coach Les Miles.

90. On December 18, 2020 Robert W. Barton of Taylor Porter sent a email to Peter Ginsberg Les Miles Attorney, forwarding him a copy of Kenneth Jacoby Public Records Request.

91. On or about January 14, 2021 LSU denied Kenneth Jacoby Public Records Request.

92. On January 19, 2021 Kenneth Jacoby filed a writ of mandamus to force LSU to release the Student Complaint Memo and Directive Letter.

93.  On February 4, 2021 Les Miles filed a petition to intervene in Kenny Jacoby v. Thomas Galligan, Et Al C-70346  to prevent the release of the Student Complaint Memo and Directive Letter.

94. The LSU Board of Supervisors, Les Miles and Kenny Jacoby agreed to release the Student Complaint Memo and Directive Letter to Kenny Jacoby.

95. On March 14, 2023 the trial court found that the LSU Board of Supervisors likely acted in furtherance of a crime in violation of La. R.S. 14:132 (B), when it utilized Taylor Porter to conceal the Student Complaint Memo.

96. On April 25, 2023 the trial court found that the LSU Board of Supervisors likely acted in furtherance of a crime in violation of La. R.S. 14:132 (B), when it utilized Taylor Porter to conceal the Directive Letter in Taylor Porter and Peter Ginsberg law offices.

97. On October 6, 2023 The United States Fifth Circuit Court of Appeals upheld the District Court March 14, 2023 and April 25, 2023 in: In Re Board of Supervisors of Louisiana State University and Agricultural And Mechanical College No. 23-30441.

98. Louisiana State University Board of Supervisors Rules and Regulations Effective September 13, 2021 states:

> "The Supervisors have a fiduciary responsibility to the people of the State to operate the University with moral, ethical, and financial prudence. The Board shall act in concert on matters of the University, in speaking for the University and itself, and in fulfilling their fiduciary responsibilities to protect the University communities."

99. In 2012 Plaintiff reported to Miriam Segar that she was being subjected a hostile work environment in football operations. (R.Doc. 302-6 p.1). (Admitted R.Doc. 444-2)

100.    In 2012 Plaintiff reported to Miriam Segar that her employment had been threatened multiple times. (R.Doc. 302-6 p.1). (Admitted R.Doc. 444-2)

101.    In 2012 Plaintiff reported to Miriam Segar that Student 1 complained to her that Les Miles was sexually harassing her. (R.Doc. 302-6 p.1). (Admitted R.Doc. 444-2)

102.    In 2012 Athletic Director Joe Alleva was aware that Plaintiff reported Les Miles was sexually harassing Student 1. (R.Doc. 302-6 p.3). (Admitted R.Doc. 444-2)

103.    The Husch Blackwell Report found that various incidents of athletics-related misconduct have not been appropriately reported to the University's Title IX Coordinator and that it was especially concerned about a lack of reporting prior to November 2016. (R.Doc. 219-1 p.5).  (Admitted R.Doc. 444-2)

104.    The Husch Blackwell Report found LSU's Title IX Office has never been appropriately staffed or provided with the independence and resources to carry out Title IX's mandates. (R.Doc. 219-1 p.5). (Admitted R.Doc. 444-2)

105.    On May 15, 2019 Plaintiff's attorney Maria Finley forwarded an email to Jennifer Normand Executive Director, Employee Relations Office of Human Resources from Plaintiff

that stated Frank Wilson pressured her to hire prettier girls, more light skinned black girls on behalf of Les Miles. (R.Doc. 405-9 p.1). (Admitted R.Doc. 444-2)

106.    Stephanie Rempe Executive Director of Athletics/Chief Operating Officer commissioned the background investigation of Frank Wilson and forwarded it to Human Resources. (R.Doc. 424-11 p. ¶ 6.). (Admitted R.Doc. 444-2)

107.    Frank Wilson was hired as Associate Head Football Coach on December 7 2021 (R.Doc. 324-10 p.6) (R.Doc. 219 ¶ 91). (Admitted R.Doc. 444-2)

108.    Plaintiff alleged in her First Amended Complaint that Frank Wilson, Running Back Coach, met with plaintiff with others present and directed them to tell plaintiff to "hire prettier girls, more light skinned black girls and that would stop Miles from bullying plaintiff." (R. Doc. 8 ¶ 38)

109.    Plaintiff alleged in her Second Amended Complaint that Frank Wilson  walked into her office and pulled out his erect penis and asked her to touch it. (R.Doc. 219 ¶ 88). (Admitted R.Doc. 444-2)

110.    On August 31, 2023 NJ testified in her deposition that Frank Wilson sexually harassed her and forcibly kissed her. (NJ Deposition). (Admitted R.Doc. 444-2)

111.    On August 31, 2023 AJ testified in her deposition that Frank Wilson sexually harassed her. (AJ Deposition). (Admitted R.Doc. 444-2)

112.    Plaintiff told Yael Lofton  that Frank Wilson exposed himself to her. (R.Doc. 405-14 p.2). (Admitted R.Doc. 444-2)

113.    Plaintiff told Keava Soil Cormier that Frank Wilson exposed himself to her. (R.Doc. 324-8 p.3) (Admitted R.Doc. 444-2)

114.     August 10, 2021 Board of Regents Uniform Policy on Power-Based Violence/Sexual Misconduct  mandated once a report is made an investigation is mandatory in accordance with Title IX regulations or in accordance with the Board of Regents policy. (R.Doc. 405-6 p. 17). (Admitted R.Doc. 444-2)

115.     August 10, 2021 Board of Regents Uniform Policy on Power-Based Violence/Sexual Misconduct  mandated that Institutions should address allegations of power-based violence, including sexual harassment and sexual assault, in a timely and effective manner. (R. Doc. 405-6 p. 6). (Admitted R.Doc. 444-2)

116.     January 19, 2022 Revised LSU Permanent Memorandum 73 mandated that all LSU employees including Graduate Assistants are considered Mandatory Reporters (also referred to as "responsible employees") with a few notable exceptions which are identified in the policy. (R. Doc.  405-7 p.5). (Admitted R.Doc. 444-2)

117.     January 19, 2022 Revised LSU Permanent Memorandum 73 mandated all employees, with few exceptions, are required to report instances of sex or gender-based harassment and discrimination, including Sexual Misconduct and Power-Based Violence (e.g. sexual assault, stalking, dating violence, domestic violence, sexual exploitation, retaliation, etc.) for which they are not the Complainant, but of which they are aware. (R. Doc.  405-7 p. 13). (Admitted R.Doc. 444-2)

118.      January 19, 2022 Revised LSU Permanent Memorandum 73 mandated an employee who fails to promptly make the report without good cause or, with the intent to harm or deceive, knowingly makes a report that is false, shall be terminated in accordance with the institution's disciplinary procedures. (R. Doc.  405-7 p. 13). (Admitted R.Doc. 444-2)

PD.43754551.1

119.    January 19, 2022 Revised LSU Permanent Memorandum 73 expressly prohibits retaliation against an individual who reports incidents of power based violence, the parties involved, and their witnesses. (R. Doc.  405-7 p. 12). (Admitted R.Doc. 444-2)

120.    On September 24, 2021 LSU Mandatory Report Guide was updated. (R. Doc. 405-8) (Admitted R.Doc. 444-2)

121.    LSU Athletic Director Scott Woodward was aware of Plaintiff's allegations against Frank Wilson after they broke in the media. (Admitted R.Doc. 444-2)

122.    LSU President William F. Tate IV was aware of Plaintiff's allegations against Frank Wilson after they broke in the media. (Admitted R.Doc. 444-2)

123.    Sharon Lewis was termination was effective February 4, 2022 (Admitted R.Doc. 444-2)

124.    Scott Woodward stated that Brian Kelly terminated Sharon Lewis.(R.Doc. 405-4 p. 89). (Admitted R.Doc. 444-2)

125.    Brian Kelly answer in his deposition was asked if he recommended that Sharon Lewis should be relieved of her employment stated:

126.    "Never. I clearly understood that Sharon Lewis' situation was one to leave alone, and that was to be handled our Senior Administration and the University. That was not within my purview."

