UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON LEWIS,                                           CIVIL ACTION
    Plaintiff

VERSUS                                                  NO. 21-198-SM-RLB

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,
    Defendant

## ORDER AND REASONS

Before the Court are Plaintiff's Motion in Limine to Exclude Private Cell Phone Records of Sharon Lewis,[1] Motion in Limine to Exclude LSU Cell Phone Records of Sharon Lewis,[2] Objections to Board of Supervisors Proposed Trial Exhibits 155–178,[3] Objections to Board of Supervisors Supplemental Exhibits,[4] and Objections to Exhibits 179–203.[5] These filings concern text messages produced from her LSU-issued work phone and from her personal cell phone. The Board filed a memorandum in opposition to Plaintiff's motions in limine[6] and incorporates that memorandum's reasoning in its response to Plaintiff's objections to its text message exhibits.[7] The fuller history of this evidentiary production is provided in the Court's December 2, 2023, Order and Reasons.[8]

---

[1] R. Doc. 478.
[2] R. Doc. 479.
[3] R. Doc. 510.
[4] R. Doc. 517.
[5] Provided to the Court via efile on December 10, 2023.
[6] R. Doc. 504.
[7] R. Doc. 519.
[8] R. Doc. 506.

**<u>Objection to Exhibits 179–203</u>**

Pursuant to the Court's December 2, 2023, Order and Reasons,[9] on Tuesday, December 5, 2023, Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") submitted, as supplemental Exhibit 179, dozens of text messages between Plaintiff and Verge Ausberry contained on Plaintiff's personal cell phone.[10] To guard against cumulative and irrelevant evidence, at the video status conference held December 7, 2023,[11] the Court instructed the Board to "[s]elect a total of 25 text message exchanges between Plaintiff and Verge Ausberry it wishes to use as exhibits at trial" and submit each of those 25 exhibits as individual exhibits[12] Those selections were timely provided to the Court and listed as Exhibits 179–203.

Via letter submitted to the Court's efile address on December 10, 2023, Plaintiff objected to Exhibits 179–203 by "reassert[ing] her objections in R. Doc 517," which is Plaintiff's objections to the Board's original Exhibit 179 submitted on December 5, 2023. In turn, R. Doc. 517 incorporates "each and every argument made in R. Doc. 478-1."[13] R. Doc. 478-1 is Plaintiff's memorandum in support of her Motion in Limine to Exclude Private Cell Phone Records of Sharon Lewis.[14] Plaintiff objects to the introduction of text messages from her private cell phone on relevance, unfair prejudice, and authentication grounds.[15]

The Board produced Exhibits 179–203 in compliance with this Court's order requiring the Board to select a limited number of relevant messages between Plaintiff and

---

[9] *Id.*
[10] R. Doc. 514.
[11] R. Doc. 526.
[12] R. Doc. 527.
[13] R. Doc. 517 at p. 1.
[14] R. Doc. 478.
[15] *See* R. Doc. 478-1.

2

Verge Ausberry, a former colleague whose alleged actions toward Plaintiff are key to Plaintiff's claims.[16] The Court finds these text message exchanges are relevant, and, in light of the limitation on the number of exchanges produced as exhibits and the contents thereof, the Court finds that the probative value is not substantially outweighed by the risk of unfair prejudice, confusion, wasting time, or cumulative evidence.[17] Accordingly, Plaintiff's objection to Exhibits 179–203 on relevance and prejudice grounds is **OVERRULED**. Because the Board substituted Exhibits 179–203 for prior Exhibit 179, Plaintiff's objection[18] to the Board's prior supplemental exhibit list is **OVERRULED AS MOOT**.

**Objections to Board of Supervisors Proposed Trial Exhibits 155–178**

Plaintiff filed objections to those text messages from her personal and LSU cell phones submitted by the Board as Exhibits 155–178.[19] In her filing, Plaintiff incorporates "each and every argument made in R. Doc. 478-1 and R. Doc. 479-1 as to the relevancy of" the exhibits.[20] As discussed above, R. Doc. 478-1 is Plaintiff's memorandum in support of her motion in limine concerning evidence from her personal cell phone on relevance, unfair prejudice, and authentication grounds. R. Doc. 479-1 is a nearly identical memorandum in support of Plaintiff's parallel motion in limine concerning evidence from her LSU cell phone on the same grounds of relevance, unfair prejudice, and

---

[16] *See generally* R. Doc. 219.
[17] Fed. R. Evid. 403. The risk of unfair prejudice is further reduced by this Court's instruction that neither party may include as exhibits any videos produced from Plaintiff's cell phones. (R. Doc. 506 at p. 11 n.59.)
[18] R. Doc. 517.
[19] R. Doc. 510.
[20] Plaintiff also observes that "the exhibits are outside of" the scope of this Court's December 2, 2023, Order and Reasons concerning the production of her cell phone data (R. Doc. 506), but she does not mount any argument in support of this observation as an objection, nor does she further develop that observation in her supporting memoranda. The Court disregards this observation, but notes for the record that the use of evidence from Plaintiff's LSU cell phone is in no way incompatible with the Court's December 2, 2023 Order and Reasons.

3

authentication. The Court has reviewed Exhibits 155–178 in light of Plaintiff's filings and rules as follows.

The Court finds that many of the exhibits should be excluded because any limited relevance is outweighed by the risk of unfair prejudice, confusion, delay, or the presentation of cumulative evidence.[21] Plaintiff's objections on relevance and prejudice grounds are **SUSTAINED** as to the following exhibits: 155, 157, 158, 162, 164, 167, and 169.

Plaintiff's objection is **SUSTAINED** on attorney-client privilege grounds as to Exhibit 156.

Plaintiff's objections are **OVERRULED** as to all other exhibits.

### Plaintiff's Motions in Limine

As described above, Plaintiff's motions in limine are fully incorporated into her objections to exhibits, and the Court has ruled on them as such. Accordingly, Plaintiff's Motion in Limine to Exclude Private Cell Phone Records of Sharon Lewis[22] and Motion in Limine to Exclude LSU Cell Phone Records of Sharon Lewis[23] are **GRANTED IN PART** and **DENIED IN PART** as set forth in the Court's rulings above.[24]

New Orleans, Louisiana, this 10th day of December, 2023.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[21] Fed. r
[22] R. Doc. 478.
[23] R. Doc. 479.
[24] The parties reminded that all exhibits must be authenticated or identified in accordance with Federal Rule of Evidence 901. Ordinarily, with respect to text messages, this will be done through the sender or recipient of the text.