### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**SHARON LEWIS,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 21-198-SM-RLB**

**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE,**
    **Defendant**

### JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

### GENERAL INSTRUCTIONS

1. YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

2.   DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

3.   ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

4.   THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

5.   THE FACT THAT A PERSON HAS BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE OR PRESUMPTION THAT SUCH PERSON IS ENTITLED TO A JUDGMENT FOR ANY AMOUNT AT ALL. ANYONE MAY MAKE A CLAIM, AND THE FACT OF MAKING THE CLAIM BY ITSELF IN NO WAY TENDS TO ESTABLISH IT. LIKEWISE THE FACT THAT A DEFENDANT

RAISES A DEFENSE CREATES NO INFERENCE OR PRESUMPTION THAT THE DEFENSE HAS MERIT.

6.  DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION OR STATE AGENCY AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

7.  YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFF OR THE DEFENDANT IN ARRIVING AT YOUR VERDICT.

8.  YOU ARE NOT TO TELL OTHER JURORS ABOUT YOUR OWN PERSONAL EXPERIENCES OR KNOWLEDGE OR OTHER PEOPLE'S EXPERIENCES OR KNOWLEDGE. FOR EXAMPLE, YOU MAY HAVE PERSONAL EXPERIENCES AS AN EMPLOYEE OF A STATE AGENCY OR CORPORATION THAT YOU BELIEVE RELATE TO THIS CASE. DO NOT TELL THE OTHER JURORS ABOUT IT. WHAT YOU MAY KNOW OR HAVE LEARNED THROUGH YOUR OWN PERSONAL EXPERIENCES IS NOT PART OF THE EVIDENCE RECEIVED IN THIS CASE.

9.  THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR SITUATIONS IN LIFE. A CORPORATION OR STATE AGENCY HAS THE SAME RIGHT TO A FAIR TRIAL AS

DOES A PRIVATE INDIVIDUAL. ALL PERSONS AND LEGAL ENTITIES STAND EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN THE COURT OF JUSTICE.

10. IN THIS CASE, PLAINTIFF MUST PROVE EVERY ESSENTIAL PART OF HER CLAIMS BY A PREPONDERANCE OF THE EVIDENCE. A PREPONDERANCE OF THE EVIDENCE MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIMS ARE MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PLAINTIFF FAILS TO ESTABLISH ANY ESSENTIAL PART OF A CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN SHE MAY NOT RECOVER ON THAT CLAIM. IN THOSE CASES, YOU SHOULD FIND FOR THE DEFENDANT AS TO THOSE CLAIMS.

11. THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH

CONCLUSIONS THAT REASON AND COMMONSENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

12.    ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER OWN INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

13.    THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

14.   IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

15.   YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

16.   THE INTEREST OF A WITNESS IN THE OUTCOME OF A SUIT, WHETHER SUCH INTEREST IS BY REASON OF RELATIONSHIP, FINANCIAL OR OTHERWISE, MAY HAVE THE EFFECT OF LESSENING THE VALUE OF SUCH WITNESS'S TESTIMONY.

17.   IF ANY WITNESS IS FOUND TO BE UNTRUTHFUL OR HAS BEEN DISCREDITED, YOU HAVE THE RIGHT TO DISTRUST AND REJECT ALL OF THE TESTIMONY GIVEN BY THAT PERSON IN ANY AND ALL PARTICULARS.

18.   IT IS YOUR DUTY TO DETERMINE THE CREDIBILITY OF THE WITNESSES, AND IT IS YOUR DUTY TO DETERMINE HOW MUCH WEIGHT YOU SHOULD GIVE THE TESTIMONY OF THE WITNESSES. IN THIS RESPECT, YOU MAY TAKE INTO CONSIDERATION THE PROBABILITY OR IMPROBABILITY OF THE STATEMENTS OF THE WITNESSES, THEIR OPPORTUNITIES FOR KNOWLEDGE OF THE FACTS TO WHICH THEY TESTIFY, THEIR RELIABILITY IN NOTING AND REMEMBERING FACTS, THEIR DEMEANOR ON THE WITNESS STAND, THE INTEREST OR LACK OF INTEREST THEY MAY HAVE IN THE CASE, THEIR RELATIONSHIP WITH ANY PARTY AND EVERY CIRCUMSTANCE SURROUNDING THE GIVING OF THEIR TESTIMONY WHICH MAY AID IN WEIGHING THEIR STATEMENTS. IF YOU BELIEVE THAT ANY WITNESS IN THE CASE HAS WILLFULLY AND DELIBERATELY TESTIFIED FALSELY TO ANY MATERIAL FACT FOR THE PURPOSE OF DECEIVING YOU, THEN YOU ARE JUSTIFIED IN DISREGARDING THE ENTIRE TESTIMONY OF SUCH WITNESS AS PROVING NOTHING, AND AS NOT WORTHY OF BELIEF. YOU HAVE THE RIGHT TO ACCEPT AS TRUE, OR REJECT AS FALSE, THE TESTIMONY OF ANY WITNESS, IN WHOLE OR IN PART, AS YOU ARE IMPRESSED WITH HIS OR HER VERACITY.

19.   EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE

ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

19.  THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER CONSIDERING ALL THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE WITNESS.

20.  DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO THE EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION. UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING

OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

**SPECIAL INSTRUCTIONS**

**Plaintiff's Claims**

21.   **PLAINTIFF'S CLAIMS**: PLAINTIFF ASSERTS SEVERAL CLAIMS IN THIS CASE, ONE UNDER TITLE IX OF THE EDUCATIONAL AMENDMENTS ACT OF 1972 ("TITLE IX"), AND THE REMAINDER UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII").   AS TO TITLE IX, SHE ASSERTS A CLAIM FOR RETALIATION FOR REPORTING STUDENT TITLE IX COMPLAINTS.   AS TO TITLE VII, SHE ASSERTS CLAIMS FOR RETALIATION FOR FILING AN EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CHARGE AND FOR COMPLAINING ABOUT GENDER DISCRIMINATION OF EMPLOYEES, AND FOR A HOSTILE WORK ENVIRONMENT BASED ON HER GENDER.  I WILL GIVE YOU INSTRUCTIONS ON EACH CLAIM.