127.    The Husch Blackwell Report found the only person in the entire University who has ever been disciplined in any form for failing to make a report under PM-73 is Athletics Department employee Sharon Lewis. (Admitted R.Doc. 444-2)

128.    The Husch Blackwell Report found that Plaintiff filed several reports of sex harassment throughout her tenure.  (Admitted R.Doc. 444-2)

PD.43754551.1

129.    The Husch Blackwell Report found that because of lack of support for reporting Title IX violations in 2013 Plaintiff had a mental breakdown. (Admitted R.Doc. 444-2)

130.    Miriam Segar confirmed in the Husch Blackwell Report she arranged counseling for Plaintiff. (Admitted R.Doc. 444-2)

131.    Miriam Segar confirmed  in the Husch Blackwell Report that after the Les Miles Title IX investigation Plaintiff had reported alleged "harassment" and other inappropriate treatment by Athletics officials, including a specific complaint against Ausberry. (Admitted R.Doc. 444-2)

132.    The Husch Blackwell Report found no indication that anyone at the LSU formally investigated Plaintiff's complaints regarding her working environment and potential retaliation. (R. Doc. 219-1 p.68). (Admitted R.Doc. 444-2)

133.    Husch Blackwell Report found the 2018 PM-73 Investigation of Sharon Lewis was haphazard. (Admitted R.Doc. 444-2)

134.    The Husch Blackwell Report found that "despite having the discipline "removed," Lewis continued to seek to have the finding of responsibility for the PM-73 violation removed from her record." (Admitted R.Doc. 444-2)

135.    The Husch Blackwell Report found that there is no indication of how Title IX, the Office of Legal Affairs, or the Office of Human Resource Management resolved Lewis' request to remove the PM-73 findings from her Personnel File.  (Admitted R.Doc. 444-2)

136.    The PM-73 Investigation were never removed from Plaintiff Personnel File. (Admitted R.Doc. 444-2)

137.    On January 28, 2021 USA Today published an article titled "LSU knew in 2018 that officials kept the allegations against athletes in-house. It did nothing." The article included

a link to the November 2018 Title IX investigation. The article stated " The investigator found Lewis responsible for violating LSU's Title IX policy because she failed to report the allegations against Davis to anyone, when she learned about them in 2016 in 2016, the report shows."

138.    In March 2021, after the Husch Blackwell Report was released Verge Ausberry was suspended for 30 days and Miriam Segar was suspended for 21 days for their failures to properly report and investigate allegations of sexual misconduct and domestic violence at LSU and, in April 2021 Verge Ausberry was removed from attending LSU's football games for his role in the Athletics Department's failure to investigate sexual misconduct and domestic violence at LSU. (Admitted R.Doc. 444-2)

139.    The Husch Blackwell Report found that Verge Ausberry failure to report Title IX violations failure could have led to catastrophic consequences. (Admitted R.Doc. 444-2)

140.    In 2014 Plaintiff reported  to Segar that Verge Ausberry was verbally abusing and harassing her. (R.Doc. 295-10) . (Admitted R.Doc. 444-2)

141.    The Husch Blackwell Report stated "In interviews with Husch Blackwell, Football Operations employees confirmed witnessing Ausberry "hollering" and "screaming" at Lewis repeatedly over the course of the last several years". (Admitted R.Doc. 444-2)

142.    Plaintiff did not allege sexual conduct by Wilson in her Original or First Amended Complaint in this lawsuit.

143.    Coaches often come into new coaching jobs with different staffs.  Kelly got rid of many people and brought people with him from Notre Dame.

144.    Stephanie Rempe had three committee assignments to make and chose to spread those assignments among Lewis and two of her coworkers, Soil-Cormier and Tamara

Davis (all Black females) to give each of them committee opportunities. Rempe chose Soil-Cormier for the NIL committee because she possessed a law degree, which Rempe believed was valuable to that committee. Rempe selected Lewis to serve on an internal diversity committee.

145.     Lewis got along with Ausberry at various times over the years.

146.     In August 2020 Plaintiff was promoted to Associate Athletic Director of Football Recruiting and Alumni Relations but received no increase in pay. (Admitted R.Doc. 444-2)

147.     Whether prior to September 2018, Lewis reported to Miriam Segar and/or Verge Ausberry that Calise Richardson had disclosed potential Title IX conduct by a football player;

148.     Whether Lewis reported the alleged sexual conduct by Wilson toward Lewis in 2013 to Ausberry or Segar;

149.     Whether Lewis reported to Title IX or to Segar or Ausberry that Wilson engaged in sexual conduct toward  other employees pre-2016;

150.     Whether Ausberry made any of the statements Lewis alleges regarding Lewis's Title IX complaints in November or December 2020.

151.     Whether Ausberry referred to Lewis as an "angry black woman" on the one occasion Lewis alleges.

152.     Whether Brian Kelly terminated Sharon Lewis.

153.     Which retirement plan Sharon Lewis was enrolled in and the terms and conditions of that plan.

154.     The amount of compensation and benefits paid to Sharon Lewis during her tenure at LSU.

155.    Sharon Lewis' current medical condition, diagnosis, prognosis, work restrictions (if any), disability (if any), and causal relation to any action or inaction by LSU.

156.    The amount of damages, if any, that Sharon Lewis suffered as a result of any action or inaction by LSU, including economic and non-economic damages.

## IX.    Contested Issues of Law:[4]

1.    Whether Plaintiff's Title VII claims for conduct occurring pre-June 2020 are untimely and whether Plaintiff has judicially admitted this issue.

2.    Whether some of the conduct Plaintiff reported constituted Title IX protected activity.

3.    Whether the Board took an adverse action against Plaintiff prior to her termination.

4.    Whether Plaintiff was terminated in 2022 because she engaged in earlier Title IX protected activity or whether her termination was the effect of a widespread coaching change.

5.    Whether Plaintiff was terminated in 2022 because she filed an EEOC charge or whether her termination was the effect of a widespread coaching change.

6.    Whether Plaintiff was subjected to severe or pervasive harassment that altered the terms or conditions of Plaintiff's employment and created a hostile or abusive work environment based on her race during the timely period.

7.    Whether Plaintiff was subjected to severe or pervasive harassment that altered the terms or conditions of Plaintiff's employment and created a hostile or abusive work environment based on her gender during the timely period.

---

[4] The Board reserves its right to contend that Plaintiff has judicially admitted some of the facts and issues of law through her recent pleadings.

PD.43754551.1

8.    Whether the Board knew, or in the exercise of reasonable care should have known, that Plaintiff was experiencing harassment because of her race and/or gender during the timely period and failed to take prompt appropriate remedial action.

9.    Whether Plaintiff suffered race discrimination during the timely period.

10.    Whether Plaintiff suffered gender discrimination during the timely period.

11.    Whether the Board took an adverse action against Plaintiff during the timely period and whether the adverse action would have occurred irrespective of Plaintiff's race, gender, and/or retaliation.

12.    Whether and to what degree Plaintiff suffered emotional distress damages that she can causally show were the result of the Board's conduct.

13.    Whether and to what degree Plaintiff suffered economic damages that she can causally show were the result of the Board's conduct.

**X.    Exhibits:**

|   | Exhibit Description | Objection?[5] |
|---|---|---|
| 1 | Sharon Lewis Personnel File (BOS- 004684 – 5979) | The Board stipulates as to the authenticity of this file but the relevance of nearly 1,300 pages of documents is not established and Plaintiff has not identified which portions of the file she intends to use or for what purpose. Therefore, all objections other than as to the authenticity of the documents are |

---

[5] The Board objects to many of the exhibits without the benefit of knowing the Court's rulings on pending motions and anticipated motions in limine. Therefore, the Board asserts numerous objections out of an abundance of caution based on the possibility of evidentiary and other rulings affecting the scope of the admissible exhibits.

| | | reserved. |
|---|---|---|
| 2 | News Article Daily Advertiser published March 23, 2022 " LSU Football coach Brian Kelly calls harassment allegation against assistant Frank Wilson egregious and unfounded" | Objection: hearsay, foundation. |
| 3 | Announcement from the LSU Board of Supervisors Committee on Title IX compliance dated March 25, 2021 | This description lacks specificity and the precise document has not been provided for conferral, and therefore all objections including foundation, hearsay, relevance, and FRE 403 are reserved. |
| 4 | Athletics Racial Climate Survey Report Fall 2020 | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 5 | Athletic Department Louisiana State University and A&M College Louisiana State University System State of Louisiana "Agreed -Upon Procedure Report Issued January 24, 2022 | This description lacks specificity and the precise document has not been provided for conferral, and therefore all objections including foundation, hearsay, relevance, and FRE 403 are reserved. |
| 6 | August 2, 2013 email from Vicki Crochet to Peter Ginsberg and Edward Hardin discussing Release Language (BOS-033585) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 7 | August 21, 2013 email exchange between Peter Ginsberg and Bob Barton discussing Miles Directive Letter. (BOS-024344) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 8 | January 28, 2021 email exchange between Vicki Crochet and Peter Ginsberg discussing Miles intervening into Jacoby Writ of Mandamus (BOS- | Objection: hearsay; foundation; relevance; unfair |