22.   **TITLE IX RETALIATION TIME PERIOD**: PLAINTIFF'S TITLE IX CLAIM IS LIMITED TO CONDUCT OCCURRING ON OR AFTER APRIL 8, 2020, THROUGH FEBRUARY 4, 2022, REFERRED TO AS THE "STATUTORY PERIOD."   THE BOARD CANNOT BE HELD LIABLE FOR CONDUCT OCCURRING BEFORE APRIL 8, 2020, OR AFTER FEBRUARY 4, 2022.  AS A RESULT, IN DETERMINING WHETHER PLAINTIFF HAS PROVEN ALL ESSENTIAL PARTS OF HER TITLE IX CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DISREGARD ANY EVIDENCE CONCERNING CONDUCT OCCURRING OUTSIDE THE STATUTORY PERIOD. HOWEVER, CONDUCT OUTSIDE THE STATUTORY PERIOD MAY PROVIDE CONTEXT OR BACKGROUND FOR CONDUCT OCCURRING DURING THE STATUTORY PERIOD.

23.   **TITLE IX RETALIATION:**   PLAINTIFF CLAIMS SHE WAS RETALIATED AGAINST BY THE BOARD FOR ENGAGING IN ACTIVITY PROTECTED BY TITLE IX.  SHE CLAIMS SHE MADE COMPLAINTS ABOUT LES MILES AND FRANK WILSON IN 2013 AND 2019, THAT SHE WAS DENIED A PAY INCREASE IN CONNECTION WITH AN AUGUST 2020 PROMOTION, AND THAT SHE WAS TERMINATED IN FEBRUARY 2022 FOR MAKING SUCH COMPLAINTS.

THE BOARD DENIES PLAINTIFF'S CLAIMS AND CONTENDS THAT PLAINTIFF'S LACK OF A PAY INCREASE WHEN SHE WAS PROMOTED IN 2020, ONLY A FEW MONTHS AFTER RECEIVING A PAY INCREASE, AND HER TERMINATION IN 2022, ONLY A FEW MONTHS AFTER THE HIRING OF NEW HEAD COACH BRIAN KELLY, HAD NOTHING TO DO WITH ANY PRIOR COMPLAINTS OF STUDENT HARASSMENT.

IT IS UNLAWFUL FOR AN EMPLOYER TO RETALIATE AGAINST AN EMPLOYEE FOR ENGAGING IN ACTIVITY PROTECTED BY TITLE IX. PLAINTIFF AT ALL TIMES HAS THE ULTIMATE BURDEN OF PROVING THAT THE BOARD INTENTIONALLY RETALIATED AGAINST HER FOR HER COMPLAINTS ALLEGING NONCOMPLIANCE WITH THE SUBSTANTIVE PROVISIONS OF TITLE IX.  TO PROVE UNLAWFUL RETALIATION, PLAINTIFF MUST PROVE ALL THREE OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1.      PLAINTIFF ENGAGED IN PROTECTED ACTIVITY (REPORTED TITLE IX CONDUCT);

2.      THE BOARD TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF; AND,

3.    THE BOARD'S DECISION TO TAKE AN ADVERSE ACTION AGAINST
PLAINTIFF WAS BECAUSE SHE ENGAGED IN PROTECTED ACTIVITY.

BECAUSE A TITLE IX RETALIATION CLAIM ONLY COVERS CONDUCT

PROTECTED BY TITLE IX, PLAINTIFF MAY PREVAIL ONLY IF YOU FIND THAT

SHE WAS SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION, SUCH AS

TERMINATION, SOLELY AS A CONSEQUENCE OF COMPLAINTS ALLEGING

NONCOMPLIANCE WITH THE SUBSTANTIVE PROVISIONS OF TITLE IX.  THE

PROTECTED  ACTIVITY  THAT  FORMS  THE  BASIS  OF  A  TITLE  IX

RETALIATION CLAIM IS ACTIVELY COMPLAINING ABOUT OR OPPOSING

ALLEGED DISCRIMINATION ON THE BASIS OF SEX IN EDUCATIONAL

PROGRAMS OR ACTIVITIES.  TITLE IX PROTECTS STUDENTS FROM SEXUAL

HARASSMENT. TITLE IX ALSO PROTECTS SCHOOL EMPLOYEES FROM

RETALIATION  BASED  ON  THEIR  REPORTING  OF  STUDENT  SEXUAL

HARASSMENT. IF YOU FIND THAT PLAINTIFF WAS SUBJECTED TO AN

ADVERSE EMPLOYMENT ACTION REGARDING OTHER MATTERS, NOT

INVOLVING STUDENTS, INCLUDING COMPLAINTS INVOLVING MATTERS

FALLING UNDER TITLE VII, AND NOT TITLE IX, YOU CANNOT FIND IN

FAVOR OF PLAINTIFF ON HER TITLE IX CLAIM. ON THE OTHER HAND, IF

YOU  FIND  THAT  PLAINTIFF  WAS  SUBJECTED  TO  AN  ADVERSE

EMPLOYMENT ACTION BECAUSE OF A TITLE IX PROTECTED ACTIVITY,

INCLUDING THE REPORTING OF SEXUAL HARASSMENT OF A STUDENT,

PLAINTIFF MAY RECOVER ON THIS CLAIM.  IT IS NOT ENOUGH THAT YOU

MAY BELIEVE PLAINTIFF WAS TERMINATED FOR COMPLAINTS RELATED

TO HER OWN INDIVIDUAL EMPLOYMENT, FOR THAT IS NOT PROTECTED ACTIVITY COVERED BY TITLE IX.