PD.43754551.1

| | | |
|---|---|---|
| | 033444) | prejudice and other factors listed in FRE 403. |
| 9 | February 2, 2021 email exchange between Winston DeCuir and Peter Ginsberg on protecting Les Miles Privacy interest (BOS-033523) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 10 | December 18, 2020 email from Peter Ginsberg to Robert Barton and Vicki Crochet reminding them of the August 29, 2013 agreement (BOS-033555 - BOS-033556) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 11 | BOR Uniform Policy on Power-Based Violence/Sexual Misconduct | |
| 12 | United States Department of Education Office of Civil Rights "Questions and Answers on the Title IX Regulations on Sexual Harassment" (July 2021) (Updated June 28,2022) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 13 | FAQ for PM-73 at LSU (BOS-028205 – BPS-028209) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 14 | 2015 Permanent Memorandum No. 73 (Supersedes PM-73 dated June 18, 2014) | |
| 15 | The Louisiana Board of Regents Uniform Policy on Sexual Misconduct   (BOS-026778) | |
| 16 | LSU Policy Statement 1 Equal Opportunity issued January 1, 1985; Last Revised April 1 2016 | |
| 17 | February 7, 2022 Letter from Office of Civil Rights to Thomas Galligan RE: off-site campus crime program review of the University. | Objection: foundation; hearsay; relevance. |
| 18 | November 6, 2020 email from Jim Soburin to Kenny Jacoby (BOS-029744) | Objection: hearsay; relevance; unfair prejudice and other factors listed in FRE 403. |
| 19 | December 14 2020 email from Kenny Jacoby to Deborah C. Richard Re: Public Records Request for Les Miles Title IX Investigation (BOS-033557) | Objection: hearsay; relevance; unfair prejudice and other factors listed in FRE 403. |
| 20 | The Chronicle of Higher Education Article " In a Back Room, LSU's Board Pushed for a Sports Shake-up" | Objection: hearsay; foundation; |

| | | |
|---|---|---|
| | | relevance; unfair prejudice and other factors listed in FRE 403. |
| 21 | Complete 2013 Email chain between Peter Ginsberg, Robert Barton, Vicki Crochet and Charles Peckham on Student 2 settlement (BOS-024016 – BOS-024378) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 22 | July 12 2013 email from Vicki Crochet to Peter Ginsberg and Robert Barton " Release Language" (BOS-024285) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 23 | July 29, 2013 email from Vicki Crochet to Peter Ginsberg and Edward Hardin asking to see release language (BOS-124293) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 24 | July 3, 2013 email from Charles Peckham to Vicki Crochet and Robert Barton on the name of the Media Company representing Student 2 (BOS-033571 - BOS-033572) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 25 | July 8, 2013 email exchange between Vicki Crochet and Charles Peckham on consideration (BOS-024240-BOS-024244) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 26 | July 8, 2013 email exchange between Vicki Crochet and Charles Peckham on consideration (BOS-024237-BOS-024239) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 27 | April 7, 2021 Letter from Charles Peckham to Vicki M. Crochet Privacy Student 2 in Taylor Porter Report related to Student 2 (BOS-029883) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |

| 28 | February 3, 2021 Letter from Charles Peckham to Winston DeCuir | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
|----|----|----|
| 29 | Kenneth Jacoby Writ of Mandamus in C-703746 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 30 | Les Miles Petition for Intervention C-703746 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 31 | February 3 2021 email from Vicki M. Crochet to Winston DeCuir  copying him with emails from Ginsberg (BO-029826- BOS-029827) | Objection: attorney/client privilege; work product; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 32 | February 3 2021 Letter from Taylor Porter to Peter Ginsberg Re: Jacoby v. Galligan, alerting Ginsberg that LSU will assert attorney client privilege as to Student Complaint Memo but release Directive Letter (BOS-033536 - BOS-033537) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 33 | April 7, 2021 Letter from Winston DeCuir  to Charles Peckham (BOS-029885- BOS-029885) | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 34 | December 18, 2020 email from Robert Barton to Peter Ginsberg notifying him of USA Today Public Records Request (BO-29837) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |

PD.43754551.1

| 35 | Diversity & Inclusion Councils updated June 24, 2020 | This description lacks specificity and the precise document has not been provided for conferral, and therefore all objections including foundation, hearsay, relevance, and FRE 403 are reserved. |
|----|------|------|
| 36 | Sharon Lewis EEOC Charge Statement April 15, 2021 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 37 | Sharon Lewis Right to Sue Letter | |
| 38 | Sharon Lewis Complete EEOC File | The Board stipulates as to the authenticity of this file but the relevance of all documents is not established and Plaintiff has not identified which portions of the file she intends to use or for what purpose. Therefore, all objections other than as to the authenticity of the documents are reserved. |
| 39 | Elizabeth R. Carter June 4, 2015 Letter to LSU "Unlawful Deficiencies in LSU PM-73: Title IX and Sexual Misconduct Policy | Objection: hearsay; foundation; improper opinion evidence; improper expert opinion; relevance; unfair prejudice and other factors listed in FRE 403. |
| 40 | Frank Wilson Background Report Watchdog Strategies | Objection: hearsay; foundation; relevance; unfair prejudice and other |

PD.43754551.1

| | | |
|---|---|---|
| | | factors listed in FRE 403. |
| 41 | Frank Wilson Employment Contract | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 42 | December 9-10, 2021 Minutes LSU Board of Supervisors Meeting hiring Frank Wilson | Objection: relevance. |
| 43 | March 3, 2022 USA Today Article " LSU whistleblower says school rehired coach who allegedly exposed himself to her | Objection: hearsay; foundation; relevance. |
| 44 | Galligan Action Plan ( BOS-028754-028756) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 45 | March 5, 2021 Message to entire LSU Community  on Husch Blackwell by Thomas Galligan (BOS-25631 – BOS-25632) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 46 | April 29, 2021 Message to LSU Community Title IX update (BOS-028542 – BOS-028543) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 47 | February 1, 2021 Letter from Peter Ginsberg to Winston DeCuir (BOS-029904- BOS-029905) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 48 | February 2, 2021 Letter from Peter Ginsberg to Winston G. DeCuir Re: Jacoby v. Galligan (BOS-029907 – BOS 029908). | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 49 | February 3, 2021 Letter from Peter Ginsberg to Winston G. DeCuir Re: Jacoby v. Galligan (BOS-029914- BOS029915) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 50 | Husch Blackwell Report March 3, 2021 | Objection: hearsay; foundation; relevance; unfair |

| | | |
|---|---|---|
| | | prejudice and other factors listed in FRE 403. |
| 51 | Stanley Jacobs Letter to Louisiana State Senate (BOS-029775 - BOS-029779) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 52 | March 9, 2021 Sports Illustrated Article " Former LSU Board Member goes Inside School's 2013 to Keep Les Miles" | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 53 | Sharon Lewis Complete PM-73 Investigation File | This description lacks specificity and the precise document has not been provided for conferral, and therefore all objections including foundation, hearsay, relevance, and FRE 403 are reserved. |
| 54 | Jennie Stewart text message to Jeffrey Scott about Winston DeCuir | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 55 | May 23, 2019 email Jennifer D. Normand to Maria Finley on Sharon Lewis Report about Athletics | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 56 | Exhibit J Husch Blackwell Report Joe Alleva Memo to All Athletics Employees February 14, 2018 | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 57 | Joe Alleva emails to Williams Jenkins and F. King Alexander on Les Miles produced in Husch Blackwell Report | Objection: foundation; relevance; unfair |

| | | prejudice and other factors listed in FRE 403. |
|---|---|---|
| 58 | June 8, 2016 email to Athletic Staff that Title IX reports go to Miriam Segar | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 59 | May 15, 2013 Unredacted Student Complaint Memo Student BOS-023945 - BOS-023977) | Objection: attorney/client privilege; work product; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 60 | August 29, 2013 Directive Letter to Les Miles (BOS-023963 – BOS – 023965) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 61 | November 26, 2018 Letter from Yael Lofton to Title IX office on Sharon Lewis (BOS-025740). | |
| 62 | 2015 email from Sharon Lewis to Miriam Segar on Female student workers being bullied (BOS-027113 ) | |
| 63 | LSU Permanent Memorandum 73 updated January 19, 2022 | |
| 64 | LSU  Mandatory Reporter Guide | This description lacks specificity and the precise document has not been provided for conferral, and therefore all objections including foundation, hearsay, relevance, and FRE 403 are reserved. |
| 65 | May 21 2019 email from Jennifer D. Normand to Maria Finley (BOS- 026501 – BOS-026508) | Objection: relevance pending dispositive motion and other rulings. |
| 66 | May 22, 2019 email from Maria Finley to Jennifer D. Normand (BOS-026482 – BOS-026489) | Objection: relevance pending dispositive |