IN ORDER TO FIND FOR PLAINTIFF, YOU MUST FIND THAT THE BOARD'S DECISION TO TAKE THE ADVERSE ACTION WOULD NOT HAVE OCCURRED IN THE ABSENCE OF – BUT FOR – PLAINTIFF'S PROTECTED ACTIVITY.  FOR EXAMPLE, IF YOU FIND THAT PLAINTIFF WOULD HAVE STILL BEEN TERMINATED IN FEBRUARY FOR REASONS NOT RELATED TO TITLE IX THEN YOU MAY NOT FIND FOR PLAINTIFF UNDER TITLE IX.

PLAINTIFF MUST ALSO PROVE THAT THE INDIVIDUAL(S) WHO MADE THE DECISION CONCERNING THE ADVERSE EMPLOYMENT ACTION KNEW THAT SHE HAD ENGAGED IN THE PROTECTED ACTIVITY.   MERE CONCLUSORY STATEMENTS BY OR SUBJECTIVE BELIEFS OF THE PLAINTIFF THAT SHE BELIEVES SHE WAS RETALIATED AGAINST ARE NOT EVIDENCE OR PROOF THAT THE BOARD RETALIATED AGAINST HER.

24.    **TITLE VII RETALIATION TIME PERIOD:**    PLAINTIFF'S TITLE VII RETALIATION CLAIM IS LIMITED TO CONDUCT OCCURRING AFTER JUNE 19, 2020, THROUGH FEBRUARY 4, 2022, REFERRED TO AS THE "STATUTORY PERIOD."    THE BOARD CANNOT BE HELD LIABLE FOR CONDUCT OCCURRING ON OR BEFORE JUNE 19, 2020, OR AFTER FEBRUARY 4, 2022. AS A RESULT, IN DETERMINING WHETHER PLAINTIFF HAS PROVEN ALL ESSENTIAL PARTS OF EACH OF HER TITLE VII RETALIATION CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DISREGARD ANY

EVIDENCE CONCERNING CONDUCT OCCURRING OUTSIDE THE STATUTORY PERIOD. HOWEVER, CONDUCT OUTSIDE THE STATUTORY PERIOD MAY PROVIDE CONTEXT OR BACKGROUND FOR CONDUCT OCCURRING DURING THE STATUTORY PERIOD.

25. **TITLE VII RETALIATION:** PLAINTIFF ALSO CLAIMS THAT SHE WAS RETALIATED AGAINST BY THE BOARD FOR ENGAGING IN ACTIVITY PROTECTED BY TITLE VII. PLAINTIFF CLAIMS THAT THE BOARD RETALIATED AGAINST HER BY DENYING HER A PAY INCREASE IN CONNECTION WITH AN AUGUST 2020 PROMOTION, AND BY TERMINATING HER EMPLOYMENT IN FEBRUARY 2022 FOR FILING AN EEOC COMPLAINT AND COMPLAINING OF GENDER DISCRIMINATION OF EMPLOYEES.

THE BOARD DENIES PLAINTIFF'S CLAIMS AND CONTENDS THAT PLAINTIFF'S LACK OF A PAY INCREASE WHEN SHE WAS PROMOTED IN 2020, ONLY A FEW MONTHS AFTER RECEIVING A PAY INCREASE, AND HER TERMINATION IN 2022, ONLY A FEW MONTHS AFTER THE HIRING OF NEW HEAD COACH BRIAN KELLY, HAD NOTHING TO DO WITH ANY PRIOR COMPLAINTS OF EMPLOYEE DISCRIMINATION.

IT IS UNLAWFUL FOR AN EMPLOYER TO RETALIATE AGAINST AN EMPLOYEE FOR ENGAGING IN ACTIVITY PROTECTED BY TITLE VII. PLAINTIFF AT ALL TIMES HAS THE ULTIMATE BURDEN OF PROVING THAT THE BOARD INTENTIONALLY RETALIATED AGAINST HER FOR REPORTS OF HARASSMENT OR DISCRIMINATION UNDER TITLE VII.  TO PROVE

UNLAWFUL RETALIATION, PLAINTIFF MUST PROVE ALL THREE OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1. PLAINTIFF ENGAGED IN PROTECTED ACTIVITY (REPORTED TITLE VII CONDUCT);

2. THE BOARD TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST PLAINTIFF; AND,

3. THE BOARD'S DECISION TO TAKE AN ADVERSE ACTION AGAINST PLAINTIFF WAS BECAUSE SHE ENGAGED IN PROTECTED ACTIVITY.

PROTECTED ACTIVITY INCLUDES OPPOSING AN EMPLOYMENT PRACTICE THAT IS UNLAWFUL UNDER TITLE VII; FILING AN EEOC COMPLAINT OF DISCRIMINATION; OR TESTIFYING, ASSISTING OR PARTICIPATING IN ANY MANNER IN AN INVESTIGATION, PROCEEDING, OR HEARING UNDER TITLE VII.    IF THE CLAIM IS FOR OPPOSING AN EMPLOYMENT PRACTICE, PLAINTIFF MUST PROVE THAT SHE HAD AT LEAST A REASONABLE BELIEF THAT THE PRACTICE WAS UNLAWFUL UNDER TITLE VII.    IN ORDER TO CONSTITUTE PROTECTED ACTIVITY, THE REPORT OR COMPLAINT MUST CONCERN CONDUCT PROHIBITED BY TITLE VII.    TITLE VII PROTECTS EMPLOYEES, AND NOT NON-EMPLOYEE STUDENTS, FROM SEXUAL HARASSMENT. THUS, FOR EXAMPLE, AN EMPLOYEE'S COMPLAINTS THAT A NON-EMPLOYEE STUDENT WAS BEING SEXUALLY HARASSED IS NOT PROTECTED ACTIVITY UNDER TITLE VII.    IF YOU FIND THAT PLAINTIFF

15

WAS SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION REGARDING OTHER MATTERS, INCLUDING COMPLAINTS INVOLVING MATTERS FALLING UNDER TITLE IX, AND NOT TITLE VII, YOU CANNOT FIND IN FAVOR OF PLAINTIFF ON HER TITLE VII CLAIM.    IN ADDITION, GENERALIZED COMPLAINTS ABOUT RUDE OR UNPROFESSIONAL CONDUCT DO NOT CONSTITUTE PROTECTED ACTIVITY.