| | | |
|---|---|---|
| | | motion and other rulings. |
| 67 | September 6, 2019 email from Jennifer D. Normand to Maria Finley (BOS-004649 – BOS -004651) | Objection: relevance pending dispositive motion and other rulings. |
| 68 | November 25, 2020 Message from Interim President Galligan and AD Woodward | |
| 69 | March 5, 2021 Minutes LSU Board of Supervisor Meeting accepting Husch Blackwell Report. | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 70 | April 26, 2019 Minutes LSU Board of Supervisors Meeting approving Scott Woodward Contract | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 71 | February 2, 2021 Letter From Office of Civil Rights to Thomas Galligan | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 72 | March 7, 2022 NCAA Notice of Allegation to the President of Louisiana State University | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 73 | December 9, 2013 text from Nikole Jessie to Sharon Lewis on Frank Wilson harassment | Objection: authenticity; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 74 | January 15, 2016 text from Nikole Jessie to Sharon Lewis on Frank Wilson harassment | Objection: authenticity; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |

PD.43754551.1

| 75 | May 28, 2013 Letter from Charles Peckham to Robert W. Barton and Vicki M. Crochet, RE: Student 2 v. Les Miles a/k/a "Lee", Louisiana State University and the Board of Supervisors of the University of Louisiana System (BOS-024087 - BOS-024094) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
|---|---|---|
| 76 | May 29, 2013 email from Charles Peckham to Peter Ginsberg on LSU interest in confidentiality (BOS-024099) (BOS- 024096 – BOS-024100) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 77 | June 14, 2013 email from Charles Peckham to Vicki M. Crochet, Robert W. Barton and Peter Ginsberg on settlement discussions (BOS-024115 – BOS-024116) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 78 | June 17, 2013 email from Vicki Crochet to Charles Peckham and Peter Ginsberg on not creating documents (BOS-024151) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 79 | July 8, 2013 email from Vicki Crochet to Charles Peckham and Peter Ginsberg on not creating Public Record (BOS-024240) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 80 | June 2013 email exchange between Taylor Porter, Peter Ginsberg and Charles Peckham arranging a July 2013 meeting with Student 2 family and lawyer (BOS-024159 - BOS-024163) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 81 | December 15, 2020 email from Peter Ginsberg to Robert W. Barton and Vicki M. Crochet reminding them of the August 29, 2013 agreement on the Directive Letter (BOS-029824) (BOS-029821 – BOS – 029825) | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 82 | Emails and Documents Listed in Board Privilege Log and Redaction Log Concerning Concealment Request NOS 3 and 4 (PD.42405430.1) | Objection: this description lacks specificity and the precise documents to |

| | | |
|---|---|---|
| | | be introduced have not been specified or conferred upon; listing a list of other documents does not comply with the Court's order as to exhibit lists; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 83 | Emails and Documents Listed in Board Privilege Log and Redaction Log Concerning Concealment Request NOS 1, 2, and 5 (PD.43471147.1) | Objection: this description lacks specificity and the precise documents to be introduced have not been specified or conferred upon; listing a list of other documents does not comply with the Court's order as to exhibit lists; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 84 | Black DPPs and DOR salary comparisons in Power 5 Athletics | Objection: hearsay; foundation; reliability; relevance; unfair prejudice and other factors listed in FRE 403. |
| 85 | April 6, 2021 email from Scott Woodward to Senator Barrow Re: Request to testify (BOS-025612) | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 86 | March 5, 2021 "A Letter from Athletics Director Scott Woodward: Husch Blackwell Report | Objection: foundation; relevance; unfair prejudice and other factors listed in FRE 403. |

| 87 | July 20, 2012 Miriam Segar Note to File Student 1 | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
|----|----|----|
| 88 | July 23, 2012 Miriam Segar Note to File Student 1 | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 89 | July 31, 2012 Joe Alleva Memo to File Les Miles Student 1 | Objection: hearsay; relevance; unfair prejudice and other factors listed in FRE 403. |
| 90 | July 23, 2012 Student 1 Statement | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 91 | LSU PS-73 Policy Sexual Harassment | |
| 92 | July 29, 2012 Statement from Athletic Intern on Student 1 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 93 | July 2012 Statement of Sharon Lewis on Student 1 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 94 | July 2012 Statement of Yael Lofton on Student 1 | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 95 | February 28, 2013 Miriam Segar Note to File on Student 2 | Objection: relevance; unfair prejudice and other factors listed in FRE 403. |
| 96 | In Globo 2014 Miriam Segar Notes on Lewis Reporting verbal abuse by Verge Ausberry | Objection: this description lacks specificity and the |

| | | precise documents to be introduced have not been specified or conferred upon; relevance; unfair prejudice and other factors listed in FRE 403. |
|---|---|---|
| 97 | SACSCOC Rule 5.2b | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 98 | February 1, 2021 email from Robert Barton to Winston DeCuir (BOS-029903 -BOS-029905) | Objection: attorney/client privilege; work product; hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 99 | April 26 2013 text message from Sharon Lewis to Miriam Segar on Coaches sexual harassment | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 100 | Sharon Lewis Full  Appeal PM-73 Finding | Objection: this description lacks specificity and the precise documents to be introduced have not been specified or conferred upon hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 101 | August 18, 2020 email from Stephanie Rempe to Verge Ausberry announcing Sharon Lewis Promotion (BOS-029768 – BOS-029772) | |
| 102 | January 5, 2022 Sharon Lewis Termination Letter (BOS-026278) | |

PD.43754551.1

| 103 | March 13, 2023 Article "LSU Athletics has $500 million impact on Louisiana economy, study says" LSU Media Center | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
|---|---|---|
| 104 | NCSA College Recruiting "Top 20 Most Profitable College Football Programs" | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 105 | March 7, 2022 Louisiana Network Article "LSU President: Sexual misconduct allegations against coach Frank Wilson were not reported to school" | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 106 | January 8, 2021 USA Today Article "LSU knew in 2018 that officials kept allegations against athletes in-house. It did nothing" | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 107 | April 6, 2021 Letter from Verge Ausberry to Regina Ashford Barrow Louisiana State Senate | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 108 | April 6, 2021 Letter from Vicki Crochet to Senator Regina Barrow Committee on Women and Children | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 109 | August 14, 2020 Memo from Wendy Nall to Joyce Whitfield "Clarification of Title for Sharon Lewis" | |
| 110 | Louisiana State University Board of Supervisors Rules and Regulations Effective September 13, 2021 | Objection: relevance. |
| 111 | April 4, 2011 Dear Colleague Letter | |
| 112 | Medical Records Dr. Donald Carson | No objection to the extent certified and previously produced. The Board has |

PD.43754551.1

| | | |
|---|---|---|
| | | requested that Plaintiff supplement responses but no supplementation has been made. |
| 113 | Medical Records Bianca Renae Lee M. Ed. LPC | No objection to the extent certified and previously produced. The Board has requested that Plaintiff supplement responses but no supplementation has been made. |
| 114 | Brian Kelly Declaration (R. Doc. 424-12) | Objection: hearsay; relevance; unfair prejudice and other factors listed in FRE 403. |
| 115 | Stephanie Rempe Declaration (R. Doc. 424-11) | Objection: hearsay; relevance; unfair prejudice and other factors listed in FRE 403. |
| 116 | March 14, 2023 Order and Reasons R.Doc. 316 | Objection: improper to list pleadings as exhibits based upon instructions from Court; relevance; unfair prejudice and other factors listed in FRE 403. |
| 117 | May 25, 2023 Order and Reasons R. Doc. 335 | Objection: improper to list pleadings as exhibits based upon instructions from Court; relevance; unfair prejudice and other factors listed in FRE 403. |
| 118 | United States Courts of Appeal for the Fifth Circuit Ruling *In Re Board of Supervisors of Louisiana State University and Agricultural and Mechanical College* No. 23-30441 (Doc: 47-1) | Objection: improper to list pleadings as exhibits based upon instructions from Court; relevance; unfair prejudice and |

| | | |
|---|---|---|
| | | other factors listed in FRE 403. |
| 119 | United States Courts of Appeal for the Fifth Circuit Ruling *Lewis v. Danos* No. 22-30670 (Doc: 167-1) | Objection: improper to list pleadings as exhibits based upon instructions from Court; relevance; unfair prejudice and other factors listed in FRE 403. |
| 120 | January 5, 2022 email from Scott Woodward to Sharon Lewis attached Letter of Separation (BOS-028594) | |
| 121 | Mary Leach Werner Statement to Louisiana State Senate Select Committee on Women and Children | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 122 | March 10, 2021 LSU Officials Video Testimony before Louisiana State Senate Select Committee on Women and Children | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 123 | March 26, 2021 LSU Officials Video Testimony before Louisiana State Senate Select Committee on Women and Children | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 124 | November 15, 2021 LSU Officials Video Testimony before Louisiana State Senate Select Committee on Women and Children | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 125 | March 5, 2021 LSU video of Press Conference on the release of the Husch Blackwell Report | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 126 | LSU Football Video of Frank Wilson speaking on Black History Month | Objection: hearsay; foundation; relevance; unfair prejudice and other |