IN ORDER TO FIND FOR PLAINTIFF, YOU MUST FIND THAT THE BOARD'S DECISION TO TAKE THE ADVERSE ACTION, SUCH AS TERMINATION, WOULD NOT HAVE OCCURRED IN THE ABSENCE OF—BUT FOR—PLAINTIFF'S PROTECTED ACTIVITY.  FOR EXAMPLE, IF YOU FIND THAT PLAINTIFF WOULD HAVE STILL BEEN TERMINATED IN FEBRUARY 2022 FOR REASONS NOT RELATED TO TITLE VII, THEN YOU MAY NOT FIND FOR PLAINTIFF WITH REGARD TO HER TITLE VII RETALIATION CLAIM.

PLAINTIFF MUST ALSO PROVE THAT THE INDIVIDUAL(S) WHO MADE THE DECISION CONCERNING THE ADVERSE EMPLOYMENT ACTION KNEW THAT SHE HAD ENGAGED IN THE PROTECTED ACTIVITY.

26.   **INTENTIONAL RETALIATION:**   TITLE IX AND TITLE VII DO NOT PROTECT PLAINTIFF FROM BAD OR UNFAIR DECISIONS BY AN EMPLOYER. RATHER, THE LAWS ONLY PROHIBIT INTENTIONAL RETALIATION BECAUSE OF "PROTECTED ACTIVITY."  THUS, IT IS NOT YOUR JOB TO SECOND GUESS OR CONSIDER WHETHER YOU AGREE WITH THE BOARD'S

DECISIONS.  THE ISSUE IS NOT WHETHER THE BOARD'S DECISION WAS CORRECT OR EVEN FAIR.  INSTEAD, THE ISSUE IS ONLY WHETHER THE BOARD INTENTIONALLY RETALIATED AGAINST PLAINTIFF.

WHILE PLAINTIFF ALLEGES THAT SHE WAS SUBJECTED TO VARIOUS ADVERSE EMPLOYMENT ACTIONS IN RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY UNDER TITLE IX AND TITLE VII, THE BOARD CONTENDS THAT IT HAS NON-RETALIATORY REASONS FOR EACH ADVERSE EMPLOYMENT ACTION.

A NON-RETALIATORY REASON IS ANY REASON OR EXPLANATION UNRELATED TO PLAINTIFF'S PROTECTED ACTIVITY.  IN CONSIDERING THE NON-RETALIATORY REASONS STATED BY THE BOARD FOR ITS DECISIONS, YOU ARE NOT TO SECOND-GUESS THAT DECISION OR TO OTHERWISE SUBSTITUTE YOUR JUDGMENT FOR THAT OF THE BOARD.

UNDER THE LAW, EMPLOYERS ARE ENTITLED TO MAKE DECISIONS IN THE WORKPLACE FOR GOOD REASONS, BAD REASONS, OR FOR NO REASONS AT ALL, SO LONG AS THE DECISIONS ARE NOT BASED ON UNLAWFUL RETALIATION.  THE FACT THAT A DECISION WAS A MISTAKE, UNWISE, OR WAS EVEN HARSH OR UNFAIR, DOES NOT CONSTITUTE INTENTIONAL RETALIATION.    HOWEVER, AN EMPLOYER MAY NOT MAKE AN EMPLOYMENT DECISION BASED ON AN UNLAWFUL REASON THAT VIOLATES TILE VII OR TITLE IX.

27.    **HOSTILE WORK ENVIRONMENT:**    PLAINTIFF CLAIMS SHE WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT BASED ON HER GENDER. THE ALLEGED CONDUCT SERVING AS THE BASIS OF PLAINTIFF'S CLAIM IS LIMITED TO (1) VERGE AUSBERRY'S ALLEGED SCREAMING AT PLAINTIFF FROM 2012 TO 2022; (2) AUSBERRY'S ALLEGED COMMENT IN 2020 THAT PLAINTIFF WAS AN "ANGRY BLACK WOMAN;" AND (3) THE REHIRING OF FRANK WILSON IN DECEMBER 2021. PLAINTIFF FURTHER CLAIMS THAT THE BOARD KNEW, OR IN THE EXERCISE OF REASONABLE CARE SHOULD HAVE KNOWN, OF THE HARASSMENT BUT DID NOT TAKE PROMPT REMEDIAL ACTION.

THE BOARD DENIES PLAINTIFF'S CLAIMS AND CONTENDS THAT PLAINTIFF WAS NOT SUBJECTED TO A HOSTILE WORK ENVIRONMENT IN CONNECTION WITH HER FORMER EMPLOYMENT. THE BOARD FURTHER CONTENDS THAT PLAINTIFF NEVER REPORTED THE ALLEGED COMPLAINED-OF CONDUCT BY AUSBERRY TO LSU.

IT IS UNLAWFUL FOR AN EMPLOYER TO FAIL TO TAKE REMEDIAL ACTION WHEN THE EMPLOYER KNEW, OR SHOULD HAVE KNOWN, THAT A COWORKER HARASSED AN EMPLOYEE BECAUSE OF THAT EMPLOYEE'S GENDER.