PD.43754551.1

| | | |
|---|---|---|
| | | factors listed in FRE 403. |
| 127 | Peter Ginsberg March 7, 2023 testimony in Lewis v. LSU et al No. C-708092 19th JDC East Baton Rouge | Objection: hearsay; foundation; relevance; unfair prejudice and other factors listed in FRE 403. |
| 128 | Any Exhibits listed by Defendants | |
| 129 | Miscellaneous Personnel Documents | |
| 130 | BOS 25952-25950, Sharon Lewis' Resume | |
| 131 | BOS-005992, 9-6-12 Justification for Football Adjustments letter | |
| 132 | BOS-025747 1-22-20 Letter Regarding Taxable Benefits | |
| 133 | BOS 05993 3-17-20 Letter from Nall re Market Adjustment for Football Employees | |
| 134 | BOS-25745 11-12-20 Nall to Lewis Salary Reduction | |
| 135 | Texts with Forrest Buckner regarding staff pay cuts | |
| 136 | BOS-005980, 08-14-20 Letter regarding clarification of title for Sharon Lewis | |
| 137 | S Lewis 00000948, 8-14-20 Email from Nall re: Sharon Lewis | |
| 138 | BOS 025429-25430, 025652-25657, 8-19-20 Email from Woodward re: Athletic Department Promotions | |
| 139 | BOS-026619-266621, 8-19-20 Email from Lewis to Soil-Cormier re: Athletic Department Promotions | |
| 140 | BOS 34337- 34339 – 8-19-20 Emails between Shaw and Lewis RE: Athletic Department Promotions | |
| 141 | BOS 028962-028964, 8-16-20 Emails between Tepe and Rempe re: 2nd proof: Athletics e-mail from Scott; | |
| 142 | BOS-026639-26641, 4-26-17 Email from Alleva re: Kirk and Joni Bovill want to acknowledge some outstanding LSU ambassadors that make Tiger Nation great! | |
| 143 | BOS-26716-26732, 26735-26743, 12-12-2016 Email from Bahnsen re: 2016 LSU Non-Coaching Staffing Assignment | |
| 144 | BOS-005578 – 005579, Assistant Athletics Director of Football Recruiting Operations and Alumni Relations | |
| 145 | BOS 029635-029672, Emails re: Leave Policy and attached PS 12 | |

| 146 | BOS 025463-025465, 1-5-22 Email from Woodward re: Separation Letter separation checklist attached | |
| 147 | BOS 036242-036243 1-6-22 Email and attachment from Tepe to Rempe re Offboarding Meeting | |
| 148 | BOS 036244–036287 Email and attachment from Beth Rex to Stephanie Rempe re SEC | |
| 149 | Compilation of Lewis Title IX Records | |
| 150 | BOS-004632–004637, 11-16-18 Sharon Lewis PM-73 case report | |
| 151 | BOS-004679, Handwritten notes regarding PM-73 investigation | |
| 152 | BOS 004662-004663, 31026, Emails re: Email Request, TIX Investigation | |
| 153 | BOS-028363- 28365, 01-15-19 Email from Stewart to Lewis enclosing Outcome Letter | |
| 154 | BOS 028402-28403, 2-22-19 Emails between Madatic to Finley re: Lewis Outcome | |
| 155 | BOS-025703-25711, 5-22-19 Emails between Maria Finley and Jennifer Normand, no subject | |
| 156 | BOS-004639 – 004641, 09-06-19 Email from Jennifer Normand to Maria Finley re Sharon Lewis | |
| 157 | BOS-001238 – 001239, 10-03-18 notes | |
| 158 | BOS-001289, 11-05-18 notes | |
| 159 | S Lewis-00000910, 11-06-18 email | |
| 160 | BOS-001273, 11-08-18 notes | |
| 161 | S Lewis-00000628 – 00000632, Lewis appeal | |
| 162 | 12-6-18 text messages between Lewis and Maria Finley | Plaintiff's Objections |
| 163 | Email from Miriam Segar to Sharon Lewis dated 02-26-15; Employment Reminder, Exhibit 40 to Sharon Lewis Deposition | |
| 164 | 12-21-15, Segar Notes re: meeting with Sharon Mangum, Bo Bahnsen, and Verge Ausberry | |
| 165 | BOS-027300, Lewis Statement | |
| 166 | BOS-027293-27294, Segar Notes re: Sharon Lewis | |
| 167 | 2-25-19 Emails between Lewis and Nall re: Jacqueline McClendon | |

49

| 168 | EEOC Charge | |
|-----|-----------|---|
| 169 | S Lewis 00000565-567, PS-73 | |
| 170 | S Lewis 00000912-925, PM-73 Revised 12-15-15 | |
| 171 | S Lewis 00000977-1001, PM-73 Revised 8-14-20 | |
| 172 | S Lewis 00000568-600, PM-73 Revised 7-1-21 | |
| 173 | BOS 026151-26187, PM-73 Revised 1-19-22 | |
| 174 | BOS-000720 – 000721, Sexual Misconduct (PM-73) Response Protocol | |
| 175 | BOS 24004-24007, Football Office Student Workers Responsibilities and NCAA Rules and Regulations | |
| 176 | BOS 025439, 3-15-21, Memo from Scott Woodward re Title IX Reporting | |
| 177 | BOS-026363-026364- Louisiana State University Football Operations Policies and Procedures, Exhibit 3 to Sharon Lewis' Deposition, football policies. | |
| 178 | 09-11-14 Email from Miriam Segar to Athletics Department Staff regarding Athletic Department Policy and Procedure Guidelines, Exhibit 4 to Sharon Lewis' Deposition | |
| 179 | 08-28-15 Email from Miriam Segar to Athletics Department Staff regarding Athletic Department Policy and Procedure Guidelines, Exhibit 4 to Sharon Lewis' Deposition | |
| 180 | 06-08-16 Email from Joe Alleva regarding Important – LSU Policies & Procedures Reminder, Exhibit 6 to Sharon Lewis Deposition | |
| 181 | PLAINTIFFS 254-256, Athletics Dept. Policies/Proc. | |
| 182 | PLAINTIFFS, 257-259, Football Operations Policies/Proc. | |
| 183 | BOS 026977-26978, 12-14-15 Email chain re: Rules Regarding PSA's | |
| 184 | BOS-002297, 002299, 02-15-18 Email and attachment from Joe Alleva | |
| 185 | BOS-029740, 4-25-22 Email re: A Call to Men: Final Thoughts, Resources, and Feedback | |
| 186 | BOS 025979-25980, 8-11-2017 email from Alexander re: FYI | |
| 187 | BOS 028950-28951, 12-10-21 Email from Nall re: Annual Mandatory Trainings | |