FOR THE BOARD TO BE LIABLE FOR A GENDER-BASED HOSTILE WORK ENVIRONMENT, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE

EVIDENCE THAT SHE WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT AT LEAST IN PART BECAUSE OF HER GENDER AND:

1. THE CONDUCT WAS SUFFICIENTLY SEVERE OR PERVASIVE TO:

   A. ALTER THE TERMS OR CONDITIONS OF PLAINTIFF'S EMPLOYMENT; AND

   B. CREATE A HOSTILE OR ABUSIVE WORK ENVIRONMENT; AND

2. THE BOARD KNEW, OR IN THE EXERCISE OF REASONABLE CARE SHOULD HAVE KNOWN, THAT PLAINTIFF WAS BEING HARASSED BECAUSE OF HER GENDER. TO MAKE THIS SHOWING, PLAINTIFF MUST PROVE THAT:

   A. THE HARASSMENT WAS KNOWN BY OR COMMUNICATED TO A PERSON WHO HAD THE AUTHORITY TO RECEIVE, ADDRESS, OR REPORT THE COMPLAINT, EVEN IF THAT PERSON DID NOT DO SO, OR THE HARASSMENT WAS SO OPEN AND OBVIOUS THAT THE BOARD SHOULD HAVE KNOWN OF IT; AND

   B. THE BOARD FAILED TO TAKE PROMPT REMEDIAL ACTION DESIGNED TO STOP THE HARASSMENT.

TO DETERMINE WHETHER THE CONDUCT IN THIS CASE RISES TO A LEVEL THAT ALTERED THE TERMS OR CONDITIONS OF PLAINTIFF'S EMPLOYMENT, YOU SHOULD CONSIDER ALL OF THE CIRCUMSTANCES, INCLUDING: THE FREQUENCY OF THE CONDUCT; ITS SEVERITY; WHETHER IT WAS PHYSICALLY THREATENING OR HUMILIATING, OR A MERE OFFENSIVE UTTERANCE; AND WHETHER IT UNREASONABLY INTERFERED WITH PLAINTIFF'S WORK PERFORMANCE. THERE IS NO

REQUIREMENT THAT THE CONDUCT BE PSYCHOLOGICALLY INJURIOUS. IN DETERMINING WHETHER THE ACTS OF GENDER-BASED HARASSMENT WERE SUFFICIENTLY SEVERE OR PERVASIVE, YOU SHOULD ONLY CONSIDER CONDUCT THAT OCCURRED, AT LEAST IN PART, BECAUSE OF PLAINTIFF'S GENDER. FOR EXAMPLE, IF YOU BELIEVE THAT PLAINTIFF WAS HARASSED BECAUSE OF A PAY ISSUE OR FOR MAKING COMPLAINTS, THAT DOES NOT NECESSARILY MEAN THAT SHE WAS SUBJECTED TO GENDER-BASED HARASSMENT UNLESS YOU CONCLUDE THAT THE CONDUCT OCCURRED AT LEAST IN PART BECAUSE SHE IS FEMALE OR BECAUSE OF A REASON RELATING TO HER SEX AS A FEMALE.

HARASSMENT MAY INCLUDE EXTREMELY INSENSITIVE CONDUCT BASED ON GENDER. SIMPLE TEASING, OFFHAND COMMENTS, SPORADIC USE OF OFFENSIVE LANGUAGE, OCCASIONAL JOKES RELATED TO GENDER, AND ISOLATED INCIDENTS (UNLESS EXTREMELY SERIOUS) WILL GENERALLY NOT AMOUNT TO DISCRIMINATORY CHANGES IN THE TERMS AND CONDITIONS OF EMPLOYMENT. BUT DISCRIMINATORY INTIMIDATION, RIDICULE, OR OTHER VERBAL OR PHYSICAL CONDUCT BECAUSE OF PLAINTIFF'S GENDER MAY BE SUFFICIENTLY EXTREME TO ALTER THE TERMS AND CONDITIONS OF EMPLOYMENT.

IN DETERMINING WHETHER A HOSTILE WORK ENVIRONMENT EXISTED, YOU MUST CONSIDER THE EVIDENCE FROM BOTH PLAINTIFF'S PERSPECTIVE AND FROM THE PERSPECTIVE OF A REASONABLE PERSON.

FIRST, PLAINTIFF MUST ACTUALLY FIND THE CONDUCT OFFENSIVE. NEXT, YOU MUST LOOK AT THE EVIDENCE FROM THE PERSPECTIVE OF A REASONABLE PERSON'S REACTION TO A SIMILAR ENVIRONMENT UNDER SIMILAR CIRCUMSTANCES. YOU CANNOT VIEW THE EVIDENCE FROM THE PERSPECTIVE OF AN OVERLY SENSITIVE PERSON. NOR CAN YOU VIEW THE EVIDENCE FROM THE PERSPECTIVE OF SOMEONE WHO IS NEVER OFFENDED. RATHER, THE ALLEGED HARASSING BEHAVIOR MUST BE SUCH THAT A REASONABLE PERSON IN THE SAME OR SIMILAR CIRCUMSTANCES AS PLAINTIFF WOULD FIND THE CONDUCT OFFENSIVE.

PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE HARASSMENT ABOUT WHICH SHE COMPLAINS WAS AT LEAST IN PART BECAUSE OF HER GENDER.  IF YOU FIND THERE IS DIRECT EVIDENCE OF HARASSMENT BASED IN PART ON GENDER, PLAINTIFF MAY RECOVER EVEN IF THERE ALSO WERE OTHER FACTORS THAT MOTIVATED THE HARASSMENT.