PD.43754551.1

| 188 | 11-16-20 Email from Lewis re: Letter from the Athletic Director | |
| 189 | BOS 006613-6614, 09-08-16 Email to Calise Richardson re: Mandatory Compliance Meeting 9-14-16 | |
| 190 | BOS 006779, 10-20-16 Email From Soil-Cormier re: Date Rape and Bullying | |
| 191 | BOS-004629 – 004631, Lewis Acknowledgements | |
| 192 | 08-18-17 agenda, Exhibit 10 to Sharon Lewis's Deposition | |
| 193 | 08-20-18 agenda, Exhibit 11 to Sharon Lewis's Deposition | |
| 194 | PLAINTIFFS_000265 – 000267, LSU Employees, Student Interns and Volunteers; Reporting Avenues and Other Resources for Human Relations Risks 2019-20 | |
| 195 | PLAINTIFFS_000583-000597, Slideshow | Plaintiff's Objection |
| 196 | 4-2-19, Emails between Carrier and Segar re: Deadline:2018-2019 NCAA Board of Governors Policy on Campus Sexual Violence | |
| 197 | BOS-027242-027244, 1-20-20 Email from McCall to Segar re: Employee handouts – training PFA | |
| 198 | BOS 027495-27524, 1-5-21 Email from McCall to Segar re: LSU PPTs-PFA | |
| 199 | BOS 028019-28021, 1-7-21 Email from Segar to McCall re: Acknowledgement Forms | |
| 200 | BOS 027826, 1-5-21 Email from Segar to Rempe and others re LSU PPT-PFA Review Requested | |
| 201 | BOS 027591-27593, 9-5-17 Email from McCall to Segar re: LSU – Beebe Group forms (employees) and attachments | |
| 202 | BOS 027626-27690, 4-13-21 Email from McCall to Segar re: PPT presentations for April 18 and 19 and attachments | |
| 203 | BOS-027742-27744, 9-9-16 Email from McCall to Segar re: LSU employee forms – Beebe Group training | |
| 204 | BOS 027753 – 27757, 8-23-18 Email from McCall to Segar re LSU Training forms – Beebe Group | |
| 205 | BOS 027758-27762, 1-20-19 Email from McCall to Segar re: Acknowledgment forms and handouts-DBG training | |
| 206 | BOS 027793-27795, 2-14-18 Email from McCall to Segar re: Employee Acknowledgment forms and handouts-Beebe Group | |
| 207 | BOS 027796-27798, 6-17-19 Email from McCall to Segar re: Employee/Coaches forms for training | |
| 208 | BOS -027799-27801, 9-3-19 Email from McCall to Segar re: LSU employee forms – PFA Consulting next week's | |

| | | |
|---|---|---|
| | training | |
| 209 | BOS 027812-027818, 12-30-20 Email from McCall to Segar re: Sample 2020-21 Student Athlete training materials | |
| 210 | BOS 028041-28044, 5-7-19 Email from Segar to McCall fw: New Ethics Helpline: News & Notes | |
| 211 | BOS 027495-27524, 1-5-21 Email from McCall to Segar re: LSU PPTs-PFA | |
| 212 | BOS 028681-028682, 4-19-21 Email from Tepe to Rempe re: NCAA Attestation memo with attachment | |
| 213 | BOS 028758-28804, 3-22-21 Email from Nall to Rempe re: Policies with attachments | |
| 214 | BOS 025455-25456, Report for Louisiana State University Athletics Department Human Relations Risk Management Services July 2019 | |
| 215 | BOS 025474-24575, 12-9-20 Email re: Training and LSU Football Student Athlete Education attachment | |
| 216 | BOS 025533-025335, 7-16-20 Email from Dan Beebe PFA re: End of Year Report and Attached Report for Louisiana State University Athletics Department Human Relations Risk Management Services 2019-20 Academic Year | |
| 217 | BOS 025455-25456, Report for Louisiana State University Athletics Department Human Relations Risk Management Services July 2019 | |
| 218 | BOS 025474-24575, 12-9-20 Email re: Training and LSU Football Student Athlete Education attachment | |
| 219 | BOS 025533-025335, 7-16-20 Email from Dan Beebe PFA re: End of Year Report and Attached Report for Louisiana State University Athletics Department Human Relations Risk Management Services 2019-20 Academic Year | |
| 220 | Lewis 9/10/19 text messages with Keava Soil-Cormier and Olivia Ohlsen | Plaintiff's objection |
| 221 | Lewis 12/7/21 text messages with Sara Dickson | Plaintiff's objection |
| 222 | Lewis 9/27/20 text messages with Verge Ausberry, David Taylor, and Julie Cribbs | Plaintiff's objection |
| 223 | Lewis 2/28/20 text messages with Jeff Martin, Keava Soil-Cormier, Tamara Davis, and Walt Holliday and attached photograph | Plaintiff's objection |
| 224 | Lewis 9/27/20 text messages with Verge Ausberry, Julie Cribbs, Ross Viltz, and David Taylor | Plaintiff's objection |
| 225 | Lewis 8/29/19 text messages with Kristen Cain | Plaintiff's objection |
| 226 | Lewis text messages with Verge Ausberry, Alonzo Carter, Corey Raymon, Eddie Kennison III, Jeff Martin, Keava Soil-Cormier, Keith Sanchez, Kevin Faulk, Mickey Joseph, | Plaintiff's objection |

| | Tamara Davis from 6/25/20 through 3/23/21 | |
|---|---|---|
| 227 | Lewis 8/20/18 text messages with Anthony Williams, Ben Bergeson, Dennis Shaver, Greg Bowser, Lori Bergstresser, Quinlan Duhon, Rick Greene, Ricky Chatman, Robert Easton, and Sara Dickson | Plaintiff's objection |
| 228 | Lewis text messages with Frank Wilson from date range 2/11/19 through 3/2/20 | Plaintiff's objection |
| 229 | Lewis 11/27/16 text messages with Frank Wilson | Plaintiff's objection |
| 230 | Lewis text messages with Frank Wilson from 11/13/15 through 1/13/16 | Plaintiff's objection |
| 231 | Lewis text messages with Bakari Guice on 2/3/21 | Plaintiff's objection |
| 232 | Lewis text messages with Verge Ausberry from date range 12/21/15 through 2/17/20 | Plaintiff's objection |
| 233 | Lewis 8/28/20 text messages with Joe Mistich and attached photograph | Plaintiff's objection |
| 234 | Lewis text messages with Kathy Miles from date range 12/25/16 through 10/15/20 | Plaintiff's objection |
| 235 | Lewis 10/4/20 text messages with Forrest Buckner, Keava Soil-Cormier, and Olivia Ohlsen | Plaintiff's objection |
| 236 | Lewis 5/14/20-6/10/20 text messages with Miriam Segar | Plaintiff's objection |
| 237 | Lewis 7/18/16 text messages with Teresa Neighbors and attached photograph | Plaintiff's objection |
| 238 | Lewis text messages with Verge Ausberry beginning on 9/3/2020 | Plaintiff's objection |
| 239 | Lewis text messages with Kristen Cain on 5/8/20, 8/19/20, and 11/2/20 | Plaintiff's objection |
| 240 | Lewis text messages with Stephanie Rempe on 8/20/20, 8/29/20, and 9/28/20 | Plaintiff's objection |
| 241 | Lewis text messages with Greg Stringfellow from 6/27/16 through 4/14/21 | Plaintiff's objection |
| 242 | Lewis text messages with Tomeka Murray on 9/26/16 | Plaintiff's objection |
| 243 | Lewis text messages with Jeff Grigus on 8/29/20 | Plaintiff's objection |
| 244 | Lewis text messages with Kristen Cain on 10/12/19 | Plaintiff's objection |
| 245 | Lewis text messages with Kristen Cain on 6/23/16 | Plaintiff's objection |
| 246 | Lewis text messages with Mary Jane Merrill from 1/24/16 through 6/9/21 | Plaintiff's objection |
| 247 | Lewis text messages with Jeremy Hawkins on 3/22/18 | Plaintiff's objection |

PD.43754551.1

| | | |
|---|---|---|
| 248 | Small Talk Counseling and Consulting records from Dr. Bianca Lee (including, without limitation, BOS 24793-24844, 36300-36304) | |
| 249 | Our Lady of the Lake records from Dr. Donald Carson (including, without limitation, BOS 24517-24792) | |
| 250 | Family Therapy Clinic of Louisiana records from Brenda Durbin, LCSW (including, without limitation, BOS 006165-6167) | |
| 251 | Lewis Petition to Proceed *In Forma Pauperis, Lewis v. Louisiana State University, et al.*, 19th Judicial District Court No. C-708092 | |
| 252 | Transcript from 10/25/23 hearing on Lewis Petition to Proceed *In Forma Pauperis, Lewis v. Louisiana State University, et al.*, 19th Judicial District Court No. C-708092 | |
| 253 | Notice of Deposition of Chad Garland | |
| 254 | BOS 05984-05987 – Compensation document (contained in Garland's file) | |
| 255 | LASERS Retirement Plan (contained in Garland's file) | |
| 256 | Life and Worklife Expectancies, Second Edition, Hugh Richards, M.S. and Michael Donaldson, Ph.D, (contained in Garland's file) | |
| 257 | Optional Retirement Plan | LSU Human Resources Management | |
| 258 | Teachers' Retirement System of Louisiana (TRSL) Optional Retirement Plan | |
| 259 | Lewis Application for Optional Retirement Plan or Change of Carrier | |
| 260 | Forms Checklist | |
| 261 | 6-6-22 Letter from Darryl W. Mayes to Hope Rispone enclosing Colleges and Universities Rate Agreement | |
| 262 | Lewis 2019 Pay Report | |
| 263 | Lewis 2020 Pay Report | |
| 264 | Lewis 2021 Pay Report | |
| 265 | Lewis 2022 Pay Report | |

PD.43754551.1

**XI.    Deposition Testimony to be Offered into Evidence:**

The Board may offer deposition testimony from Calise Richardson, Keava Soil-Cormier, Jeffrey Scott, and Joe Alleva. Plaintiff may offer deposition testimony from Soil-Cormier, Smantha Brennan, Jeffrey Scott, Calise Richardson, Joe Alleva, Amber Jessie, and Nikole Jessie. The parties will confer and attempt to resolve objections, if any, and will submit any disputed designations and supporting memoranda by December 4, 2023.  (R. Doc. 462).