## Damages

28. **DAMAGES GENERALLY:** IF YOU FOUND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD VIOLATED TITLE VII OR TITLE IX, THEN YOU MUST DETERMINE WHETHER IT HAS CAUSED PLAINTIFF DAMAGES AND, IF SO, YOU MUST DETERMINE THE AMOUNT OF THOSE DAMAGES. YOU SHOULD NOT CONCLUDE FROM THE FACT THAT I AM INSTRUCTING YOU ON DAMAGES THAT I HAVE ANY OPINION AS TO WHETHER PLAINTIFF HAS MET HER BURDEN OF PROOF ON LIABILITY.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, AND NO OTHERS, IN CONNECTION WITH PLAINTIFF'S TITLE IX CLAIM: ECONOMIC LOSS, WHICH INCLUDES BACK PAY AND BENEFITS, AND FUTURE PAY AND BENEFITS.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, AND NO OTHERS, IN CONNECTION WITH PLAINTIFF'S TITLE VII CLAIMS: (1) ECONOMIC LOSS, WHICH INCLUDES BACK PAY AND BENEFITS, AND FUTURE PAY AND BENEFITS; AND (2) COMPENSATORY DAMAGES, WHICH INCLUDE EMOTIONAL PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, LOSS OF ENJOYMENT OF LIFE, AND OTHER NONPECUNIARY LOSSES.

PLAINTIFF MUST PROVE HER DAMAGES BY A PREPONDERANCE OF THE EVIDENCE. YOUR AWARD MUST BE BASED ON EVIDENCE AND NOT ON SPECULATION OR GUESSWORK. ON THE OTHER HAND, PLAINTIFF NEED NOT PROVE THE AMOUNT OF HER LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITIVENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

29. **BACK PAY:**   IF YOU FIND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD VIOLATED TITLE VII OR TITLE IX, THEN YOU SHOULD CONSIDER THE AMOUNT OF BACK PAY AND BENEFITS PLAINTIFF WOULD HAVE EARNED IF (1) SHE HAD RECEIVED AN AUGUST 2020 PAY INCREASE, AND/OR (2) IF HER EMPLOYMENT HAD NOT ENDED IN FEBRUARY 2022 FOR THE PERIOD FROM THE DATE OF THE ADVERSE EMPLOYMENT ACTION TO THE DATE OF YOUR VERDICT, MINUS THE AMOUNT OF EARNINGS AND BENEFITS THAT PLAINTIFF RECEIVED FROM EMPLOYMENT DURING THAT TIME.

BACK PAY AMOUNTS INCLUDE WAGES OR SALARY AND SUCH BENEFITS AS LIFE AND HEALTH INSURANCE, STOCK OPTIONS, AND CONTRIBUTIONS TO RETIREMENT. YOU MUST SUBTRACT THE AMOUNTS OF EARNINGS AND BENEFITS THAT THE BOARD PROVES (BY A PREPONDERANCE OF THE EVIDENCE) THAT PLAINTIFF RECEIVED OR WAS CAPABLE OF EARNING DURING THE PERIOD IN QUESTION.

30.  **MITIGATION OF DAMAGES:**  THE BOARD CLAIMS THAT PLAINTIFF FAILED TO MITIGATE HER DAMAGES. PLAINTIFF HAS A DUTY UNDER THE LAW TO MITIGATE HER DAMAGES, THAT IS, TO EXERCISE REASONABLE DILIGENCE UNDER THE CIRCUMSTANCES TO AVOID OR MINIMIZE HER DAMAGES.  IF YOU FIND THE BOARD IS LIABLE AND PLAINTIFF HAS SUFFERED DAMAGES, PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH SHE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT.

TO SUCCEED ON THIS DEFENSE, THE BOARD MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE: (A) THAT THERE WAS SUBSTANTIALLY EQUIVALENT EMPLOYMENT AVAILABLE; (B) PLAINTIFF FAILED TO USE REASONABLE DILIGENCE IN SEEKING THOSE POSITIONS; AND (C) THE AMOUNT BY WHICH PLAINTIFF'S DAMAGES WERE INCREASED BY HER FAILURE TO TAKE SUCH REASONABLE ACTIONS.

PLAINTIFF MUST SEEK AND ACCEPT EMPLOYMENT THAT IS "SUBSTANTIALLY EQUIVALENT."  "SUBSTANTIALLY EQUIVALENT EMPLOYMENT" IN THIS CONTEXT MEANS A JOB THAT HAS VIRTUALLY IDENTICAL PROMOTIONAL OPPORTUNITIES, COMPENSATION, JOB RESPONSIBILITIES, WORKING CONDITIONS, AND STATUS AS THE JOB PLAINTIFF LOST.  THE REASONABLENESS OF PLAINTIFF'S DILIGENCE SHOULD BE EVALUATED IN LIGHT OF HER INDIVIDUAL CHARACTERISTICS AND THE JOB MARKET.

YOU ARE THE SOLE JUDGE OF WHETHER PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HER DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HER DAMAGES. HOWEVER, SHE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES.    IN DECIDING WHETHER TO REDUCE PLAINTIFF'S DAMAGES BECAUSE OF HER FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE BOARD HAS SATISFIED ITS BURDEN OF PROVING THAT PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

PLAINTIFF ALSO MAY NOT RECOVER FOR ANY ITEM OF DAMAGE DURING PERIODS WHEN SHE WAS OR IS UNABLE TO WORK FOR REASONS UNRELATED TO THE BOARD'S CONDUCT, INCLUDING ANY PERIODS WHEN PLAINTIFF CANNOT WORK DUE TO A DISABILITY. YOU MAY NOT DENY PLAINTIFF RECOVERY IF SHE CAN WORK WITH REASONABLE ACCOMMODATION WITH ANY DISABILITY SHE MAY HAVE.

IF YOU FIND THAT THE BOARD PROVED BY A PREPONDERANCE OF THE EVIDENCE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HER DAMAGES, YOU SHOULD DENY HER RECOVERY FOR THOSE DAMAGES THAT SHE WOULD HAVE AVOIDED HAD SHE TAKEN ADVANTAGE OF THE OPPORTUNITY.  SIMILARLY, IF YOU FIND

25

THAT PLAINTIFF WAS/IS UNABLE TO WORK FOR REASONS UNRELATED TO THE BOARD'S CONDUCT, YOU SHOULD DENY HER RECOVERY DURING THE PERIOD OF TIME SHE WAS/IS UNABLE TO WORK.