**XII.    Demonstrative Materials Not to be Offered into Evidence but Used During Opening Statement and/or Closing Argument:**

**Plaintiff:** Plaintiff intends to use video testimony in opening and closing statements of LSU Officials testifying before the Louisiana State Senate Select Committee on March 10, 2021, March 26, 2021 and November 5, 2021. Plaintiff intend to use video of Board March 5, 2021 Press Conference on the release the Husch Blackwell Report; Frank Wilson black history month; and video clips of witness testimony.

**Defendant:**    The    Board    may    use    a    timeline;    damages    model graphic/calculation/comparative chart; quoted exhibits and/or testimony; a chart of reports by Plaintiff; and organizational chart information including terminated employees.

**XIII.    Witnesses:**

The Board may call the following witnesses:

1. Miriam Segar.  Ms. Segar may be contacted through the Board's counsel.  Ms. Segar is expected to offer testimony regarding Ms. Lewis' employment, alleged complaints and responses, alleged treatment, changes in employment status, and training.

PD.43754551.1

2. Verge Ausberry.  Mr. Ausberry may be contacted through the Board's counsel.  Mr. Ausberry is expected to offer testimony regarding Ms. Lewis' employment, alleged complaints, alleged treatment, changes in employment status, and training.

3. Sharon Lewis.  Ms. Lewis may be contacted through her counsel.  Ms. Lewis will testify regarding her claims and damages.

4. Jennie Stewart.  Ms. Stewart may be contacted through the Board's counsel.  Ms. Stewart is expected to offer testimony regarding Ms. Lewis' employment, training, Title IX, LSU's PM-73 policy, and PM-73 investigation of Ms. Lewis.

5. Keava Soil-Cormier.   By deposition regarding her observations of Ms. Lewis' employment, allegations of complaints, and alleged treatment.

6. Stephanie Rempe.  Ms. Rempe may be contacted through the Board's counsel.  Ms. Rempe may offer testimony regarding Ms. Lewis' employment, alleged complaints, alleged treatment, changes in employment status, pay, promotions and termination.

7. Coach Brian Kelly.  Coach Kelly may be contacted through the Board's counsel. Mr. Kelly is expected to offer testimony regarding Ms. Lewis' termination and changes he made to the Football department following his hire.  Coach Kelly may also offer testimony related to Frank Wilson's hire, among other issues.

8. Wendy Nall.  Ms. Nall may be contacted through the Board's counsel. Ms. Nall may offer testimony regarding Ms. Lewis' employment, alleged complaints, alleged treatment, changes in employment status, pay, promotions and termination.

9. Scott Woodward.  Mr. Woodward may be contacted through the Board's counsel. Mr. Woodward may offer testimony regarding Ms. Lewis' employment, changes in employment status, pay, promotions and termination.

10. Thomas Galligan.  Mr. Galligan may be contacted through the Board's counsel.  Mr. Galligan may offer testimony regarding his observations and statements on Title IX issues while serving as interim president of LSU.

11. Frank Wilson.  Mr. Wilson may be contacted through the Board's counsel.  Mr. Wilson may testify regarding his employment at LSU and his experiences with Ms. Lewis and others.

12. Jennifer Normand.  Ms. Normand may be contacted through the Board's counsel. Ms. Normand may testify regarding Ms. Lewis' employment, Ms. Lewis' compensation, personnel, and training records, LSU's policies and procedures, Ms. Lewis's retirement plan eligibility and participation, and Ms. Lewis' PM-73 appeal and communications with Ms. Lewis and Ms. Finley regarding same.

13. Lindsay Madatic.  Ms. Madatic may be contacted through the Board's counsel. Ms. Madatic may testify regarding Ms. Lewis' employment, Ms. Lewis' compensation, personnel, and training records, LSU's policies and procedures, Ms. Lewis's retirement plan eligibility and participation, and Ms. Lewis' PM-73 appeal and communications with Ms. Lewis and Ms. Finley regarding same.

14. Ya'el Lofton.  Ms. Lofton may be contacted through the Board's counsel.  Ms. Lofton may testify regarding Ms. Lewis' employment.

15. Lois Stuckey.  Ms. Stuckey may be contacted through the Board's counsel.  Ms. Stuckey may testify regarding Ms. Lewis' employment.

16. Joshua Jones.  Mr. Jones may be contacted through the Board's counsel.  Mr. Jones is expected to offer testimony regarding LSU's Title IX policies, procedures, training, and employee and student reports received by the Title IX office.

PD.43754551.1

17. Brian D.C. Wilson, Belumbra LLC.  Mr. Wilson is expected to offer testimony regarding the contents of Plaintiff's personal and LSU-issued cell phone, including but not limited to communications, custodians, metadata and deletion history.

18. Dr. James McAbee, Ph.D.  Dr. McAbee may be contacted through the Board's counsel. Dr. McAbee is expected to offer expert testimony regarding industry standards, diagnostic testing, Ms. Lewis' disability status and work restriction, alleged medical condition, diagnoses, prognosis, causation, damages, and the effect of same.

19. Brett Sokolow.  Mr. Sokolow may be contacted through the Board's counsel.  Mr. Sokolow may offer testimony regarding Title IX industry standards, compliance and other Title IX matters including with respect to Ms. Lewis.

20. Sherman Morris. 11555 South Fork Drive #1068, Baton Rouge, LA 70816.  Mr. Morris is expected to offer testimony related to Ms. Lewis' employment, alleged treatment, and observations regarding Frank Wilson and others.

21. Greg Stringfellow. 3045 Twelve Oaks Ave, Baton Rouge, LA 70820.[6]  Mr. Stringfellow may offer testimony regarding Ms. Lewis' employment, allegations of complaints, alleged treatment, and receipt of equipment.

22. Bo Bahnsen.  4431 Blecker Dr. Baton Rouge, LA  70809.  Mr. Bahnsen may offer testimony regarding Ms. Lewis' employment.

23. Kristen Cain. 15025 Memorial Tower Dr., Baton Rouge, LA  70810. Ms. Cain may offer testimony regarding Ms. Lewis' employment.

24. Austin Thomas. 908 All-American Dr., University, MS 38677.  Mr. Thomas may offer testimony regarding Ms. Lewis' employment.

---

[6] The Board is providing last known addresses for certain witnesses who are no longer employed by the Board.

25. Sam Nader. 620 W Woodruff Dr., Baton Rouge, LA 70808.   Mr. Nader may offer

testimony regarding Ms. Lewis' employment.

Plaintiff's Witnesses:

<u>Plaintiff Witnesses</u>

Plaintiff may call:

    1)  Sharon Lewis
        5664 S. Afton Pkwy,
        Baton Rouge, Louisiana 70806
        Will testify to facts of relating Title IX and Title VII.