31. **FRONT PAY:**   IF YOU FOUND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD VIOLATED TITLE VII OR TITLE IX, THEN YOU MAY ALSO AWARD PLAINTIFF FOR LOST FUTURE WAGES AND BENEFITS, COMMONLY REFERRED TO AS FRONT PAY. THIS IS DETERMINED SEPARATELY FROM BACK PAY AND IS A MONETARY AMOUNT EQUAL TO THE PRESENT VALUE OF ANY FUTURE WAGES AND BENEFITS PLAINTIFF WOULD REASONABLY HAVE EARNED FROM THE BOARD HAD PLAINTIFF RECEIVED AN AUGUST 2020 PAY INCREASE OR IF HER EMPLOYMENT HAD NOT ENDED IN FEBRUARY 2022 FOR THE PERIOD FROM THE DATE OF YOUR VERDICT THROUGH A REASONABLE PERIOD OF TIME IN THE FUTURE.   FROM THIS FIGURE YOU MUST SUBTRACT THE AMOUNT OF EARNINGS AND BENEFITS PLAINTIFF WILL IN REASONABLE PROBABILITY RECEIVE FROM OTHER EMPLOYMENT DURING THAT TIME.

LIKE BACK PAY, PLAINTIFF HAS THE BURDEN OF PROVING THESE DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.  YOU MAY CONSIDER THE FOLLOWING FACTORS IN DETERMINING THE AMOUNT OF ANY FRONT PAY AWARD: (1) THE LENGTH OF PRIOR EMPLOYMENT; (2) THE PERMANENCY OF THE POSITION HELD; (3) THE NATURE OF THE WORK; (4) POSSIBLE CONSOLIDATION OF JOBS; AND (5) THE MYRIAD OF OTHER

26

NONDISCRIMINATORY AND NONRETALIATORY FACTORS WHICH COULD VALIDLY AFFECT THE EMPLOYER/EMPLOYEE RELATIONSHIP.

FRONT PAY MUST BE DENIED IF THE BOARD PROVES THAT, FOR SOME LEGITIMATE, NONDISCRIMINATORY AND NONRETALIATORY REASONS, PLAINTIFF WOULD NO LONGER HAVE BEEN EMPLOYED AT THE TIME OF JUDGMENT.  FURTHER, IF YOU FIND THAT PLAINTIFF FAILED TO MITIGATE HER DAMAGES AND/OR THAT PLAINTIFF IS UNABLE TO WORK FOR REASONS UNRELATED TO THE BOARD'S CONDUCT, FRONT PAY MUST ALSO BE DENIED.

YOU MUST ALSO REDUCE ANY AWARD TO ITS PRESENT VALUE BY CONSIDERING THE INTEREST THAT PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF SHE MADE A RELATIVELY RISK-FREE INVESTMENT. YOU MUST MAKE THIS REDUCTION BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO PLAINTIFF IF SHE RECEIVES IT TODAY THAN IF IT WERE RECEIVED AT THE TIME IN THE FUTURE WHEN IT WOULD HAVE BEEN EARNED.  IT IS MORE VALUABLE BECAUSE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE SHE WOULD HAVE EARNED THE MONEY.  SO, YOU SHOULD DECREASE THE AMOUNT OF ANY AWARD FOR LOSS OF FUTURE EARNINGS BY THE AMOUNT OF INTEREST THAT PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

32. **EMOTIONAL DISTRESS DAMAGES GENERALLY:**    PLAINTIFF ALSO CLAIMS THAT, AS A RESULT OF THE BOARD'S CONDUCT, SHE SUFFERED MENTAL ANGUISH AND EMOTIONAL DISTRESS.  IN ORDER TO RECOVER SUCH DAMAGES, PLAINTIFF MUST PROVE BOTH OF THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE: (1) THAT SHE HAS ACTUALLY SUFFERED SUCH DAMAGES; AND (2) THAT THEY WERE CAUSED BY THE BOARD'S CONDUCT.

YOU MAY NOT AWARD EMOTIONAL DISTRESS DAMAGES IN CONNECTION WITH PLAINTIFF'S TITLE IX CLAIM. THUS, IF YOU FOUND THAT PLAINTIFF HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD VIOLATED TITLE IX, AND NOT TITLE VII, YOU MAY NOT AWARD PLAINTIFF ANY DAMAGES FOR EMOTIONAL DISTRESS.  YOU MAY ONLY AWARD PLAINTIFF DAMAGES FOR EMOTIONAL DISTRESS IF YOU FOUND PLAINTIFF PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD VIOLATED TITLE VII, AND ANY SUCH AWARD MUST ONLY BE IN CONNECTION WITH ANY EMOTIONAL DISTRESS DAMAGES PLAINTIFF HAS PROVED ARE ATTRIBUTED TO CONDUCT SERVING THE BASIS OF HER TITLE VII CLAIMS. YOU CANNOT CONSIDER CONDUCT RELEVANT ONLY TO PLAINTIFF'S TITLE IX CLAIM FOR PURPOSES OF DETERMINING ANY AWARD OF EMOTIONAL DISTRESS DAMAGES. FOR EXAMPLE, YOU CANNOT CONSIDER EMOTIONAL DISTRESS DAMAGES, IF ANY, YOU FIND RESULT FROM ANY ALLEGED RETALIATION BASED ON PLAINTIFF'S REPORTS OF COMPLAINTS OF STUDENT SEX-BASED HARASSMENT.

28

IF YOU DETERMINE THAT PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT SHE HAS EXPERIENCED MENTAL ANGUISH, HUMILIATION, EMBARRASSMENT, AND EMOTIONAL DISTRESS BECAUSE OF ANY INTENTIONAL RETALIATION OR HARASSMENT BY THE BOARD IN VIOLATION OF TITLE VII, YOU MAY AWARD HER DAMAGES FOR THOSE INJURIES. NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEEDS TO BE, INTRODUCED INTO EVIDENCE.  NO EXACT STANDARD EXISTS FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGES.   THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION – NO MORE AND NO LESS.