    2)  William F. Tate IV
        President of LSU
        3810 West Lakeshore Drive
        Baton Rouge, Louisiana 70808
        Will testify as to LSU mandatory reporting policies and lack of investigation of
        Frank Wilson

    3)  Colis Temple Jr.
        Board of Supervisor
        3810 West Lakeshore Drive
        Baton Rouge, Louisiana 70808
        Will testify as the Board s scheme to conceal Title IX complaints and the hirig of
        Frank Wilson

    4)  Joshua D. Jones
        Associate Vice President for Civil Rights & Title IX Coordinator
        3810 West Lakeshore Drive
        Baton Rouge, Louisiana 70808
        Will testify as to LSU Title IX policies

    5)  Mary Leach Werner
        Board of Supervisor
        3810 West Lakeshore Drive
        Baton Rouge, Louisiana 70808
        Will testify as to the Board scheme to conceal Title IX complaints and
        management of the athletic department

    6)  Valencia Sarpy Jones
        Board of Supervisor
        3810 West Lakeshore Drive

Baton Rouge, Louisiana 70808
Will testify as to the Board scheme to conceal Title IX complaints and management
of the athletic department

7) James Williams
   Board of Supervisor
   3810 West Lakeshore Drive
   Baton Rouge, Louisiana 70808
   Will testify as to the Board scheme to conceal Title IX complaints


8) Scott Woodward
   LSU Athletic Director
   3810 West Lakeshore Drive
   Baton Rouge, Louisiana 70808
   Will testify as to facts surrounding Sharon Lewis termination

9) Brian Kelly
   LSU Head Football Coach
   3810 West Lakeshore Drive
   Baton Rouge, Louisiana 70808
   Will testify that he did not terminate Sharon Lewis

10) Miriam Segar
    LSU Athletic Employee
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testify as to Plaintiff's hostile work environment and retaliation for bring
    Title IX reports


11) Verge Ausberry
    LSU Athletic Employee
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testify as to Plaintiff's hostile work environment and retaliation for bring
    Title IX reports

12) Tammye Ya'el Lofton
    LSU Athletic Employee
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testify about Plaintiff allegations against Frank Wilson and hostile work
    environment

PD.43754551.1

13) Keava Soil-Cromier
    Associate Athletic Director Baylor University
    700 S University Parks Dr,
    Waco, TX 76706
    Will testify about Plaintiff allegations against Frank Wilson and hostile work environment

14) Jennie Stewart
    Former LSU Title IX Coordinator
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testify about Title IX policies, Winston DeCuir direction to violate Title IX and Plaintiff investigation by the General Counsel's office

15) Jennifer D. Normand
    Executive Director, Employee Relations
    Office Human Resource Management
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testifiy as to facts surrounding Plaintiff 2018 Title IX investigation and Plaintiff report of Frank Wilson sexual misconduct.

16) Joe Alleva
    Through his Attorney
    Michael Patterson
    Long Law Firm
    1800 City Farm Drive, Building 6
    Baton Rouge, Louisiana 70806
    Will testify as to the Board conspiracy to conceal Title IX complaints against Coaches and Athletes

17) Calise Richardson
    Through her Attorney
    Karen Trukowski
    503 Mall Court #131
    Lansing, MI 48912
    Will testify that Frank Wilson sexually harassed her and the hostile environment in the athletic department

18) Amber Jessie
    Former LSU Student Worker
    15951 Columbus Street
    New Orleans, Louisiana 70116
    Will testify that Frank Wilson sexually harassed her and the hostile work environment in the athletic department.

19) Nikole Jessie
    Former LSU Intern/Employee
    15951 Woodland Hills Dr. #3202
    Humble, Texas 77346
    Will testify that Frank Wilson sexually harassed her and the hostile work
    environment in athletics.


20) Stanley Jacobs
    Former LSU Board of Supervisors
    500 St Louis St
    New Orleans, LA 70130
    Will testify as to the Board conspiracy to conceal Title IX complaints against
    Coaches and Athletes


21) Vicki Crochet
    Taylor, Porter, Brooks & Phillips
    Chase North Tower,
    450 Laurel St 8th Floor,
    Baton Rouge, LA 70801
    Will testify as to the Board conspiracy to conceal Title IX complaints against
    Coaches and Athletes


22) Robert Barton (Albert)
    Taylor, Porter, Brooks & Phillips
    Chase North Tower,
    450 Laurel St 8th Floor,
    Baton Rouge, LA 70801
    Will testify as to the Board conspiracy to conceal Title IX complaints against
    Coaches and Athletes

23) Chad Garland
    Forensic Accountant
    900 Piermont Rd # 120,
    Shreveport, LA 71106
    Testimony concerning Plaintiff's Economic Damages

24) Dr. Donald Carson
    Direct Primary Care Physician at Louisiana
    10720 N. Oak Hills Pkwy, Suite B
    Baton Rouge, Louisiana 70810
    Testify concerning Plaintiff emotional damages

25) Dr. Pamela Saulsberry

Expert Sociologist
Through
Attorney Albert Van-Lare
Testify concerning Plaintiff emotional damages


26) Bianca Renae Lee M.Ed..LPC
    Small Talk Counseling
    11052 Old Hammond Hwy
    Baton Rouge, LA 70816
    Testify concerning Plaintiff emotional damages

27) Jeffrey Scott
    Former Title IX investigator
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Will testify that Sharon Lewis was the only employee investigated for a
    Title IX

28) Elizabeth R. Carter
    Associate Law Professor
    Louisiana State University
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    Testify as to her June 4 2015 Letter to LSU on its PM-73 Policy
    Will testify that she notified the Board that the Title IX policies were being
    enforced.

29) Samantha Brennan
    Through her Attorney
    Karen Trukowski
    503 Mall Court #131
    Lansing, MI 48912
    Will testify as to the hostile work environment in that athletic department

30) Attorney Trey Jones
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70808
    His knowledge of Sharon Lewis 2019 Report of sexual misconduct by Frank
    Wilson and the discussions with Maria Finley to remove the findings of the PM-73
    investigation from Sharon Lewis Personnel File

31) Attorney Winston DeCuir Jr.
    3810 West Lakeshore Drive
    Baton Rouge, Louisiana 70809
    His communications with Peter Ginsberg and Charles Peckham concerning

the release of the Student Complaint Memo and Directive Letter to Miles.

## XIV.  Jury/Non-Jury Trial:

This is a jury trial. Counsel will prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.

## XV.  Bifurcation of Issues:

The issue of liability **will not** be tried separately from that of quantum.

## XVI.  Other Matters:

A ruling on the Board's summary judgment motion will substantially inform the issues for resolution at trial as well as the relevance or lack thereof as to many of the exhibits and witness testimony.  The Board is also awaiting Plaintiff's promised supplementation of her discovery responses.

## Plaintiff's Special Issues:

    a.  Winston DeCuir  Jr. Testimony

The Board has produced multiple emails and documents between Peter Ginsberg, Charles Peckham and Winston DeCuir. Plaintiff proposed the Board stipulate to those communications and the Board refused. Plaintiff intends to call Winston DeCuir for the limited purposes of introducing those communications into evidence and to question him on any direct communications he had with Charles Peckham and Ginsberg about the Student 2 Complaint and Directive Letter.

    b.  Trey Jones testimony

Trey Jones received information in 2019 concerning Plaintiff's allegations that Frank Wilson was sexualizing student workers on behalf of Les Miles.

    c.  Introduction of Court Rulings for the purpose of  Federal Rule of Evidence 404(b)(2)

Plaintiff intends to introduce into evidence:
 March 14, 2023 Order and Reasons R.Doc. 316 ;
1.  May 25, 2023 Order and Reasons R. Doc. 335 ;
2.  United States Courts of Appeal for the Fifth Circuit Ruling *In Re Board of Supervisors of Louisiana State University and Agricultural and Mechanical College* No. 23-30441 (Doc: 47-1) ; and

3. United States Courts of Appeal for the Fifth Circuit Ruling *Lewis v. Danos* No. 22-30670. (Doc: 167-1)
4. The Court may also take judicial notice of these rulings.

for the narrow purpose of proving the Board's motive, intent, preparation and plan to engage in an illegal capture and kill scheme of Title IX complaints in the athletic department and that the Board had knowledge of the retaliation against Plaintiff. *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019); *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-00129-DMB-SAA, at *6 (N.D. Miss. Feb. 13, 2015)

## XVII. Commencement and Length of Trial:

Trial shall commence on 9:00 a.m. on December 11 and is estimated to last a total of 10 days.

## XVIII. Statement Regarding Conference of Counsel:

This Pretrial Order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

## XIX. Statement Regarding Possibility of Settlement:

The parties previously engaged in a settlement conference, which was unsuccessful. The parties do not believe time exists for further settlement discussions prior to the December 11, 2023 trial date.

**New Orleans, Louisiana, this 8th day of December, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
(917) 531-3909
Englishlaw2008@gmail.com

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

BY:    */s/ Susan W. Furr*
Susan W. Furr Bar Roll No. 19582
S. Dennis Blunt Bar Roll No. 21230
Karleen J. Green Bar Roll No. 25119
Gregory T. Stevens Bar Roll No. 29436
Jessica C. Huffman LA Bar No.: 30445
Michael B. Victorian Bar Roll No.: 36065
Molly McDiarmid Bar Roll No. 36426
II City Plaza | 400 Convention Street,
Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: susie.furr@phelps.com
Email: dennis.blunt@phelps.com
Email: karleen.green@phelps.com
Email: greg.stevens@phelps.com
Email: jessica.huffman@phelps.com
Email: michael.victorian@phelps.com
Email: molly.mcdiarmid@phelps.com

ATTORNEYS FOR DEFENDANT
BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE

PD.43754551.1