WHEN CONSIDERING THE AMOUNT OF MONETARY DAMAGES TO WHICH PLAINTIFF MAY BE ENTITLED, YOU SHOULD CONSIDER THE NATURE, CHARACTER, AND SERIOUSNESS OF ANY MENTAL ANGUISH, HUMILIATION, EMBARRASSMENT OR EMOTIONAL DISTRESS PLAINTIFF FELT. HURT FEELINGS, ANGER, AND FRUSTRATION ARE PART OF LIFE AND ARE NOT THE TYPES OF HARM THAT COULD SUPPORT A MENTAL ANGUISH AWARD.

IF YOU FIND THAT PLAINTIFF HAS A PRE-EXISTING INJURY, YOU SHOULD DETERMINE THE AMOUNT OF EMOTIONAL DISTRESS DAMAGES, IF ANY, TO AWARD WITHOUT SPECULATING ON WHAT MAY HAVE HAPPENED IF PLAINTIFF DID NOT HAVE A PRE-EXISTING INJURY.  HOWEVER, PLAINTIFF

IS NOT ENTITLED TO ANY DAMAGES FOR EMOTIONAL DISTRESS CAUSED BY ANY PRE-EXISTING INJURY OR ANY OTHER CIRCUMSTANCE UNRELATED TO THE BOARD'S CONDUCT. HOWEVER, IF PLAINTIFF HAD PREEXISTING EMOTIONAL DIFFICULTIES AND HER MENTAL HEALTH DETERIORATES AS A RESULT OF THE DISCRIMINATORY CONDUCT, THE ADDITIONAL HARM MAY BE ATTRIBUTABLE TO THE BOARD. ANY AWARD OF EMOTIONAL DISTRESS DAMAGES MUST BE LIMITED TO DAMAGES YOU FIND WERE CAUSED BY THE BOARD'S VIOLATION OF TITLE VII, IF ANY, THAT OCCURRED DURING THE PERIOD AFTER JUNE 19, 2020, TO FEBRUARY 4, 2022.

PLAINTIFF MUST PRODUCE SPECIFIC EVIDENCE OF THE NATURE, EXTENT AND DURATION OF THE HARM AND MUST MAKE MORE THAN VAGUE ALLEGATIONS TO SUPPORT HER CLAIMS. AN AWARD OF DAMAGES FOR "DISTRESS" MUST BE SUPPORTED BY COMPETENT EVIDENCE CONCERNING THE INJURY. THEY MAY NOT BE BASED ON SPECULATION OR SYMPATHY. THEREFORE, PLAINTIFF MUST PRESENT TESTIMONY OR OTHER EVIDENCE TO SHOW THAT THE BOARD'S CONDUCT CAUSED HER MENTAL ANGUISH, HUMILIATION, EMBARRASSMENT OR EMOTIONAL DISTRESS. PLAINTIFF CANNOT TESTIFY AS TO THE CAUSE OF HER ALLEGED EMOTIONAL DISTRESS. SHE MAY TESTIFY TO HER CONDITIONS AND SYMPTOMS DUE TO HER WORK ENVIRONMENT.

CORROBORATING TESTIMONY OR COMPETENT EXPERT TESTIMONY FROM A MEDICAL PROVIDER, WHILE NOT REQUIRED, IS GENERALLY PREFERRED IN ESTABLISHING EMOTIONAL DISTRESS DAMAGES. IF PLAINTIFF HAS NOT PRODUCED EVIDENCE THAT ESTABLISHES BY A PREPONDERANCE OF THE EVIDENCE THAT THE BOARD CAUSED THE ALLEGED EMOTIONAL DISTRESS, YOU MUST NOT AWARD ANY DAMAGES TO PLAINTIFF FOR EMOTIONAL DISTRESS.

EVIDENCE OF MENTAL ANGUISH NEED NOT BE CORROBORATED BY DOCTORS, PSYCHOLOGISTS, OR OTHER WITNESSES, BUT PLAINTIFF MUST SUPPORT HER CLAIMS WITH COMPETENT EVIDENCE OF THE NATURE, EXTENT, AND DURATION OF THE HARM.

33. **PUNITIVE DAMAGES UNAVAILABLE:** PUNITIVE DAMAGES ARE THOSE DAMAGES DESIGNED TO PUNISH A DEFENDANT AND TO DETER A DEFENDANT AND OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE. YOU MAY NOT AWARD PUNITIVE DAMAGES AGAINST THE BOARD IN CONNECTION WITH ANY OF PLAINTIFF'S CLAIMS, WHETHER UNDER TITLE IX OR TITLE VII. IN DETERMINING WHETHER TO AWARD PLAINTIFF BACK PAY OR COMPENSATORY DAMAGES AND THE AMOUNT OF ANY SUCH DAMAGES, YOUR THOUGHTS OR FEELINGS AS TO WHETHER THE BOARD SHOULD BE PUNISHED SHOULD PLAY NO PART IN SUCH DETERMINATIONS.

**FINAL INSTRUCTIONS**

34.    IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

35.    REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

36.    I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY INTERROGATORY YOU ARE CALLED ON TO DECIDE.

37.    WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS

ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE, BY ANY MEANS, ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, IPAD OR COMPUTER; THE INTERNET OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY SOCIAL MEDIA SUCH AS FACEBOOK, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE, UNTIL AFTER I ACCEPT YOUR VERDICT.

38. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS ON THE JURY VERDICT FORM AND SIGN AND DATE THE FORM. RETURN THESE CHARGES TOGETHER WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION DURING DELIBERATIONS.

39. IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING

WITH YOU IN THE COURTROOM. I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

40.  AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

41.  YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.